# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-00045-KLM

**Stephanie Lopez, Individually**,

Plaintiff,

v.

**Carl Edwards, Individually**;

Defendant.

# ANSWER

**COMES NOW**, Carl Edwards, by and through his undersigned attorneys, BKN Murray LLP, and Answers the Plaintiff's Complaint:

### FIRST DEFENSE
(Answer to Complaint)

1. Admit that jurisdiction over the first and second causes of action is conferred by 18 U.S.C. §§ 1331 and 1367. Deny that jurisdiction over the third cause of action is conferred by either 18 U.S.C. §§ 1331 or 1367.

2. Admit.

3. Admit.

4. Defendant incorporates his responses to Paragraphs 1 to 3 by reference.

5. Deny that Defendant does business as JDL Trailer Sales. Admit the remainder of the paragraph.

6. Admit that CASPER TRAILER SALES, INC. dba JDL Trailer Sales 2734 Lake Ave. Pueblo, CO 81004 employed Stephanie Lopez from May 2015 to March 2016. Deny the remainder of the paragraph.

7. Defendant is without sufficient knowledge to either deny or admit the allegations in this paragraph.

8. Deny.

9. Deny that Defendant advised Plaintiff to work without cash wages. Defendant is without sufficient knowledge to either deny or admit the remaining allegations in this paragraph.

10. Deny that Plaintiff for most of her employment with Carl Edwards worked as a mechanic. Defendant is without sufficient knowledge to either deny or admit the remaining allegations in this paragraph.

11. There is no paragraph 11.

12. Deny that Plaintiff worked without any cash wages for years or that Defendant promised to transfer title to a home located at 1208 Elko Street, Pueblo, Colorado to her in exchange for her work. Defendant is without sufficient knowledge to either deny or admit the remaining allegations in this paragraph.

13. Admit that beginning in May 2015, Defendant began paying Plaintiff cash wages. Deny the remainder of the paragraph.

14. Deny.

15. Admit that Plaintiff typically took a meal break of between one-half hour and one hour. Deny the remainder of the paragraph.

16. Deny.

17. Deny.

18. Deny.

19. Deny.

20. Deny.

21. Deny that Defendant told Plaintiff that the amounts paid were all that he could afford or that she was paid for fewer hours than she actually worked. Defendant is without sufficient knowledge to either deny or admit the remaining allegations in this paragraph.

22. Deny that Defendant promised to transfer title [to] 1208 Elko Street to her or that she was paid for fewer hours than she actually worked. Defendant is without sufficient knowledge to either deny or admit the remaining allegations in this paragraph.

23. Deny that Defendant promised to transfer title [to] 1208 Elko Street, Pueblo, Colorado to her as payment for her work until April 20, 2016 or that she worked without payment in 2016. Defendant is without sufficient knowledge to either deny or admit the remaining allegations in this paragraph.

24. Deny.

25. Deny.

26. Deny.

27. Deny.

28. Admit that Defendant believed Plaintiff was not interested in him sexually. Deny the remainder of the paragraph.

29. Deny that Defendant touched Plaintiff as alleged in paragraphs 24 and 27. Defendant is without sufficient knowledge to either deny or admit the remaining allegations in this paragraph.

30. Deny.

31. Admit Plaintiff terminated her employment. Deny the remainder of the paragraph.

32. Deny.

33. Deny.

34. Defendant incorporates his responses to Paragraphs 1 to 33 by reference.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Defendant incorporates his responses to Paragraphs 1 to 38 by reference.

40. Deny.

41. Deny.

42. Deny.

43. Admit.

44. Admit.

45. Deny.

46. Defendant incorporates his responses to Paragraphs 1 to 45 by reference.

47. Admit that Defendant may at times have come into physical contact with the Plaintiff. Deny the remainder of the paragraph, including the implication that the physical contact was ever harmful or offensive.

48. Deny.

49. Deny that Defendant ever touched or had physical contact with Plaintiff in such as a way as to cause harm or be offensive.  Defendant is without sufficient knowledge to either deny or admit the remaining allegations in this paragraph.

## **GENERAL DENIAL**

Any allegation not specifically admitted herein is denied.

## **SECOND DEFENSE**
(Affirmative Defenses)

1. This Court lacks subject matter jurisdiction over the third cause of action.

2. Plaintiff fails to state a claim upon which relief may be granted.

3. Plaintiff's relief is barred by the doctrine of payment.

4. Plaintiff's relief is barred due to the applicable statutes of limitations.

5. Plaintiff has failed to plead sufficient facts regarding her claim of willful conduct.

6. Defendant is entitled to costs and attorney fees pursuant C.R.S. § 8-4-110 and Fed. R. Civ. P. 54(d).

7. Defendant fully complied with state and federal wage and hour laws and requirements.

8. Defendant lacks knowledge of any hours Plaintiff worked that were not compensated.

9. Plaintiff failed to mitigate her damages.

10. Plaintiff's relief is barred by the doctrines of res judicata and collateral estoppel.

11. Defendant reserves the right to add and/or assert additional defenses, which may become known through the course of this action.

**WHEREFORE**, for all of these reasons, Defendant respectfully requests that this Court dismiss the Complaint with prejudice, award Defendant his costs and reasonable attorney fees as provided by law or agreement, and grant such other and further relief as this Court deems appropriate.

Respectfully submitted this 2nd day of February 2017.

By: */s/ Aimee M. Bove*
Aimee M. Bove, #36915
BKN Murray LLP
6795 E. Tennessee Ave, Ste. 330
Denver, Colorado 80224
Phone: (303) 758-5100
Fax: (303) 758-5055
Email: above@bknmurray.com

By: */s/ Lily E. Nierenberg*
Lily E. Nierenberg, #45451
BKN Murray LLP
6795 E. Tennessee Ave, Ste. 330
Denver, Colorado 80224
Phone: (303) 758-5100
Fax: (303) 758-5055
Email: lnierenberg@bknmurray.com

*ATTORNEYS FOR DEFENDANT CARL EDWARDS*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 2nd day of February 2017, a true and correct copy of the foregoing **ANSWER** was served via ECF/PACER on all parties of record, as follows:

Donna Dell'Olio
Cornish & Dell'Olio PC
431 N Cascade Ave, Suite 1
Colorado Springs, CO  80903

/s/*Ilene Dell'Acqua*
BKN Murray LLP

7