**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-00045-KLM

STEPHANIE LOPEZ, individually,

    Plaintiff,

v.

CARL EDWARDS, individually,

    Defendant.

---

**SCHEDULING ORDER**

---

**1.    DATE OF CONFERENCE**
**AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

The Scheduling Conference in the above-captioned matter took place on Thursday, June 8, 2017 at 10:00 a.m. The Plaintiff was represented by Donna Dell'Olio of Cornish & Dell'Olio, P.C. and the Defendant was represented by Lily Nierenberg of DLG Law Group LLC.

**2.  STATEMENT OF JURISDICTION**

Plaintiff asserts that jurisdiction is conferred by 28 U.S.C. §1331 and 28 U.S.C. §1367. Defendant admits that 28 U.S.C. § 1331 confers original jurisdiction over the first claim (for violation of the federal Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 206, 207) and U.S.C. § 1367 confers supplemental jurisdiction over the second claim (for violation of the Colorado Wage Act (CWA), C.R.S. § 8-4-109). Defendant denies that this court has subject matter jurisdiction over the third claim (for battery), as the

claim is not connected to the same operative facts as Plaintiff's FLSA or CWA claim. *See Moyer v. Village of Fort Sumner, N.M.,* 2:13-cv-00164-WPL/SMV (D.N.M. May 20, 2013).

### 3. STATEMENT OF CLAIMS AND DEFENSES

a.  Plaintiff:

Plaintiff's first claim arises under Sections 6 and 7 of the Fair Labor Standards Act. Plaintiff who is a poorly educated, thirty-eight year old, Native American woman from the San Luis Valley worked in the Defendant's trailer sales and repair business for years without being paid cash wages. Plaintiff was not paid minimum wage for all hours worked and was not paid time and one-half her regular hourly rate of pay for all hours worked over forty hours in a single work week.

Initially Plaintiff worked for Defendant performing unskilled labor such as cleaning the workshop and performing errands. Later, as Plaintiff learned to work as a mechanic, she performed work on Defendant's customers' vehicles. Plaintiff worked without cash wages because Defendant promised her that he would transfer to her title to a home located at 1208 Elko Street, Pueblo Colorado. Over the years Defendant provided Plaintiff a place to live and gave her cash for food.

Plaintiff worked long hours, six days a week for Defendant during periods of time within the statute of limitations.

In 2015 Defendant began paying the Plaintiff for some of her hours worked by paychecks written on an account for Casper's Trailer Sales, Inc. Defendant never paid Plaintiff for all of her hours worked and instructed her to record a minimum number of

hours in exchange for a paycheck.

Plaintiff's second claim is for penalties under the Colorado Wage Act. Plaintiff made a statutory demand for wages on November 10, 2016. Defendant paid nothing in response to Plaintiff's demand for wages.

Plaintiff's third claim is for battery. In 2016 Defendant requested that Plaintiff allow him to touch her sexually in exchange for her paycheck. Plaintiff who has a very low self-image acquiesced. In 2016, after Defendant asked the Plaintiff to allow him to touch her she refused and quit her job.

b.  Defendant:

Defendant's business CASPER TRAILER SALES, INC. dba JDL Trailer Sales employed Plaintiff from May 2015 to March 2016. JDL Trailer Sales paid Plaintiff for all of the hours she worked under applicable wage and hour law(s).

Defendant denies the following allegations: that Plaintiff began working for him in 2009; that he advised Plaintiff to work without cash wages; that Plaintiff worked as a mechanic; that he promised to transfer the home on 1208 Elko Street to Plaintiff in exchange for her work; that Plaintiff worked ten hour days, six or seven days a week; that he failed to pay Plaintiff minimum wage or required overtime for the hours she worked from 2013 to 2016; that he told Plaintiff the wages paid were all he could afford; that Plaintiff ever worked without wages; that Plaintiff was terminated at Defendant's volition; that he ever intended to make harmful or offensive contact with Plaintiff; and that Plaintiff suffered damages or emotional distress as a result of Defendant's conduct.

