# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No._____

---

Stephanie Lopez,
Individually,

      Plaintiff,

v.

Carl Edwards,
Individually,

and

Casper Trailer Sales, Inc.,
a Colorado corporation

      Defendants.

---

## Amended Complaint and Jury Demand

---

COMES NOW, Plaintiff, Stephanie Lopez, and for her complaint against Defendant states as follows:

### Introduction

This is an action for unpaid minimum wages brought pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 206, and for unpaid overtime wages pursuant to 29 U.S.C. § 207, an action under the common law of the State of Colorado for battery, and an action under the Colorado Wage Act for unpaid wages.

### Jurisdiction

1. Jurisdiction is conferred by 28 U.S.C. §1331 and 28 U.S.C. §1367.

1

## Parties

2.  Stephanie Lopez is a natural person.

3.  Carl Edwards is a natural person.

4.  <u>Casper Trailer Sales, Inc. is a Colorado corporation.</u>

## General Allegations

5.  Paragraphs 1 through ~~3~~ <u>4</u> are incorporated herein by reference.

6.  ~~Carl Edwards~~ <u>Casper Trailer Sales, Inc.,</u> doing business as JDL Trailer Sales, operates a business selling and providing service and parts for trailers and recreational vehicles at 2734 Lake Avenue, Pueblo, Colorado.

7.  <u>Casper Trailer Sales, Inc. had more than $500,000.00 in gross receipts each year 2014, 2015 and 2016 and was engaged in interstate commerce.</u>

8.  <u>Carl Edwards is the owner of Casper Trailer Sales, Inc. and is the manager of the business of Casper Trailer Sales, Inc., doing business as JDL Trailer Sales.</u>

9.  <u>At all times relevant to the Complaint  Carl Edwards  acted directly and indirectly in the interests of the employer in relation to Stephanie Lopez by setting her rate of pay, the method of compensation, determined her hours of work, determining that she would work in exchange for "room and board" rather than for cash wages, determining not to pay her overtime and  not to pay minimum wages.</u>

10. <u>Carl Edwards was Stephanie Lopez's employer within the meaning of 29 U.S.C §203(d) at all times relevant to the Complaint.</u>   ~~employed Stephanie Lopez as a mechanic from 2009 until April 20, 2016.~~

2

11. <u>Casper Trailer Sales, Inc. was Stephanie Lopez's employer</u> within the meaning of 29 U.S.C §203(d) and  Section 8-4-101 (6).

12. Plaintiff is an unsophisticated person of Native American heritage.  She grew up in the San Luis Valley.  She lost her parents at a young age and has no family to advise, guide or protect her.

13. Plaintiff began working for ~~Carl Edwards~~ <u>Casper Trailer Sales, Inc.</u> cleaning ~~his~~ <u>the</u> shop in 2009.

14. Plaintiff relied on Carl Edwards' advice to her, including his advice that she should work without cash wages.

15. Plaintiff, by watching others, learned the trade of mechanic beginning in 2009 and for most of her employment with ~~Carl Edwards~~ <u>Casper Trailer Sales, Inc.</u> worked as a mechanic.

16. Plaintiff worked without any cash wages for years in reliance upon Carl Edwards promise to transfer title to a home located at 1208 Elko Street, Pueblo, Colorado to her in exchange for her work.

17. Beginning in May 2015 Edwards began paying Plaintiff cash wages for some but not all of the hours that she worked at the rate of $15.00 per hour.

18. Throughout her employment ~~with Carl Edwards~~, Plaintiff arrived at work at or about 7:30 a.m. and continued to work until after closing.

19. Plaintiff typically took a meal break of approximately one-half hour.

20. Plaintiff usually worked for no fewer than ten hours a day and seventy hours a week.

21.     Plaintiff frequently worked seven days a week and usually worked six days a week, Monday through Saturday.

22.     Plaintiff was not paid minimum wage for the hours she worked in 2013 and 2014 and was not paid one and one-half times minimum wage for hours worked over forty in a single work week.

23.     Plaintiff was paid for some but not all of the hours she worked in 2015 and was not paid time one-half times her regular hourly rate for hours worked over forty in a single work week.

24.     Plaintiff was paid for some but not all of the hours she worked in 2016 and was not paid time one-half times her regular hourly rate for hours worked over forty in a single work week.

25.     Plaintiff accepted payment in 2015 and 2016 for fewer hours than she actually worked because Carl Edwards told her that the amounts paid were all that he could afford.

