**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-00045-KLM

STEPHANIE LOPEZ, individually,

    Plaintiff,

v.

CARL EDWARDS, individually, and
CASPER TRAILER SALES, INC., a Colorado Corporation,

    Defendants.

---

**DEFENDANTS' MOTION TO PARTIALLY DISMISS PLAINTIFF'S AMENDED COMPLAINT**

---

Defendants Carl Edwards and Casper Trailer Sales, Inc., by and through their undersigned counsel, file this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b) ("Motion") and state in support as follows:

**Certificate of Conferral pursuant to CMA Civ. Practice Standard 7.1D**

Undersigned attempted to confer with Plaintiff's counsel regarding this Motion. *See generally* Ex. A. On September 25, 2017 and September 27, 2016, undersigned wrote to Plaintiff's counsel to confer regarding the relief requested in this Motion. Counsel for the parties conferred briefly by phone on September 26, 2017. On September 27, 2017, Plaintiff's counsel informed undersigned that she needed until Monday, October 2, 2017 to meaningfully respond, though she anticipated agreement on at least some of Defendants' requested relief. Undersigned did not receive a

response on Monday, October 2, 2017, and followed up with Plaintiff's counsel by email on Tuesday, October 3, 2017.  On Thursday, October 5, 2017, undersigned again attempted to follow-up by email with Plaintiff's counsel.  On Friday, October, 6, 2017, undersigned attempted to call Plaintiff's counsel and was informed that she would be out of the office until Tuesday, October 10, 2017.  Therefore, undersigned is unaware of Plaintiff's position concerning this Motion.  However, for the reasons below, undersigned does not believe that the failure is curable by amended pleading.

## BACKGROUND

On January 4, 2017, Plaintiff Stephanie Lopez filed a Complaint alleging three causes of action against Carl Edwards, an individual: (1) violation of minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207; (2) violation of the wage demand provision under the Colorado Wage Act ("CWA"), C.R.S. § 8-4-109; and (3) common law battery.  (Compl., ECF no. 1.)  Edwards timely Answered the Complaint.  (Ans., ECF no. 6.)  On September 18, 2017, Plaintiff with leave of the Court amended her Complaint to add Casper Trailer Sales, Inc. as a Defendant to the FLSA and CWA claims and to remove Mr. Edwards individually as a Defendant from the CWA claim. (Am. Compl., ECF no. 36.)

Plaintiff claims that Defendants employed her beginning in 2009. (Am. Compl. ¶ 13.)  Plaintiff claims she began working cleaning Defendants' shop and worked for most of her employment as a mechanic.  (*Id.* ¶¶ 13,15.)  Plaintiff claims that she worked without any cash wages until May 2015.  (*Id.* ¶¶ 16-17.)  Beginning in May 2015, Plaintiff claims that she was only partially paid for her work at the rate of $15.00.  (*Id.* ¶

17.) Plaintiff claims that she worked approximately 7:30 a.m. to closing, usually no fewer than ten hours a day, six-to seven days a week, seventy hours a week, with a half hour meal break. (*Id.* ¶¶ 18-21.) Plaintiff claims that she was not paid for her hours worked in 2013 or 2014. (*Id.* ¶ 22.) She claims she was paid only partly for her hours in 2015 and 2016 and was not paid overtime. (*Id.* ¶¶ 23-24.) Plaintiff claims the reasons she worked without cash wages before May 2015 were her reliance on Defendant Edwards' advice to her and his promise to transfer title to a home located at 1208 Elko Street, Pueblo, CO. (*Id.* ¶¶ 14, 16.) Plaintiff claims she accepted less than full payment in 2015-2016 because Defendant Edwards told her it was all he could afford and she continued to rely on his promise to transfer the Elko Street property to her. (*Id.* ¶ 25-27).

Plaintiff also claims that Defendant Edwards required her to touch him sexually in exchange for her wages. (*Id.* ¶ 28.) Plaintiff claims that in early April 2016, Defendant Edwards requested Plaintiff accompany him to a farm house to perform work at the farm house, and that he proceeded to touch her in an unwanted sexual manner. (*Id.* ¶¶ 31-33.) Plaintiff claims that she complied because she was dependent upon Defendant Edwards for her job and the partial wages that he paid. (*Id.* ¶ 32.) Plaintiff claims that one week later Defendant Edwards again proposed to touch her in a sexual manner, and that she refused and terminated her employment. (*Id.* ¶¶ 34-35.)

