**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-00045-KLM

STEPHANIE LOPEZ, individually,

    Plaintiff,

v.

CARL EDWARDS, individually, and
CASPER TRAILER SALES, INC., a Colorado Corporation,

    Defendants.

---

## **FIRST AMENDED ANSWER**

---

Defendants Carl Edwards and Casper Trailer Sales, Inc.[1], by and through their undersigned counsel, answer Plaintiff's Amended Complaint and Jury Demand as follows:

### **FIRST DEFENSE**
(Answer to Complaint)

1. Admit that jurisdiction over the first and second causes of action is conferred by 18 U.S.C. §§ 1331 and 1367.  Deny that jurisdiction over the third cause of action is conferred by either 18 U.S.C. §§ 1331 or 1367.  *See* Defendants' Motion to Dismiss, filed concurrently.

2. Admit.

3. Admit.

---

[1] CASPER TRAILER SALES, INC. is the official name of the company, referred to herein as Casper Trailer Sales, Inc.

4.      Admit.

5.      Defendant incorporates his responses to Paragraphs 1 to 4 by reference.

6.      Admit.

7.      Admit that Casper Trailer Sales, Inc. had more than $500,000 in gross receipts in 2014 and 2015.  Defendants are without sufficient information and belief to either admit or deny the allegation as it pertains to 2016 as those taxes have not been filed and therefore deny the same.

8.      Admit.

9.      Admit that at all times relevant to the Complaint, Carl Edwards acted directly and indirectly in the interests of Casper Trailer Sales, Inc. in relation to his employees, including Stephanie Lopez, by setting their rate of pay, method of compensation, and determining their hours worked.  Deny the remainder of the allegations in this paragraph.

10.     Admit that Carl Edwards was Stephanie Lopez's employer from May 2015 to March 2016 within the meaning of 29 U.S.C §203(d).  Deny the remainder of the allegations in this paragraph.

11.     Admit that Caspar Trailer Sales, Inc. was Stephanie Lopez's employer from May 2015 to March 2016 within the meaning of 29 U.S.C §203(d) and C.R.S. 8-4-101(6). Deny the remainder of the allegations in this paragraph.

12.     On information and belief, Defendant admits that Plaintiff grew up in the San Luis Valley of Colorado and that Plaintiff lost her parents at a relatively young age.

Defendant is without sufficient knowledge to either deny or admit the remainder of the allegations in this paragraph.

13. Deny.

14. Deny that Carl Edwards advised Plaintiff to work without cash wages. Deny any other allegations in this paragraph.

15. Deny that Plaintiff worked as a mechanic for any part of her employment. Defendant is without sufficient knowledge to either deny or admit the remainder of the allegations in this paragraph.

16. Deny.

17. Admit Defendant began paying Plaintiff cash wages in May 2015. Deny the remainder of the allegations in this paragraph.

18. Deny.

19. Admit that Plaintiff typically took a meal break of between one-half hour and one hour. Deny any other allegations in this paragraph.

20. Deny.

21. Deny.

22. Deny.

23. Admit that Plaintiff was paid for the hours she worked in 2015. Deny all other allegations in this paragraph.

24. Admit that Plaintiff was paid for the hours she worked in 2016. Deny all other allegations in this paragraph.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Defendant is without sufficient knowledge to either deny or admit the allegations in this paragraph and therefore denies the same.

30. Defendant is without sufficient knowledge to either deny or admit the allegations in this paragraph and therefore denies the same.

31. Deny.

32. Admit that Defendant believed Plaintiff was not interested in him sexually. Deny all other allegations in this paragraph.

33. Deny that Defendant touched Plaintiff as alleged in paragraphs 31 through 32. Deny any other allegations in this paragraph.

34. Deny.

35. Admit Plaintiff terminated her employment. Deny the remainder of the paragraph.

36. Deny.

37. Deny.

38. Defendants incorporate their responses to Paragraphs 1 to 37 by reference.

39. Deny.

40. Deny.

41. Deny.

42. Deny.

43. Defendants incorporate their responses to Paragraphs 1 to 42 by reference.

44. Deny.

45. Deny.

46. Deny.

47. Deny that Plaintiff has any unpaid wages, but admits that any wages of Plaintiff are earned, vested, and determinable.

48. Deny.

49. Deny.

50. Defendant incorporates his responses to Paragraphs 1 to 49 by reference.

51. Admit that Defendant may at times have come into physical contact with the Plaintiff. Deny the remainder of the paragraph, including the implication that the physical contact was ever harmful or offensive.

52. Deny.

53. Deny.

## GENERAL DENIAL

Any allegation not specifically admitted herein is denied.

## SECOND DEFENSE
(Affirmative Defenses)

1. This Court lacks subject matter jurisdiction over the third cause of action. *See* Defendants' Motion to Dismiss, filed concurrently.

2. Plaintiff fails to state a claim upon which relief may be granted. *See* Defendants' Motion to Dismiss, filed concurrently.

3. Plaintiff's relief is barred by the doctrine of payment.

4. Plaintiff's relief is barred due to the applicable statutes of limitations. *See* Defendants' Motion to Dismiss, filed concurrently.

5. Plaintiff has failed to plead sufficient facts regarding her claim of willful conduct.

6. Defendants are entitled to costs and attorney fees pursuant C.R.S. § 8-4-110 and Fed. R. Civ. P. 54(d).

7. Prior to May 2015 and after March 2016, Plaintiff was not an employee of Defendants.

8. Defendants fully and in good faith complied with state and federal wage and hour laws and requirements.

9. Plaintiff is not entitled to gap time pay.

10. Defendants lack knowledge of any hours Plaintiff worked that were not compensated.

11. Plaintiff failed to mitigate her damages.

12. Plaintiff's relief is barred by the doctrines of res judicata and collateral estoppel.

13. Plaintiff's relief is barred by equitable estoppel.

14. Plaintiff's claims are devoid of factual support and/or have no basis in law; the primary purpose of such claims is to harass the Defendants or to effectuate some other improper objective; and this activity adversely affects the legal interest of Defendants.

15. Defendants reserve the right to add and/or assert additional defenses, which may become known through the course of this action.

**WHEREFORE**, for all of these reasons, Defendant respectfully requests that this Court dismiss the Complaint with prejudice, award Defendant his costs and reasonable attorney fees as provided by law or agreement, and grant such other and further relief as this Court deems appropriate.

Respectfully submitted this 9th day of October, 2017.

*s/ Lily E. Nierenberg*
Lily E. Nierenberg, #45451
DLG Law Group LLC
4100 E. Mississippi Ave., Ste. 420
Denver, Colorado 80246
Phone: (303) 758-5100
Fax: (303) 758-5055
Email: lnierenberg@dlglaw.net
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 9 day of October, 2017, a true and correct copy of the foregoing DEFENDANTS' FIRST AMENDED ANSWER was served via ECF/PACER on all parties of record, as follows:

Donna Dell'Olio
Cornish & Dell'Olio PC
431 N Cascade Ave, Suite 1
Colorado Springs, CO 80903

*s/ Lily E. Nierenberg*
Lily E. Nierenberg, #45451
DLG Law Group LLC