**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-00045-KLM

STEPHANIE LOPEZ, individually,

     Plaintiff,

v.

Carl Edwards,
Individually,

and

Casper Trailer Sales, Inc.,
a Colorado corporation

     Defendants.

---

**Plaintiff's Response to Defendants' Motion to Partially Dismiss Amended
Complaint (DOC# 41)**

---

COMES NOW, the Plaintiff, Stephanie Lopez, by and through undersigned

counsel, and files her response to Defendants' Motion to Partially Dismiss Plaintiff's

Amended Complaint (DOC# 41).  In support of her response Plaintiff states as follows:

**Introduction**

Defendants' Motion to Partially Dismiss Plaintiff's Amended Complaint is now

moot.  Plaintiff has filed an Unopposed Motion to Amend the Amended Complaint

(DOC# 52) and an Unopposed Motion to Modify the Scheduling Order (DOC# 51) which

address the alleged deficiencies identified in Defendants' Motion to Partially Dismiss

Amended Complaint (DOC# 41).  The Second Amended Complaint, which is filed as

Exhibit 1 to the Unopposed Motion to Amend the Amended Complaint (DOC# 52) moots

Defendants' Rule 12(b)(6) arguments regarding Plaintiff's FLSA claim.  Additionally, the

Parties have agreed to a stipulated dismissal of Plaintiff's battery claim, which fully

moots Defendant's Rule 12(b)(1) argument and request for attorneys' fees.

Nonetheless, Plaintiff herein files her response to Defendants' Motion to Partially

Dismiss Amended Complaint.  The Amended Complaint states a plausible claim for a

willful violation of the FLSA by the Defendants.  First, Defendants argue that Plaintiff

has not pled sufficient facts to establish a willful violation of the FLSA, which expands

the statute of limitations from two to three years.  However, this argument is premature

as it relies entirely upon an affirmative defense, the statute of limitations, that Plaintiff is

not required to address in a Complaint.  *Guon v. John Q. Cook, M.D. LLC*, 2016 U.S.

Dist. LEXIS 152309, *8 (N.D. Ill. Nov. 3, 2016) ("Whether Guon has sufficiently pleaded

willfulness to take advantage of the three-year statute of limitations is an affirmative

defense that need not be anticipated in the pleadings.").

Additionally, Plaintiff has sufficiently pled the existence of a willful violation based

upon Defendants' total failure to pay wages to the Plaintiff for the entire year of 2014,

and the intentional misrepresentations made to Plaintiff regarding her compensation,

specifically that she would be given title to a house in exchange for working without

wages.  Second, Defendants' argument that Plaintiff has not pled sufficient facts to

establish any claim for unpaid minimum wage or overtime under the FLSA must fail.

Plaintiff has pled in detail the hours she worked and that she did not receive cash

wages for several years and never received any overtime payments.  Without more

Plaintiff has pled a plausible FLSA claim.  *See Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d. Cir. 2013) ("We conclude that in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours.").

## Conferral

Plaintiff disputes Defendants' version of the conferral process.  Counsel spoke on the phone regarding the motion and reached and discussed a stipulation to dismiss the Third Cause of Action. Plaintiff's counsel told Lily Nierenberg that Plaintiff would not dismiss the claim for a willful violation of the Fair Labor Standards Act.

## Argument

### I.   Defendants' Failure to Pay Wages Was Willful

Defendants argue that Plaintiff has not sufficiently pled a willful violation sufficient to entitle her to a three year statute of limitations.  The FLSA provides that a claim "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."  29 U.S.C. § 255(a). The FLSA's willful standard only requires a showing that the employer "either knew or showed reckless disregard for the matter of whether its conduct violated the statute." *Mumby v. Pure Energy Servs., Inc.*, 636 F.3d 1266, 1270 (10th Cir. 2011) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).  "The court's operative inquiry focuses on the employer's diligence in the face of a statutory obligation, not on

the employer's mere knowledge of relevant law." *Id.* "Reckless disregard can be shown through action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* (citing *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68 (2007)). "Whether an employer 'acted recklessly, as opposed to unreasonably, is a question of fact . . . .'" *Moreno v. United States*, 2008 U.S. Claims LEXIS 192, *32. Defendants do not raise sufficient grounds to dismiss Plaintiff's allegation that Defendants committed a willful violation.

