IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00045-CMA-KLM

STEPHANIE LOPEZ, individually,

    Plaintiff,

v.

CARL EDWARDS, individually, and
CASPER TRAILER SALES, INC., a Colorado corporation,

    Defendants.

_____

### ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Unopposed Motion to Amend Complaint** [#52][1] (the "Motion"). The Motion has been referred to the undersigned. *See* [#54]. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#52] be **GRANTED**.

    With respect to the timeliness of the Motion, Plaintiff concurrently filed an Unopposed Motion to Amend Scheduling Order [#51], which the Court granted. *See Minute Order* [#56]. Accordingly, the Motion [#52] is timely.

    The unopposed amendment, which has been filed in light of Defendants' Motion to Partially Dismiss Plaintiff's Amended Complaint [#41], seeks to clarify the facts and eliminate one claim for relief. A magistrate judge may issue orders on nondispositive

---

[1] "[#52]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order and Recommendation.

motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (collecting cases). When an order on a motion to amend removes or precludes a defense or claim from the case it may be dispositive. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002). Thus, although the Motion [#52] is unopposed, the Court assumes that the issue is dispositive and requires a recommendation. Accordingly,

It is respectfully **RECOMMENDED** that the Motion [#52] be **GRANTED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

Dated: November 7, 2017

Kristen L. Mix
United States Magistrate Judge