**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.17-CV- 00045

---

Stephanie Lopez, Individually,

    Plaintiff,

v.

Carl Edwards, Individually,

and

Casper Trailer Sales, Inc.,
a Colorado corporation

    Defendants.

---

## Second Amended Complaint and Jury Demand

COMES NOW, Plaintiff, Stephanie Lopez, and for her Second Amended Complaint against Defendants states as follows:

### Introduction

This is an action for unpaid minimum wages brought pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 206, and for unpaid overtime wages pursuant to 29 § 207, and an action under the Colorado Wage Act for unpaid wages.

### Jurisdiction

1. Jurisdiction is conferred by 28 U.S.C. § 1331.

### Parties

2. Stephanie Lopez is a natural person.

3. Carl Edwards is a natural person.

1

4.  Casper Trailer Sales, Inc. is a Colorado corporation.

**General Allegations**

5.  Paragraphs 1 through 4 are incorporated herein by reference.

6.  Casper Trailer Sales, Inc., doing business as JDL Trailer Sales, operates a business selling and providing service and parts for trailers and recreational vehicles at 2734 Lake Avenue, Pueblo, Colorado.

7.  Casper Trailer Sales, Inc. had more than $500,000.00 in gross receipts each year 2014, 2015 and 2016 and was engaged in interstate commerce.

8.  Carl Edwards is the owner of Casper Trailer Sales, Inc. and is the manager of the business of Casper Trailer Sales, Inc., doing business as JDL Trailer Sales.

9.  At all times relevant to the Complaint Carl Edwards acted directly and indirectly in the interests of the employer in relation to Stephanie Lopez by setting her rate of pay, the method of compensation, determined her hours of work, determining that she would work in exchange for "room and board" rather than for cash wages, determining not to pay her overtime and not to pay minimum wages.

10. Carl Edwards was Stephanie Lopez's employer within the meaning of 29 U.S.C § 203(d) at all times relevant to the Complaint.

11. Casper Trailer Sales, Inc. was Stephanie Lopez's employer within the meaning of 29 U.S.C § 203(d) and Section 8-4-101 (6).

12. Plaintiff is an unsophisticated person of Native American heritage. She grew up in the San Luis Valley. She lost her parents at a young age and has no family to advise, guide or protect her.

13. Plaintiff began working for Casper Trailer Sales, Inc. cleaning the shop in 2009.

14. At that time and later Plaintiff relied on Carl Edwards' advice to her, including his advice that she should work without cash wages.

15. Plaintiff, by watching others, learned the trade of an RV Technician beginning in 2009 and for most of her employment with Casper Trailer Sales, Inc. worked as an RV Technician.

16. Plaintiff worked without any cash wages for years in reliance upon Carl Edwards promise to transfer title to a home located at 1208 Elko Street, Pueblo, Colorado to her in exchange for her work.

17. Beginning in May 2015 Edwards began paying Plaintiff cash wages for some but not all of the hours that she worked at the rate of $15.00 per hour.

18. Throughout most of her employment, Plaintiff arrived at work at or about 7:30 a.m. and continued to work until after closing.

19. Plaintiff typically took a meal break of approximately one-half hour.

20. Plaintiff usually worked for no fewer than ten hours a day and as many as seventy hours a week.

21. Plaintiff frequently worked seven days a week and usually worked six days a week, Monday through Saturday.

22. Plaintiff was not paid minimum wage for the hours she worked in 2013 and 2014 and was not paid one and one-half times minimum wage for hours worked over forty in a single work week.

23. Plaintiff was paid for some but not all of the hours she worked in 2015 and was

not paid one and one-half times her regular hourly rate for hours worked over forty in a single work week.

24.   Plaintiff was paid for some but not all of the hours she worked in 2016 and was not paid one and one-half times her regular hourly rate for hours worked over forty in a single work week.

25.   Carl Edwards knew that federal and state laws required payment of minimum wages at between $8.00 and $8.31 between 2014 and 2016 yet he completely failed to pay Stephanie Lopez minimum wages throughout 2014 and during certain weeks of 2015 (March 1, 2015-May 27, 2015) and 2016 (March 7, 2016-April 20, 2016) when no cash wages were paid by Carl Edwards or Casper Trailer Sales to Stephanie Lopez.

