# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:17-cv-00045-CMA-KLM

STEPHANIE LOPEZ, individually,

    Plaintiff,

v.

CARL EDWARDS, individually, and
CASPER TRAILER SALES, INC., a Colorado Corporation,

    Defendants.

---

## DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT AND JURY DEMAND

---

Defendants Carl Edwards and Casper Trailer Sales, Inc.[1] by and through their undersigned counsel, answer Plaintiff's Second Amended Complaint and Jury Demand as follows:

### FIRST DEFENSE
(Answer to Complaint)

1. Defendants admit the allegation in ¶ 1 of Plaintiff's Second Amended Complaint that jurisdiction over the first cause of action is conferred by 18 U.S.C. § 1331 and deny the allegation in ¶ 1 of Plaintiff's Second Amended Complaint that jurisdiction over the second cause of action is conferred by 18 U.S.C. § 1331.

2. Defendants admit the allegations contained in ¶ 2 of Plaintiff's Second Amended Complaint.

---

[1] CASPER TRAILER SALES, INC. is the official name of the company in all capitals, referred to herein as Casper Trailer Sales, Inc.

3.      Defendants admit the allegations contained in ¶ 3 of Plaintiff's Second Amended Complaint.

4.      Defendants admit the allegations contained in ¶ 4 of Plaintiff's Second Amended Complaint.

5.      In response to allegations contained in ¶ 5 of Plaintiff's Second Amended Complaint, Defendants incorporate their responses to ¶¶ 1 to 4 above as if fully restated herein.

6.      Defendants admit the allegations contained in ¶ 6 of Plaintiff's Second Amended Complaint.

7.      Defendants admit the allegation in ¶ 7 of Plaintiff's Second Amended Complaint that Casper Trailer Sales, Inc. had more than $500,000 in gross receipts in 2014 and 2015. Defendants have insufficient knowledge or information to admit or deny the allegation in ¶ 7 as it pertains to 2016 as those taxes were only recently prepared and therefore to the extent a response is required, Defendants deny the allegations contained in ¶ 7 of Plaintiff's Second Amended Complaint.

8.      Defendants admit the allegations contained in ¶ 8 of Plaintiff's Second Amended Complaint.

9.      Defendants admit the allegation contained in ¶ 9 of Plaintiff's Second Amended Complaint that at all times relevant to the Complaint, Carl Edwards acted directly and indirectly in the interests of Casper Trailer Sales, Inc. in relation to his employees, including Plaintiff while she was an employee, by setting their rate of pay, method of compensation, and determining their hours worked and whether to pay overtime and

minimum wage. Defendants deny the remaining allegations contained in ¶ 9 of Plaintiff's Second Amended Complaint.

10. Defendants admit the allegation contained in ¶ 10 of Plaintiff's Second Amended Complaint that Carl Edwards was Plaintiff's employer from May 25, 2015 to March 7, 2016 within the meaning of 29 U.S.C § 203(d). Defendants deny the remaining allegations contained in ¶ 10 of Plaintiff's Second Amended Complaint.

11. Defendants admit the allegation contained in ¶ 11 of Plaintiff's Second Amended Complaint that Caspar Trailer Sales, Inc. was Plaintiff's employer from May 25, 2015 to March 7, 2016 within the meaning of 29 U.S.C § 203(d) and C.R.S. § 8-4-101(6). Defendants deny the remaining allegations contained in ¶ 11 of Plaintiff's Second Amended Complaint.

12. On information and belief, Defendants admit the allegation contained in ¶ 12 of Plaintiff's Second Amended Complaint that Plaintiff grew up in the San Luis Valley of Colorado and that Plaintiff lost her parents at a relatively young age. Defendants have insufficient knowledge or information to admit or deny the remaining allegations in ¶ 12 of Plaintiff's Second Amended Complaint. To the extent a response is required, Defendants deny the allegations contained in ¶ 12 of Plaintiff's Second Amended Complaint.

13. Defendants deny the allegations contained in ¶ 13 of Plaintiff's Second Amended Complaint.

14. Defendants deny the allegations contained in ¶ 14 of Plaintiff's Second Amended Complaint.

15. Defendants admit the allegations contained in ¶ 15 of Plaintiff's Second Amended Complaint that Plaintiff worked as part of the pit crew during her employment. Defendants deny the allegations contained in ¶ 15 of Plaintiff's Second Amended Complaint that Plaintiff was an RV Technician. Defendants have insufficient knowledge or information to admit or deny the remaining allegations in ¶ 15 of Plaintiff's Second Amended Complaint. To the extent a response is required, Defendants deny the allegations contained in ¶ 15 of Plaintiff's Second Amended Complaint.

16. Defendants deny the allegations contained in ¶ 16 of Plaintiff's Second Amended Complaint.

17. Defendants admit the allegations contained in ¶ 17 of Plaintiff's Second Amended Complaint that Defendants began paying Plaintiff cash wages in late May 2015. Defendants deny the remaining allegations contained in ¶ 17 of Plaintiff's Second Amended Complaint.

