**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-00045-CMA-KLM

STEPHANIE LOPEZ, individually,

      Plaintiff,

v.

Carl Edwards,
Individually,

and

Casper Trailer Sales, Inc.,
a Colorado corporation

      Defendants.

---

**Plaintiff's Response to Defendant's Motion for Partial Summary Judgment
(DOC# 65)**

---

COMES NOW, the Plaintiff, Stephanie Lopez, by and through counsel, Donna

Dell'Olio, Cornish & Dell'Olio, P.C., and responds to Defendants' Motion for Partial

Summary Judgment (DOC# 65) as follows:

**Failure to Comply with Practice Standard 7.1E (b) and (c)**

The motion fails to explain how granting Defendants' motion for partial summary

judgment will significantly reduce the scope of evidence to be presented at trial.  The

evidence at trial will be primarily the testimony of Ms. Lopez and Mr. Edwards.  The

exhibits will be statements signed by Carl Edwards similar to documents contained in

Plaintiff's Appendix 1, which are documents, signed by Carl Edwards, verifying

1

Stephanie Lopez's employment in 2012 and 2014.  Stephanie Lopez's testimony about her employment in 2014 will be similar to her testimony about her employment in 2015 and 2016.  The cross examination of Carl Edwards will not be significantly different if evidence of employment in 2014 is admitted at trial.

Defendants' shotgun attack on Plaintiff's Fair Labor Standards Act (29 U.S.C.§§ 206, 207) and Colorado Wage Act (Section 8-4-109 Colo. Rev. Stat.) claims challenge coverage under the FLSA, specifically the interstate commerce requirement of § 206 and § 207, Motion, pp.8-9, 15-18, whether Plaintiff was an "employee" within the meaning of § 206 and § 207, Motion, pp.9-13, and whether Section 109 of the Colorado Wage Act applies to all wages or only what the brief refers to as "final wages." Motion, pp. 18-20. The motion fails to identify each element of each claim for relief as required by Practice Standard  7.1E (b).

### Introduction

Defendants' motion for partial summary judgment seeks dismissal of all of Plaintiff's wage claims arising before May 24, 2015.  The date chosen by the Defendants to cut off Plaintiff's claims is not based on the statute of limitations but rather the date on which Carl Edwards began providing Stephanie Lopez with a pay check.  Defendants do not cite any authority to support its argument that an employee can only make a wage claim for those pay periods during which an employer provides her with a paycheck.  The Defendants' repeated claim throughout the brief that Ms. Lopez has no records of her employment before May 24, 2015 is not accurate (Appendix 1) or dispositive of her claims.

The facts stated in the section of the motion titled "Undisputed Facts" appearing at pages 3-6 of the motion for partial summary judgment are almost entirely irrelevant to the issues raised in the brief.

**Response to Defendants' Statement of Undisputed Facts**

1.     Carl Edwards operates several businesses, including Casper Trailer Sales, Inc. and SJE Holdings, Inc. a property holding company. (Movants' Appendix pp. 2-5 - Edwards Dep. 4:24-5:24, 5:6-10, 5:25-6:11, 11:17-20.)

Not Disputed.

2.     Casper Trailer Sales, Inc. is in the business of servicing and selling recreational vehicles ("RVs"). (*Id.* pp. 2-3, 5 - Edwards Dep. 4:24-5:24, 11:17-20.)

Not Disputed.

3.     Mr. Edwards also operates a motel and a storage yard. (*Id.* pp. 3-4 - Edwards Dep. 5:6-10, 5:25-6:11.)

Not Disputed. Not Relevant.[1]

4.     The motel and storage yard are owned by SJE Holdings, Inc. (*Id.* p. 4 - Edwards Dep. 6:12-18.)

Not Disputed. Not Relevant.

5.     Mr. Edwards lives at 2405 Alia Court, Pueblo, CO. (*Id.* p. 2 - Edwards Dep. 4:4-5.)

Not Dispute. Not Relevant.

6.     Casper Trailer Sales, Inc. and Mr. Edward's general office are located at 2734 Lake Avenue, Pueblo, CO. (*Id.* pp. 2-4 - Edwards Dep. 4:17-18, 27:4-14.)

---

[1] Plaintiff's position that the facts stated are" not relevant" is intended to mean that the facts enumerated are not relevant to the Motion for Partial Summary Judgment.

Not Disputed.  Not Relevant.

