**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:17-cv-00045-CMA-KLM

STEPHANIE LOPEZ, individually,

    Plaintiff,

v.

CARL EDWARDS, individually, and
CASPER TRAILER SALES, INC., a Colorado Corporation,

    Defendants.

---

## REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

---

Defendants Carl Edwards and Casper Trailer Sales, Inc., by and through undersigned counsel GODFREY | JOHNSON, P.C. file this Reply in support of their Motion for Partial Summary Judgment ("Motion") (ECF no. 65) and state in support as follows:

### I. ARGUMENT

#### A. Ms. Lopez Has Not Met Her Burden To Establish A Genuine Dispute Of Material Fact Concerning Her Fair Labor Standards Act Claim Prior To May 24, 2015.

Ms. Lopez's Response to Defendants' Motion for Partial Summary Judgment ("Response") (ECF no. 68) fails to present competent evidence of her alleged employment relationship with Casper Trailer Sales, Inc. *before* she became a payroll employee on May 24, 2015. Ms. Lopez's interrogatory responses and additional proffered evidence do not establish a genuine dispute of material fact because they fail to indicate that Ms. Lopez was an employee of Casper Trailer Sales, Inc. in contrast to her own direct testimony that she was working for Mr. Edwards in exchange for a house.

Ms. Lopez demonstrates substantial agreement with Defendants' statement of undisputed facts and does not dispute that Defendants' burden on summary judgment in this case is only to show an absence of evidence to support Ms. Lopez's claim, rather than to negate Ms. Lopez's claim. (Resp. at 3-6.) *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010); CMA Civ. Practice Standard 7.1E(b)(1)(D). Ms. Lopez acknowledges that Defendants' Motion challenges the first and second elements of Ms. Lopez's FLSA claim for the period prior to May 24, 2015: (1) Ms. Lopez's employee status and (2) "individual" or "enterprise" coverage. (Resp. at 8.) These elements are threshold issues that implicate coverage under the FLSA. (Mot. at 9, citing *Tony and Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 (1985)). Ms. Lopez agrees that she bears the burden of proof to prove these elements of her FLSA claim. (Resp. at 6.)

> 1. **Ms. Lopez Failed To Create A Genuine Dispute Over Whether She Was An Employee Of Casper Trailer Sales, Inc. Prior To May 24, 2015.**
>
>    a. *The correct test for employee status is the economic realities test.*

As to the first element of Ms. Lopez's FLSA claim—employee status—Ms. Lopez without citation to any case law asserts that the correct test for whether Ms. Lopez is an employee of Casper Trailer Sales, Inc. is whether it "suffered or permitted [her] to work." (Resp. at 12.) However, in *Walling v. Portland Terminal Co.*, the U.S. Supreme Court expressly rejected this standard as applicable to this question. 330 U.S. 148, 152 (1947). ("The definition 'suffer or permit to work' was obviously not intended to stamp all persons as employees who, without any express or implied compensation agreement, might work for their own advantage on the premises of another.")

The U.S. Supreme Court has held that the "economic realities test" applies to

consideration of employee status under the FLSA. *Rutherford Food Corp. v. McComb*, 331 U.S. 722 (1947). Courts within the Tenth Circuit and this District have applied the economic realities test to examine whether a plaintiff is an employee under the FLSA. See *Fuentes v. Compadres, Inc.*, No. 17-CV-01180-CMA-MEH, 2017 WL 6335669, at *5 and *11 (D. Colo. Dec. 12, 2017) (collecting cases). These courts have applied the test at the summary judgment phase. *Id.* at *9.

### b. Ms. Lopez does not create a genuine fact dispute that she was an employee of Casper Trailer Sales, Inc. prior to May 24, 2015.

In order to demonstrate a dispute of fact as to this issue, Ms. Lopez cites to her interrogatory responses and three so-called "verifications of employment signed by Carl Edwards" (Resp. at 7, 9-11). This evidence is insufficient to create a genuine dispute. *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996) ("[T]he nonmovant may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.").

