## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00045-CMA-KLM

STEPHANIE LOPEZ, individually,

      Plaintiff,

v.

Carl Edwards,
Individually,

and

Casper Trailer Sales, Inc.,
a Colorado corporation

      Defendants.

---

## FINAL PRETRIAL ORDER

---

### 1. DATE AND APPEARANCES

The Final Pre-Trial Conference was held on May 15, 2018 at 1:30 p.m.  Donna Dell'Olio, Cornish and Dell'Olio, P.C., appeared for the Plaintiff, Stephanie Lopez.  Brett Godfrey and Lily Nierenberg of Godfrey Johnson P.C. appeared for Defendants Carl Edwards and Casper Trailer Sales, Inc.

### 2. JURISDICTION

Jurisdiction is conferred by 28 U.S.C. §1331 and § 1367.

### 3. CLAIMS AND DEFENSES

a.     Plaintiff:  Plaintiff's first claim is for unpaid minimum wages and unpaid overtime wages under the Fair Labor Standards Act.  Plaintiff worked in the Defendant's

1

trailer sales and repair business for years without being paid cash wages.  Plaintiff was not paid minimum wage for all hours worked and was not paid time and one-half her regular hourly rate of pay for all hours worked over forty hours in a single work week.

Initially Plaintiff worked for Defendant performing unskilled labor such as cleaning the workshop and performing errands.  Later, as Plaintiff learned to work as a mechanic, she performed work on Defendant's customers' vehicles.  Plaintiff worked without cash wages because Defendant promised her that he would transfer to her title to a home located at 1208 Elko Street, Pueblo Colorado.  Over the years Defendant provided Plaintiff a place to live and gave her cash for food.

Plaintiff worked long hours, six days a week for Defendant during periods of time within the statute of limitations.

In 2015 Defendant began paying the Plaintiff for some of her hours worked by paychecks written on an account for Casper's Trailer Sales, Inc.  Defendant used a number of schemes to avoid paying Plaintiff for all of her hours worked after it began writing paychecks to her on the Casper's Trailer Sales, Inc. account.  Carl Edwards held a number of her timecards and did not issue checks for those timecards.  Carl Edwards or his daughter also claimed that Ms. Lopez's timecards were missing and required her to begin a new timecard mid-week.  Plaintiff is seeking unpaid wages and liquidated damages for this claim.

Plaintiff's second claim is brought pursuant to the Colorado Wage Act.  Plaintiff made a statutory demand for wages on November 10, 2016.  Defendant paid nothing in

response to Plaintiffs demand for wages.  Plaintiff is claiming unpaid wages and penalties pursuant to Section 8-4-109.

Plaintiff objects to the Defendant's inclusion of purported affirmative defenses below which were not previously pled, specifically "statute of frauds" "38-10-108" "abuse of process" as well as defenses which have no applicability "res judicata" and collateral estoppel."

*Defendants pled their affirmative defenses of statute of frauds and abuse of process in their Second Amended Complaint.

b.      Defendants:  Ms. Lopez's claim of unpaid wages is devoid of factual support and is made for the improper purpose of obtaining a financial benefit from Mr. Edwards, who was Ms. Lopez's friend, mentor, and a primary means of support for years prior to his hiring her to work for his company, CASPER TRAILER SALES, INC. dba JDL Trailer Sales ("Casper Trailer Sales, Inc."). Casper Trailer Sales, Inc., which is in the business of selling and repairing RV trailers, employed Plaintiff from May 2015 to March 2016 as part of the "pit crew," during which time she assisted experienced RV mechanics with repairs. Casper Trailer Sales, Inc. paid Ms. Lopez between $10 and $15 per hour for an average of 31.9 hours per week of work. Casper Trailer Sales, Inc. kept weekly timecards during this period showing the days and hours of Ms. Lopez's work and her hourly rate of pay, as well as pay stubs reflecting her weekly compensation and tax withholdings. In short, there is no question that Defendants made a good faith effort to pay Ms. Lopez for all of the hours she worked under applicable wage and hour laws- even overpaying her some weeks. Ms. Lopez has no records of any hours spent

working for Casper Trailer Sales, Inc. prior to May 2015 or for any uncompensated hours working as a payroll employee. Defendants flatly deny Ms. Lopez's allegations that she worked for Casper Trailer Sales, Inc. for years without pay in reliance on Mr. Edward's promise to transfer a house he owned to her.

