# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

## REVISED JURY PLAN FOR RANDOM JURY SELECTION

Adopted by the District Court:

December 7, 2016

Approved by the Tenth Circuit Court of Appeals:

January 30, 2017

Implementation Date:

March 1, 2017

EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

### REVISED JURY PLAN FOR RANDOM JURY SELECTION

Pursuant to the Jury Selection and Service Act of 1968, as amended (28 U.S.C. §§ 1861-1878), this court adopts the following Revised Jury Plan for Random Jury Selection (Jury Plan). This plan is subject to the approval of the reviewing panel of the Judicial Council of the Tenth Circuit Court of Appeals. Once approved, this Jury Plan supersedes the previous Jury Plan in effect in the District of Colorado.

**JURY PLAN POLICY**

1. **Declaration of Policy**

   The policy of the United States District Court for the District of Colorado is that all litigants within the district entitled to trial by jury have the right to grand and petit juries selected at random from a fair cross section of the communities wherein the court convenes. Further, all citizens in the district shall have the opportunity to be considered for service on grand and petit juries in the district and shall have an obligation to serve as jurors when summoned for that purpose.

2. **Discrimination Prohibited**

   No citizen shall be excluded from service as a grand or petit juror in this district on account of race, color, religion, sex, sexual orientation, national origin, or economic status.

3. **Applicability of Plan**

   The United States District Court for the District of Colorado adopts this plan for random selection of prospective grand and petit jurors to achieve the objectives of 28 U.S.C. §§ 1861 and 1862. Pursuant to 28 U.S.C. § 85, Colorado constitutes one judicial district, and court is held at Boulder, Colorado Springs, Denver, Durango, Grand Junction, Montrose, Pueblo and Sterling. For purpose of jury selection, a master jury wheel shall be maintained in support of all the jury divisions of the district. This plan shall serve as guidance for the management of the jury selection process in all of the jury divisions.

4. **Plan Management**

   The clerk of the court shall manage the prospective jury selection process, subject to the supervision and control of the chief judge. The clerk may authorize designated deputies to assist with the performance of functions under this plan. The chief judge may authorize non-court personnel to assist the clerk in the performance of the clerk's functions under this plan.

5. **Public Access**

   The clerk shall retain and provide public access to this plan by filing it as a miscellaneous case in CM/ECF, posting a copy in the clerk's office, and posting a copy on the court's website.

EXHIBIT 1

## MASTER JURY WHEEL ADMINISTRATION

6. <u>Jury Divisions</u>

   The district is divided into four jury divisions for jury selection.

   ### Jury Division One (Denver) consisting of twenty-four (24) counties

   | | | |
   |---|---|---|
   | Adams | Elbert | Morgan |
   | Arapahoe | Gilpin | Park |
   | Boulder | Grand | Phillips |
   | Broomfield | Jackson | Sedgwick |
   | Chaffee | Jefferson | Summit |
   | Clear Creek | Lake | Washington |
   | Denver | Larimer | Weld |
   | Douglas | Logan | Yuma |

   ### Jury Division Two (Durango) consisting of eleven (11) counties

   | | | |
   |---|---|---|
   | Archuleta | La Plata | San Juan |
   | Conejos | Mineral | San Miguel |
   | Dolores | Montezuma | Rio Grande |
   | Hinsdale | Ouray | |

   ### Jury Division Three (Grand Junction) consisting of ten (10) counties

   | | | |
   |---|---|---|
   | Delta | Mesa | Rio Blanco |
   | Eagle | Moffat | Routt |
   | Garfield | Montrose | |
   | Gunnison | Pitkin | |

   ### Jury Division Four (Pueblo) consisting of nineteen (19) counties

   | | | |
   |---|---|---|
   | Alamosa | El Paso | Otero |
   | Baca | Fremont | Prowers |
   | Bent | Huerfano | Pueblo |
   | Cheyenne | Kiowa | Saguache |
   | Costilla | Kit Carson | Teller |
   | Crowley | Las Animas | |
   | Custer | Lincoln | |

