**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-00045-CMA-KLM

STEPHANIE LOPEZ, individually,

    Plaintiff,

v.

CARL EDWARDS, individually, and
CASPER TRAILER SALES, INC., a Colorado Corporation,

    Defendants.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY**

Defendants respectfully submit this Reply in Support of their Motion to Exclude the Expert Handwriting Testimony of Wendy Carlson ("Motion"), as follows:

## I. ARGUMENT

Plaintiff, as the proponent of Ms. Carlson's testimony, has not met her burden to show that it is reliable and relevant under Rule 702. *See U.S. v. Nacchio*, 555 F.3d 1234, 1244 (10th Cir. 2009) ("It is well established that… the proponent of … expert testimony… bore the burden of establishing its admissibility pursuant to FRE 702."). Plaintiff fails to present her own evidence in support of the ACE method using the *Daubert* framework. Plaintiff instead argues that other courts have accepted this method, mistaking judicial acceptance for acceptance in the relevant scientific or technical field. This Court is bound to exercise its gatekeeper role to determine the admissibility of Ms. Carlson's expert testimony in this case, based on evidence properly before it.

Plaintiff also mischaracterizes and fails to address Defendants' key points: that the ACE method is unreliable; that Ms. Carlson failed to follow her own stated standards for applying the method (as viewed by comparison to her report in *Crew Tile*); and that Ms. Carlson's opinions will improperly influence the jury's credibility determinations. Contrary to Plaintiff's assertions, Defendants do not argue that Ms. Carlson's testimony is inadmissible because she does not use the "V step" of the ACE-V method or because no independent study has verified the ACE method (though both are true). Nor do they argue that this Court should adopt the Solomonic approach taken by others, given that Ms. Carlson's method and its application do not satisfy Rule 702.

***A. Plaintiff has failed to meet her burden to show that the ACE method is reliable.***

Rather than presenting her own evidence in support of the ACE method under a *Daubert* framework, Plaintiff relies exclusively on cases from within the Tenth Circuit, which she says "found that the ACE and ACE-V methodologies are sufficiently reliable under Rule 702 and *Daubert*." Resp. at 6-7. However, these opinions are not binding on this Court, nor are they persuasive. In addition, Plaintiff ignores the most relevant case addressing this issue: *Almeciga v. Center for Investigative Reporting, Inc.*, 185 F.Supp.3d 401 (S.D.N.Y. 2016). Moreover, Plaintiff mischaracterizes and fails to rebut Defendants' arguments regarding the reliability *vel non* of the ACE method.

> **1. Plaintiff's cited opinions are not binding on this Court's case-specific review of the ACE method in handwriting analysis.**

Every court has an obligation to decide whether, on the record before it, expert testimony is admissible. *See Nacchio*, 555 F.3d at 1258 (stating that "the question before the trial court [i]s specific, not general," that "the court had an obligation to assess the

methodology that [the expert] had employed in the case at hand," and that the proponent "could not assume that his expert's testimony would be admitted because other courts had allowed it in; he had to carry his burden of demonstrating the admissibility of [the expert's] testimony in that particular case."); *see also Hollander v. Sandoz Pharmaceuticals Corp.*, 289 F.3d 1193, 1206 (10th Cir. 2002) ("[D]ifferent courts relying on the essentially the same science may reach different results."); *U.S. v. Baines*, 573 F.3d 979, 989 (10th Cir. 2009) ("Our task is not to determine the admissibility or inadmissibility of fingerprint analysis for all cases but merely to decide whether, on this record, the district judge in this case made a permissible choice in exercising her discretion to admit the expert testimony."); *U.S. v. Jones*, 107 F.3d 1147, 1159 (6th Cir. 1997) (stating that while handwriting analysis is a field of expertise under the federal rules of evidence, that doesn't guarantee the reliability or admissibility of this type of testimony in a particular case). This factual inquiry must be satisfied by sufficient, competent evidence. *U.S. v. Crabbe*, 556 F. Supp. 2d 1217, 1221 (D. Colo. 2008).

On the basis of this background, the cases Plaintiff cited (Resp. at 6) do not satisfy her burden. First, the Tenth Circuit cases apply a deferential standard of review and as such their precedential value is limited. *See U.S. v. Avitia-Guillen*, 680 F.3d 1253, 1260 (10th Cir. 2012) (plain error review); *U.S. v. Baines*, 573 F.3d at 985 (abuse of discretion review). In addition, as Plaintiff acknowledged, a majority of the cases she cites pertain to *fingerprint analysis*, which has no bearing on this Court's independent determination regarding the admissibility of the ACE method as used in handwriting analysis. For instance, in *Baines, supra*, the Court assessed the *Daubert* factors specific to fingerprint

