**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:17-cv-00045-CMA-KLM

STEPHANIE LOPEZ, individually,

    Plaintiff,

v.

CARL EDWARDS, individually, and
CASPER TRAILER SALES, INC., a Colorado Corporation,

    Defendants.

---

### DEFENDANTS' MOTION *IN LIMINE*

---

Defendants Carl Edwards and Casper Trailer Sales, Inc., by and through their attorneys GODFREY | JOHNSON, P.C., hereby submit the following Motion *in Limine* seeking to exclude certain categories of evidence during the trial of this matter:

**Certificate of Conferral pursuant to D.C.Colo.LCivR Rule 7.1(A):** The parties' counsel conferred by email on August 7, 2018, and by phone on August 9, 2018, regarding this motion. Except where noted below, Plaintiff opposes this motion.

## I. BACKGROUND

The factual basis of this case was set forth in Defendants' Motion for Partial Summary Judgment. (ECF no. 65 at 3-6.) Defendant Edwards owns a company, Casper Trailer Sales, Inc., which employed Plaintiff from May 2015 to March 2016. Plaintiff also claims she worked uncompensated hours prior to, during, and after that period. Plaintiff claims that she worked these uncompensated hours in exchange for a house that

Defendant Edwards owned. Carl Edwards denies making such an agreement. Plaintiff claims as time worked all time she spent doing anything of value for Carl Edwards personally, as well as alleged off-the-clock work for Casper Trailer Sales, Inc.

## II. ARGUMENT

Plaintiff intends to introduce oral testimony and records at trial to establish the existence of her alleged contract for Carl Edwards' house, as well as the existence of an alleged employment relationship with Carl Edwards as opposed to Casper Trailer Sales, Inc. This information should be excluded because it is irrelevant as a matter of law and would serve only to confuse the issues before the jury. Next, Plaintiff has listed several exhibits that constitute inadmissible hearsay, in addition to being irrelevant and prejudicial. In addition, Plaintiff has listed witnesses without personal knowledge of the duration and scope of her employment with Casper Trailer Sales, Inc., at least one of whom may also improperly testify to Carl Edwards' character.

A. ***Evidence of or related to any work or favors Plaintiff performed for Carl Edwards in his individual capacity or as owner of his property holding company***

Plaintiff intends to introduce evidence of her work for Carl Edwards personally in order to support her claim under the FLSA. *See, e.g.,* **Ex. A** at 2-3. However, any favors or work Plaintiff performed for Carl Edwards that is apart from work she performed for Casper Trailer Sales, Inc. is not compensable under the FLSA and thus this evidence is not relevant and would be unduly prejudicial. *See* Fed. R. Evid. 401, 402, 403.

To recover on her FLSA claims, Plaintiff must prove she performed uncompensated work for Casper Trailer Sales, Inc. not Carl Edwards. The FLSA provides that every employer shall pay minimum wage and overtime "to each of his employees

who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a).  Plaintiff does not claim that she individually was engaged in commerce or in the production of goods for commerce. Instead, she claims she was employed in an enterprise engaged in commerce or in the production of goods for commerce because Casper Trailer Sales, Inc. meets that definition (which Defendants do not dispute). Therefore, only Plaintiff's work as an employee of Casper Trailer Sales, Inc. is covered by the FLSA.[1]

Evidence of favors or work that Plaintiff performed for Carl Edwards personally and unrelated to Casper Trailer Sales, Inc. is therefore irrelevant because it does not make any fact of consequence more or less probable. *See* Fed. R. Evid. 401. *Accord U.S. v. Lawless*, 153 F.3d 729 (10th Cir. 1998) (evidentiary ruling in the nature of a decision as a matter of law can be finally decided in a pretrial hearing). Presentation of this evidence by Plaintiff would lead to both confusion of the issues and unfair prejudice to Defendants, would be misleading, and would waste time and unduly delay the trial by presenting the need for the Defendants and the Court to explain to the jury that the work or favors performed for Carl Edwards in his individual capacity, and not for the benefit of Casper Trailer Sales Inc., are not compensable under the FLSA. *See id.* 403. This evidence includes oral testimony or records related to (a) maintenance of the farmhouse at 1208

---

[1] Carl Edwards is a proper defendant because he qualifies as an "employer" under the FLSA, which in turn is because he acts in the interest of an employer, Casper Trailer Sales, Inc. 29 U.S.C. § 203(d). However, this does not make Plaintiff's work for Carl Edwards compensable under the FLSA's minimum wage and overtime provisions.

