# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-00045-KLM

**Stephanie Lopez, Individually**,

Plaintiff,

v.

**Carl Edwards, Individually**,

Defendant.

## DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS

Defendant Carl Edwards by and through undersigned attorneys, DLG Law Group LLC, responds to Plaintiff Stephanie Lopez's Second Set of Discovery Requests, as follows:

## GENERAL OBJECTIONS

The following general objections are made as to each and every discovery request and may not be repeated as to any specific request listed below, even though additional objections may be asserted.

A.   Mr. Edwards objects to the Discovery Requests to the extent they seek information or documents that are protected by disclosure by any privilege or immunity, including attorney client privilege, the work product doctrine, or any other privilege, doctrine or immunity available by law.  To the extent the Discovery Requests can be construed to seek privileged or protected documents or information, Mr. Edwards asserts said privilege or protection, objects to the request, and will provide only non-privileged, non-protected documents or information, if any. Any inadvertent disclosure of any privileged information shall not be deemed or construed to constitute a waiver of any privilege or right of Mr. Edwards.

B.   Mr. Edwards objects to the Discovery Requests to the extent they seek to impose duties or burdens on Mr. Edwards that are inconsistent with or in addition to those required by the Federal Rules of Civil Procedure (the "Rules"). To the extent there is any inconsistency between a particular request and the Rules, Mr. Edwards will comply with the Rules.

C.   Mr. Edwards objects to each Discovery Request to the extent that it seeks information that is not relevant to the parties' claims or defenses in the pending action nor proportionate.

1

D.      Mr. Edwards objects to the Discovery Requests to the extent they are vague, ambiguous, overbroad, unreasonably cumulative or duplicative, or to the extent that compliance with such Discovery Request would be unduly burdensome or oppressive.

E.      Mr. Edwards objects to the Discovery Requests to the extent they seek are propounded for an improper purpose such as to harass.

F.      Mr. Edwards objects to the Discovery Requests to the extent they seek information that is a matter of public record and that is obtainable from some other source that is more convenient, less burdensome, or less expensive.

G.      Mr. Edwards objects to the Discovery Requests to the extent they seek materials or information already known to or in Lopez's possession.

H.      Mr. Edwards objects to the Discovery Requests to the extent they seek information or documents not in its possession, custody or control.

I.      By submitting these answers, Mr. Edwards does not in any way adopt Ms. Lopez's purposed definitions of words and phrases as used in Plaintiff's First Set of Discovery Requests. Mr. Edwards objects to such definitions and usage to the extent that they are inconsistent with the ordinary customary meaning of such words and phrases.

J.      No incidental or implied admissions are intended by the responses herein. The fact that Mr. Edwards has answered part or all of any request contained in the Discovery Requests is not intended to be, and shall not be construed as, a waiver by Mr. Edwards of any part of any objection to any Discovery Requests.

## RESPONSES TO REQUESTS FOR PRODUCTION

1.      Please produce rent receipts for all residents of 1208 Elko from January 1, 2012 to present.

**Response: Mr. Edwards adopts and incorporates each and every general objection stated above into this response.**

**Mr. Edwards specifically objects to this request on the grounds that the information it seeks is not relevant to the parties' claims and defenses. Ms. Lopez has asserted claims concerning non-payment of wages under the FLSA, a demand for payment of final wages, and an assault claim. Any information concerning the 1208 Elko property is not relevant to the claims or defenses in this case. There are no allegations in the Complaint concerning Ms. Lopez working in exchange for board at 1208 Elko. Mr. Edwards does not claim that he provided housing in lieu of payment of wages. In fact, Ms. Lopez did not live at 1208 Elko during any of the period relevant to the Complaint (2014-2016). Moreover the scope of the request is not tailored to the needs of the case, because it includes dates that are outside the**

**scope of the claims or defenses of the action. Ms. Lopez is claiming wages from 2014 to 2016. *See* Scheduling Order. Under the FLSA, Ms. Lopez may claim payment of wages up to three years prior the date of the Complaint at a maximum. Thus any request for information prior to January 2014 would not provide information relevant to the claims or defenses.**

4. Please produce Federal Tax returns for Casper Trailer Sales, Inc. for years 2014, 2015, and 2016.

> **Response: Mr. Edwards adopts and incorporates each and every general objection stated above into this response.**
>
> **Mr. Edwards specifically objects to this request on the basis that it is not relevant. Mr. Edwards further objects on the basis that the tax returns are confidential in nature and subject to protection from disclosure. Ms. Lopez has asserted claims concerning non-payment of wages, a demand for payment of final wages, and an assault claim. The only relevant basis for requesting tax returns is to establish that Defendant meets the definition of an enterprise under the FLSA. Defendant has admitted that it had gross receipts in excess of $500,000 in 2014-2015, and has denied this information as it concerns 2016 because those tax returns have not been prepared. Therefore, the available tax returns do not provide any additional relevant information and as such Plaintiff has not demonstrated a "compelling need" and the tax returns are not the "least intrusive" means of obtaining the information. *Stone v. State Farm Mut. Auto. Ins. Co*., 185 P.3d 150, 157 (Colo. 2008); *Carbajal v. Warner*, 10-cv-02862 (D. Colo. Mar. 18, 2013) (applying state doctrine promoting confidentiality as a matter of comity).**

5. Please produce all business records of Casper Trailer Sales, Inc. for a trailer bought and sold by JDL Trailer Sales an older model bumper pull trailer:

Vehicle Serial # 15126
PA# 9978-19;R
MFD ID# 80-65
Date of MFR 6, 1974
MFD By Santa Fe Trailer CO.

> **Response: Mr. Edwards adopts and incorporates each and every general objection stated above into this response.**
>
> **Mr. Edwards specifically objects to this request on the grounds that the information it seeks is not relevant to the parties' claims and defenses. Ms. Lopez has asserted claims concerning non-payment of wages, a demand for payment of final wages, and an assault claim. Any information concerning the "older bumper pull trailer" is not relevant to the claims or defenses in this case. Mr. Edwards does not claim that he provided any items of value, i.e. the bumper pull trailer, in lieu of payment of wages.**

## RESPONSES TO REQUESTS FOR ADMISSION

1.      Admit or deny that Casper Trailer Sales, Inc. had gross receipts in excess of $500,000.00 each year 2014, 2015 and 2016.

      **Response:  Mr. Edwards adopts and incorporates each and every general objection stated above into this response.  Admit as to 2014 and 2015.  The 2016 tax returns have not been prepared yet, therefore deny as to 2016 on the basis of information known at this time.  Mr. Edwards will update this request as required by the rules**

Respectfully submitted this 28th day of August, 2017.

                                           *s/Lily E. Nierenberg*
                                           Lily E. Nierenberg
                                           Atty. Reg. No. 45451
                                           DLG Law Group LLC
                                           4100 E. Mississippi Avenue, Suite 420
                                           Denver, Colorado 80246
                                           303-758-5100
                                           Fax 303-758-5100
                                           lnierenberg@dlglaw.net

## **CERTIFICATE OF SERVICE**

The foregoing Defendant's Response to Plaintiff Stephanie Lopez's Second Set of Discovery Requests were served on the following counsel via email August 28, 2017, to follow by U.S. Mail:

Donna Dell'Olio
Cornish & Dell'Olio PC
431 N Cascade Ave, Suite 1
Colorado Springs, CO  80903

                                              *s/Lily E. Nierenberg*
                                              DLG Law Group LLC