Case 1:17-cv-00045-CMA-KLM Document 108-4 Filed 08/23/18 USDC Colorado Page 1 of 2

3C Fed. Jury Prac. & Instr. § 175:60 (6th ed.), 3C Fed. Jury Prac. & Instr. § 175:60...

**3C Fed. Jury Prac. & Instr. § 175:60 (6th ed.)**

Federal Jury Practice And Instructions | August 2018 Update
Civil
Kevin F. O'Malley, Jay E. Grenig [a0], Hon. William C. Lee [a1]

Part VII. Instructions For Civil Actions Governed by Federal Law
Chapter 175. Fair Labor Standards Act
(29 U.S.C.A. §§ 201–219)
G. Damages

§ 175:60. Damages—Nonwillful violation

If you find plaintiff *[name]* has satisfied plaintiff's burden of proving the essential elements of plaintiff's claim by a preponderance of the evidence, and defendant *[name]* has not met its burden of proving the existence of an exemption by a preponderance of the evidence, then you should determine what amount of money would compensate the plaintiff.

The measure of damages is the difference between what plaintiff *[name]* should have been paid under the Fair Labor Standards Act and the amount that you find defendant *[name]* actually paid plaintiff.

You should find as damages to be awarded in favor of plaintiff *[name]* the amount of money that will compensate plaintiff for the difference between what plaintiff has been paid by defendant *[name]* and what the Fair Labor Standards Act required defendant to pay plaintiff. You must calculate this amount for each year beginning on *[date two years before filing suit]* to *[date]*.

**NOTES**

*In General*

The FLSA provides that the plaintiff should receive as actual damages the amount of the unpaid minimum wages, or their unpaid overtime compensation, a as the case may be, and an additional equal amount as liquidated damages. 29 U.S.C.A. § 216(b).

Compensation for emotional distress may be appropriate for retaliatory discharge. 29 U.S.C.A. §§ 215(a)(3), 216(d). See Travis v. Gary Community Mental Health Center, Inc., 921 F.2d 108, 111–12 (7th Cir.1990), cert. denied, 502 U.S. 812, 112 S.Ct. 60, 116 L.Ed.2d 36 (1991). Accord Soto v. Adams Elevator Equip. Co., 941 F.2d 543, 551 (7th Cir.1991).

In this instruction on damages, the jury is not charged as to liquidated damages. Since the amount is simply an equal amount if the jury renders a verdict for the amount of unpaid compensation, the court must award double damages unless the defendant proves it acted in good faith and had reasonable grounds for believing that its conduct was not a violation of the FLSA. 29 U.S.C.A. § 216(b). Lorillard v. Pons, 434 U.S. 575, 582 n. 8, 98 S.Ct. 866, 871 n. 8, 55 L.Ed.2d

Case 1:17-cv-00045-CMA-KLM Document 108-4 Filed 08/23/18 USDC Colorado Page 2 of 2

3C Fed. Jury Prac. & Instr. § 175:60 (6th ed.), 3C Fed. Jury Prac. & Instr. § 175:60...

40 (1978); Reich v. Tiller Helicopter Services, Inc., 8 F.3d 1018, 1030 (5th Cir.1993); Local 246, Utility Workers Union of America v. Southern Cal. Edison Co., 83 F.3d 292, 297 (9th Cir.1996).

The only exception to the mandated award of liquidated damages is found in 29 U.S.C.A. § 260, granting the courts discretionary authority to reduce or eliminated a liquidated damage award if the court finds the employer acted in "good faith and had reasonable grounds for believing that his act or omission was in violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in [29 U.S.C.A. § 216]." See Nero v. Industrial Molding Corp., 167 F.3d 921, 928 (5th Cir.1999); Local 246, Utility Workers Union of America v. Southern California Edison Co., 83 F.3d 292, 298 (9th Cir.1996).

The issue of an employer's good faith under 29 U.S.C.A. § 260 is an issue that the court must resolve. Reich v. Tiller Helicopter Services, Inc., 8 F.3d 1018, 1031 (5th Cir.1993); McClanahan v. Mathews, 440 F.2d 320, 322 (6th Cir.1971). The jury's decision on willfulness is distinct from the district judge's decision to award liquidated damages. Fowler v. Land Management Groupe, Inc., 978 F.2d 158, 162 (4th Cir.1992); Broadus v. O.K. Industries, Inc., 226 F.3d 937, 944 (8th Cir.2000).

See Pienda v. JTCH Apartments, L.L.C., 843 F.3d 1062, 27 Wage & Hour Cas. 2d (BNA) 112 (5th Cir. 2016) (in action alleging employer retaliated against employee for demanding overtime wages, in violation of the Fair Labor Standards Act, jury should have been instructed to determine whether employee had proven any damages for emotional distress, where employee testified to experiencing marital discord, sleepless nights, and anxiety about where his family would live after employer made a retaliatory demand for back rent).

See Monroe v. FTS USA, LLC, 860 F.3d 389, 167 Lab. Cas. ¶ 36, 535, 27 Wage & Hour Cas. 2d (BNA 620 (6th Cir. 2017) (district court did not take calculation of damages away from jury in violation of Seventh Amendment by calculating damages for all testifying and nontestifying employees in a FLSA collective action, where proof at trial was representative, and jury made factual findings necessary for court to complete remaining arithmetic of estimated-average approach for calculating damages).

Westlaw. © 2018 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

Footnotes

| | |
|---|---|
| a0 | Professor of Law, Marquette University School of Law. |
| a1 | Judge, United States District Court, Northern District of Indiana. |

**End of Document**  © 2018 Thomson Reuters. No claim to original U.S. Government Works.