**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:17-cv-00045-CMA-KLM

STEPHANIE LOPEZ, individually,

    Plaintiff,

v.

CARL EDWARDS, individually, and
CASPER TRAILER SALES, INC., a Colorado Corporation,

    Defendants.

## BRIEF ON DISPUTED JURY INSTRUCTIONS

Defendants Carl Edwards and Casper Trailer Sales, Inc., by and through their attorneys GODFREY | JOHNSON, P.C., hereby submit the following Brief concerning issues of dispute in the parties' proposed jury instructions:

### A. ECONOMIC REALITIES TEST VS. SUFFERED AND PERMITTED TO WORK

There is a major misconception running throughout Plaintiff's jury instructions. Plaintiff believes she can prove her claim simply by showing that she was "suffered or permitted to work" by Casper Trailer Sales, Inc. rather than proving that she was an employee of Casper Trailer Sales for any period in which she is claiming wages. Plaintiff is incorrect regarding the law on this issue.

As Defendants argued in their *Motion in Limine*, Plaintiff's work for Defendants if she was not an *employee* of Casper Trailer Sales at the time, is not covered under the language of Sections 206 and 207 of the Fair Labor Standard Act. Only work done by

1

employees individually engaged in interstate commerce (which Ms. Lopez does not claim) or *employed by* an enterprise engaged in interstate commerce (which would be Casper Trailer Sales, Inc.) is covered by the plain language of the statute. Thus the jury must decide whether Plaintiff is an employee of Casper Trailer Sales for any workweek in which she seeks unpaid minimum wage or overtime. *See* 29 C.F.R. § 776.4 (the workweek is the standard in determining the applicability of the Act).

Plaintiff's instructions imply that if Ms. Lopez was suffered or permitted to work by Casper Trailer Sales, she was an employee of Casper Trailer Sales.  The Supreme Court and Tenth Circuit has explicitly rejected the test that Plaintiff sets out. This is not a novel issue. Courts often are asked to decide whether someone was an employee at the time for which they are claiming unpaid wages under the FLSA. Often, but not always, this comes up when the worker is classified as an independent contractor or a trainee. Courts have developed various tests to consider this question, referred to as considering the "economic realities" of the situation.

The following citations are illustrative:

> The definition 'suffer or permit to work' was obviously not intended to stamp all persons as employees who, without any express or implied compensation agreement, might work for their own advantage on the premises of another. Otherwise, all students would be employees of the school or college they attended, and as such entitled to receive minimum wages. So also, such a construction would sweep under the Act each person who, without promise or expectation of compensation, but solely for his personal purpose or pleasure, worked in activities carried on by other persons either for their pleasure or profit. But there is no indication from the legislation now before us that Congress intended to outlaw such relationships as these. The Act's purpose as to wages was to insure that every person whose employment contemplated compensation should not be compelled to sell his services for less than the prescribed minimum

> wage. The definitions of 'employ' and 'employee' are broad enough to accomplish this.

*Walling v. Portland Terminal Co.*, 330 U.S. 148, 152 (1947).

> The Supreme Court has noted, however, that although the FLSA's definition of "employee" is quite broad, "it does have its limits." *Tony & Susan Alamo Found. v. Secretary of Labor*, 471 U.S. 290, 295, 105 S.Ct. 1953, 1958, 85 L.Ed.2d 278 (1985). Thus, although some persons are literally "suffer[ed] or permit[ted] to work," they do not qualify as "employees" for purposes of the FLSA. *See Marshall v. Regis Educ. Corp.*, 666 F.2d 1324, 1328 (10th Cir.1981) (resident-hall assistants did not constitute employees of Regis College for purposes of the FLSA); *Reich*, 992 F.2d at 1026–27 (persons training to be firefighters did not constitute employees of fire protection district for purposes of the FLSA); *Dole*, 875 F.2d at 812 (independent contractors do not constitute employees for purposes of the FLSA).

*Johns v. Stewart*, 57 F.3d 1544, 1557 (10th Cir. 1995).

> We have not adopted the *Bonnette* test in this circuit. Instead, we have adopted a five-factor test in *Doty*, 733 F.2d at 722–23, which applies when the issue is whether an individual is an employee or independent contractor, and a six-factor test which applies when the issue is whether an individual is an employee or trainee. *Reich*, 992 F.2d at 1026–29.
>
> These tests are helpful analytical guides, but not rigid criteria which must be mechanically applied to each case. *Bonnette*, 704 F.2d at 1470; *Reich*, 992 F.2d at 1027; *Dole*, 875 F.2d at 805. In the instant case, none of the tests fits the circumstances we are confronted with. We therefore simply follow the analysis of *Marshall* and *Klaips*, which comport with the Supreme Court's direction to focus upon the circumstances of the whole activity and the economic reality of the relationship. *Rutherford*, 331 U.S. at 730, 67 S.Ct. at 1477; *Goldberg*, 366 U.S. at 33, 81 S.Ct. at 936.

*Johns v. Stewart*, 57 F.3d 1544, 1559 n. 21 (10th Cir. 1995).

> While the Tenth Circuit does utilize multi-pronged analyses in certain FLSA employment relationship inquiries—e.g., when assessing "independent contractor/employer" and "employee/trainee" distinctions—none of those tests are apposite here. Furthermore, the Tenth Circuit, in *Stewart*, 57 F.3d at 1559 n. 21, specifically did not adopt the test defendants propose, derived from *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir.1983).

*Szymula v. Ash Grove Cement Co.*, 941 F. Supp. 1032, 1036 n.1 (D. Kan. 1996).