Defendant asserts ten affirmative defenses:

1. This Court lacks subject matter jurisdiction over the third cause of action.

2. Plaintiff fails to state a claim upon which relief may be granted.

3. Plaintiff's relief is barred by the doctrine of payment.

4. Plaintiff's relief is barred due to the applicable statutes of limitations.

5. Plaintiff has failed to plead sufficient facts regarding her claim of willful conduct.

6. Defendant is entitled to costs and attorney fees pursuant C.R.S. § 8-4-110 and Fed. R. Civ. P. 54(d).

7. Defendant fully complied with state and federal wage and hour laws and requirements.

8. Defendant lacks knowledge of any hours Plaintiff worked that were not compensated.

9. Plaintiff failed to mitigate her damages.

10. Plaintiff's relief is barred by the doctrines of res judicata and collateral estoppel.

Defendant reserves the right to add and/or assert additional defenses, which may become known through the course of this action.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Jurisdiction over the first and second causes of action is conferred by 18 U.S.C. §§ 1331 and 1367.

2. Plaintiff is a natural person.

3. Defendant is a natural person.

4.     Carl Edwards operates a business selling and providing service and parts for trailers and recreational vehicles at 2734 Lake Avenue, Pueblo, Colorado.

5.     Plaintiff made a demand for payment of wages pursuant to Section 8-4-109 COLO. REV. STAT. on November 11, 2016.

6.     Defendant paid nothing in response to Plaintiff's wage demand.

7.     Defendant may at times have come into physical contact with the Plaintiff.

## 5. COMPUTATION OF DAMAGES

a.     The Plaintiff is claiming damages, as follows:

**For 2014 $27,006.00** for unpaid minimum wages and overtime wages under federal law 63 hours per week for fifty weeks at no less than $540.12 per week. Calculated as follows 40 hours @ $7.25 + 23 hours @ $10.87 = $540.12 per week.

For 2014, under state law, an additional $2,788.00 based on minimum wage of $8.00 per hour. 40 hours per week @ $0.75 X 23 hours per week @ 1.12.

Total wages owed for 2014 are $29,794.00.

**For 2015 $30,935.60** for unpaid minimum wages and overtime wages under federal law 63 hours per week for 20 weeks at no less than $540.12 per week, plus an additional $1,460.20 under state law, minimum wage of $8.23 per hour (20 weeks X $73.01 per week), plus six weeks @ $745.00 per week, based on a regular rate of $10.00 per hour, plus twenty-six weeks @ $1,117.50 per week. Based on a regular rate of $15.00 per hour minus wages paid of $14,852.50 = $30,935.60.

**For 2016 $13,050.00** for unpaid minimum wages and overtime wages under federal law 63 hours per week for 15 weeks at no less than $1,117.50 per week based on a regular rate of $15.00 per hour = $16,762.50 minus wages paid of $3,712.50 = $13,050.00.

Total wages owed under federal law $69,531.40.

Total wages owed under state law $73,779.60.

Plaintiff claims liquidated damages in the amount of $69,531.40.

Plaintiff claims statutory penalties in the amount of $42,514.80.

Plaintiff claims damages for emotional distress in the amount of $300,000.00.

Plaintiff claims attorney's fees and costs.

     b.     Defendant claims costs and attorney fees pursuant C.R.S. § 8-4-110 and Fed. R. Civ. P. 54(d).