26.     Plaintiff also accepted payment in 2015 and 2016 for fewer hours than she actually worked because she relied on Carl Edwards' promise to transfer title1208 Elko Street to her.

27.     Plaintiff continued to work without payment for all hours worked in 2016 in reliance upon Carl Edwards promise to transfer ownership of 1208 Elko Street, Pueblo, Colorado to her as payment for her work until April 20, 2016.

28.     At times during her employment Carl Edwards required that the Plaintiff allow him to touch her sexually in exchange for his partial payment to her of wages owed.

29.     In early April 2016 Carl Edwards asked Plaintiff to accompany him to a farm house which he owned to perform work at the farm house.

30.     When they arrived at the farm house Carl Edwards told Plaintiff that he needed something from her.

31.     He proceeded to put his hand in her pants and touch her in a sexual manner.

32.     Carl Edwards knew that Plaintiff was not interested in him sexually and that she complied only because she was dependent upon him for her job and the partial wages that he paid.

33.     Plaintiff found Carl Edwards touching of her offensive and humiliating.

34.     Approximately one week later Carl Edwards again told Plaintiff that he needed something from her and proposed that she allow him to touch her as payment for money he had advanced to her.

35.     Plaintiff refused and terminated her employment.

36.     Plaintiff has suffered emotional distress as the result of Carl Edwards' conduct.

37.     Plaintiff has suffered damages as the result of Carl Edwards' conduct.

### First Cause of Action
### Against Casper Trailer Sales, Inc and Carl Edwards
**(for violations of the federal Fair Labor Standards Act 29 U.S.C. §§ 206, 207)**

38.     Paragraphs 1 through ~~33~~ 37 are incorporated herein by reference.

39.     The Defendant failed to pay Plaintiff minimum wage as established by federal law for all hours worked.

40.     The Defendant failed to pay Plaintiff for all hours worked in excess of forty in a single work week at one and one-half times her regular hourly rate of pay.

41. The Defendant's failure to pay Plaintiff minimum wage for all hours worked and one and one-half times her regular rate of pay for all hours worked in excess of forty hours in a single work week was in violation of the federal Fair Labor Standards Act (29 U.S.C. §§ 206, 207).

42. The Defendant's violations of the federal Fair Labor Standards Act were willful.

## Second Cause of Action
## Against Casper Trailer Sales, Inc
## (Colorado Wage Act, Section 8-4-109 COLO. REV. STAT.)

43. Paragraphs 1 through ~~38~~ 42 are incorporated herein by reference.

44. Plaintiff's employment was terminated at the volition of Defendant.

45. Plaintiff has not been paid for all wages earned.

46. Plaintiff's unpaid wages are earned, vested and determinable.

47. Plaintiff made a demand for payment of wages pursuant to Section 8-4-109 COLO. REV. STAT. on November 11, 2016.

48. Defendant paid nothing in response to Plaintiff's wage demand.

49. Defendant's failure to pay Plaintiff's earned, vested, and determinable wages violated the Colorado Wage Act, C.R.S. § 8-4-101, *et seq*.

## Third Cause of Action
## Against Carl Edwards
## (Battery)

50. Paragraphs 1 through ~~45~~ 49 are incorporated herein by reference.

51. Defendant touched and had physical contact with the Plaintiff.

52. The Defendant intended to make harmful or offensive physical contact with the Plaintiff.

53. The physical contact with the Plaintiff was harmful or offensive to the Plaintiff.

## Relief Requested

Plaintiff requests the following relief:

a. Payment of unpaid wages for all hours worked,

b. Payment of one and one-half her regular rate for all hours worked over forty in a single work week,

c. Liquidated damages pursuant to 29 U.S.C. § 216 (b),

d. Damages for emotional distress,

e. Attorney's fees and costs as provided for by 29 U.S.C. § 216 (b),

f. Penalties pursuant to C.R.S. § 8-4-109 (3),

g. Pre- and post-judgment interest at the highest rate allowed by law; and

h. All other legal or equitable relief to which Plaintiff is entitled.

## Jury Demand

**Plaintiff requests this matter be tried by a jury.**

Respectfully submitted this 4th day of January, 2017.

CORNISH & DELL'OLIO, P.C.

s/Donna Dell'Olio
Donna Dell'Olio #10887
Cornish & Dell'Olio, P.C.
431 N. Cascade Ave. Suite 1
Colorado Springs, CO 80903
Telephone: 719-475-1204
FAX: 719-475-1264
ddellolio@cornishanddellolio.com
Attorneys for the Plaintiff

Plaintiff's address:

1229 Van Buren Street
Pueblo, CO 81004