## ARGUMENT

Defendants move to partially dismiss Plaintiff's Amended Complaint on the following grounds: Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff fails to state a claim for relief under the FLSA for pre-May 2015 wages because (a) Plaintiff fails to allege willful

conduct and therefore she is not entitled to reach back to 2014 to claim unpaid wages and (b) Plaintiff's claims related to her alleged employment prior to May 2015 are insufficiently supported by facts to raise her claim for relief above the speculative level. Pursuant to Fed. R. Civ. P. 12(b)(1), Plaintiff's battery claim should be dismissed because this there is no nexus of operable facts between it and her FLSA claim, and this Court therefore lacks subject matter jurisdiction

## I. Motion To Dismiss FLSA Claim For Pre-May 2015 Wages For Failure To State A Claim Under Fed. R. Civ. P. 12(B)(6)

### A. Legal Standard

A plaintiff's obligation to set forth the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court does not accept as true a legal conclusion couched as a factual allegation. *Id.* Determining whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint must adequately inform Defendants of the actual grounds of Plaintiffs' claims. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008); Fed. R. Civ. P. 8(a)(2).

### B. Willful Conduct

"The FLSA generally imposes a two-year statute of limitations unless the defendant's violations are shown to be willful, in which case a three-year period applies." *Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1270 (10th Cir.

2011) (citing 29 U.S.C. § 255(a)).  To fall under the three-year limitation, the plaintiff must show that "the employer either knew or showed reckless disregard for the matter of whether its conduct violated the statute." *Id.* (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).   "Reckless disregard can be shown through 'action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known.'"  *Id.* (quoting *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 68 (2007)).  The burden is on the party alleging willfulness to prove that the actions taken were knowing or in reckless disregard of the FLSA.  *See Gilligan v. City of Emporia, Kansas*, 986 F.2d 410 (10th Cir. 1993); *McLaughlin*, 486 U.S. at 135.

A plaintiff's conclusory allegations of willfulness in a complaint are insufficient to support liability and warrant dismissal under Rule 12(b)(6).  *See, e.g., Hurd v. NDL, Inc.*, Civil No. CCB-11-1044 (D. Md. Feb. 27, 2012) (Ex. B at 4) (dismissing claim asserting willful violation of FLSA where plaintiff alleged no facts in support of conclusions that willful violations occurred); *Butler v. East Lake Mgmt.*, Civ. No. 10-6652 (N.D. Ill. June 11, 2012) (Ex. C at 8) (allegations that plaintiff did not receive overtime pay he earned insufficient to support allegation of willfulness).

Plaintiff in this case has alleged only that "[t]he Defendant's violations of the federal Fair Labor Standards Act were willful." (Am. Compl. ¶ 42.)  Plaintiff alleges no additional facts in support of this claim.  Legal conclusions, such as this, are insufficient to plausibly allege willfulness.  *Twombly*, 550 U.S. at 555.

*Topp v. Lone Tree Athletic Club, Inc.*, Civil No. 13-cv-01645-WYD-KLM (D. Colo. June 25, 2014) (Ex. D at 14) supports this analysis.  The Court in that case determined

5

that a Plaintiff alleged no factual support for his claim that Defendant acted willfully, stating that

> because Plaintiff has failed to allege any facts suggesting that Defendant knew its actions violated the FLSA or that it acted recklessly with regard to those actions' legality, the Court cannot accept Plaintiff's conclusion that Defendant's alleged violations of the FLSA were willful. Even if Plaintiff had plausibly alleged sufficient facts to support an FLSA claim, which he has not, his recovery would be limited to those alleged violations that took place within two years of his filing of this action.

Here, Plaintiff also fails to allege that Defendants knew their actions were in violation of the FLSA or any facts indicating that the alleged failure to pay Plaintiff was done with reckless disregard for its legality under the FLSA.

By comparison, the Court in *Boden v. HMSHost Corp.*, 15-cv-00606-CMA-KMT (D. Colo. July 28, 2015) (Ex. E at 2), found that Plaintiff had provided sufficient factual allegations to plausibly support the claim of willfulness. These included allegations that Defendants misclassified employees as exempt, knowing that they performed non-exempt duties; that Defendant's operations were large and complex enough to indicate that Defendant knew how to comply with the FLSA; and that Defendant intentionally underfunded labor budgets to overwork exempt employees on non-exempt tasks. No similar factors or allegations are present in this case.