Foremost, Defendants' statute of limitations argument is an affirmative defense that must be pled in an Answer and cannot be raised on a Rule 12 motion. Fed. R. Civ. P. 8(c) (listing statute of limitations as an affirmative defense that must be pled when responding to a pleading); *Robert L. Kroenlein Trust v. Kirchhefer*, 764 F.3d 1268, 1274, (10th Cir. 2014) ("The statute of limitations is an affirmative defense . . . ."); *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1304 (10th Cir. 2003) (same); *Johnson v. Derhaag Motor Sports, Inc.*, 2014 U.S. Dist. LEXIS 158845, *21 (D. Minn. Nov. 10, 2014) ("As an initial matter, the Court notes that lack of willfulness under the FLSA is an affirmative defense that Defendants are required to plead in their Answer.").

"'Plaintiffs have no obligation to plead against affirmative defenses,' including a statute of limitations defense." *Bauer v. City & County of Denver*, 642 Fed. Appx. 920, 924 (10th Cir. 2016)*; Asebedo v. Kan. State Univ.*, 559 F. App'x. 668, 671 (10th Cir. 2014). Accordingly, "[d]ismissal based on the affirmative statute of limitations defense cannot usually be made on pleadings without proof." *Cohen v. Busch*, 2010 U.S. Dist. LEXIS 63072, *17, 2010 WL 2593937 (D. Colo. May 10, 2010). *See Doe v. U.S. Dept.*

*of Justice,* 753 F.2d 1092, 1116 (D.C. Cir. 1985) (a defense based on the statute of

limitations is an affirmative defense that cannot succeed on a Rule 12(b)(6) motion

unless it is unequivocally apparent from the face of the complaint that the statute

precludes the action).

Based upon these general standards Plaintiff is not required to plead facts

sufficient to plausibly state a willful violation:

> Blue Cross asserts that Plaintiffs have simply alleged the legal elements for
> extending the statute of limitations without factual support.  In particular, Blue
> Cross argues that Plaintiffs have failed to plead any facts suggesting how it
> purportedly knew its conduct was prohibited by the FLSA or how it acted with
> reckless disregard. (Def.'s Mem. at 9.) But the applicability of the statute of
> limitations is an affirmative defense. See Fed. R. Civ. P. 8(c)(1); *Mumbower
> v. Callicott*, 526 F.2d 1183, 1187 n.5 (8th Cir. 1975) (explaining that "29
> U.S.C. § 255(a) was intended to serve as a conventional limitation on the
> remedy, not upon the right to bring the action, and must be pleaded as an
> affirmative defense in compliance with Fed. R. Civ. P. 8(c)"). And it is well
> settled that plaintiffs are not required to negate an affirmative defense in their
> complaint. *See, e.g., La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845
> (11th Cir. 2004). Thus, Blue Cross "has attempted to foist on Plaintiffs a
> pleading requirement that does not exist."

*Lepage v. Blue Cross & Blue Shield of Minnesota*, 2008 U.S. Dist. LEXIS 49298, *7-8,

(D. Minn. June 25, 2008).

Federal courts have routinely rejected Defendants' willfulness argument on the

same grounds.  *Guon v. John Q. Cook, M.D. LLC*, 2016 U.S. Dist. LEXIS 152309, *8

(N.D. Ill. Nov. 3, 2016) ("Whether Guon has sufficiently pleaded willfulness to take

advantage of the three-year statute of limitations is an affirmative defense that need not

be anticipated in the pleadings."); *Schmidt v. DIRECTV, LLC*, 2016 U.S. Dist. LEXIS

16410, *67 (D. Minn. Jan. 22, 2016) ("Therefore, in order to contest a willfulness

allegation, a party that allegedly violated the FLSA must plead that the statute of

limitations restricts the plaintiff's remedy."); *Perkins v. Total Bldg. Maint., Inc.*, 2015 U.S.

Dist. LEXIS 46782, *10, 2015 WL 1609193 (N.D. Tex. Apr. 7, 2015) ("Plaintiff was not

required to allege facts in his Amended Complaint that would preemptively address

Defendants' statute of limitations defense."); *Rummel v. Highmark, Inc.*, 2013 U.S. Dist.

LEXIS 162757, *22, 2013 WL 6055082 (W.D. Pa. Nov. 15, 2013) ("[T]he issue of

willfulness also may not be resolved at this early stage of the litigation [because of its

status as an affirmative defense].");  *Martinez v. Regency Janitorial Servs.*, 2011 U.S.