26.   During the weeks when Stephanie Lopez worked for Carl Edwards and Casper Trailer Sales in 2014, 2015 and 2016 Carl Edwards knew about the requirements of federal and state law that cash wages be paid to employees as is evidenced by the fact that during those times he paid cash wages by issuing regular paychecks to other employees.

27.   During the weeks when Stephanie Lopez worked for Carl Edwards in 2014, 2015 and 2016 Carl Edwards knew about the requirements of federal law that all hours worked by employees be accurately recorded.  During these years Carl Edwards and Casper Trailer Sales maintained a time clock and time cards for other employees and paid other employees at their regular hourly rate for all hours recorded on their time cards.

28.   During the years 2014, 2015 and 2016 Carl Edwards knew the requirements of

federal law that employees be paid one and one-half time their hourly rate for all hours worked over forty in a single work week.

29. Carl Edwards made statements during that time (2014-2016) that it was "illegal" for employees to work over forty hours in a single work week and saw that employees clocked out at 4:30 p.m. so that they would not be owed unpaid overtime.

30. Before 2015 Edwards refused to allow Stephanie Lopez to have a time card and refused to give her a paycheck even when she asked repeatedly to be on the payroll.

31. In early 2015 Stephanie Lopez quit working for Carl Edwards and Casper Trailer Sales because she was not being paid cash wages and she wanted to be on the payroll and be paid regular wages like the other employees.

32. She worked for another employer in early 2015 (for a period of two and one-half months) so that she would receive regular wages for her work.

33. Carl Edwards enticed Stephanie Lopez to return to work for Casper Trailer Sales in March of 2015 by telling her that he would put her on the payroll and give her a paycheck like the other employees and pay her $15.00 per hour.

34. When Stephanie Lopez returned to work for Casper Trailer Sales in March of 2015 Carl Edwards had various excuses for failing to give her a time card like the other employees and failing to give her a paycheck as he promised.

35. On May 27, 2015, for the first time, Carl Edwards created a time card for Stephanie Lopez and paid her for two days of work on the payroll with a paycheck at $10.00 per hour.

36. During the month of May 2015 and beginning in March of 2015 when she

returned to work for Casper Trailer Sales, Stephanie Lopez worked regular hours, usually until 6:00 p.m., on weekdays and worked on the weekends with Carl Edwards.

37. Carl Edwards covered up his illegal behavior by telling others various lies about his arrangement with Stephanie Lopez. He told other employees, falsely, that he gave her large amounts of cash and even told one employee, falsely, that he gave her $10,000.00 in cash as a down payment for a home.

38. In May of 2015 when Carl Edwards began paying Stephanie Lopez on the payroll of Casper Trailer Sales he engaged in various schemes to avoid paying her overtime and paying her for all hours she worked.

39. Initially he created a time card and punched the time card to make it appear that she only worked two days during an entire week.

40. Carl Edwards engaged in various subterfuges to avoid paying Stephanie Lopez overtime and to avoid paying her for all hours worked during 2015, including: 1) having her or another employee clock her out at 4:30 p.m. when she was still working; 2) refusing to pay her for time she worked by telling her that her time card "went missing" and having her begin a new time card in the middle of a week and only paying her for hours recorded on the new time card; 3) failing to pay for recorded days of work when there was no "clock out" time recorded; 4) dating time cards after-the-fact; 5) telling Stephanie Lopez that she was being paid for fewer hours than she actually worked because Mr. Edwards' daughter did not believe that she was working; 6) promising to fix discrepancies in her pay in the future; 7) claiming that a short paycheck was all that Casper Trailer Sales could afford at the time.

41. During this time Edwards continued to refer to 1208 Elko Street, Pueblo, Colorado to Stephanie Lopez as "your house" intentionally creating the false impression that he still intended to transfer title to 1208 Elko Street to her as consideration for the many unpaid overtime hours that she worked.

42. In March of 2016 Carl Edwards held back Stephanie Lopez' pay claiming that he needed to recover money from her for an auto part for her truck.