18. Defendants deny the allegations contained in ¶ 18 of Plaintiff's Second Amended Complaint.

19. Defendants admit the allegations contained in ¶ 19 of Plaintiff's Second Amended Complaint that Plaintiff typically took a meal break of between one-half hour and one hour. Defendants deny the remaining allegations contained in ¶ 19 of Plaintiff's Second Amended Complaint.

20. Defendants deny the allegations contained in ¶ 20 of Plaintiff's Second Amended Complaint.

21. Defendants deny the allegations contained in ¶ 21 of Plaintiff's Second Amended Complaint.

22. Defendants deny the allegations contained in ¶ 22 of Plaintiff's Second Amended Complaint.

23. Defendants admit the allegations contained in ¶ 23 of Plaintiff's Second Amended Complaint that that Plaintiff was paid for the hours she worked in 2015. Defendants deny the remaining allegations contained in ¶ 23 of Plaintiff's Second Amended Complaint.

24. Defendants admit the allegations contained in ¶ 24 of Plaintiff's Second Amended Complaint that that Plaintiff was paid for the hours she worked in 2016. Defendants deny the remaining allegations contained in ¶ 24 of Plaintiff's Second Amended Complaint.

25. Defendants admit the allegations contained in ¶ 25 of Plaintiff's Second Amended Complaint but deny that Plaintiff was entitled to minimum wage in 2014, certain weeks of 2015 (March 1, 2015-May 27, 2015) and 2016 (March 7, 2016-April 20, 2016) and further deny that Plaintiff has filed a claim alleging violation of state minimum wage requirements.

26. Defendants admit the allegations contained in ¶ 26 of Plaintiff's Second Amended Complaint, but deny that Plaintiff was Defendants' employee when she was not on payroll.

27. Defendants admit the allegations contained in ¶ 27 of Plaintiff's Second Amended Complaint, but deny that Plaintiff was Defendants' employee when she was not on payroll.

28. Defendants admit the allegations contained in ¶ 28 of Plaintiff's Second Amended Complaint that Carl Edwards was aware of federal overtime requirements. Defendants deny the remaining allegations contained in ¶ 28 of Plaintiff's Second Amended Complaint to the extent they do not accurately reflect those requirements.

29. Defendants admit the allegations contained in ¶ 29 of Plaintiff's Second Amended Complaint that Carl Edwards saw employees clocked out around 4:30 p.m. so they would not be owed unpaid overtime. Defendants deny the remaining allegations contained in ¶ 29 of Plaintiff's Second Amended Complaint.

30. Defendants admit the allegations contained in ¶ 30 of Plaintiff's Second Amended Complaint that Carl Edwards did not give Plaintiff a time card or a paycheck before she was employed by and on the payroll of his company. Defendants deny the remaining allegations contained in ¶ 30 of Plaintiff's Second Amended Complaint.

31. Defendants deny the allegations contained in ¶ 31 of Plaintiff's Second Amended Complaint.

32. Defendants have insufficient knowledge or information to admit or deny the allegations in ¶ 32 of Plaintiff's Second Amended Complaint, and therefore deny the same.

33. Defendants admit the allegations contained in ¶ 33 of Plaintiff's Second Amended Complaint that Plaintiff began working for Defendants in late May 2015 and

was put on the payroll at that time. Defendants deny the remaining allegations contained in ¶ 33 of Plaintiff's Second Amended Complaint.

34.     Defendants deny the allegations contained in ¶ 34 of Plaintiff's Second Amended Complaint.

35.     Defendants deny the allegations contained in ¶ 35 of Plaintiff's Second Amended Complaint that Carl Edwards paid Plaintiff on exactly May 27, 2015 or that Mr. Edwards created Plaintiff's timecard. Defendants admit the remaining allegations contained in ¶ 35 of Plaintiff's Second Amended Complaint.

36.     Defendants deny the allegations contained in ¶ 36 of Plaintiff's Second Amended Complaint.

37.     Defendants admit the allegations contained in ¶ 37 of Plaintiff's Second Amended Complaint that Carl Edwards gave Plaintiff cash at various times and helped her purchase her house and may have told others this. Defendants deny the remaining allegations contained in ¶ 37 of Plaintiff's Second Amended Complaint.

38.     Defendants admit the allegations contained in ¶ 38 of Plaintiff's Second Amended Complaint that Casper Trailer Sales, Inc. began paying Plaintiff through the payroll in late May 2015. Defendants deny the remaining allegations contained in ¶ 38 of Plaintiff's Second Amended Complaint.