7.    Mr. Edwards met Ms. Lopez around 2007. (*Id.* p. 120 - Lopez Dep. 25:8-9.)

Not Disputed.

8.    Ms. Lopez grew up in the foster system and was in and out of prison as a juvenile and young adult.  (*Id.* pp. 113-17 - Lopez Dep. 11:16-21, 13:8-16:25.)

Not Disputed. Not Relevant or admissible.

9.    Mr. Edwards took on a mentorship role for Ms. Lopez that included talking to her about finances, teaching her basic shop skills, and providing her with resources including a used truck, clothes, and on occasion a loan. (*Id.* pp. 16-18, 26-27, 142 - Edwards Dep. 40:23-41:19, 42:10-20, 57:18-21, 60:19-61:17; Lopez Dep. 225:1-7.)

Not Disputed. Not Relevant.

10.    Mr. Edwards and Ms. Lopez became friends. (*Id.* pp. 26, 143-44 - Edwards   Dep. 57:3-10; Lopez Dep. 235:25-236:1.)

Not Disputed. Not Relevant.

11.    He grew to think of her like a daughter. (*Id.* pp. 22-26, 29, 34 - Edwards Dep. 50:14-52:14; 53:2-10; 57:3-8; 62:16-21; 91:5-11.)

Unable to Dispute. Not Relevant.

12.    She grew to think of him like a father figure. (*Id.* p. 144 - Lopez Dep. 236:2-6.)

Not Disputed. Not Relevant.

13.    Approximately ten years ago, Mr. Edwards purchased the property at 1208 Elko Street, which he calls "the farmhouse." (*Id.* p. 23 - Edwards Dep. 51:17-19.)

Not Disputed. Not Relevant.

14.    SJE Holdings, Inc. owns the farmhouse. (*Id.* pp. 36-37 - Edwards Dep. 115:16-116:4, 116:16-21.)

Not Disputed. Not Relevant.

15.    Mr. Edwards allowed Ms. Lopez and her girlfriend to live at the farmhouse rent-free, in exchange for upkeep of the property. (*Id.* pp. 19-22, 24 - Edwards Dep. 47:10-20, 48:17-49:1, 50:5-13, 52:15-17.)

Not Disputed. Not Relevant.

16.    Around 2014, Ms. Lopez obtained a settlement from her mother's wrongful death lawsuit. (*Id.* pp. 124-126 - Lopez Dep. 104:12-106:7.)

Not Disputed. Not Relevant.

17.    Ms. Lopez used the settlement proceeds to purchase a house on Van Buren Street in Pueblo. (*Id.* p. 135 - Lopez Dep. 181:12-24.)

Not Disputed. Not Relevant.

18.    On May 24, 2015, Mr. Edwards hired Ms. Lopez to work for Casper Trailer Sales, Inc. (*Id.* p. 11 - Edwards Dep. 32:10-13.)

Disputed. Plaintiff worked for Defendants before May 24, 2015. Plaintiff's Response to Interrogatory No. 1. DOC# 65-1 p. 105-106.

19.    Ms. Lopez's first paycheck from Casper Trailer Sales, Inc. is for a pay period ending May 27, 2015. (*Id.* pp. 53, 78 – Payroll Summary and Pay Stub).

Not disputed that the first paycheck given to Ms. Lopez by JDL Trailer Sales is dated May 27, 2015.

20.    Mr. Edwards paid Ms. Lopez $10/hour to start; then he increased her pay to

$15/hour. (*Id.* pp. 35, 53-94 - Payroll Summary and Pay Stubs; Edwards Dep. 111:5-14.)

Not disputed that once Carl Edwards began paying Stephanie Lopez wages he paid her $10.00 per hour, later $15.00 per hour. Not Relevant.

21.    Casper Trailer Sales, Inc. kept timecards for Ms. Lopez spanning May 24, 2015 through March 7, 2016. (*Id.* pp. 53-94 - Payroll Summary and Pay Stubs.)

Disputed that time cards produced are accurate or complete. Deposition of Carl Edwards, pp. 95-110; DOC# 65-1, pp55, 56 and 58, see discussion of time cards, page 14 below.

22.    Casper Trailer Sales, Inc. provided Ms. Lopez W-2s for 2015 and 2016. (*Id.* pp. 95-103 - Taxes and W2s.)

Not Disputed.