Ms. Lopez's self-serving, skinny interrogatory responses are not enough to withstand summary judgment on Ms. Lopez's FLSA claim covering the period prior to May 24, 2015. As the Supreme Court said in *Anderson v. Liberty Lobby, Inc.*, "[t]he mere existence of a scintilla of evidence in support of the Ms. Lopez's position will be insufficient; there must be evidence on which the jury could reasonably find for the Ms. Lopez." 477 U.S. 242, 252 (1986). Ms. Lopez's interrogatory responses demonstrate a complete lack of detail with which Ms. Lopez describes her employment with Casper Trailer Sales, Inc. during this period. Ms. Lopez was unable to breakdown her duties by day, week, and month. (ECF no. 65-1 at 105-06.) Ms. Lopez has undergone discovery

in this case, yet can only point to a few lines of her own written discovery to support her claim that she was employed by Casper Trailer Sales, Inc. over a period of seventeen months from January 2014 to May 2015.[1] Ms. Lopez does not attach to her Response any of her own deposition testimony or an affidavit to provide any additional details of her alleged employment with Casper Trailer Sales, Inc. during this period.

In addition, many of Ms. Lopez's statements in her Response are conclusory, contradictory, and unsupported. For instance, Ms. Lopez's interrogatory responses do not, as Ms. Lopez claims in her Response, "explain that she worked in the shop of Casper Trailer Sales repairing trailers <u>during business hours</u> and performed work maintaining Mr. Edwards' properties and feeding his animals <u>after the shop closed</u>." (Resp. at 15-16) (emphasis added). In fact, her response to Interrogatory 1 does not specify what time of day, if any, Ms. Lopez allegedly performed duties at the shop versus other locations. The Court need only consider facts supported by competent evidence, which does not include naked assertions by a party's lawyer.

Ms. Lopez's "verifications of employment" also do not create a genuine dispute of material fact. First, the notes are unauthenticated, and constitute inadmissible hearsay. Ms. Lopez states but provides no support for her claim that the 2014 notes are from Mr. Edwards. (Resp. at 11.) The 2012 note is the only note that Mr. Edwards admits signing. (Exhibit 1 to this Reply.) Mr. Edwards disputes signing the others. (*Id.*) These documents were not obtained by Edwards during discovery but were disclosed by Ms.

---

[1] The parties engaged in discovery, including depositions of Ms. Lopez and Mr. Edwards. The parties also issued third party subpoenas to produce and attend depositions.

Lopez. (*Id.*) Furthermore, these are inadmissible hearsay statements of Ms. Lopez because she wrote the statements she claims as evidence of her employment. (*Id.*)

Such documents violate F.R.C.P. 56(c)(1)(A), which requires that a statement or dispute of fact be supported by admissible materials in the record. F.R.E. 901 makes authentication a condition precedent to admissibility that can be satisfied by "evidence sufficient to support a finding that the item in question is what its proponent claims." In addition, the Court may not consider inadmissible hearsay under F.R.C.P. 56. *See World of Sleep, Inc. v. La–Z–Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir.1985).

Even if the Court were to hold that the evidence in the letter were admissible, it would not be enough to withstand a summary judgment motion because the notes do not create a genuine dispute that Ms. Lopez was an employee of Casper Trailer Sales, Inc. On its face, the 2012 note states that "Stephanie Lopez works for me for room and board." (ECF no. 68-1 at 2.) This does not establish a dispute as to the existence of an employment relationship with the business Casper Trailer Sales, Inc. If anything, it establishes a dispute as to whether she performed tasks for Mr. Edwards in his individual capacity.[2] Moreover, as a note from February 2012, it does not establish sufficient evidence of an employment relationship during the relevant period of January 2014 through May 2015. The fact that it is stamped "JDL Trailer Sales" is immaterial. Mr. Edward's general office is located at 2734 Lake Avenue, where he does his work for several other businesses. (Mot. at 4 ¶¶ 3-4, 6.)

---

[2] Ms. Lopez has made it clear in her Response that her claim against Mr. Edwards is derivative of her claim against Casper Trailer Sales, Inc. (Resp. at 18.)

The 2014 "verifications" also fail to create a genuine dispute of material fact concerning Ms. Lopez's FLSA claims for the period before May 24, 2015. As discussed above, these notes are inadmissible hearsay and Ms. Lopez failed to authenticate these records. Even if they were admitted, the notes on their face do not establish that Ms. Lopez was an employee of Casper Trailer Sales, Inc. First, the February 2014 note states "no changes to report" and references an earlier note. (ECF no. 68-1.) That earlier note, which Ms. Lopez did not attach to her Response, states that Ms. Lopez works for Carl Edwards for room and board feeding animals and mowing lawns. (Exhibit 1 to this Reply.) The September 2014 note then indicates that Ms. Lopez performs work for Carl Edwards in exchange for gaining training in a field of business she wanted to pursue. Trainees are not employees under the FLSA. *See Nesbitt v. FCNH, Inc.*, 217 F.Supp.3d 1288 (D. Colo. 2016) (applying six-factor analysis to determine whether trainees qualified as employees under the FLSA)*.*