Defendants raise numerous defenses to Ms. Lopez's claim, including: that Ms. Lopez was not an employee of Casper Trailer Sales, Inc. prior to May 2015 or after March 2016; that Ms. Lopez did not work any hours for Casper Trailer Sales, Inc. that were uncompensated; that Ms. Lopez cannot meet her burden to show the extent and amount of any allegedly uncompensated work as a matter of just and reasonable inference; that Ms. Lopez is not entitled to the three year lookback period under the Fair Labor Standards Act or Colorado Wage Act based on Defendants' allegedly willful conduct; that Defendants in good faith complied with state and federal wage and hour laws and requirements; that Defendants lacked knowledge of any uncompensated work performed by Ms. Lopez; that Ms. Lopez is not entitled to gap time pay; that Ms. Lopez's relief is barred by the statute of frauds, C.R.S. § 38-10-108; that Ms. Lopez relief is barred by the doctrines of res judicata and collateral estoppel; that Ms. Lopez's relief is barred by equitable estoppel; that Ms. Lopez failed to mitigate her damages; and that Ms. Lopez's claims constitute abuse of process.

      c.     Other parties:  None.

## 4. STIPULATIONS

1.      Casper Trailer Sales, Inc., doing business as JDL Trailer Sales, operates a business selling and providing service and parts for trailers and recreational vehicles at 2734 Lake Avenue, Pueblo, Colorado.

2.      Casper Trailer Sales, Inc. had more than $500,000.00 in gross receipts each year 2014, 2015 and 2016.

3.      Carl Edwards is the owner of Casper Trailer Sales, Inc. and is the manager of the business of Casper Trailer Sales, Inc., doing business as JDL Trailer Sales.

4.      At all times relevant to the Complaint Carl Edwards acted directly and indirectly in the interests of the employer in relation to his employees, including Plaintiff while she was an employee, by setting their rate of pay, method of compensation, and determining their hours worked and whether to pay overtime and minimum wage.

## 5. PENDING MOTIONS

1.      Defendant's Motion for Partial Summary Judgment, filed January 17, 2018. (DOC# 65)  Response filed February 13, 2018. (DOC# 68)  Reply filed February 27, 2018. (DOC# 71)

2.      Defendants anticipate filing a Motion to Exclude Testimony of Plaintiff's Expert Wendy Carlson and a Motion in Limine addressing various categories of evidence.

## 6. WITNESSES

a.      For the Plaintiff:

    (1)     Witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)):

  a. Stephanie Lopez, Plaintiff. Ms. Lopez will testify to work performed for Casper Trailers Sales, and statements made by Carl Edwards and all facts relevant to her claims.

(2) Witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A));

  a. Carl Edwards, adverse witness, may be called to testify to all facts relevant to Plaintiff's claims.

  b. Eric Hannah, (contact information previously disclosed)  The witness has knowledge of Plaintiff's presence on the business premises of Casper Trailer Sales in 2014 and Plaintiff's work activities, Carl Edwards' knowledge and statements about Stephanie Lopez.

  c. William Whisnan (contact information previously disclosed)  The witness has knowledge of Plaintiff's presence on the business premises of Casper Trailer Sales in 2013, 2014 and 2015 and Plaintiff's work activities, Carl Edwards' knowledge and statements about Stephanie Lopez.

  d. Antoinette Lenzotti, 719 859 1412, an employee of the Western Convenience, 3201 Lake Avenue, Pueblo, CO 81004.  Observations of Carl Edwards and Stephanie Lopez in convenience store in 2014 and 2015 contemporaneous statements made by Stephanie Lopez and Carl Edwards.