7. <u>Jury Selection Source</u>

   a.   The source from which names of prospective jurors shall be selected at random shall be the Colorado General Election Voter Registration List,

3

EXHIBIT 1

   maintained by the Colorado Secretary of State's office for all counties within each jury division of the district. The Voter Registration List shall be supplemented by the list of licensed drivers and state issued adult identification records maintained by the Colorado Department of Revenue for all counties within each jury division of the district.

  b. The lists shall be merged with one another and referred to as the "source list." Duplicate names from the lists shall be eliminated by using a properly programmed electronic data processing system.

  c. The names of prospective grand and petit jurors for the master jury wheel will be selected from the source list.

8. **Names Selected from Source List for Master Jury Wheel**

  a. The selection of names from the source list for the master jury wheel shall be conducted through the use of an authorized properly programmed electronic data processing system that can accomplish the purely randomized selection of jurors.

  b. To calculate the total number of registered voters within a respective jury division, the clerk shall add the totals from each county within the division. The total number for each county will be based on an electronic data processing method designed to achieve a mechanized count of all names on the voter registration list.

  c. The number of names to be drawn for the master jury wheel from each county shall be in the same substantial proportion as to the total number listed on the voter registration list for each county as to the total number on the voter registration lists for all counties within the division.

  d. After determining the total number of names required for the master jury wheel and the proportionate number of names to be drawn from the source list for each county, the selection of names shall be made in a purely randomized manner by a properly programmed electronic data processing system to produce the total number of names required for the master jury wheel.

  d. The automated random selection of names described in this section ensures that each county within each jury division is proportionally represented in relation to the total number of registered voters, in accordance with 28 U.S.C. § 1863(b)(3). The process of selecting names from the source list for the master jury wheel shall also ensure that the mathematical odds of any single name being selected are substantially equal.

  e. The total number of prospective juror names will be based on historical jury usage needs and projected workloads.

9. **Master Jury Wheel**

  a. The clerk shall maintain the master jury wheel for the district. The master jury wheel is an electronic database.

EXHIBIT 1

    b.     Names of all persons randomly selected from the source list for each county shall be placed in the master jury wheel.

    c.     The chief judge may order additional names to be selected and placed in the master jury wheel periodically as may be necessary.

    d.     The master jury wheel will be emptied and refilled between January 1 and October 1 in every odd-numbered year.

    e.     The minimum number of names to be placed in the master jury wheel for the district:

**Jury Division One**: whichever is greater, fifty thousand (50,000) names or at least one-half of one percent of the total number of persons on the source list for the designated counties;

**Jury Division Two:** whichever is greater, eight thousand (8,000) names or at least one-half of one percent of the total number of persons on the source list for the designated counties;

**Jury Division Three:** whichever is greater, eight thousand (8,000) names or at least one-half of one percent of the total number of persons on the source list for the designated counties;

**Jury Division Four:** whichever is greater, twenty-five thousand (25,000) names or at least one-half of one percent of the total number of persons on the source list for the designated counties.

### 10. Names Drawn from Master Jury Wheel

The Court shall direct the method used to randomly draw prospective jurors from the master jury wheel. The number of names to be randomly drawn shall be determined by the clerk, based on anticipated juror needs by the court, plus a margin of additional names sufficient to compensate for the estimated number of jurors that are not available or ineligible.

The following methods may be used when drawing names from the Master Jury Wheel for selection of either a grand or petit jury:

    a.     names may be drawn from the master jury wheel from all four jury divisions, on a pro-rata basis from each jury division;

    b.     names may be drawn from the master jury wheel from a combination of jury divisions on a pro-rata basis from each jury division; or

    c.     names may be drawn from the master jury wheel from a single jury division.

The clerk must submit the names on the master jury wheel once a year to be updated and corrected through the national change-of-address system of the United States Postal Service.