analysis and found that fingerprint analysis has been subject to testing in the world of criminal investigation, court proceedings, and other practical applications; error rates for FBI fingerprint analysts, while not established conclusively, appeared low; and fingerprint analysis is generally accepted by law enforcement officials nationwide and internationally. 73 F.3d at 989-92; *see also Avitia-Guillen*, *supra*; *U.S. v. Casaus*, No. 14-cr-00136-CMA-09, 2017 U.S. Dist. LEXIS 212945, at *1 (D. Colo. Dec. 29, 2017) (following *Baines*, *Avitia-Guillen*, and other cases admitting fingerprint identification); *U.S. v. Myers*, No. 12-CR-0196-02-CVE, 2012 U.S. Dist. LEXIS 174916, at *14 (N.D. Okla. Dec. 11, 2012) (reviewing *Daubert* factors specific to fingerprint analysis); *U.S. v. Gutierrez-Castro*, 805 F. Supp. 2d 1218, 1231 (D.N.M. 2011) (same). This evidence does not translate to handwriting analysis using the ACE method.

Only two of Plaintiff's cited cases pertain to <u>handwriting analysis</u> using the ACE or ACE-V method: *Crew Tile* and *Legacy Vision*. Contrary to Plaintiff's claim, Judge Martinez in *Crew Tile* did <u>not</u> conclude that the ACE method constituted a reliable method, and in fact Judge Martinez specifically noted that the issue was not raised. *Crew Tile Distribution, Inc. v. Porcelanosa Los Angeles, Inc.*, No. 13-CV-3206-WJM-KMT, 2016 WL 8608447, at *9 (D. Colo. Sept. 12, 2016). In analyzing the *Almeciga* opinion out of the Southern District of New York, which excluded Ms. Carlson's testimony, Judge Martinez recognized that *Almeciga* was based on the reliability of handwriting analysis as an overall methodology. *Id.* "Critically," Judge Martinez wrote, "this issue is *not* raised here… Plaintiff does not argue that handwriting analysis does not rest on 'reliable principles and methods' as a general matter." *Id.* Instead, plaintiffs in *Crew Tile* argued that the <u>application</u> of Ms.

4

Carlson's stated methodology was flawed. *Id.* at 3-6. Thus, Judge Martinez's opinion in *Crew Tile* cannot be persuasive authority for the reliability of the ACE method as a whole.[1]

In addition, *Legacy Vision* does not have the persuasive effect that Plaintiff urges. It is true that the Court in that case reviewed the admissibility of handwriting analysis using the ACE-V method under the five *Daubert* factors and found it admissible. However, the *Legacy Vision* Court acknowledged that handwriting comparison testimony should not be admitted by one court strictly because it has a history of acceptance in other courts. *Legacy Vision, LLC v. Yeamans*, No. CIV-04-1320-M, 2005 WL 6227149, at *3 (W.D. Okla. June 6, 2005). In fact, the Court's *Daubert* review in that case illuminates the difference between the proponent's presentation of evidence to satisfy the *Daubert* factors there, and the lack of evidence presented by Plaintiff in this case.[2] Furthermore, the *Legacy Vision* Court ultimately was not convinced that "questioned document examiners can capably and reliably conclude that one person or another *in fact* authored a particular handwriting specimen." *Id.* at *8. In short, the *Daubert* analysis conducted in *Legacy Vision* has limited applicability. Based on the record before it, this Court is well within its discretion to reach a different result.

Moreover, Plaintiff does not address the opinion with the most persuasive authority on the question of whether Ms. Carlson's ACE method is reliable: *Almeciga,* 185 F.Supp.3d at 413-27. The Court in *Almeciga* rejected Ms. Carlson's testimony on the grounds that it did not meet the standard of reliability under *Daubert* or *Kumho Tire. Id.*

---

[1] This case, including Judge Martinez's decision to admit Ms. Carlson's testimony, is currently on appeal.
[2] The *Legacy Vision* Court issued its opinion after conducting an evidentiary hearing at the request of the defendant who had moved to exclude the testimony. Neither party has requested a hearing in this case and Plaintiff agrees that "an evidentiary hearing is not necessary to resolve Defendant's Motion." Resp. at 3.

The Court found Ms. Carlson's ACE method unreliable, concluding as follows:

> [N]o studies have evaluated the reliability or relevance of the specific techniques, methods, and markers used by forensic document examiners to determine authorship. …
>
> [T]o the extent the field has been subject to any "peer" review and publication, the review has not been sufficiently robust or objective to lend credence to the proposition that handwriting comparison is a scientific discipline. …
>
> [T]he known error rates, as they apply to the task at hand, cut against admission. …
>
> [T]he field of handwriting comparison appears to be "entirely lacking in controlling standards." …
>
> [There] is far from general acceptance.