Elko Street; (b) other property maintenance including mending fences, mowing, picking up debris; (c) any security or yard sales related to the storage facility or any other lot; (d) and any other errands or chores not performed on the premises of Casper Trailer Sales, Inc. or for the benefit of Casper Trailer Sales, Inc.[2]

B. *Evidence of or related to Plaintiff's alleged contract to receive a house*

In addition, Plaintiff intends to introduce evidence of her alleged contract with Carl Edwards to perform work or favors in exchange for the transfer of ownership of the farmhouse at 1208 Elko Street (which Carl Edwards denies). *See, e.g.,* **Ex. B**. Evidence of this alleged contract is irrelevant as a matter of law and unduly prejudicial because (a) it is unenforceable under the statute of frauds and Plaintiff in any case has not brought any contract claims and (b) it relates to work performed by Plaintiff for Carl Edwards, not Casper Trailer Sales, Inc. *See* Fed. R. Evid. 401, 402, 403.

Plaintiff is not seeking to enforce this contract through the lawsuit as she did not bring a contract claim or unjust enrichment claim. Any such claim would be plainly unenforceable under the statute of frauds. C.R.S. § 38-10-108. Instead, Plaintiff is attempting to convert an unenforceable contract for the sale of real estate into a claim for unpaid wage and hours. Even if this could be done, it demonstrates that Plaintiff was not acting as an employee of Casper Trailer Sales, Inc.

---

[2] This Court's Order on summary judgment does not compel a different result. In that Order, the Court determined that there was a dispute of fact as to whether Plaintiff was an employee of Casper Trailer Sales, Inc., not Carl Edwards. (ECF no. 79 at 9) ("This Court finds that there is undoubtedly a genuine dispute regarding whether Plaintiff was employed by Casper prior to the receipt of Plaintiff's first cash payment for wages").

Plaintiff has stated that the reason she allegedly performed unpaid work for Carl Edwards was to obtain a house from him. *See generally* Mot. Summ. J. (ECF no. 65) at 13-15. She did not expect any remuneration from Casper Trailer Sales, Inc. *Id.* Carl Edwards owns 1208 Elko Street through his property holding company, SJE Holdings, Inc. *Id.* at 5. The house has no factual or business relationship to Casper Trailer Sales, Inc. aside from they are both managed by Mr. Edwards. Thus, this evidence does not tend to prove or disprove Plaintiff's FLSA claims and should be excluded.

C. ***Evidence of or related to the disputed handwritten notes or other employment verification for Pueblo Social Services***

Plaintiff also intends to introduce four or five notes that she provided to Pueblo Social Services to obtain food stamps between 2012 and 2014. **Ex. C**. These notes appear to contain Carl Edwards' signature, but he denies signing them. Most of these notes indicate in Plaintiff's own handwriting that she was doing work (if at all) for Carl Edwards in his personal capacity and thus are not relevant for the reasons mentioned above and would encourage confusion of the issues. *See* Fed. R. Evid. 401, 402, 403.

These notes are also hearsay and should not be admitted without the proper foundation. This Court in its Order on summary judgment said that the notes appear to be non-hearsay under Fed. R. Evid. 801(d)(2). (ECF no. 79 at 9.) However, before such a determination can be made, the party seeking to introduce the evidence must verify the signatures are truly those of Carl Edwards. *See United States v. McIntyre*, 997 F.2d 687, 705 (10th Cir. 1993), *as amended on denial of reh'g* (Aug. 18, 1993) ("Because the government never verified the signatures on the application, the document was improperly admitted as the admission of a party opponent."); *United States v.*

5

*Markopoulos*, 848 F.2d 1036, 1039 (10th Cir. 1988) ("The government's contention that the rental documents were admissions by a party-opponent is also without merit, since the government never verified the signatures on either document.").

In this case, due to the dispute over the genuineness of the signatures, the Court should apply the standard from the co-conspirator context under Fed. R. Evid. 801(d)(2) and require independent, corroborating evidence of genuineness of the signature prior to ruling on the notes' admission. *See, e.g., United States v. Clark*, 18 F.3d 1337, 1341–42 (6th Cir. 1994) ("[A]ll circuits addressing the issue have explicitly held absent some independent, corroborating evidence of defendant's knowledge of and participation in the conspiracy, the out-of-court statements remain inadmissible.").

D. ***Evidence of or related to Plaintiff's Department of Revenue Complaint and statutory demand for wages written in anticipation of litigation***

Plaintiff has listed as exhibits a Complaint she made to the Department of Revenue in 2016 and a demand for wages made pursuant to C.R.S. § 8-4-109. **Exs. D, E**. Defendants do not dispute the fact of the demand or that Carl Edwards did not tender any wages in response to it; thus, the demand letter is cumulative. *See* Fed. R. Evid. 403.