> We have also held with respect to this issue that "[i]n determining whether an individual is an 'employee' within the meaning of the FLSA, we must look to the economic realities of the relationship." *Doty v. Elias*, 733 F.2d 720, 722 (10th Cir.1984). Although we recognize that the factors distinguishing employees from independent contractors are different from the factors distinguishing employees from trainees, we find it informative that determinations of employee status under FLSA in other contexts are not subject to rigid tests but rather to consideration of a number of criteria in their totality. *See also Marshall v. Regis Educ. Corp.*, 666 F.2d 1324, 1326–27 (10th Cir.1981) (student resident-hall assistants in college dormitories were not employees under FLSA following totality of circumstances standard of Rutherford ).

*Reich v. Parker Fire Prot. Dist.*, 992 F.2d 1023, 1027 (10th Cir. 1993).

### B.  WILFULNESS/STATUTE OF LIMITATIONS

The language of Defendants' instruction is supported by the authority listed. The cases interpreting the statute are relevant authority even though the language does not appear in the statute itself. Plaintiff's instruction on the other hand is prejudicial because the language *assumes* that the jury will find a violation. ("If you find that Defendants' violation was non willful you must award damages commencing on January 4, 2015…."). The dates are more appropriately included on the verdict form where the jury will only reach this question if they already have answered that Defendants violated the Act.

### C.  STATUTE OF FRAUDS

Defendants briefed the statute of frauds issue in their *Motion in Limine* and restate only that the jury should be instructed on this issue so that it does not improperly compensate Plaintiff for any alleged contract for the sale of a house by awarding FLSA damages against Defendants, if Plaintiff has not met the elements of her claim.

4

### D. VERDICT FORM

Plaintiff's verdict form is deficient in a number of respects. In general, there would be no need for the first four separate special interrogatories if Plaintiff's elements instruction(s) stated the law correctly. In addition:

Question No. 1: Plaintiff must prove she was an employee during each workweek when she claims uncompensated time. 29 C.F.R. § 776.4.

Question No. 2: This is not disputed—it is included in the Stipulations filed with the Court—and should not be an element before the Jury.

Question No. 5, 6 & 7: While Defendants agree that these special interrogatories are a generally accurate statement of the *Mt. Clemons* burden shifting framework, they are nonetheless unnecessary, don't constitute an element of Plaintiff's claim, and invite issues under Fed. R. Civ. P. 49. In fact, the issue they present is a prerequisite to the jury's findings in Question 3 and 4, because the Mt. Clemons burden shifting instruction informs the jury how they should consider evidence of Plaintiff's hours worked.

Question 8: This special interrogatory is also unnecessary. Defendants do not dispute that *when Ms. Lopez was an employee of Casper Trailer Sales*, Carl Edwards acted directly and indirectly in the interests of Casper Trailer Sales, Inc. in relation to Stephanie Lopez by setting her rates of pay, method of compensation, and determining whether to pay overtime and minimum wages. This does not, however, constitute an element of Plaintiff's claim and is inappropriate for the verdict form.

Question 9: This is an appropriate question but it should refer to an instruction on the definition of willful (see Defendants' verdict form and willfulness instruction).

Question 10: This too should reference instructions on the correct calculation for damages. Damages must be based on a weekly calculation of uncompensated time, rather than a lump sum amount that could be fully unsupported by evidence.

### E. CALCULATING DAMAGES

Assuming that the jury finds for Plaintiff on liability, there are two issues for the jury to decide involving damages: The first is whether the damages should be extended to three years, or not, based on whether Defendants' conduct was willful. The second is how much time each week Plaintiff worked. Damages may be calculated as a matter of law once the number of hours worked is determined by the jury.

The appropriate calculation of damages is as follows:

*Pre-May 2015 (no overtime)*

Unpaid hours x applicable minimum wage = Wages due

*Pre-May 2015 (overtime)*

[Unpaid hours (under 40 hours) x applicable minimum wage] + [Unpaid hours (over 40 hours) x 1.5 x applicable minimum wage] = Wages due

*Post-May 2015 (no overtime)*

Unpaid hours x applicable minimum wage* = Wages

* Plaintiff cannot recover her "contract rate" here because the FLSA does not compensate for so-called "gap time." *See Martinez v. Xclusive Mgmt., LLC*, No. 15-CV-00047-MSK-MEH, 2015 WL 12734809, at *7-8 (D. Colo. Aug. 12, 2015).

*Post-May 2015 (overtime)*

[Unpaid hours (under 40 hours) x applicable minimum wage] + [Total hours (over 40 hours) x 1.5 x Regular rate**] = Wages due

**Regular rate = 40 / Amount actually paid (cannot be less than minimum wage). *See* 29 C.F.R. §§ 778.107-778.108.

These calculations depend on knowing the amount of hours per week that Plaintiff worked. Even the FAA instructions on which Plaintiff heavily relies present this question as a week-by-week breakdown. The Eighth Circuit model instruction that is very similar to Defendants' in that it seeks a weekly breakdown of the hours of Plaintiff's work. *See* Model Civ. Jury Instr. 8th Cir. 16.91 (2017). Plaintiff has the burden of proving the hours she worked and proving her damages.

Respectfully submitted this 24 day of August, 2018.

GODFREY | JOHNSON, P.C.

*/s/Lily E. Nierenberg*
Lily E. Nierenberg
Colorado Bar No. 45451
9557 S. Kingston Court
Englewood, Colorado 80112
Phone: (303) 228-0700
Fax: (303) 228-0701
Email: nierenberg@gojolaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 24, 2018, a true and correct copy of the foregoing Brief on Disputed Jury Instructions was filed and served via ECF/PACER on all parties of record, as follows:

Donna Dell'Olio
Julie Yeagle
Cornish & Dell'Olio
431 N. Cascade Avenue, Suite 1
Colorado Springs, CO 80903

                                                          */s/Lily E. Nierenberg*
                                                          Lily E. Nierenberg