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

     a.     Date of rule 26(f) meeting:  Counsel for the parties held a Rule 26(f) meeting on April 20, 2017.

     b.     Names of each participant and party he/she represented:  The Plaintiff was represented by Donna Dell'Olio.  The Defendant was represented by Lily Nierenberg.

     c.     Statement as to when Rule 26(a)(1) disclosures were made:  Fed. R. Civ. P. 26a disclosures were made on May 4, 2017.

     d.     Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).  None.

     e.     Statement concerning any agreements to conduct informal discovery:  No agreements to conduct informal discovery have been entered into.

     f.     Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:  The parties have agreed to produce electronic copies of 26a documents and all produced documents in pdf format at the office of opposing counsel without further request.

g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:  The parties do not anticipate that their claims or defenses will involve a substantial amount of electronically stored information.

h.  Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:  The Parties have discussed the possibilities for promptly settling or resolving the case.  Defendant is not interested in settlement at this time because Defendant denies liability on all counts and asserts that Plaintiff has been fully paid for all wages she is owed.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:

None.

b.  Limitations which any party proposes on the length of depositions:

None.

c.  Limitations which any party proposes on the number of requests for production and/or requests for admission:

25 requests for production per side.

25 requests for admission (RFA) per side, not including RFAs strictly related to

genuineness of any described documents (unlimited).

d. Other Planning or Discovery Orders:

None are requested.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:  July 24, 2017.

b. Discovery Cut-off:  September 1, 2017

c. Dispositive Motion Deadline:  September 29, 2017

d. Expert Witness Disclosure:

1. The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff: Psychology

Defendant: Defendant is unclear at this time why a psychology expert is needed.  Defendant reserves the right to disclose a rebuttal expert in psychology.

2. Limitations which the parties propose on the use or number of expert witnesses.

1 per side

3. The parties shall designate all experts and provide opposing counsel and any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before July 14, 2017.

4. The parties shall designate all rebuttal experts and provide

    opposing counsel and any *pro se* party with all information specified in

    Fed. R. Civ. P. 26(a)(2) on or before August 11, 2017.

  e. Identification of Persons to be Deposed:

    Plaintiff: Carl Edwards; witnesses as disclosed during discovery.

    Defendant: Stephanie Lopez and witnesses disclosed during discovery.

  f. Deadline for Interrogatories: July 28, 2017.

  g. Deadline for Request for Production of Documents and/or Admissions: July 28, 2017.

## 10. <u>DATES FOR FURTHER CONFERENCES</u>

  a. Status conferences will be held in this case at the following dates and times: _____.

  b. A final pretrial conference will be held in this case on _____ at _____ o'clock __.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. <u>OTHER SCHEDULING ISSUES</u>

  a. Identify those discovery or scheduling issues, if any, on which counsel, after a good-faith effort, were unable to reach an agreement:

 Defendant asserts that the following should be added to the list of undisputed facts (Plaintiff disagrees):

1. CASPER TRAILER SALES, INC. dba JDL Trailer Sales 2734 Lake Ave. Pueblo, CO 81004 employed Stephanie Lopez from May 2015 to March 2016.
2. Beginning in May 2015, Defendant began paying Plaintiff cash wages.
3. Plaintiff typically took a meal break of between one-half hour and one hour.
4. Defendant believed Plaintiff was not interested in him sexually.
5. Plaintiff terminated her employment.

  b. Anticipated length of trial and whether trial is to the court or jury:

Plaintiff has requested a jury trial.  The parties agree that the length of trial will not exceed three days.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinail U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

## 12. **NOTICE TO COUNSEL AND PRO SE PARTIES**

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. **AMENDMENTS TO SCHEDULING ORDER**

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this _____ day of _____ 2017.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

*s/ Donna Dell'Olio*                           *s/ Lily E. Nierenberg*

Donna Dell'Olio                                Lily Nierenberg
Cornish & Dell'Olio, P.C.                      DLG Law Group LLC
431 N. Cascade Ave., Ste. 1                    4100 E. Mississippi Ave., Ste. 420
Colorado Springs, CO 80903                     Denver, CO 80246
Tel: 719-475-1204                              Ph: (303) 758-5100 x 107
Email:                                         Fax: (303) 758-5055
ddellolio@cornishanddellolio.com               Email: lnierenberg@dlglaw.net

**Attorney for Plaintiff**                     **Attorney for Defendant**

11