In fact, it appears that Courts are more likely to find that Plaintiff has sufficiently alleged willfulness when Plaintiff's Complaint as a whole alleges a scheme to willfully violate the FLSA. *See, e.g., Tapia v. DIRECTV, Inc.*, Civ. 14-939 JCH/GBW, (D.N.M. June 22, 2016) (Ex. F at 6) ("Reading the Complaint as a whole, however, the Court concludes that it contains sufficient factual allegations that the entire scheme, in which

MasTec was an essential participant, constituted a deliberate attempt to avoid the responsibility of complying with the FLSA."); *Doucette v. DIRECTV, Inc.,* 2:14-cv-02800-STA-tmp (W.D. Tenn. May 18, 2015) (Ex. G at 3-4) ("While the Complaint contains some conclusory references to the Defendants' "willful" conduct, it also alleges, in great detail, a system by which the Defendants deliberately attempted to shirk their responsibilities to employees by misclassifying them as independent contractors."); *Schneider v. Union Hospital, Inc.*, 2:15-cv-00204-JMS-DKL (S.D. Ind. Feb. 10, 2016) (Ex. H at 5) ("The rounding policy that Plaintiffs allege Union used is an obvious reduction in payment for hours worked, even more so when it results in underpayment of overtime wages (or potentially payment below minimum wage, for certain employees other than Plaintiffs), and allegations that Union used the rounding policy intentionally, knowingly, or with reckless disregard are enough to adequately allege willful FLSA violations. Plaintiffs have pled a concrete, systemic FLSA overtime violation, and the Court denies Union's Motion to Dismiss on the ground that they have not adequately alleged willful violations.").

Here, Plaintiff's allegations do not point to any such scheme and are insufficiently specific to indicate the basis for Plaintiff's claim that Defendants willfully violated the FLSA. Therefore, Plaintiff fails to state a claim for willful violation of the FLSA and her claims should be limited to 2015-2016 wages.

### *C. Pre-May 2015 Overtime/Minimum Wage Violation*

> To make out a plausible overtime claim, a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her

> employer failed to pay the requisite overtime premium for those overtime hours. Under this standard, plaintiffs seeking to overcome a motion to dismiss must do more than merely allege that they regularly worked in excess of forty hours per week without receiving overtime pay.

*Hall v. DirecTV, LLC*, 846 F.3d 757, 777 (4th Cir. Jan. 25, 2017). "At a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week." *Landers v. Quality Communications, Inc.*, No. 12-15890 (9th Cir. Jan. 26, 2015) (Ex. I at 6). The "requirement that plaintiffs must allege overtime without compensation in a 'given' workweek [is] not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks'" *Dejesus v. HF Mgmt. Servs.*, LLC, 726 F.3d 85, 90 (2d Cir. 2013).[1]

In this case, Plaintiff's allegations supporting her claim for minimum wage and overtime amount to a bare assertion that she regularly worked more than 40 hours a week: She worked an average of 7:30 to closing, no fewer then ten hours a day, six-to seven days a week, seventy hours a week, with a half hour meal break. Plaintiff does not list her job responsibilities aside from stating that she worked the majority of time as a mechanic. Plaintiff makes no distinction between any given weeks or years. In fact, it is not clear from the Amended Complaint if Plaintiff alleges she worked these hours during the course of 2009-2016 or just after May 2015. These allegations therefore do not support a plausible claim that Plaintiff worked more than forty hours in a <u>given</u>

---

[1] Circuits are split on what facts must be affirmatively plead to state a viable FLSA claim post-*Twombly* and *Iqbal*. *See Landers*, No. 12-15890 (9th Cir. Jan. 26, 2015) (reviewing cases in First, Second, Third, and Eleventh Circuits).

8

workweek and do not establish a claim for overtime.

Nor do they support a claim that Plaintiff was entitled to minimum wage as an employee of Plaintiff. It is simply not plausible that Plaintiff worked from 2009 to May 2015 seventy hours a week for no wages. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) ("The [Supreme] Court explained that a plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss.") (quoting *Twombly*, 550 U.S. at 570). Plaintiff's only explanation for this—that she relied on the advice of Defendant Edwards and his promise to deliver a house—is insufficient to overcome the presumption that Plaintiff was a volunteer. *See Purdham v. Fairfax County School Bd.*, 637 F.3d 421, 427 (4th Cir. 2011) ("Plaintiff bears 'the initial burden of proving that an employer-employee relationship exists and that the activities in question constitute employment for purposes of the Act.'"); *Tony and Susan Alamo Foundation v. Sec'y of Labor*, 471 U.S. 290, 295 (1985) (holding that a worker who is a volunteer is not an "employee" under the FLSA).[2]

Therefore, Plaintiff's claims for pre-May 2015 minimum wage and overtime should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(B)(6).