Dist. LEXIS 105980, *5 (E.D. Wis. Sept. 19, 2011) (even if facts not pled to establish

willful violation timeliness is an affirmative defense that does not warrant dismissal);

*Noble v. Serco, Inc.*, 2009 U.S. Dist. LEXIS 54632, *10-11 (E.D. Ky. June 25, 2009)

("The court also noted that the statute of limitations in 29 U.S.C. § 255(a) is an

affirmative defense and plaintiffs are not required to negate an affirmative defense in

their complaint.  Therefore, the three-year statute of limitations was applicable even

though the plaintiffs' did not plead any facts supporting their assertion that the defendant

employer willfully violated the FLSA.").

Moreover, whether a FLSA violation is willful goes to Defendants' state of mind

and knowledge, which may be pled generally.  Fed. R. Civ. P. 9(b) ("Malice, intent,

*knowledge*, and other conditions of a person's mind may be alleged generally.") (italics

added); *Mumby v. Pure Energy Services (USA), Inc.*, 636 F.3d 1266, 1270 (10th Cir.

2011) ("To fall under the three-year limitation, the plaintiff must show that the employer

either *knew or showed reckless disregard* for the matter of whether its conduct violated

the statute.") (italics added).  As such, the issue of willfulness may be pled generally.

*Marshall ex rel. All Others v. UBS Fin. Servs.*, 2015 U.S. Dist. LEXIS 88048, *9

(S.D.N.Y. July 6, 2015) ("Because 'willfulness' is a 'condition of the mind,' Federal Rule

of Civil Procedure 9(b) governs its pleading requirements. Rule 9(b) states: 'Malice,

intent, knowledge, and other conditions of a person's mind may be alleged generally.'");

*Williams v. Cent. Transp. Int'l, Inc.*, 2014 U.S. Dist. LEXIS 46721, *12 (E.D. Mo. Apr. 4,

2014) ("Thus, 'willfulness' is not a legal conclusion, but a factual state of mind.  The

Federal Rules specifically permit a person's 'condition of mind,' such as '[m]alice, intent,

[or] knowledge' to be 'averred generally.'"); *Svoboda v. Tri-Con Indus.*, 2008 U.S. Dist.

LEXIS 87196, *4 (D. Neb. Oct. 27, 2008) ("Tri-Con argues that the complaint fails to

invoke the 3-year limitations period because Svoboda makes only a general allegation

that 'the Defendant's violation of the FMLA was willful.'  This allegation is sufficient

under federal pleading practice, however, because '[m]alice, intent, knowledge, and

other conditions of a person's mind may be alleged generally.'"); *DeKeyser v.

Thyssenkrupp Waupaca, Inc.*, 589 F. Supp. 2d 1026, 1036 (E.D. Wis. Nov. 26, 2008)

(citing Rule 9(b) and holding that, "Plaintiffs have alleged that Waupaca acted willfully in

violating the FLSA.  This general assertion the Plaintiffs make is sufficient to satisfy the

requirements of pleading a willful violation of the FLSA at this early stage.").

Finally, Plaintiff's allegations satisfy the standard for pleading a willful violation of

the FLSA.  *Marshall ex rel. All Others v. UBS Fin. Servs.*, 2015 U.S. Dist. LEXIS 88048,

*9-10 (S.D.N.Y. July 6, 2015) ("District courts have found that a plaintiff has stated a

claim for a willful violation if the complaint alleges a willful violation and the existence of

a policy or practice consistent with willful conduct.").  *See also Williams v. Cent. Transp.*

*Int'l, Inc.*, 2014 U.S. Dist. LEXIS 46721, \*12-13 (E.D. Mo. Apr. 4, 2014). In this case, Plaintiff alleges that from 2009 through 2016 Defendants engaged in a long running series of misrepresentations to Plaintiff regarding her compensation and failed to pay any cash wages to Plaintiff for a period of six years.

Plaintiff relied upon the advice of Mr. Edwards regarding payment of wages. Amended Complaint, ¶¶ 12, 14. Plaintiff began her employment with Defendants in 2009. *Id.* at ¶ 13. Mr. Edwards advised Plaintiff that she should work without cash wages because Mr. Edwards had promised to transfer title to a home to her in exchange for her work. *Id.* at ¶¶ 14, 16. In reliance upon Mr. Edwards' advice and promises Plaintiff worked from 2009 through 2015 without receiving any cash wages from Defendants. *Id.* at ¶¶ 13-16. Beginning in 2015 Defendants paid Plaintiff cash wages for some, but not all, hours that she worked. *Id.* at ¶ 17. Plaintiff alleged that Defendants' violations of the FLSA were willful. *Id.* at ¶ 42.