43. Stephanie Lopez objected insisting that he provide her a paycheck and stating that she would pay him for the part from her paycheck.

44. When he refused, she cussed at him.

45. Carl Edwards became angry at her and for the next seven weeks failed to give her a paycheck although she continued to work.

46. Plaintiff accepted payment in 2015 and 2016 for fewer hours than she actually worked because Carl Edwards told her that the amounts paid were all that he could afford and that he would "fix it", referring to her short paychecks, in the future.

47. Plaintiff also accepted payment in 2015 and 2016 for fewer hours than she actually worked because she relied on Carl Edwards' promise to transfer title 1208 Elko Street, Pueblo, Colorado to her and his false promise that he would "fix it", referring to her short paychecks, in the future.

48. Plaintiff continued to work without payment for all hours worked in 2016 in reliance upon Carl Edwards' promise to transfer ownership of 1208 Elko Street, Pueblo, Colorado to her as payment for her work and his false promise that he would "fix it", referring to her short paychecks, in the future until April 20, 2016.

49. Plaintiff terminated her employment because of harassment she experienced at work and because Defendants refused to pay her as required by law for her work.

50. Plaintiff has suffered damages as the result of Carl Edwards' conduct.

### First Cause of Action
### Against Casper Trailer Sales, Inc. and Carl Edwards
### (for violations of the federal Fair Labor Standards Act 29 U.S.C. §§ 206, 207)

51. Paragraphs 1 through 50 are incorporated herein by reference.

52. The Defendants failed to pay Plaintiff minimum wage as established by federal law for all weeks worked in 2014, some weeks in 2015 when he paid no cash wages and those weeks in 2016 when he paid no cash wages.

52. The Defendants failed to pay Plaintiff for all hours worked in excess of forty in a single work week at one and one-half times her regular hourly rate of pay throughout her employment.

53. The Defendants' failure to pay Plaintiff minimum wage for all hours worked and one and one-half times her regular rate of pay for all hours worked in excess of forty hours in a single work week was in violation of the federal Fair Labor Standards Act (29 U.S.C. §§ 206, 207).

54. The Defendants' violations of the federal Fair Labor Standards Act were willful.

### Second Cause of Action Against Casper Trailer Sales, Inc.
### (Colorado Wage Act, Section 8-4-109 COLO. REV. STAT.)

55. Paragraphs 1 through 54 are incorporated herein by reference.

56. Plaintiff's employment was terminated at the volition of Defendant.

57. Plaintiff has not been paid for all wages earned.

58. Plaintiff's unpaid wages are earned, vested and determinable.

59.   Plaintiff made a demand for payment of wages pursuant to Section 8-4-109 COLO. REV. STAT. on November 11, 2016.

60.   Defendant paid nothing in response to Plaintiff's wage demand.

61.   Defendant's failure to pay Plaintiff's earned, vested, and determinable wages violated the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.*

### Relief Requested

Plaintiff requests the following relief:

a.   Payment of unpaid wages for all hours worked,

b.   Payment of one and one-half her regular rate for all hours worked over forty in a single work week,

c.   Liquidated damages pursuant to 29 U.S.C. § 216 (b),

d.   Attorney's fees and costs as provided for by 29 U.S.C. § 216 (b),

e.   Penalties pursuant to C.R.S. § 8-4-109 (3),

f.   Pre- and post-judgment interest at the highest rate allowed by law; and

g.   All other legal or equitable relief to which Plaintiff is entitled.

### Jury Demand

**Plaintiff requests this matter be tried by a jury.**

Respectfully submitted this 3rd day of November, 2017.

CORNISH & DELL'OLIO, P.C.

s/Donna Dell'Olio
Donna Dell'Olio #10887
Cornish & Dell'Olio, P.C.
431 N. Cascade Ave. Suite 1
Colorado Springs, CO 80903

Telephone:  719-475-1204
FAX:  719-475-1264
ddellolio@cornishanddellolio.com
Attorneys for the Plaintiff

Plaintiff's address:
1229 Van Buren Street
Pueblo, CO 81004