39.     Defendants deny the allegations contained in ¶ 39 of Plaintiff's Second Amended Complaint.

40.     Defendants deny the allegations contained in ¶ 40 of Plaintiff's Second Amended Complaint.

41. Defendants deny the allegations contained in ¶ 41 of Plaintiff's Second Amended Complaint.

42. Defendants deny the allegations contained in ¶ 42 of Plaintiff's Second Amended Complaint.

43. Defendants deny the allegations contained in ¶ 43 of Plaintiff's Second Amended Complaint.

44. Defendants deny the allegations contained in ¶ 44 of Plaintiff's Second Amended Complaint.

45. Defendants deny the allegations contained in ¶ 45 of Plaintiff's Second Amended Complaint.

46. Defendants deny the allegations contained in ¶ 46 of Plaintiff's Second Amended Complaint.

47. Defendants deny the allegations contained in ¶ 47 of Plaintiff's Second Amended Complaint.

48. Defendants deny the allegations contained in ¶ 48 of Plaintiff's Second Amended Complaint.

49. Defendants admit the allegations contained in ¶ 40 of Plaintiff's Second Amended Complaint that Plaintiff terminated her employment. Defendants deny the remaining allegations contained in ¶ 49 of Plaintiff's Second Amended Complaint.

50. Defendants deny the allegations contained in ¶ 50 of Plaintiff's Second Amended Complaint.

51. In response to allegations contained in ¶ 51 of Plaintiff's Second Amended Complaint, Defendants incorporate their responses to ¶¶ 1 to 50 above as if fully restated herein.

52. Defendants deny the allegations contained in ¶ 52 of Plaintiff's Second Amended Complaint.

*52.[2] Defendants deny the allegations contained in ¶ 52 of Plaintiff's Second Amended Complaint.

53. Defendants deny the allegations contained in ¶ 53 of Plaintiff's Second Amended Complaint.

54. Defendants deny the allegations contained in ¶ 54 of Plaintiff's Second Amended Complaint.

55. In response to allegations contained in ¶ 55 of Plaintiff's Second Amended Complaint, Defendants incorporate their responses to ¶¶ 1 to 54 above as if fully restated herein.

56. Defendants deny the allegations contained in ¶ 56 of Plaintiff's Second Amended Complaint.

57. Defendants deny the allegations contained in ¶ 57 of Plaintiff's Second Amended Complaint.

58. Defendants deny the allegations contained in ¶ 58 of Plaintiff's Second Amended Complaint that Plaintiff has any unpaid wages, but admits that any wages of Plaintiff are earned, vested, and determinable.

---

[2] Plaintiff's Second Amended Complaint contains two number "52."

59. Defendants deny the allegations contained in ¶ 59 of Plaintiff's Second Amended Complaint.

60. Defendants admits the allegations contained in ¶ 60 of Plaintiff's Second Amended Complaint.

61. Defendants deny the allegations contained in ¶ 61 of Plaintiff's Second Amended Complaint.

## GENERAL DENIAL

Any allegation not specifically admitted herein is denied.

## SECOND DEFENSE
(Affirmative Defenses)

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff's relief is barred by the doctrine of payment.

3. Plaintiff's relief is barred due to the applicable statutes of limitations.

4. Plaintiff has failed to plead sufficient facts regarding her claim of willful conduct.

5. Defendants are entitled to costs and attorney fees pursuant C.R.S. § 8-4-110 and Fed. R. Civ. P. 54(d).

6. Prior to May 2015 and after March 2016, Plaintiff was not an employee of Defendants.

7. Defendants fully and in good faith complied with state and federal wage and hour laws and requirements.

8. Plaintiff is not entitled to gap time pay.

9. Defendants lack knowledge of any hours Plaintiff worked that were not compensated.

10. Plaintiff's relief is barred by the statute of frauds, C.R.S. § 38-10-108.

11. Plaintiff failed to mitigate her damages.

12. Plaintiff's relief is barred by the doctrines of res judicata and collateral estoppel.

13. Plaintiff's relief is barred by equitable estoppel.

14. Plaintiff's claims are devoid of factual support and/or have no basis in law; the primary purpose of such claims is to harass the Defendants or to effectuate some other improper objective; and this activity adversely affects the legal interest of Defendants.

15. Defendants reserve the right to add and/or assert additional defenses, which may become known through the course of this action.

**WHEREFORE**, for all of these reasons, Defendants respectfully request that this Court dismiss the Complaint with prejudice, award Defendants costs and reasonable attorney fees as provided by law or agreement, and grant such other and further relief as this Court deems appropriate.

Respectfully submitted this 14 day of December, 2017.

GODFREY | JOHNSON, P.C.

*/s/Lily E. Nierenberg*
Lily E. Nierenberg
Colorado Bar No. 45451
9557 S. Kingston Court
Englewood, Colorado 80112
Phone: (303) 228-0700
Fax: (303) 228-0701
Email: nierenberg@gojolaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on December 14, 2017, a true and correct copy of the foregoing DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT AND JURY DEMAND was filed and served via ECF/PACER on all parties of record, as follows:

Donna Dell'Olio
Cornish & Dell'Olio
431 N. Cascade Avenue, Suite 1
Colorado Springs, CO 80903

                                                  GODFREY | JOHNSON, P.C.

                                                  */s/Lily E. Nierenberg*
                                                  Lily E. Nierenberg