23.    Ms. Lopez received the compensation reflected on the paystubs. (*Id.* p. 105 - Discovery Responses, p. 2 (#4).)

Not Disputed.

24.    In May 2016, Ms. Lopez made a claim for unemployment benefits, claiming constructive discharge due to a manager blowing smoke at her. (*Id.* pp. 38-52 – Unemployment Insurance Records.)

Not Disputed. Not Relevant.

25.    Ms. Lopez's benefits were based on employment spanning from May 2015 to March 2016. (*Id.*)

Not Disputed. Not Relevant.

26.    Ms. Lopez did not appeal the amount of unemployment benefits she received. (*Id.* p. 143 - Lopez Dep. 235:8-10.)

    Not Disputed. Not Relevant.

27.    Ms. Lopez has no records related to her employment prior to May 24, 2015. (*Id.* p. 138 - Lopez Dep. 188:6-9.)

    Disputed. See verifications of employment signed by Carl Edwards, Appendix 1, pp.1-3.

28.    Ms. Lopez has no record of hours spent working for Mr. Edwards or Casper Trailer Sales, Inc. prior to May 24, 2015. (*Id.* p. 106 - Discovery Responses, p. 3 (#5).)

    Not Disputed.

29.    There is no written employment contract or other documentation of her employment prior to May 24, 2015. (*Id.* pp. 133-34 - Lopez Dep. 178:18-179:1.)

    Disputed. See verifications of employment signed by Carl Edwards, Appendix 1, pp.1-3.

30.    Mr. Edwards employed other hourly employees as RV technicians between January 2014 and May 24, 2015. (*Id.* p. 6 - Edwards Dep. 17:15-25.)

    Not Disputed. Not Relevant.

## Argument

### A. Summary Judgment Standard

    Plaintiff does not dispute the standards for granting summary judgment as set forth on pages 6, 7 and 8 of Defendants' motion.

### B. Defendants' Brief Does Not Contain a Statement of the Elements of a Claim for Minimum Wages or Overtime Wages Under the Fair Labor Standards Act.

The elements of a claim for minimum wages (29 U.S.C. § 206) and overtime wages (29 U.S.C. § 207) under the Fair Labor Standards Act are as follows:

1. Plaintiff is an employee,

2. Employed in an enterprise[2] engaged in commerce or the production of goods for commerce,

3. Who was not paid minimum wages as described by 29 U.S.C. § 206.

The elements of a claim for overtime wages (29 U.S.C. § 207) under the Fair Labor Standards Act are as follows:

1. Plaintiff is an employee,

2. Employed in an enterprise[3] engaged in commerce or the production of goods for commerce,

3. Employed  for a workweek longer than forty hours,

4. Who did not receive compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rate.

Defendants' motion for partial summary judgment challenges the first and second elements of Plaintiff's minimum wage and overtime claims.

Plaintiff does not dispute that she bears the burden of proving elements 1 and 2 of each claim.

---

[2] Alternatively individual coverage which is described in the statute to be "engaged in commerce" can establish coverage.

[3] Alternatively individual coverage which is described in the statute to be "engaged in commerce" can establish coverage.

**1. At all times Relevant to the Complaint Plaintiff Was Employed by Casper Trailer Sales, Inc.**

Defendants seem to raise three arguments in support of its position that Plaintiff was not an employee of Casper Trailer Sales prior to May 24, 2015.  First, Defendants argue that because Mr. Edwards testified at deposition that Stephanie Lopez never worked for Casper Trailer Sales prior to May 24, 2015 it should be granted summary judgment.  Defendants' Motion for Partial Summary Judgment, DOC# 65, p. 11. Second, Defendants argue that because Casper Trailer Sales kept some records of her employment after May 24, 2015 and not before she cannot meet her burden to prove the number of hours worked as a matter of just and reasonable inference for her work before May 24, 2015.  Defendants' Motion for Partial Summary Judgment, DOC# 65, p. 11.  Third, Stephanie Lopez worked for Carl Edwards and not Casper Trailer Sales.

**A. There is a Genuine Dispute of Fact as to Whether Stephanie Lopez worked for Casper Trailer Sales Prior to May 24, 2015.**

Defendants do not dispute that after May 24, 2015 Plaintiff was employed by Casper Trailer Sales, Inc.  Defendants have produced a payroll summary showing that Plaintiff was on the payroll of Casper Trailer Sales, Inc. after May 24, 2015. Exhibit 1 to Defendants' Motion, DOC# 65, p. 51.  Defendants' position is that because Casper Trailer Sales never provided her with a paycheck before May 2015 she was not employed by Casper Trailer Sales.