Crucially, as discussed in Defendants' Motion, Ms. Lopez's statements that she was an employee of Casper Trailer Sales, Inc. prior to being a payroll employee do not create a genuine dispute because Ms. Lopez admits that to the extent she performed work at in the shop of Casper Trailer Sales, Inc. she did so only on the promise of receiving a house from Mr. Edwards, not wages from Casper Trailer Sales, Inc. (Mot. at 14-15.) Therefore, any evidence of her work for or on the premises of Casper Trailer Sales, Inc. does not overcome the presumption from her own testimony that she was engaged in an economic arrangement with Mr. Edwards, not his business.

### *c. Ms. Lopez's argument on record keeping is misplaced.*

Ms. Lopez's assertion that Casper Trailer Sales, Inc. did not keep accurate records (Resp. at 14-15) doesn't itself create a genuine dispute that Ms. Lopez was an employee prior to May 24, 2015. In their Motion, Defendants argued that Ms. Lopez could not establish her employment with Casper Trailer Sales, Inc. as matter of just and reasonable inference, borrowing from the standard required to prove the number of uncompensated overtime hours in a week. (Mot. at 11-12.) If Ms. Lopez can establish employment and enterprise coverage under the Act, then she will also have the burden to show her work as a matter of just and reasonable inference *in the absence of reliable employer records*. *McGrath v. Cent. Masonry Corp.*, 06–cv–00224-CMA-CBS, 2009 WL 3158131, at *6 (D. Colo. Sept. 29, 2009). The reliability of Casper Trailer Sales, Inc.'s recordkeeping is thus only relevant if Ms. Lopez can overcome her burden on summary judgment to demonstrate that she is an employee of Casper Trailer Sales, Inc. and to establish enterprise or individual coverage.

### *2. Ms. Lopez Failed To Produce Evidence Demonstrating That She Was Engaged In Interstate Commerce Or Employed By An Entity Engaged In Interstate Commerce Prior To May 24, 2015.*

Ms. Lopez's reliance on admissions by Defendants concerning Casper Trailer Sales, Inc.'s gross sales is also misplaced. Defendants admit that, during the time Ms. Lopez was employed with Casper Trailer Sales, Inc. after May 24, 2015, Ms. Lopez's claims are covered by the FLSA. *See Topp v. Lone Tree Athletic Club, Inc.*, No. 13-CV-01645-WYD-KLM, 2014 WL 3509201, at *6 (D. Colo. July 15, 2014) ("A plaintiff may prove eligibility under the FLSA 'by asserting sufficient facts to plausibly state a claim

either (1) that [he], individually, was engaged in commerce or (2) that [the employer] is an enterprise engaged in commerce.'"). However, evidence that Casper Trailer Sales, Inc. is an "entity engaged in interstate commerce" doesn't support Ms. Lopez's claim prior to May 24, 2015 if the company was not her employer during that period. If Ms. Lopez can demonstrate only a relationship with Mr. Edwards, and not Casper Trailer Sales, Inc. then Ms. Lopez cannot rely on Defendants' admissions concerning Casper Trailer Sales, Inc.'s gross sales in order to obtain enterprise coverage under the Act.

Ms. Lopez has not presented evidence that she otherwise meets the interstate commerce requirement for FLSA coverage. Ms. Lopez does not produce evidence to create a fact dispute that she was personally engaged in interstate commerce prior to May 24, 2015. *See id.* Ms. Lopez also makes no attempt to argue that Carl Edwards was an enterprise engaged in commerce. (Resp. at 19.)

### B. Ms. Lopez's CWA Claim Cannot Revive Her Claim For Unpaid Wages Prior To May 24, 2015.

Ms. Lopez asserts that her CWA claim covers all unpaid wages from January 2014 to May 2016, i.e. that the wages sought under C.R.S. § 8-4-109 are coterminous with wages available under § 8-4-103.[3] (Resp. at 19-21.) This is precisely the issue Judge Martinez certified to the Colorado Supreme Court. Ms. Lopez does not clarify whether she is also claiming unpaid state-law minimum wage and overtime.