  Testimony will be in person or by telephone, if allowed by the Court.

e.  Arno Gallegos (719) 821-2157, 1220 West 18th St, Pueblo, Colorado
81003.  Circumstances surrounding Carl Edwards' trade of vehicle for
electrical work in 2014.  Knowledge of Stephanie Lopez's relationship
with Carl Edwards in 2014.

Testimony will be in person or by telephone, if allowed by the Court.

f.  Justin Melat, Melat, Pressman & Higbie, LLP, (719) 475-0304, 711 S.
Tejon St. Colorado Springs, CO 80903.  Work telephone number
provided by Stephanie Lopez to Melat firm and used by Melat to
contact Stephanie Lopez in 2014.

Testimony will be in person or by telephone, if allowed by the Court.

g.  Julie Earp, contact information previously provided by Defendant,
consistent with deposition.

Testimony will be in person.

h.  Larry Passalacqua, ABC Driving School, 719-406-6961, Mailing
address 5585 Verde Road, Pueblo, CO 81004.  Carl Edwards
requested that he train Stephanie Lopez to drive so that she could
work for Edwards.

Defendants object to the inclusion of this witness in the Final Pre-Trial Order
because he was not disclosed pursuant to F.R.C.P. 26(a).

Testimony will be in person or by telephone, if allowed by the Court.

i.  Ginger Valdez; knowledge of Plaintiff's presence and activities at
Casper Trailer Sales.

(3)     witnesses where testimony is expected to be presented by means of a

deposition and, if not taken steno graphically, a transcript of the pertinent

portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

       None.

b.    List the expert witnesses to be called by each party.  List separately:

For the Plaintiff:

(1)     witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

N/A

(2)     witnesses who may be present at trial (see Fed. R. Civ. P.

26(a)(3)(A));

Wendy Carlson
America's Handwriting Expert, LLC
1550 Larimer Street, Suite 251
Denver, Colorado 80202
303-330-8636
303-265-9087 (fax)

Ms. Carlson's testimony will be as disclosed pursuant to the Rule 26(a)(2)

disclosures made on October 30, 2017.

Testimony will be in person. N/A

For the Defendant:

a.    List the nonexpert witnesses to be called by each party.  List separately:

(1)     witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

      a.  **Carl Edwards**; contact information previously disclosed. Mr. Edwards

      is the defendant and is expected to testify concerning all facts and

circumstances surrounding this case. Mr. Edwards is expected to testify in person

(2)     witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A)); and

a. **Stephanie Lopez**; c/o Donna Dell'Olio, Cornish & Dell'Olio PC, 431 N Cascade Ave, Suite 1, Colorado Springs, CO 80903. Ms. Lopez is the Plaintiff and is expected to testify concerning all facts and circumstances surrounding this case. Ms. Lopez is expected to testify in person.

b. **Julie Earp**; contact information previously disclosed. Ms. Earp is Mr. Edward's daughter and provides occasional administrative assistance and payroll services to CASPER TRAILER SALES, INC. dba JDL Trailer Sales. Ms. Earp is expected to testify concerning payroll and the personnel file and payroll records kept by the company. Ms. Earp is expected to testify in person.

c. **William Whisnan**; contact information previously disclosed. Mr. Whisnan was an employee of CASPER TRAILER SALES, INC. dba JDL Trailer Sales from approximately 1995 through December4, 2015. Mr. Whisnan is expected to testify concerning the dates of Ms. Lopez's employment with CASPER TRAILER SALES, INC. dba JDL Trailer Sales, hours worked, and the company's timekeeping policies. Mr. Whisnan is expected to testify in person.

d. **Duncan Pelham**; contact information previously disclosed. Mr. Pelham is a contract laborer for CASPER TRAILER SALES, INC. dba JDL Trailer Sales. Mr. Pelham is expected to testify concerning the dates of Ms. Lopez's employment with CASPER TRAILER SALES, INC. dba JDL Trailer Sales, hours worked, and the company's timekeeping policies. Mr. Pelham is expected to testify in person.