### 11. Summoning Petit Jurors

    a.     Pursuant to 28 U.S.C. § 1878, the court uses a one-step procedure to summon and qualify petit jurors.

EXHIBIT 1

    b.    The clerk shall randomly draw from the master jury wheel a designated number of persons to be summoned for petit jury service.

    c.    When ordered by a judicial officer, the clerk shall geographically limit the selection of prospective jurors to a specific county or counties within a jury division or jury divisions.

    d.    Names of prospective jurors shall be kept confidential and shall not be disclosed to the public or media, except pursuant to this plan or pursuant to 28 U.S.C. §§ 1867 or 1868.

    e.    The term of petit jury service shall ordinarily be one month or as otherwise directed by the court, but may be extended to accommodate a trial that extends beyond the end of the term.

## 12. Summoning Grand Jurors

    a.    Pursuant to 28 U.S.C. § 1878, the court uses a one-step procedure to summon and qualify grand jurors.

    b.    The clerk shall randomly draw from the master jury wheel a designated number of persons to be summoned for grand jury service. Grand juries drawn from one division, a combination of divisions or all divisions may indict for any offense in any division of the district.

    c.    The clerk shall prepare a separate list of names of persons assigned to each grand jury. The names of grand jurors shall remain confidential unless otherwise ordered by the court.

    d.    Pursuant to Federal Rule of Criminal Procedure 6(g), the term of grand jury service shall be no more than eighteen (18) months. An extension may be granted when the court determines it is in the public interest. An extension may be granted for no more than six (6) months or as otherwise provided by statute.

    e.    As required by 18 U.S.C. § 3331, a special grand jury will be periodically convened, to serve a term of 18 months following the same term of service described in paragraph (d).

## 13. Unanticipated Shortage of Jurors

Pursuant to 28 U.S.C. § 1866(f) when there is an unanticipated shortage of available petit jurors drawn from the master jury wheel, the chief judge may require the United States Marshal to summon a sufficient number of petit jurors. Jurors shall be selected at random from the source list as specified in the Jury Plan in a manner ordered by the court consistent with 28 U.S.C. §§ 1861 and 1862.

## JUROR QUALIFICATION, DISQUALIFICATION, EXEMPTION AND EXCUSES

### 14. Juror Qualification Form

The juror qualification form prescribed by the Administrative Office of the United

EXHIBIT 1

States Courts and approved by the Judicial Conference of the United States shall be used.

### 15. Completion of Juror Questionnaire

    a.    The clerk, or an approved designated mailing service, shall mail to each prospective juror whose name is drawn a juror summons and instructions for completing a jury qualification questionnaire.

    b.    The questionnaire, duly signed and sworn, shall be returned to the clerk by mail or by electronic format within ten days.

    c.    A person who is unable to fill out the questionnaire shall ask for another person's assistance. That person shall indicate that he or she has provided assistance and explain why it was necessary.

    d.    If a substantive omission, ambiguity, or error appears in a completed questionnaire, the clerk shall return the questionnaire with instructions to the person to make the required additions or corrections and return the questionnaire within ten days.

    e.    The clerk may summon any person who fails to return a completed juror qualification questionnaire, as instructed, to appear before the clerk to complete the questionnaire.

### 16. Determination of Qualification, Disqualification and Exemption

The clerk, under the supervision of the chief judge, shall determine qualification, disqualification, exemptions and excuses. The determination shall be based on the information provided on the juror qualification questionnaire and other competent evidence. The clerk shall enter the determination of disqualification, exemption or excuse in the appropriate court records.

    a.  **Disqualification**

Pursuant to the provisions of 28 U.S.C. § 1865(b), a person shall be qualified to serve on grand and petit juries in the district court unless he or she:

    1.    is not a citizen of the United States;

    2.    is not yet eighteen years old;

    3.    has not resided within the district for a period of one year;

    4.    is unable to read, write, and understand the English language with a degree of proficiency sufficient to satisfactorily fill out the juror qualification form;

    5.    is unable to speak the English language;

    6.    is incapable, by reason of mental or physical infirmity, to render satisfactory jury service; or

    7.    has a criminal charge pending against him or her for the commission of, or has been convicted in a state or federal court of, a crime punishable by imprisonment for more than one year and his or her civil rights have not been

EXHIBIT 1

restored. The restoration of civil rights will be based upon the law of the jurisdiction in which the conviction occurred. The prospective juror must provide written documentation of civil rights restoration.

b. **Exemption**

The court finds that jury service would not entail an undue hardship or extreme inconvenience to the members of any group of persons or occupational classes, except those exempted by statute, as set forth in this plan.