*Id.* at 420-23. The Court then went an additional step to consider whether, as technical or other specialized knowledge, Ms. Carlson's testimony might be admissible under the more flexible approach of *Kumho Tire*, and found that there were additional reasons why it was problematic, including Ms. Carlson's failure to apply the "V" step. *Id.* at 424-27.

In sum, Defendants respectfully urge the Court to conduct its own inquiry into the reliability of the ACE method of handwriting analysis based on the evidence before it. Nevertheless, to the extent that this Court looks to other opinions for guidance on this issue, *Almeciga* is the most persuasive because it considers Ms. Carlson's specific testimony in support of her use of the ACE method, and it contains a thorough review of the ACE method for handwriting analysis under the five *Daubert* factors.

### 2. Plaintiff mischaracterizes and fails to contradict Defendants' arguments regarding the reliability of the ACE method.

Contrary to Plaintiff's assertion, Defendants did not press the argument rejected

6

by Judge Martinez in *Crew Tile* that Ms. Carlson's testimony should be excluded because she omitted the Verification step of the ACE-V method. *Cf.* Mot. at 13 n. 7 (noting that this was among a long list of issues with application of the methodology, albeit not the most critical, that must be addressed by thorough cross-examination). Rather, Defendants asserted that the ACE method as a whole is not reliable under *Daubert* and Rule 702. Mot. at 5-9. As discussed above, Judge Martinez specifically did not address this issue because, "critically," it was not raised. For the reasons also addressed above, the Tenth Circuit opinion in *Baines* and other opinions cited by Plaintiff holding that the method is reliable despite absence of the "verification step" are not binding on this Court's case-specific review the ACE method in handwriting analysis. *Cf. U.S. v. Crisp* 324 F.3d 261, 269 (4th Cir. 2003) (reviewing <u>fingerprint analysis</u>); *U.S. v. Allen*, 208 F. Supp. 2d 984, 987 (N.D. Ind. 2002) (reviewing <u>impression evidence</u> of a shoeprint comparison); *Lucas v. Shively*, 31 F. Supp. 3d 800, 818 (W.D. Va. 2014) (reviewing <u>fingerprint analysis</u>).

Next, Defendants did not argue that ACE is unreliable <u>because</u> no study has supported it. To the contrary, Defendants were rebutting Ms. Carlson's affirmative assertion that the studies she cited in her Report render the ACE method reliable. Nevertheless, the evidence presented in Plaintiff's Response is not sufficient to establish that the ACE method can be and has been tested, as required by *Daubert*. As noted above, *Baines* is not sufficient evidence because it refers specifically to whether <u>fingerprint analysis</u> has been subject to testing in the world of criminal investigation, court proceedings, and other practical applications. And for the reasons also stated above, the Court's holding in *Legacy Vision* should not overshadow the relevant and thorough

analysis by the *Almeciga* Court, which found that "[N]o studies have evaluated the reliability or relevance of the specific techniques, methods, and markers used by forensic document examiners to determine authorship." 185 F.Supp.3d at 419.

### B. Plaintiff has failed to meet her burden to show that Ms. Carlson reliably applied her ACE method in this case.

In response to Defendants' assertion that Ms. Carlson failed to comply with accepted document examiner standards as well as her own standards as she described them in her Report for the Porcelanosa defendants in *Crew Tile*, Mot. at 11-13, Plaintiff asserts that Ms. Carlson was not required to follow published ASTM standards. Resp. at 11-12. In addition, Plaintiff argues that—even if Ms. Carlson was required to follow the ASTM standards—she was not required to identify any dissimilarities in her Report. *Id.* at 12. Plaintiff's Response, however, fails to address Defendants' key argument that Ms. Carlson does not follow <u>her own</u> stated version of the ACE method, which relies on published standards and identifying dissimilarities.

Plaintiff ignores that Ms. Carlson herself stressed the importance of published standards and identifying dissimilar characteristics in her Report. Ms. Carlson's own Report in this case states that her methodology was approved by the Court in *U.S. v. Pettus*. Mot. at 6. That Court found that the ACE-V method was reliable because the examiners went "beyond the four sequential steps … [and] showed that at each of the four ACE-V steps document examiners descended to the specific by using multiple standard (and published) handwriting characteristics to reach conclusions of or against identification." *Id.* (citing *Pettus*). Moreover, Ms. Carlson relies on reference to ASTM and SWGDOG to describe her ACE method. *Id.* at 4, 11.

In addition, Plaintiff fails altogether to address Defendants' argument that Ms. Carlson does not follow her *own* version of the ACE method. Mot. at 12-13. This includes identifying any dissimilarities between the known and questioned signatures, which are the key indications of a forgery, according to Ms. Carlson's Porcelanosa report. This fact-specific comparison between Ms. Carlson's stated methodology in a recent case and her application of that methodology in this case was not made by the Crew Tile plaintiffs nor addressed by Judge Martinez. *Cf.* 2016 WL 8608447, at *5.