Moreover, the statements contained within the Complaint and the demand letter constitute inadmissible hearsay. *See* Fed. R. Evid. 802. To the extent that Plaintiff will claim the Department of Revenue Complaint constitutes non-hearsay under Rule 801(d)(1)(B) because it is offered to rebut an express or implied charge against her of recent fabrication or improper influence or motive, she may do so only after such charge has been lodged and Plaintiff must demonstrate that the statement was made before the supposed motive to falsify her claim arose (which she cannot do as it was written after

6

she terminated her employment relationship with Casper Trailer Sales, Inc.). *See U.S. v. Tapaha*, 891 F.3d 900, 909 (10th Cir. 2018); *see also Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 422 F.Supp.2d 934 (N.D. Ill. 2006) (credibility of tale told on direct examination is not rendered more trustworthy or probable by its earlier repetitions). Plaintiff has agreed that she will only introduce this evidence under Rule 801(d)(1)(B).

Lastly, the Department of Revenue Complaint should be outright excluded on the basis of late disclosure. Plaintiff's counsel provided this document to undersigned counsel at the latter's request for all exhibits on July 24, 2018. Because it was not previously disclosed, Defendants never had an opportunity to question Plaintiff regarding this document in her deposition or through written discovery. Plaintiff has offered no reason for her late disclosure. Therefore, she should not be permitted to rely on this document at trial. *See* Fed. R. Civ. P. 26(a)(1), (e)1, and 37(c).

E. ***Police incident reports***

Plaintiff has listed as an exhibit several police reports. **Ex. F**. However, Plaintiff did not disclose all pages of the reports, so these should be excluded on the basis of the Rule of Completeness as well as general prejudice. Fed. R. Evid. 106, 403. Defendants cannot place the remainder of the reports in evidence because they were never disclosed to them. *Cf. U.S. v. Phillips,* 543 F.3d 1197, 1203 (10th Cir. 2008).

These reports are also irrelevant and contain inadmissible double hearsay. The statements by Plaintiff and others contained in the reports do not meet an exception to the hearsay rule. *Cf.* Fed. R. Evid. 805. The statements within the reports are not public records because they are not factual findings or conclusions of the legal body. *See Leiting*

*v. Mutha*, 58 P.3d 1049, 1053 (Colo. App. 2002) (citing *Parsons v. Honeywell, Inc.*, 929 F.2d 901 (2d Cir.1991); *United States v. De Peri*, 778 F.2d 963 (3d Cir.1985)).

F. ***Testimony from witnesses without personal knowledge of the employment relationship between Plaintiff and Casper Trailer Sales, Inc. and character evidence from witness Arno Gallegos***

Plaintiff has listed as witnesses individuals that have no personal knowledge of her employment relationship with Casper Trailer Sales, Inc. **Ex. G** at 6-7. These witnesses are (a) Antoinette Lenzotti who observed Carl Edwards and Stephanie Lopez in a convenience store, (b) Arno Gallegos who performed electrical work at Stephanie Lopez's house at Carl Edwards' request (c) Justin Melat who was Stephanie Lopez's attorney in a personal injury matter prior to 2014, and (d) Larry Passalacqua, who taught Stephanie Lopez to drive at Carl Edwards' request. *Id.* Undersigned has spoken to each of these witnesses and confirmed that they have no personal knowledge of the hours or dates of Stephanie Lopez's employment with Casper Trailer Sales, Inc. and never observed Plaintiff working for Casper Trailer Sales, Inc. Thus their evidence is irrelevant, would waste time and confuse issues, and is prohibited under Fed. R. Evid. 602 and 701.

Further, Mr. Gallegos, in addition to lacking personal knowledge of any employment relationship between Plaintiff and Casper Trailer Sales, Inc., will likely give testimony on Carl Edwards' character. Fed. R. Evid. 404(b). Mr. Gallegos and Carl Edwards had a business deal related to the electrical work for Ms. Lopez's house that Mr. Gallegos says resulted in him distrusting Carl Edwards. Defendants respectfully request that the Court make a ruling on the admissibility of this evidence prior to when Plaintiff calls Mr. Gallegos or presents him to a jury.

### III. CONCLUSION

WHEREFORE, Defendants respectfully request that the Court grant their Motion *in Limine* and exclude the categories of evidence listed above.

Respectfully submitted this 9th day of August, 2018.

                                                  GODFREY | JOHNSON, P.C.

                                                  */s/Lily E. Nierenberg*
                                                  Lily E. Nierenberg
                                                  Colorado Bar No. 45451
                                                  9557 S. Kingston Court
                                                  Englewood, Colorado 80112
                                                  Phone: (303) 228-0700
                                                  Fax: (303) 228-0701
                                                  Email: nierenberg@gojolaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 9, 2018, a true and correct copy of the foregoing Defendants' Motion *in Limine* was filed and served via ECF/PACER on all parties of record, as follows:

Donna Dell'Olio
Julie Yeagle
Cornish & Dell'Olio
431 N. Cascade Avenue, Suite 1
Colorado Springs, CO 80903

*/s/Lily E. Nierenberg*
Lily E. Nierenberg

10