## II. Motion To Dismiss Battery Claim For Lack Of Subject Matter Jurisdiction Under Fed. R. Civ. P. 12(B)(1)

### A. Legal Standard

In order for this court to have supplemental jurisdiction over Plaintiff's battery

---

[2] Plaintiff has not brought a breach of contract claim against Mr. Edwards for failing to deliver a house that he allegedly promised in exchange for her labor.

claims under 28 U.S.C. §1367, original jurisdiction must exist and the other claims must be "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III . . . ." 28 U.S.C. § 1367(a). Thus, Plaintiff's battery claim must derive from a common nucleus of operative fact with the FLSA claim in order for this Court to have jurisdiction to hear that claim.[3] *See Shaw v. AAA Eng'g & Drafting Inc.*, 138 Fed.Appx. 62, 70 (10th Cir. 2005). Plaintiff bears the burden to establish that the Court has subject matter jurisdiction. *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

### *B. Application*

In this case, the Court lacks subject matter jurisdiction over Plaintiff's state law battery claim, as the claim is not connected to the same operative facts as Plaintiff's FLSA claim. *Accord Moyer v. Village of Fort Sumner, N.M.*, 2:13-cv-00164-WPL/SMV (D.N.M. May 20, 2013) (Ex. J at 5-6). The claims present different factual occurrences requiring separate proof. Plaintiff's FLSA claim for unpaid minimum wage and overtime requires proof that Plaintiff was an employee of Plaintiff, that she performed work without minimum wage, that she performed uncompensated overtime, and that her employer had "actual or constructive knowledge" of that overtime work. It will require evidence of Plaintiff's status as an hourly employee, her duties, the number of hours Plaintiff worked, and the amount of compensation Defendants paid her. On the other hand, Plaintiff's battery claim does not require proof of Plaintiff's employment status or

---

[3] Defendants admit that this Court has original jurisdiction over Plaintiff's FLSA claim and supplemental jurisdiction over Plaintiff's CWA claim.

pay. Instead, it will focus on whether Defendant Edwards physically and intentionally touched Plaintiff "in a harmful or offensive manner" on a day in early April 2016. Thus, Plaintiff's battery claim requires entirely separate inquiries to that of her FLSA claim. The facts necessary to establish one are completely unrelated to the facts needed to establish the other; none of the elements in either claim has any bearing on the elements of the other; proof of one is not contingent on proof of the other.

There are only two potential nexuses between these claims. The first, that Plaintiff was employed by Defendant Edwards, has been repeatedly rejected by courts as a basis for supplemental jurisdiction. *See, e.g., Moyer v. Village of Fort Sumner*, N.M., 2:13-cv-00164-WPL/SMV (D.N.M. May 20, 2013) (existence of an employment relationship between Plaintiff and Defendants is not sufficient to establish a connection between the two claims); *Wilhelm v. TLC Lawn Care, Inc.*, 07-2465-KHV (D.Kan. Mar. 6 2008) (Ex. K at 2) (citing other jurisdictions rejecting notion that employer-employee relationship creates a common nucleus of operative fact between plaintiff's FLSA claim and peripheral state law claims of breach of fiduciary duty and accounting of profits and civil conspiracy); *Saenz v. Austin Roofer's Supply, LLC.*, 664 F.Supp.2d 704, 710 (W.D. Tex. 2009) (holding that the court lacks supplemental jurisdiction over tort claims of assault, battery and negligent training where those claims did not share common facts other than employee-employer relationship); *Patel v. Goldspot Stores, LLC,* No. 6:15-cv-198 (M.D. Fla. May 1, 2015) (Ex. L at 2) (declining to exercise supplemental jurisdiction over the defendant employer's misappropriation counterclaims, explaining: "the only connection between an action for unpaid wages and the alleged

misappropriation is that Plaintiffs were employed by Goldspot at the time. This is not enough.").