Based upon these allegations Plaintiff has pled facts that show the existence of a willful FLSA violation by Defendants. *See Marshall*, 2015 U.S. Dist. LEXIS 88048, \*9-10 ("District courts have found that a plaintiff has stated a claim for a willful violation if the complaint alleges a willful violation and the existence of a policy or practice consistent with willful conduct."). Plaintiff has alleged a willful violation. Amended Complaint, ¶ 42. Moreover, at no point in the first six years of her employment did Defendants pay any cash wage to Plaintiff. A total failure to pay any wages for a six year period of time is the quintessential willful violation. *Whitworth v. French Quarter Partners, LLC*, 2014 U.S. Dist. LEXIS 190419, \*25 (W.D. Ark. 2014) (finding a willful violation when employer

was aware of the FLSA and decided against paying any wages); *Gray v. Powers*, 2010 U.S. Dist. LEXIS 113881, *3, (S.D. Tex 2010) ("PEG's practice of paying no wages at all is clearly a willful violation of the FLSA, making an award of liquidated damages appropriate in this case.").

Plaintiff has also alleged the existence of a purposeful practice of misrepresentation meant to allow Defendants to avoid paying wages as required by the FLSA. Defendants misled Plaintiff regarding her right to wages and Defendants' ultimate intent to pay wages. Amended Complaint, ¶¶ 12-16. This purposeful course of conduct by Defendants goes beyond mere negligence and rises to the level of intentional and willful conduct. Defendants acted with intent in this case to purposefully mislead Plaintiff so that they could avoid paying wages under the FLSA. *Havrilla v. United States*, 2016 U.S. Claims LEXIS 192, *44 ("intent is an element of the willfulness decision"); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 258 (S.D. NY 2008) (intentional conduct meant to mislead is evidence of a willful violation); *Conklin v. Joseph C. Hofgesang Sand Co.*, 407 F. Supp. 1090, 1094 (W.D. Ky 1975) ("We perceive that there was no negligence on the part of the defendant in failing to pay the plaintiff overtime, and that the failure to pay was intentional and, hence, willful within the meaning of the Act.").

## II.   Defendants Failed to Pay Overtime and Minimum Wage Prior to May, 2015

In the Tenth Circuit, the *Twombly/Iqbal* standard does not require heightened fact pleading for every element of a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007); *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Instead, the

Tenth Circuit has explained that:

> We recently stated this new standard is a "refined standard." In applying this new, refined standard, we have held that plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Further, we have noted that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." Thus, we have concluded the *Twombly/Iqbal* standard is "a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do."

*Id.* at 1191 (citations omitted).

"In other words, Rule 8(a)(2) still lives." *Id.* *See also* Fed. R. Civ. P. 8(a)(2) (stating

that, "A pleading that states a claim for relief must contain: . . . (2) a short and plain

statement of the claim showing that the pleader is entitled to relief . . . ."). *See also al-*

*Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009) ("*Twombly* and *Iqbal* do not require

that the complaint include all facts necessary to carry the plaintiff's burden.") (cited with

approval in *Khalik*). The existence of simple facts, such as hours worked and wages

paid, does not require elaborate pleading to establish a plausible claim. *Robbins v.*

*Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1248 (10th Cir. 2008) (holding "that

the degree of specificity necessary to establish plausibility and fair notice, and therefore

the need to include sufficient factual allegations, depends on context" and the nature of

the claims at issue).

The FLSA requires that "for a workweek longer than forty hours," an employer

shall compensate an employee working "in excess of" forty hours for those excess

hours "at a rate not less than one and one-half times the regular rate at which [she or]

he is employed." 29 U.S.C. § 207(a)(1).  Therefore, the only two elements of an

overtime claim are that 1) an employee worked more than forty hours in a week and 2)

did not receive time and a half for those hours.  *Id.*; *Lundy v. Catholic Health Sys. of

Long Island, Inc.*, 711 F.3d 106, 114 (2d. Cir. 2013) ("We conclude that in order to state

a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a

given workweek as well as some uncompensated time in excess of the 40 hours.");

*Martinez v. Xclusive Mgmt., LLC*, 2015 U.S. Dist. LEXIS 182161, *11 (D. Colo. 2015)

(collecting cases and concluding that "a plaintiff asserting a claim to overtime payments

must allege that [he or she] worked more than forty hours in a given workweek without

being compensated for the overtime hours worked during that workweek" in order to

state a plausible FLSA overtime claim sufficient to survive a Rule 12 motion to dismiss).