Federal Rule of Civil Procedure 56 specifically provides that a genuine issue of material fact may be created by "citing to particular parts of materials in the record, including…interrogatory answers…" F.R.C.P. 56 (c)(1)(A).

Stephanie Lopez's sworn responses to Interrogatories are a part of the record before the court.  (DOC# 65-1, pp. 104-111)  Her interrogatory responses create a genuine issue of material fact as to whether she was working for Casper Trailer Sales d/b/a JDL Trailer Sales between January 4, 2014 (and before) and May 24, 2015. Interrogatory No. 1 asked Ms. Lopez to describe her duties "as an employee of JDL" between January 4, 2014 and May 24, 2015. DOC # 65-1, p.105.  She stated:

> I typically arrived at work at 7:30, no later than 7:45, to open gates to sales lot, set up workstation, swept up shop, put tools away worked on tasks assigned to me by Mr. Edwards from changing out vents, fans, shrouds, skylight windows, light bulbs, lenses, repairing wires, replacing wires, replacing water pumps, water lines, replacing gaskets on septic, clean out wax seals and toilets, removing old speakers and TVs, as well as installing new speakers and TVs, repairing damaged roofs, replacing rubber roofs, cosmetic repair two framework, winterizing/de-winterizing tin work, repair and replace customizing refurbishing units, even worked on several units that had been condemned or totaled out by customers. As well as maintaining Mr. Edwards many properties which included mending fences, mowing down weeds, picking up debris, feeding his dogs, Properties maintained: one on Acero, one on California Street, one on Poplar Street and three on Lake Avenue, as well as the property on Elko. I moved trailers with the forklift, ran errands, got parts from other locations. Picked up propane, performed a perimeter check when asked to do so. I worked until the shop closed and sometimes later. I worked with Mr. Edwards on Saturdays I did whatever I was asked to do. I would go to the flea market and sell Mr. Edwards property for him on weekends.

Plaintiff's Responses to Defendants' First Set of Discovery to Plaintiff. DOC# 65-1, p. 106.

Her response to Interrogatory No. 3 explained that she worked in the JDL Trailer Sales shop from 7:30-7:45 until the shop closed and after hours maintaining Mr. Edward's properties.  If there is any doubt that by the "shop" she is referring to JDL Trailer Sales her response to Interrogatory No. 6 clarifies that she was working at 2734

Lake Avenue, which is the location of JDL Trailer Sales. DOC 65-1, p. 41 and Appendix 1, p. 1; Deposition of Stephanie Lopez, DOC # 65-1, p. 128.

Mr. Edwards admitted at deposition that he signed a written statement on February 10, 2012 which verified her employment. Appendix 1, p. 1.  His own written statement disputes his deposition testimony that Stephanie Lopez never worked for him before May 24, 2015. The first statement says "Stephanie Lopez works for me" and is stamped "JDL Trailer Sales, 2734 Lake Avenue" Appendix 1, p. 1. Deposition of Carl Edwards, at 70, l. 13-71, l.2. A second statement written by Stephanie Lopez and signed by Carl Edwards as "Boss" dated February 18, 2014 states "I still work for Carl Edwards at JDL 6 days a week doing clean up and Pit crew" Appendix 1, p. 2.  He signed another verification of employment on September 8, 2014. He signed this note as "c/o JDL Trailer Sales and gave an address of 2734 Lake Ave, Pueblo, Colorado 81004. Appendix 1, p. 3.  Deposition of Stephanie Lopez, pp. 144, 145. DOC# 65-1, p. 142.

In this case the issue of fact is whether Stephanie Lopez was working at JDL Trailer Sales before May 24, 2015. In this case the non movant's evidence, including her answers to interrogatories (Stephanie Lopez's sworn responses to Interrogatories, DOC# 65-1, pp. 104-111 ) and Carl Edwards own written statements (Appendix 1) create a genuine issue of material fact because they dispute Carl Edwards' testimony that Stephanie Lopez never worked for him before May 24, 2015.