---

[3] Ms. Lopez, who has already amended her Complaint twice, states in a cavalier fashion that she should be allowed to amend again to correct any failure of her pleadings for failing to state a claim under Section 103. (Resp. at 21.) Defendants would vociferously oppose any further amendment of the pleadings at this stage—far beyond the close of discovery and past the deadline for dispositive motions—as belated and prejudicial.

On its face, Ms. Lopez's claim appears to be derivative of her FLSA claim and not state-law minimum wage and overtime rules. Thus, if the span of Ms. Lopez's FLSA claim is reduced on summary judgment, the span of permissible penalties under the CWA is also reduced automatically even under an expansive reading of Section 109.

To the extent that Ms. Lopez cannot meet her burden to create a genuine dispute regarding her FLSA claim against Casper Trailer Sales, Inc. the same would hold true for any prospective state-law claim against the Company for unpaid wages during this period. In order to state a claim under the CWA, a Ms. Lopez must establish the existence of an employment relationship. *See Voller v. Gertz*, 107 P.3d 1129, 1132 (Colo. App. 2004) ("The CWA necessarily assumes that a claim will be brought by an employee.") "Under the FLSA, the Court will determine whether both Defendants, under the economic realities test, were employers in relation plaintiffs." *Mason v. Fantasy, LLC*, 13-CV-02020-RM-KLM, 2015 WL 4512327, at *8 (D. Colo. July 27, 2015). " Under the [CWA], the Court will determine whether both Defendants, under the statutory definitions, were employers in relation to plaintiffs." *Id.* "[T]he economic realities test sufficiently encompasses the CWA's definition of employee." *Powers v. Emcon Assocs., Inc.*, 14-CV-03006-KMT, 2017 WL 4075766, at *5 n.4 (D. Colo. Sept. 14, 2017); *accord Cavic v. Pioneer Astro Industries, Inc.*, 825 F.2d 1421, 1426 (10th Cir. 1987) (analyzing employee status under the CWA).

Thus, even if Ms. Lopez's Second Amended Complaint (ECF no. 60) is construed as stating or amended to state a claim for unpaid wages and minimum wage under state law, Ms. Lopez can only state such a claim prior to May 2015.[4]

---

[4] Ms. Lopez's CWA claim is against Casper Trailer Sales, only, not Mr. Edwards.

### C. The Scope Of Trial Will Be Significantly Reduced If The Motion Is Granted.

If the Court agrees with Defendants that Ms. Lopez has not met her burden to demonstrate a genuine question of material fact concerning her employment with Casper Trailer Sales, Inc. prior to May 24, 2015, and grants Defendants' Motion, then the scope of the trial will center more appropriately on unpaid wages and minimum wage during Ms. Lopez's period of payroll employment. This narrowed scope will eliminate any need for the parties to put on evidence concerning the amount and nature of Ms. Lopez's work for Casper Trailer Sales, Inc. from January 2014 to May 24, 2015. As discussed in Defendants' Motion and this Reply, this evidence does not establish Ms. Lopez's claims under the FLSA or CWA for unpaid wages prior to May 24, 2015. This evidence cannot overcome the fact that Ms. Lopez was by her own account working directly for Mr. Edwards in exchange for the promise of title to a house and that her work for Mr. Edwards does not implicate coverage under the Act. The Court would therefore be correct to prevent Ms. Lopez from presenting this evidence to a jury. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–324 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses…").

## II. CONCLUSION

Defendants respectfully request that the Court find that they are entitled to judgment as a matter of law on Ms. Lopez's FLSA claim for wages prior to May 24, 2015. Defendants further request that the Court find that Ms. Lopez's CWA claim is limited to penalties for unpaid final wages or defer to the Colorado Supreme Court on this issue.

Respectfully submitted this 27 day of February, 2017.

GODFREY | JOHNSON, P.C.

*/s/Lily E. Nierenberg*
Lily E. Nierenberg
Colorado Bar No. 45451
9557 S. Kingston Court
Englewood, Colorado 80112
Phone: (303) 228-0700
Fax: (303) 228-0701
Email: nierenberg@gojolaw.com

11

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 27, 2017, a true and correct copy of the foregoing Reply In Support Of Motion For Summary Judgment was filed and served via ECF/PACER on all parties of record, as follows:

Donna Dell'Olio
Cornish & Dell'Olio
431 N. Cascade Avenue, Suite 1
Colorado Springs, CO 80903

                                                                              */s/Lily E. Nierenberg*
                                                                              Lily E. Nierenberg