e. **Richard Weatherhill**; known contact information previously disclosed. Mr. Weatherhill is a contract laborer employed by Mr. Pelham who does work for CASPER TRAILER SALES, INC. dba JDL Trailer Sales. Mr. Weatherhill is expected to testify concerning the dates of Ms. Lopez's employment with CASPER TRAILER SALES, INC. dba JDL Trailer Sales, hours worked, and the company's timekeeping policies. Mr. Weatherhill is expected to testify in person.

f. **Crystal Speier**; last known address 2403 Oakland, Pueblo CO 81004 and phone number 719-320-7741.  Ms. Speier was a part-time employee of CASPER TRAILER SALES, INC. dba JDL Trailer Sales in 2014. Ms. Speier is expected to testify concerning Ms. Lopez's non-employee status in relation to CASPER TRAILER SALES, INC. dba JDL Trailer Sales in 2014, and the company's timekeeping policies. Ms. Speier is expected to testify in person or by telephone, if allowed by the Court.

Plaintiff objects to the inclusion of this witness in the Final Pre-Trial Order Because she was not disclosed pursuant to F.R.C.P. 26(a)

g. **Dasha DeLeon**; contact information previously disclosed. Ms. DeLeon was a personal acquaintance of Ms. Lopez and is a friend of Mr. Edwards. Ms. DeLeon is expected to testify concerning the dates of Ms. Lopez's employment with CASPER TRAILER SALES, INC. dba JDL Trailer Sales, hours worked, Ms. Lopez's employment history and residential history, and Ms. Lopez's relationship with Mr. Edwards. Ms. DeLeon is expected to testify in person.

h. Any witness listed on Plaintiff's witness list.

i. Any witness needed for rebuttal or impeachment purposes.

j. Any witness needed to authenticate or lay the foundation of any exhibit.

k. Any witness identified by Plaintiff pursuant to F.R.C.P. 26 or otherwise identified in discovery.

(3)     witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony. See Fed. R. Civ. P. 26(a)(3)(B).

a. **Ginger Valdez**; contact information previously disclosed. Ms. Valdez runs the parts store for CASPER TRAILER SALES, INC. dba JDL Trailer Sales. Ms. Valdez is expected to testify concerning the dates of Ms. Lopez's employment with CASPER TRAILER SALES, INC. dba JDL Trailer Sales, hours worked, and the company's timekeeping policies. Ms. Valdez is expected to testify by deposition unless called by Ms. Lopez.

b.     List the expert witnesses to be called by each party.  List separately:

(1)    witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

    a. None.

(2)    witnesses who may be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

    a. **Jacqueline A. Joseph**, CDE, D-BFDE; contact information previously disclosed. Ms. Joseph is expected to testify consistent with the opinions listed in her report made pursuant to F.R.C.P. 26(a)(2). Ms. Joseph's is expected to testify in person or by telephone, if allowed by the Court.

(3)    witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony.  See Fed. R. Civ. P. 26(a)(3)(B).

    a. None.

## 7. EXHIBITS

a.

(1)    Plaintiff(s):