Pursuant to the provisions of 28 U.S.C. § 1863(b)(6), the following persons are exempt from jury service:

1. members employed on a full-time basis in active service in the Armed Forces of the United States;

2. members employed on a full-time basis of the fire and police departments of any state, the District of Columbia, any territory or possession of the United States, or an subdivision of a state, the District of Columbia, or such territory or possession; and

3. public officers employed on a full-time basis in the executive, legislative, or judicial branches of the government of the United States, or any state, the District of Columbia, or such territory or possession, who are actively engaged in the performance of official duties. As defined in 28 U.S.C. § 1869(I), a "public officer shall be defined as a person who is either elected to public office or who is directly appointed by a person elected to public office."

## 17. Excused From Jury Service On Individual Request

All matters of discretion to excuse from jury service are reserved for determination by the clerk subject to the supervision of the chief judge.

Pursuant to 28 U.S.C. § 1863(b)(5), the court finds that jury service by the following occupational classes or groups of persons would entail undue hardship or extreme inconvenience to the members thereof. Excusing such members is not inconsistent with the Jury Selection and Service Act and shall be granted upon individual written request of the following:

a. a person who has served as a grand or petit juror in any court, within the last two years;

b. a person over 70 years of age;

c. a person who is essential to the care of a child or children under ten years of age wherein undue hardship exists;

d. a person who is essential to the care of an aged or infirm person wherein undue hardship exists;

e. a person who resides outside the jury division from which he or she was summoned; or

    f.    volunteer safety personnel serving a public agency, in an official capacity without compensation, such as a firefighter or member of a rescue squad or ambulance crew,

    g.    a person employed as a federal law enforcement officer with arresting authority.

### 18. Temporarily Excused from Jury Service

Pursuant to 28 U.S.C. § 1866(c), the clerk is authorized to grant temporary excuses to prospective jurors on the grounds of undue hardship or extreme inconvenience. The names of individuals temporarily excused may be reinserted into the master wheel for possible resummoning or to be automatically resummoned.

### 19. Impaneling Jurors

When directed to do so, summoned jurors shall report to the designated jury assembly room of the jury division. Persons reporting that have not completed a juror questionnaire, if determined to be qualified, may be included in the jury panel for jury selection.

## PENALTIES ASSOCIATED WITH JURY SERVICE VIOLATIONS

### 20. Penalty For Failure To Respond Or Appear for Jury Service

Any person summoned for jury service failing to respond or appear as directed, or willfully misrepresents a material fact for the purpose of evasion of jury service, may be ordered by the court to appear and show cause for failure to comply with the summons. Any person failing to show good cause for non-compliance with a summons may be fined, imprisoned, ordered to perform community service, or any combination thereof, as provided by law. The names of individuals who do not respond to the summons or fail to appear as directed may be reinserted into the master wheel for possible resummoning or to be automatically resummoned.

### 21. Penalty for Employers Who Retaliate Against Employee

No employer shall discharge, threaten to discharge, intimidate, or coerce any permanent employee by reason of such employee's jury service, or the attendance or scheduled attendance in connection with such service. Any employer who violates the provisions of this section:

    a.    shall be liable for damages;

    b.    may be enjoined from further violations;

    c.    shall be subject to a civil penalty as provided by law for each violation as to each employee;

    d.    may be ordered to perform community service, as provided by law;

    e.    may be ordered to reinstate the employee to his position and restore benefits;

    f.    may be subject to attorney fees and expenses incurred by a prevailing

employee in an action brought pursuant to 28 U.S.C. § 1875.