Plaintiff cannot escape this error simply by saying that Ms. Carlson had no obligation to include a list of observed dissimilarities in her Report. Based on her own stated methodology in *Crew Tile*, Ms. Carlson cannot render a reliable conclusion *without* noting dissimilarities. Thus, she must disclose this in her Report, since whether or not there are dissimilarities constitutes a basis and reason for her opinion on authorship. *See* F.R.C.P. 26(a)(2) (requiring disclosure in the form of a report of "all opinions the witness will express *and the basis and reasons for them*") (emphasis added).

As pointed out in Defendants' Motion, this very issue formed the basis for the Court's exclusion of an expert handwriting opinion in *U.S. v. McDaniels.* Mot. at 13. As the Court stated in that case, the expert did not follow the ACE-V methodology because she failed "to provide evidence that she comprehensively compared the characteristics shared and not shared between each set of known and questioned documents." *U.S. v. McDaniels*, No. CRIM.A. 12-393-01, 2014 WL 2609693, at *5 (E.D. Pa. June 11, 2014). In particular, the Court found it problematic that the expert's "five-page report also fails to include a more comprehensive description of the specific characteristics that matched,

and the specific dissimilarities, if any, present in each side-by-side comparison." *Id*.

Finally, Defendants' retention of a rebuttal expert is irrelevant to this issue. Defendants do not have a burden to <u>*demonstrate*</u> through their rebuttal expert how Ms. Carlson should have applied her own method. In fact, according to Defendants' rebuttal expert, other significant problems with Ms. Carlson's application of her methodology would make it difficult if not impossible to render a reliable opinion in this case.[3]

### C. Plaintiff has failed to meet her burden to show that Ms. Carlson's testimony will help the trier of fact.

Plaintiff has not demonstrated that Ms. Carlson's testimony would help the trier of fact resolve any factual dispute; instead it is more likely to improperly influence the jury's credibility determinations. As Defendants argued in their Motion, Ms. Carlson's testimony will have only an *indirect* benefit, at best, to the jury's understanding of whether Plaintiff was an employee of Mr. Edwards' company. Mot. at 14. Plaintiff does not address the potential prejudice Defendants face due to the jury affording Ms. Carlson's opinions weight as presented under the imprimatur of expertise. Plaintiff instead relies only on the relatively "low" standard of relevance and incorrectly states that "all relevant evidence is admissible." Resp. at 14. Relevant evidence is <u>*not*</u> admissible if a federal rule of evidence, including Rule 702 or 403, provides otherwise. F.R.E. 402.

Plaintiff either misunderstands or mischaracterizes Defendants argument when she pivots to the issue of "ultimate opinion of authorship." Resp. at 15-16. Defendants did

---

[3] *See generally*, Def. Ex. I [ECF 80-9]. In her Response, Plaintiff falsely notes that the only basis for Ms. Joseph's opinion that Plaintiff could not be ruled out as having written one of the questioned signatures "was the fact that Defendants' counsel represented to Ms. Joseph that the questioned signatures were written by Plaintiff." Resp. at 2. This is an incorrect reading of Ms. Joseph's report. Defendants' counsel represented to Ms. Joseph that Plaintiff wrote the *printed text* of the notes above the signatures.

not advocate for the Solomonic approach taken by other Courts, including *Legacy Vision*. *See* Mot. at 9-11. In sum, Ms. Carlson's opinions are so lacking in reliable methodology and application that exclusion in their entirety is justified.

## II. CONCLUSION

For the foregoing reasons, and those stated in Defendants' original Motion, Defendants respectfully request that the Court grant Defendants' Motion and exclude all opinion testimony of Plaintiff's handwriting expert Ms. Carlson.

Respectfully submitted this July 26, 2018.

                                                GODFREY | JOHNSON, P.C.

                                                */s/Lily E. Nierenberg*
                                                Lily E. Nierenberg
                                                Colorado Bar No. 45451
                                                9557 S. Kingston Court
                                                Englewood, Colorado 80112
                                                Phone: (303) 228-0700
                                                Fax: (303) 228-0701
                                                Email: nierenberg@gojolaw.com

                                                *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 26, 2018, a true and correct copy of the foregoing Defendants' Reply in Support of Motion to Exclude the Expert Handwriting Testimony of Wendy Carlson was filed and served via ECF/PACER on all parties of record, as follows:

Donna Dell'Olio
Julie Yeagle
Cornish & Dell'Olio
431 N. Cascade Avenue, Suite 1
Colorado Springs, CO 80903
*Attorneys for Plaintiff*

>*/s/Lily E. Nierenberg*
>Lily E. Nierenberg