The second potential nexus is that Plaintiff claims Edwards demanded to touch her—and she consented—in exchange for her wages. This should fail for lack of factual support. Plaintiff has alleged no facts aside from the bare allegations that Defendant Edwards "required Plaintiff to touch him in exchange for wages" and that she "complied only because she was dependent upon him for her job and the partial wages that he paid." Defendant also implies that she was employed prior to the battery, though she does not establish simple facts such as her date of employment or termination.[4]

By comparison, in *Chaluisan v. Simsmetal East LLC*, 698 F.Supp.2d 397 (S.D.N.Y. 2010), the Court exercised supplemental jurisdiction because it found that Plaintiff's allegations of sexual harassment were closely related to her wages during her employment. The Court further determined that Plaintiff's state law claims would require reference to many of the same witnesses and much of the same documentary evidence as the FLSA claim. In *Rivera v. Ndola Pharmacy Corporation*, 497 F.Supp.2d

---

[4] The Court may hold a limited hearing on the issue of subject matter jurisdiction to establish relevant jurisdictional facts, including when Plaintiff stopped working for Defendant Edwards. When a party's Fed. R. Civ. P. 12(b)(1) motion challenges the facts upon which subject matter depends, "a district court may not presume the truthfulness of the complaint's factual allegations." *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002) (citation and quotations omitted). Instead, the court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Reliance on evidence outside the pleadings in addressing such a motion does not, as a general rule, convert the motion to one for summary judgment under Rule 56. *Id.*

381 (E.D.N.Y. 2007), the court exercised supplemental jurisdiction over a state law sexual harassment claim against a supervisor who had adjusted the plaintiff's pay based on her receptivity to his advances because the level of pay was a significant issue for the FLSA claim.

On the other hand, in *Dominguez v. Enriquez*, 2:13-CV-654 (M.D. Ala. Jan. 30, 2014) (Ex. M at 1), the Court declined to exercise supplemental jurisdiction because it found that the claims presented different factual occurrences requiring separate proof. This was so even though the Plaintiff asserted that a significant portion of the physical altercation giving rise to the assault and battery claim included arguments about Plaintiff's wages. The Court specifically stated that involvement of the same parties is not enough to establish jurisdiction. Similarly, in *Hadad v. World Fuel Services, Inc.*, 13 C 3802.(N.D. Ill. Dec. 11, 2013) (Ex. N at 2-3), the Court declined to find supplemental jurisdiction over state law battery claim even though Plaintiff alleged motivating factor behind tortious actions was overtime payment under the FLSA, stating that the underlying rationale for why the defendant might have engaged in the tortious conduct alleged does not in and of itself make the claims "intertwined."

This case is more similar to the latter set of cases. Plaintiff's allegation that the tortious contact was done or allowed in relation to her wages is not enough to establish a nexus of operable fact. Unlike the former set of cases, establishing Plaintiff's claim of battery against Defendant Edwards will not require references the same evidence or witnesses—aside from Plaintiff Lopez and Defendant Edwards themselves—and proof of the FLSA claim does not depend on reference to the battery claim. The claims do not

form part of the same case in controversy and therefore this Court lacks subject matter jurisdiction under 28 U.S.C. § 1367.

### III.     Claim For Attorney Fees

Defendants request that the Court award them their reasonable attorney fees, costs, and expenses pursuant to C.R.S. § 13-17-201. *See Jones v. Denver Post Corp.*, 203 F.3d 748 (10th Cir. 2000) (applying C.R.S. § 13-17-201 to dismissal of state law claims under Fed. R. Civ. P. 12(b)).

### CONCLUSION

For the above reasons, Defendants respectfully request that the Court dismiss Plaintiff's FLSA claim for pre-May 2015 wages for failure to state a claim under Fed. R. Civ. P. 12(b)(6), dismiss Plaintiff's battery claim for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and award them attorney fees and costs.

Respectfully submitted this 9th day of October, 2017.

*s/ Lily E. Nierenberg*
Lily E. Nierenberg, #45451
DLG Law Group LLC
4100 E. Mississippi Ave., Ste. 420
Denver, Colorado 80246
Phone: (303) 758-5100
Fax: (303) 758-5055
Email: lnierenberg@dlglaw.net
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 9 day of October, 2017, a true and correct copy of the foregoing DEFENDANTS' MOTION TO PARTIALLY DISMISS PLAINTIFF's AMENDED COMPLAINT was served via ECF/PACER on all parties of record, as follows:

Donna Dell'Olio
Cornish & Dell'Olio PC
431 N Cascade Ave, Suite 1
Colorado Springs, CO 80903

            *s/ Lily E. Nierenberg*
            Lily E. Nierenberg, #45451
            DLG Law Group LLC