In this case, Plaintiff has pled specific facts to state a plausible claim under this

standard.  Specifically, Plaintiff has pled that throughout the course of her employment

she worked a typical schedule of six to seven days per week with a daily schedule of

7:30 a.m. to closing minus a half hour meal break.  Amended Complaint, ¶¶ 18-21.

During this time Plaintiff typically worked ten hours per day for an average total of 70

hours per week.  *Id.*  These allegations satisfy Plaintiff's obligation to plead that she

worked forty hours or more per week.  *Lundy*, 711 F.3d at 114; *Martinez*, 2015 U.S.

Dist. LEXIS 182161, *11.  Plaintiff has also alleged that she did not receive any cash

wages prior to May, 2015 and that beginning in May, 2015 Plaintiff only received a

$15.00 per hour wage for some, but not all, hours worked.  Plaintiff also alleged that she

did not receive minimum wage in 2013 and 2014 and did not receive overtime payments in 2015 and 2016.  Amended Complaint, ¶¶ 16-17, 22-24.  These allegations satisfy Plaintiff's obligation to plead "uncompensated time in excess of the 40 hours."  *Id*. Without more, Plaintiff has pled plausible minimum wage and overtime violations under the FLSA.

**III.   The Court Has Jurisdiction over Plaintiff's Battery Claim**

Plaintiff fully disputes that the Court does not have jurisdiction over Plaintiff's state law battery claim.  However, the Parties have agreed to a stipulated dismissal of Plaintiff's battery claim with each Party to bear its own costs and attorneys' fees associated with the claim.  Accordingly, Defendants' argument on the Court's supplemental jurisdiction over Plaintiff's battery claim is moot.

**IV.   Defendants are not Entitled to Attorneys' Fees Pursuant to C.R.S. § 13-17-201**

This statute allows a Defendant to recover attorneys' fees if the Court dismisses the Plaintiff's tort claims under Colorado Rule of Civil Procedure 12(b).  C.R.S. § 13-17-201 ("In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12 (b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.").  However, as discussed above, the Parties have agreed to a stipulated dismissal of Plaintiff's battery claim with each Party agreeing to bear its own attorneys' fees and costs as a term of the stipulation.  Moreover, this section does not

apply when the parties have filed a stipulated dismissal. *Zerr v. Johnson*, 1997 U.S. App. LEXIS 19287, *8, (10th Cir. 1997) ("Colorado courts have held a plaintiff may avoid liability for attorneys' fees under § 13-17-201 'by seeking a voluntary dismissal or by filing a stipulation of dismissal, or by confessing to a defendant's motion to dismiss under [Rule] 12(b).'"); *Houdek v. Mobil Oil Corp.*, 879 P.2d 417, 425 (Colo. App. 1994) ("By implication, § 13-17-201 allows a plaintiff to escape liability for attorney fees by seeking a voluntary dismissal or by filing a stipulation of dismissal, or by confessing to a defendant's motion to dismiss under C.R.C.P. 12(b)."). Accordingly, Defendants' request for fees is also moot.

## Conclusion

Defendants' Motion to Partially Dismiss Amended Complaint has been rendered moot by the Parties' agreement to allow the filing of a Second Amended Complaint and the stipulated dismissal of Plaintiff's battery claim. However, Plaintiff has stated a plausible claim for relief under the FLSA in her Amended Complaint on the grounds stated herein.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendants' Defendants' Motion to Partially Dismiss Amended Complaint as moot.

Respectfully submitted this 3rd day of November, 2017.

CORNISH & DELL'OLIO, P.C.

s/ Donna Dell'Olio
Donna Dell'Olio, #10887
Cornish & Dell'Olio, P.C.
431 N. Cascade Avenue, Ste. 1
Colorado Springs, CO 80903
TEL (719) 475-1204

FAX (719) 475-1264
Email: ddellolio@cornishanddellolio.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November, 2017, I electronically filed with the Clerk of Court using the CM/ECF system a true and correct copy of the foregoing **Plaintiff's Response to Defendants' Motion to Partially Dismiss Amended Complaint (DOC# 41)** was sent by email:

Lily Nierenberg
DLG Law Group LLC
4100 E. Mississippi Ave., Ste. 420
Denver, CO 80246
Ph: (303) 758-5100 x. 107
Fax: (303) 758-5055
Email: lnierenberg@dlglaw.net

s/Esther Kumma Abramson
Esther Kumma Abramson