There can be  no dispute that if Stephanie Lopez was working in the shop of JDL Trailer Sales before May 24, 2015 "open[ing] gates to sales lot, set[ting] up

workstation, sweep[ing] up shop, put[ting] tools away worked on tasks assigned to

me by Mr. Edwards from changing out vents, fans, shrouds, skylight windows, light

bulbs, lenses, repairing wires, replacing wires, replacing water pumps, water lines,

replacing gaskets on septic, clean out wax seals and toilets, removing old speakers

and TVs, as well as installing new speakers and TVs, repairing damaged roofs,

replacing rubber roofs, cosmetic repair two framework, winterizing/de-winterizing tin

work " as she claims she was an employee of JDL Trailer Sales.  The Fair Labor

Standards Act defines an employee as "any individual employed by an employer"

Section 203(e).  Section 203(g) provides the definition of employ to be that "'Employ'

includes to suffer or permit to work."

> "Employ" is defined as to "suffer or permit to work." *Id.* at 203(g). Thus, an
> employee is an individual who an employer suffers or permits to work. The
> definition "suffer or permit to work" was intended to make the scope of employee
> coverage under the FLSA very broad. *See United States v. Rosenwasser*, 323
> U.S. 360, 362, 363 n.3, 89 L. Ed. 301, 65 S. Ct. 295 (1945) (quoting statement of
> then Senator Hugo Black that the term "employee" as used in the FLSA "had
> been given 'the broadest definition that has ever been included in any one act.'")
> (citation omitted). Courts have interpreted the definition of employee broadly in
> order to effectuate the broad remedial purposes of the FLSA.  *Dole*, 875 F.2d at
> 804.

*Johns v. Stewart,* 57 F.3d 1544, 1557, 1995 U.S. App. LEXIS 15164.

In this case there is a factual dispute about what Stephanie Lopez was doing,

admittedly on the premises of JDL Trailer Sales, before May 24, 2015 when Mr.

Edwards put her on the payroll of Casper Trailer Sales d/b/a JDL Trailer Sales.

Defendants rely upon cases[4] defining the standards for determining whether an individual is an employee in circumstances not existing in the present case.  For example, in *Dole v. Snell*, (875 F.2d 802 (10th Cir 1989)) the employer claimed the worker was an independent contractor.  In that case the multipart test for distinguishing employees from independent contractors was applied.  Defendants are not claiming here that Stephanie Lopez was an independent contractor.  Defendants are claiming that she did not work for JDL Trailer Sales at all before May 24, 2015.  *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318 (1992) was a case arising under E.R.I.S.A. where the issue was whether an insurance agent was entitled to benefits under a different statute. The Court applied traditional agency law principles to define an employee under E.R.I.S.A. *Purdham v. Fairfax County Sch. Bd.* (637 F.3d 421 (4th Cir. 2011) analyzed whether the worker was a volunteer for a government agency as defined by DOL regulations.  These regulations and the Court's analysis are not applicable here because there is no claim that Stephanie Lopez was a volunteer for a government agency who could be exempt from the Act.

The statutory standard "suffered or permitted to work" is the correct standard to apply in this case to determine whether Stephanie Lopez was employed by JDL Trailer Sales.  The employer here is a traditional employer in a for profit business.  It is not necessary or appropriate to apply a four or six part test to determine whether she was employed, as it might be appropriate if the employer claimed she was a volunteer or an

---

[4] Defendants rely on cases arising under very different and unique circumstances.  For example when recipients of SSI benefits claimed they were employees of the State of Utah *Johns v. Stewart,* 57 F.3d 1544 (10th Cir. 1995) and when member of a traditional cooperative claimed they were employees of the cooperative. (*Goldberg v. Whitaker House Cooperative*, 366 U.S. 28 (1961).

independent contractor.  If a jury finds that Ms. Lopez was permitted to clean up the shop or change out parts on customers' trailers or repair customers' trailers on JDL's business premises for JDL's customers it can apply the statutory definition of "Employ" to determine whether she was employed by JDL Trailer Sales.

### B. Whether or Not Casper Trailer Sales Complied With the Record Keeping Requirements of 29 U.S.C. § 211(c) is a Question of Fact.

Defendants argue that they complied with the record keeping requirements of the Act by producing some time cards and some paychecks for Stephanie Lopez's employment after May 24, 2015.  Defendants' Motion for Partial Summary Judgment, DOC # 65, p. 11.  Defendants did not keep records of all time worked by Stephanie Lopez.  Plaintiff can meet her "high burden" to prove the records produced are incomplete and are false.