1.    Edwards letter of 11/15/16; Lopez 0001-4.

2.    Edwards note of 2/10/2012; Lopez 0005.

3.    Edwards note of 9/20/2013; Lopez 0006.

4.    Edwards note of 2/18/2014; Lopez 0007.

5.    Edwards note of 9/8/2014; Lopez 0008.

6.    Edwards note of 1/14/ 2015; Lopez 0009.

7.    November 10, 2016 statutory demand for unpaid wages.

8.    Letter from Edwards; Edwards 0005.

9.    Casper Trailers Sales Quick Report; Edwards 0013.

10.  Time Cards produced by Casper Trailer Sales; Edwards 0014-0054.

11.  Unemployment Request for Facts; Edwards 0056-0057.

12.  Payroll summaries; Edwards 0066-0068.

13.  Defendant's Responses to Plaintiff's First Set of Discovery Requests, including verification.

14.  Defendant's Responses to Plaintiff's Second Set of Discovery, including verification.

15.  Plaintiff's Third Set of Discovery with Exhibits.

16.  Defendant's Response to Plaintiff's Third Set of Discovery, including verification

17   Verification dated 10-18-2017

18.  Defendant's Amended Responses to Plaintiff's First Set of Discovery Requests, with verification.

19.  Financial documents; Lopez 00017-44.

20.  Verification of employment Lopez 00045.

21   Timecards; Lopez 00046-47.

22.  Note signed by Edwards; Lopez 00048.

23.  Expert Report of Wendy Carlson; Lopez 000229-266.

24.  Enlargements of Edwards signatures used for comparison and signatures on contested documents.

25.  Colorado Department of Revenue Complaint Form.

26.  Incident Investigations Report; Lopez 000267-000287.

27.  Receipt from ABC Driving School

28.  Contract to buy and sell real estate

29.  Incident Reports dated 5/02/2014 and 4/30/2014

30.  Demonstrative Exhibit of Calendar for 2014

31.  Demonstrative Exhibit of Calendar for 2015

32.  Demonstrative Exhibit of Calendar for 2016

33.   Demonstrative Exhibit of Damage Calculation 2014 with all claimed overtime included.

34.   Demonstrative Exhibit of Damage Calculation 2014 with overtime included at ½ hours claimed.

35.   Demonstrative Exhibit of Damage Calculation 2014 with no overtime included.

36.   Demonstrative Exhibit of Damage Calculation 2015 with all claimed overtime included.

37.   Demonstrative Exhibit of Damage Calculation 2015 with overtime included at ½ hours claimed.

38    Demonstrative Exhibit of Damage Calculation 2015 with no overtime included.

39.   Damage Calculation 2016 with all claimed overtime included.

40.   Demonstrative Exhibit of Damage Calculation 2016 with overtime included at ½ hours claimed

41.   Demonstrative Exhibit of Damage Calculation 2016 with no overtime included.

42.   Demonstrative Exhibit comparison pf time cards to pay checks issued.

43.   Demonstrative Exhibit Timeline of Lopez Employment with Casper Trailer Sales.

<u>Defendants object to the inclusion of exhibits 24, 25, 27, 28, and 29 in the</u>

<u>Final Pre-Trial Order and to their use in trial because they were not disclosed</u>

<u>pursuant to F.R.C.P. 26(a) or produced with discovery to which they may be</u>

<u>responsive. These documents have never been disclosed to Defendants.</u>

(2)   Defendant(s):  See attached Exhibit List.

(3)   Other parties:  None.

b.   Copies of listed exhibits must be provided to opposing counsel and any pro se

party no later than 30 days before trial. The objections contemplated by Fed. R. Civ. P.

26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

## 8. DISCOVERY

Discovery has been completed.

## 9. SPECIAL ISSUES

Plaintiff submits that the following are special issues in this case:

1.      Whether the Fair Labor Standards Act requires employers to make and preserve records of "wages, hours and other conditions" of the employment. 29 U.S.C. § 211(c).

2.      Whether the specific records to be maintained include records of the employee's regular hourly rate of pay for any workweek in which any overtime is due, hours worked each workday, and total hours worked each work week. 29 C.F.R. 516.2.

3.      Which party  bears the burden of proof when employer fails to keep an accurate record of hours worked.

4.      Plaintiff's position is that when an accurate record of hours worked does not exist, the employee meets his burden of proof when he:

> . . . show(s) that he performed overtime work for which he was not properly compensated and to show the extent and amount of such work as a matter of just and reasonable inference. When the employee proves that he did in fact perform overtime work for which he was not properly compensated and provides sufficient evidence to show the extent and amount of such work as a matter of just and reasonable inference, the burden shifts to the employer to come forward with evidence of the precise amount of work performed . . .

> And if the employer fails to produce such evidence it is the duty of
> the court to enter judgment for the employee even though the
> amount be only a reasonable approximation.

*Mitchell v. Caldwell,* 249 F.2d 10, 11 (10th Cir. 1957); *Wirtz v. Lieb a/b/a AAA
Exterminators,* 366 F.2d 412, 414 (10th Cir. 1966).