Complaints of intimidation or retaliation by an employer against a juror shall be referred to the presiding judge for petit jurors or the supervising judge of the relevant grand jury panel for grand jurors. Upon finding probable merit in such claim, counsel may be appointed to the juror pursuant to 28 U.S.C. § 1875(d)(1).

**JURY COSTS, FEES, AND EXPENSES**

### 22. Jury Costs Assessment

As governed by the court's local rules, jury costs may be assessed against any of the parties and/or counsel when any civil action is settled in a manner that prevents the clerk from halting a jury impanelment.

### 23. Fees and Expenses

Payment of expenses as to jury service shall be governed by guidelines and regulations promulgated by the Administrative Office of the United States Courts.

**MAINTENANCE, INSPECTION, AND DISCLOSURE OF JUROR RECORDS**

### 24. Maintenance

a. The contents of records or papers used by the Clerk in the process of filling the Master Jury Wheel or in connection with the jury selection process shall not be disclosed, except pursuant to a motion under 28 U.S.C. § 1867 challenging the Court's compliance with selection procedures, pursuant to this Plan, or upon order of the Court.

b. Except when the Court orders a longer retention period, all jury records and papers may be disposed of four years after the master jury wheel has been refilled and all persons selected have completed jury service in accordance with 28 U.S.C. § 1868. These records are not to be transferred to the Federal Records Center.

c. Jury records and papers shall be preserved electronically when practicable. The Clerk shall implement and maintain a quality control process for documents stored electronically and electronically preserved documents shall be routinely backed up.

### 25. Inspection and Disclosure

a. The names and personal information concerning petit and grand jurors shall not be disclosed to attorneys, parties, the public, or the media, except as provided herein.

b. Prior to impanelment of a petit jury, the parties, their lawyers, and any person employed by or working with those lawyers, shall ordinarily have access to the list of those jurors summoned to appear and to any supplemental juror questionnaires

issued by the Court for that purpose. Prior to impanelment of a grand jury, the lawyers and staff representing the government shall ordinarily have access to the list of jurors summoned to appear. The information made available to these individuals shall not be shared except as necessary for jury selection. If the interests of justice so require, the Court may order that the names of jurors remain confidential.

    c. After a petit jury has been discharged at the conclusion of any trial, the names and addresses of the jurors may be released to the public only upon leave of the Court. In accordance with Judicial Conference guidance, the Court has determined that the names of all jurors and potential jurors will not be disclosed in the public docket or in transcripts filed with the Court absent an order of the Court. Transcripts or any other trial document containing jurors' names will be filed in redacted form in the public docket. All requests for release of juror names must be made in writing to the presiding trial judge.

This Revised Jury Plan shall become effective upon approval by the Reviewing Panel of the Judicial Council of the Tenth Circuit Court of Appeals, or at such time thereafter as the Panel shall direct.

DATED at Denver, Colorado this 7th day of December, 2016.

BY THE COURT:

*Marcia A. Krieger*

Marcia S. Krieger
Chief United States District Judge

# MINUTES OF THE JUDICIAL COUNCIL

# OF THE TENTH CIRCUIT

January 30, 2017

On January 27, 2017, the Judicial Council approved the new jury plan for the District of Colorado, as submitted by Jeffrey P. Colwell, Clerk of Court on December 14, 2016. The new plan shall be effective on a date of the district court's choosing. Pursuant to the *Guide to Judiciary Policy* a copy of the final published plan should be sent to the Administrative Office and the Attorney General of the United States. *See* Vol. 4, Ch. 3, § 320.30.40.

The Judicial Council

By: *Leslee Fe* [signature]

Leslee Fathallah
Deputy Circuit Executive
for David Tighe
Circuit Executive and Secretary to the
Judicial Council of the Tenth Circuit

**EXHIBIT 1**