Plaintiff has produced time cards for the period of March 25, 2016- April 20, 2016. Appendix 2.  These time cards are evidence that Carl Edwards worked Stephanie Lopez off the clock and did not comply with the record keeping requirements of 29 U.S.C. § 211(c).  According to the pay records produced by JDL Trailer Sales Stephanie Lopez never worked for JDL Trailer Sales after March 7, 2016. DOC# 65-1, p. 53. Because Plaintiff has produced time cards for periods not covered by the pay records, the pay records produced by Defendants (DOC# 65-1, p. 53) are provably incomplete and noncompliant with the employer's record keeping requirements.  In addition, the time cards and pay stubs produced by Defendants have numerous inconsistencies and are incomplete.  On many time cards the hours recorded do not match the pay records and the time cards themselves record start times but do not record stop times.

Deposition of Carl Edwards, pp. 95-110; DOC# 65-1 p. 55, recorded time crossed out and not paid; DOC # 65-1 p. 56, no start time recorded; DOC # 65-1, p. 58, start time crossed out no stop time, day not paid; DOC # 65-1, p. 58, no record of hours worked. These are some examples of records noncompliant with record keeping requirements of the Act.  See 29 C.F.R. § 516.2(5) and (7).

Defendants' Motion for Partial Summary misstates the law when it suggests that the burden to produce a day by day accounting of her hours worked falls on the Plaintiff and that her case should be dismissed if she is unable to do so. The opposite is true. The consequence of the employer's failure to keep accurate records of hours worked, should the fact finder determine that the employee presented testimony of her hours worked as a matter of just and reasonable inference, is judgment for the Plaintiff.

> When an accurate record of hours worked does not exist, the employee meets his burden of proof when he:. . . show(s) that he performed overtime work for which he was not properly compensated and to show the extent and amount of such work as a matter of just and reasonable inference. When the employee proves that he did in fact perform overtime work for which he was not properly compensated and provides sufficient evidence to show the extent and amount of such work as a matter of just and reasonable inference, the burden shifts to the employer to come forward with evidence of the precise amount of work performed . . .and if the employer fails to produce such evidence it is the duty of the court to enter judgment for the employee even though the amount be only a reasonable approximation.

*Mitchell v. Caldwell,* 249 F.2d 10, 11 (10th Cir. 1957); *Wirtz v. Lieb a/b/a AAA Exterminators,* 366 F.2d 412, 414 (10th Cir. 1966).

### C.  Stephanie Lopez Worked for Casper Trailer Sales

Defendants argue that Stephanie Lopez worked for Carl Edwards and not Casper Trailer Sales.  Stephanie Lopez's answers to interrogatories explain that she

worked in the shop of Casper Trailer Sales repairing trailers during business hours and performed work maintaining Mr. Edwards' properties and feeding his animals after the shop closed. Plaintiff's response to Interrogatory No. 3. DOC # 65-1, p.105.

### 1.  Plaintiff Was Employed In an Enterprise Engaged in Commerce

The motion for partial summary judgment is only directed to Plaintiff's employment in 2014 and 2015.  "This Motion addresses Ms. Lopez's claims for overtime and minimum wage prior to May 24, 2015." DOC # 65, p. 2.  29 U.S.C. § 206 and § 207 provide for coverage of employees who are employed by an enterprise engaged in commerce.  An enterprise engaged in commerce is defined in the Act as:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
> (ii) in an enterprise whose annual gross volume of sales made or business dine is not less than $500,000.00…"

29 U.S.C. § 203(s).

Casper Trailer Sales has admitted that it was an enterprise engaged in commerce throughout 2014 and 2015.  Plaintiff's Second Amended Complaint alleged:

> 7. Casper Trailer Sales, Inc. had more than $500,000.00 in gross receipts each year 2014, 2015 and 2016 and was engaged in interstate commerce.

Second Amended Complaint, para. (DOC# 60).

Defendants responded:

> 7. Defendants admit the allegation in ¶ 7 of Plaintiff's Second Amended Complaint that Casper Trailer Sales, Inc. had more than $500,000.00 in gross receipts in 2014 and 2015. Defendants have insufficient knowledge or information to admit or deny the allegation in ¶ 7 as it pertains to 2016 as those taxes were only recently prepared and therefore to the extent a response is

required, Defendants deny the allegations contained in ¶ 7 of Plaintiff's Second Amended Complaint.