     5.     Whether the interpretive regulations of the United States Department of

Labor, specifically 29 C.F.R. §§ 778.315; 785.11; 785.12; 785.14; 785.15; 785.19 are

entitled to deference when Congress has not directly addressed the interpretation of the

Act. *See Chevron U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837,

843, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984).

**Defendants indicate that the following are special issues for the Court to**

**consider:**

1.     Whether Plaintiff was an employee of Casper Trailer Sales, Inc. prior to May

2015 or after March 2016 (See Defendants' Motion for Summary Judgment.)

2.     Whether Plaintiff has stated a claim for relief under the Colorado Wage Act for

wages other than final wages. (See Defendants' Motion for Summary Judgment.)

3.     Whether Plaintiff is entitled to gap time pay.

4.     Whether Plaintiff's relief is barred by the statute of frauds, C.R.S. § 38-10-108.

5.     Whether Plaintiff's relief is barred by the doctrines of res judicata and collateral

estoppel, on the basis of the prior workers compensation determination.

6.     Whether Plaintiff's relief is barred by equitable estoppel due to her acceptance of

gifts from Mr. Edwards.

**Defendants indicate that the following are special issues for the Court and Jury to**

**consider:**

1.      Whether Plaintiff worked any hours for Casper Trailer Sales, Inc. that were uncompensated.

2.      Whether Plaintiff provides sufficient evidence to show the extent and amount of such work as a matter of just and reasonable inference.

3.      Whether Plaintiff is entitled to unpaid overtime or minimum wage under the Fair Labor Standards Act or Colorado Wage Act provisions for a two or three year lookback period based on Defendant's allegedly willful conduct.

4.      Whether Defendants in good faith complied, or attempted to comply, with state and federal wage and hour laws and requirements.

5.      Whether Defendants had knowledge of any hours Plaintiff worked that were not compensated.

6.      Whether (and to what extent) Plaintiff failed to mitigate her damages.

7.      Whether Plaintiff's claims are devoid of factual support; the primary purpose of the claims is to obtain an unbargained-for monetary benefit from Mr. Edwards; and this activity adversely affects the legal interest of Defendants.

## 10. SETTLEMENT

a.      Counsel for the parties met by telephone on December 19, 2017, to discuss in good faith the settlement of the case.

b.      The participants in the settlement conference included counsel only; however, counsel for all parties conferred with their clients regarding the discussion and prospects for settlement.

c.      The parties were promptly informed of all offers of settlement.

d.      Counsel for the parties and any pro se party do not intend to hold future

settlement conferences.

e.      It appears from the discussion by all counsel and any pro se party that there is

little possibility of settlement.

f.      Counsel for the parties and any pro se party considered ADR in accordance with

D.C.COLO.LCivR.16.6.

## 11. OFFER OF JUDGMENT

Counsel and any pro se party acknowledge familiarity with the provision of Rule

68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel have

discussed it with the clients against whom claims are made in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this

action and the trial, and may not be amended except by consent of the parties and

approval by the court or by order of the court to prevent manifest injustice.  The

pleadings will be deemed merged herein.  This Final Pretrial Order supersedes the

Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order,

reference may be made to the record of the pretrial conference to the extent reported by

stenographic notes and to the pleadings.

## 13.  TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1.      A four day jury trial is anticipated.


DATED this _____97_____ day of ____May_____, 2018.

BY THE COURT

_____
United States Magistrate Judge

APPROVED:

s/ Donna Dell'Olio
_____

Donna Dell'Olio
Cornish & Dell'Olio, P.C.
431 N. Cascade Ave., Ste. 1
Colorado Springs, CO 80903
Tel: 719-475-1204
Email: ddellolio@cornishanddellolio.com

**Attorney for Plaintiff**

s/Lily E. Nierenberg
_____

Lily E. Nierenberg
GODFREY | JOHNSON, P.C.
9557 S. Kingston Court
Englewood, Colorado 80112
Phone: (303) 228-0700
Fax: (303) 228-0701
Email: nierenberg@gojolaw.com

**Attorney for Defendants**