Defendant's Answer to Second Amended Complaint and Jury Demand. para. 7. (DOC# 62).

In addition, Defendants admitted sufficient receipts for 2014 and 2015 to qualify as an enterprise engaged in commerce by response to Request for Admission No. 1, Defendants' Responses to Plaintiff's Second Set of Discovery Requests, Appendix 3.

During the time in question Casper Trailer Sales was engaged in the business of repairing trailers as well as selling trailers and employed two RV technicians, full time, to repair trailers on the premises of Casper Trailer Sales. Deposition of Carl Edwards, pp. 17-23, Appendix 4.

Most of the parts installed in customers' trailers came from out-of-state.

Q. Now, when you operate your business of Casper
13 Trailer Sales, do you, as part of that business, from time
14 to time order parts for the trailers from out-of-state
15 suppliers?
16 A. Well, yes. Most all the parts comes from other
17 states.
18 Q. Okay. So on a regular basis you order, say, a
19 refrigerator for a trailer or another part that you would
20 use in a trailer from out of state?
21 A. Many times, yes.
22 Q. All right. And you receive those at the Casper
23 Trailer Sales business premises on Lake Avenue in Pueblo?

24   Or, JDL is what we call it, yes.

Deposition of Carl Edwards, page 12. Appendix 4.

Casper Trailer Sales is and was an enterprise engaged in commerce because it had gross receipts in excess of $500,000.00 and it has and had "employees handling,

selling, or otherwise working on goods or materials that have been moved

in…commerce…" 29 U.S.C.§203 (s)(1)(A)(1).

Stephanie Lopez was a covered employee under the Fair Labor Standards Act

because she was "…employed in an enterprise engaged in commerce…" as required by

the Act. 29 U.S.C. § 206(a) and 29 U.S.C. § 207(a)(1).

Plaintiff is not required to show that Carl Edwards was an "enterprise engaged in

commerce" in order to establish his liability for damages pursuant to 29 U.S.C. § 216(b),

29 U.S.C. § 216(b) provides:

> Any employer who violates the provisions of section 206 or section 207 of this
> title shall be liable to the employee or employees affected in the amount of their
> unpaid minimum wages, or their unpaid overtime compensation,…

29 U.S.C. § 216(b).

Carl Edwards was an employer within the meaning of Section 216(b) because

employer is defined in Section 203(d) to include: "… any person acting directly or

indirectly in the interest of any employer in relation to an employee… 29 U.S.C. §

203(d).

Defendants admitted in their Answer that Carl Edwards acted directly in the

interests of the employer in relation to the employee, Stephanie Lopez. Plaintiff's

Second Amended Complaint (DOC # 60) alleged:

> 9. At all times relevant to the Complaint Carl Edwards acted directly and
> indirectly in the interests of the employer in relation to Stephanie Lopez by setting
> her rate of pay, the method of compensation, determined her hours of work,
> determining that she would work in exchange for "room and board" rather than
> for Cash wages, determining not to pay her overtime and not to pay minimum
> wages.

Second Amended Complaint, para. 9. Doc# 60.

Defendants answered as follows:

> 9. Defendants admit the allegation contained in ¶ 9 of Plaintiff's Second Amended Complaint that at all times relevant to the Complaint, Carl Edwards acted directly and indirectly in the interests of Casper Trailer Sales, Inc. in relation to his employees, including Plaintiff while she was an employee, by setting their rate of pay, method of compensation, and determining their hours worked and whether to pay overtime and minimum wage. Defendants deny the remaining allegations contained in ¶ 9 of Plaintiff's Second Amended Complaint.

Defendants' Answer to Second Amended Complaint and Jury Demand, para. 9. DOC# 62.

Carl Edwards at his deposition admitted that he, as the sole owner and manager of Casper Trailer Sales, makes all decisions concerning pay and pay policies of the employees of Casper Trailer Sales. Deposition of Carl Edwards, pp. 13, 14.  Appendix 4.

Defendants' argument that Carl Edwards was not an "enterprise engaged in commerce" and therefor has no liability for unpaid minimum wages and overtime wages under the Fair Labor Standards Act misses the point. Stephanie Lopez was covered by the Act because she was employed by an "enterprise engaged in commerce" and Carl Edwards is personally liable for her unpaid wages because the United States Congress imposed liability upon "any person acting directly or indirectly in the interest of the employer in relation to an employee" when it enacted Section 203(d) and Section 216(b).

**2. Plaintiff's Second Amended Complaint States a Claim for All Unpaid Wages, Including Unpaid Minimum Wages, Under the Colorado Wage Act from January 4, 2014 until the Termination of her Employment.**

Plaintiff's Second Amended Complaint makes a claim for all unpaid wages, including minimum wages, earned and unpaid in 2014, 2015 and 2016. DOC# 60, para. 25. Plaintiff's Second Amended Complaint (DOC# 60, p. 8) cites Section 8-4-109, Colo. Rev. Stat. as the section of the Colorado Wage Act authorizing recovery of her unpaid minimum wages for 2014 and 2015. Defendants' position is that Plaintiff should have cited Section 103 of the Colorado Wage Act, not Section 109. There is no claim by the Defendants that the Colorado Wage Act does not allow recovery of unpaid minimum wages for all periods of the Plaintiff's employment within the three year statute of limitations. Defendants' claim is that Plaintiff cited the wrong section of the statute.

Defendants rely upon Judge Martinez's opinion in *Hernandez v. Ray Domenico Farms, Inc.,* (250 F. Supp.3d 789 (D. Colo. 2017)). Judge Martinez's opinion addresses the question of whether Section 109 can revive an expired Section 103 claim. No such claim is made in this case. Stephanie Lopez is not making a claim for wages beyond the three year statute of limitations provided for in the statute for Section 103 claims. Her wage claim is not expired because the statute of limitations for Section 103 claims has not run. Judge Martinez held that claims arising under Section 103 and Section 109 are mutually exclusive. Judge Martinez's opinion is not controlling authority. Should the Colorado Supreme Court agree with his conclusions Plaintiff will move to amend her Second Amended Complaint to add the words "and Section 8-4-103" to the caption of the Second Cause of Action appearing at page 8 of the Second Amended Complaint, no additional facts need be pled to state a claim under Section 103.

Plaintiff believes that an amendment, if necessary, after the Supreme Court rules on the issue would be appropriate.  If the Colorado Supreme Court rules that Section 109 only applies to final wages and not all unpaid wages such a holding would represent a change in the law.  Magistrate Judge Varholak's recommended opinion in *Norwood v. WBS, Inc.* (2016 U.S. Dist.  LEXIS 185965) is in this writer's view, a correct interpretation of the statute because it recognizes the instruction of *Montemayor v. Jacor Communications, Inc.*, (64 P.3d 916, 923 (Colo. App. 2002)) that "The purpose of the CWCA is to assure the timely payment of wages and provide adequate judicial relief when wages are not paid, and it should be liberally construed to carry out its purpose." Judge Martinez's interpretation of the statute is a narrow one which is not supported by the plain language of the statute, particularly Section 109.

Plaintiff's position is that it is not appropriate to move to amend the Complaint to conform to Judge Martinez's opinion.  Unless and until there is a change in the law by decision of the Colorado Supreme Court, the plain language of Section 109 and all judicial interpretations of the Colorado Wage Act prior to Judge Martinez's opinion in *Hernandez v. Ray Domenico Farms, Inc.* allow for recovery of all unpaid wages, including unpaid minimum wages, pursuant to Section 8-4-109.

### Conclusion

For the foregoing reasons the Motion for Partial Summary Judgment should be denied.

Respectfully submitted this 13th day of February, 2018.

CORNISH & DELL'OLIO, P.C.

s/ Donna Dell'Olio

Donna Dell'Olio, #10887
Cornish & Dell'Olio, P.C.
431 N. Cascade Avenue, Ste. 1
Colorado Springs, CO 80903
TEL (719) 475-1204
FAX (719) 475-1264
Email: ddellolio@cornishanddellolio.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of February 2018, I electronically filed with the Clerk of Court using the CM/ECF system a true and correct copy of the foregoing **Plaintiff's Response to Defendant's Motion for Partial Summary Judgment (DOC# 65)** was sent by email:

Lily E. Nierenberg
GODFREY | JOHNSON, P.C.
9557 S. Kingston Court
Englewood, Colorado 80112
Phone: (303) 228-0700
Fax: (303) 228-0701
Email: nierenberg@gojolaw.com

s/Esther Kumma Abramson

Esther Kumma Abramson