**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-00045-CMA-KLM

STEPHANIE LOPEZ, individually,

    Plaintiff,

v.

CARL EDWARDS, individually, and
CASPER TRAILER SALES, INC., a Colorado Corporation

    Defendants.

---

**Plaintiff's Trial Brief**

---

COMES NOW the Plaintiff, Stephanie Lopez, by and through counsel, Cornish & Dell'Olio, P.C., and respectfully files the following trial brief.

### I. Plaintiff's Burden of Proof

Under the Fair Labor Standards Act ("FLSA"), the employee bears the burden of proving that s/he performed work for which s/he was not properly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded by statute on other grounds as recognized in Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513, 516 (2014). However, employers have a duty to keep accurate records. 29 U.S.C. §211(c). In order to prevent the employee from being penalized by the employer's failure to keep adequate records, the Supreme Court held in *Anderson* that an employee carries his burden by proving that he has "in fact performed work for which he was improperly compensated and . . . [producing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson*, 328 U.S. at 687.

1

Upon such a showing, the burden shifts to the employer "to produce evidence of the precise amount of work performed or to negate the reasonableness of the inference drawn from the employee's evidence." *Baker v. Barnard Constr. Co.*, 146 F.3d 1214, 1220 (10th Cir. 1998). If the employer does not rebut the employee's evidence, then damages may be awarded even though the result is only approximate. *Id*. "The employer cannot complain that the damages lack the precision that would have been possible if the employer had kept the records required by law." *Id.* (citing *Anderson*, 328 U.S. at 687-88).

At trial, Plaintiff will testify that she was employed by Defendants from 2009 to 2016. However, Defendant Casper Trailer Sales, Inc. (hereinafter "Casper Trailer") did not keep any records of Plaintiff's work before May 2015 or after March 2016. Furthermore, Defendant Casper Trailer did not keep accurate records of the hours worked by Plaintiff between May 2015 and March 2016.

Given that Defendant Casper Trailer did not comply with its duty under 29 U.S.C.S. § 211(c) to keep accurate records of Plaintiff's hours, Plaintiff can carry her burden by testifying credibly to full time employment, including the times of day when she customarily started work and customarily left work for the day. She need not establish the number of hours worked with concrete certainty; she need only present sufficient evidence to create a "just and reasonable inference" that she worked the time claimed. *Anderson*, 328 U.S. at 686-87; *see also Metzler v. IBP, Inc.*, 127 F.3d 959, 965 (10th Cir. 1997). Furthermore, Plaintiff is not required to connect her work to any specific job site or work day. *Baker v. Barnard Constr, Co.* 146 F.3d 1214, 1220 (10th Cir. 1998).

Plaintiff's testimony regarding the approximate number of unpaid regular and overtime hours that she worked cannot be defeated or reduced by a claim that her proof of damages lacks precision. *See, e.g., Doty v. Elias*, 733 F.2d 720, 725 (10th Cir. 1984) (upholding lower court's award based on employees' imprecise calculations because employer failed to keep adequate records of the employees' hours). Moreover, Defendants cannot negate the reasonableness of the inference to be drawn from Plaintiff's evidence by offering general assertions, such as those made by Defendant Carl Edwards at his deposition that "[Plaintiff] done well to work 20 or 30" hours per week. Deposition of Carl Edwards, p. 95, 1. 25. *Donovan v. United Video, Inc.*, 725 F.2d 577, 584 (10th Cir. 1984) (finding that employer failed to meet its burden to come forward with evidence to negate the reasonableness of the inference to be draw from employees' evidence where employer merely argued that employees' evidence was unreliable because employees "generally" recorded eight hours each work day).

## II.   Dispositive Law

The case of *Tony & Susan Alamo Foundation v. Secretary of Labor* (hereinafter "*Alamo Foundation*"), puts to rest Defendants' argument that Plaintiff was not an employee of Casper Trailer and therefore cannot recover minimum wages and overtime. 471 U.S. 290 (1985). In *Alamo Foundation*, the Secretary of Labor filed an action against a nonprofit religious foundation for violations of the FLSA. *Id*. The foundation operated a number of commercial businesses that were staffed by the foundation's "associates," most of whom were drug addicts, derelicts, or criminals before their rehabilitation by the foundation. *Id*. at 292. These "associates" received no cash salaries, but the foundation provided them with food, clothing, shelter, and other benefits. *Id*. At trial, the "associates" testified that they considered themselves volunteers who were working

only for religious and evangelical reasons. *Id*. at 300. Nevertheless, the District Court found that the associates were employees of the foundation within the meaning of the FLSA.

In affirming the District Court's decision, and the Supreme Court noted that the test of employment under the FLSA is one of "economic reality." *Id*. at 301. The Court held that, under the economic reality test, the associates were employees under the FLSA because they were "entirely dependent upon the Foundation for long periods" and because they "expected to receive in-kind benefits - - and expected them in exchange for their services." *Id*. at 301. The fact that the associates' compensation took the form of benefits rather than cash did not make the associates "volunteers."[1] *Id.*

As was true of the associates in *Alamo Foundation*, Plaintiff will testify that she was completely economically dependent on Defendant Casper Trailer for long periods of time between 2009 until 2016. She will further testify that she provided services to Defendant Casper Trailer in exchange for rent and a promise of a future benefit, the transfer of title of a property known as 1208 Elko. Under *Alamo Foundation* and its progeny, Plaintiff was therefore an employee of Defendant Casper Trailer under the FLSA.

### III. Defendants' Frivolous Affirmative Defenses

In both their Answer to Second Amended Complaint and Jury Demand (Docket No. 62) and in the Final Pretrial Order, Defendants assert the following five frivolous defenses.

1. <u>Statute of Frauds Defense</u>

---

[1] A volunteer is an individual who "without promise or expectation of compensation, but solely for his personal purpose or pleasure, worked in activities carried on by other persons for their pleasure of profit." *Alamo Foundation*, 471 U.S. at 295.

Defendants assert as a defense that Plaintiff's relief is barred by the Statute of Frauds. The Colorado Statute of Frauds, C.R.S. §38-10-108, applies only to contracts for leasing or sale of lands. It is therefore not a defense to a claim for minimum wages or overtime wages under the FLSA.

### 2. Failure to Mitigate

Defendants assert, as a defense, that Plaintiff failed to mitigate her damages. Numerous courts have found that there is no duty to mitigate damages under the FLSA. *Tran v. Thai,* 2010 U.S. Dist. LEXIS 133130 (S.D. Tex. Dec. 16, 2010) (citing *King v. ITT Educ. Servs., Inc.*, 2009 U.S. Dist. LEXIS 99725 (M.D. Fla. Oct. 27, 2009)); *see also Gonzalez v. Spears Holdings, Inc.*, 2009 U.S. Dist. LEXIS 72734 (S.D. Fla. July 31, 2009) (granting a motion to strike mitigation-of-damages affirmative defense because there is no duty to mitigate damages under the FLSA, nor a duty to provide notice as to any alleged unlawful pay practice); *Lopez v. Autoserve LLC*, 2005 U.S. Dist. LEXIS 29161 (N.D. Ill. Nov. 17, 2005) (granting plaintiff's motion to strike mitigation-of-damages affirmative defense because there is no duty to mitigate damages under the FLSA); *Perez-Nunez v. North Broward Hosp. Dist.*, 2009 U.S. Dist. LEXIS 25557 (S.D. Fla. Mar. 13, 2009) (granting motion to strike the mitigation-of-damages affirmative defense and holding that a duty-to-mitigate-damages defense based on the plaintiff's failure to timely disclose alleged violations to her employer so that the terms of her employment could be corrected failed as a matter of law under the FLSA).

### 3. Res Judicata and Collateral Estoppel

Defendants assert, as a defense, that Plaintiff's relief is barred by the doctrines of res judicata and collateral estoppel. However, no judgment has been entered by any Court related to

Plaintiff's claims in this action. Although Plaintiff did file a claim for unemployment benefits, Colorado statutory law prohibits the admission of any finding in an administrative action for unemployment benefits as evidence in any subsequent civil action. C.R.S. §8-74-108 ("No finding of fact or law, judgment, conclusion, or final order made with respect to a determination made under articles 70-82 of this title may be…used as evidence in any separate or subsequent action or proceeding in another forum…"). If findings in an action for unemployment benefits are not even admissible in this action, those findings cannot possibly be a bar to a judgment under the doctrines of *res judicata* or collateral estoppel.

### 4. Equitable Estoppel

Defendants assert, as a defense, that Plaintiff's relief is barred by equitable estoppel. Apparently Defendants believe that Plaintiff did something that caused them to assume that she would not make a wage claim and that, as the result of her actions, it would be "inequitable" to allow her to recover her unpaid wages. It is unknown to the Plaintiff what act she committed which Defendants believe nullified her right to recover wages.

It is indisputable that an employee cannot knowingly waive her rights under the FLSA. If an employee cannot knowingly waive her rights, she cannot unknowingly waiver her rights by, for example, continuing to work without wages. As the Court noted in *Baker v. Barnard Constr. Co.,* 146 F.3d 1214, 1216 (10th Cir. 1998):

> The Supreme Court has "frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act. Thus, [the Court has] held that FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate.") (citations omitted); *Dunlop v. Gray-Goto, Inc.*, 528 F.2d 792, 794-95 (10th Cir. 1976) (stating that "private agreement or understanding between the parties cannot circumvent the overtime pay requirements of the Act").

Similarly, in *Alamo Foundation*, the Supreme Court has explained that:

> [T]he purposes of the Act require that it be applied even to those who would decline its protections. If an exception to the Act were carved out for employees willing to testify that they performed work "voluntarily," employers might be able to use superior bargaining power to coerce employees to make such assertions, or to waive their protections under the Act, *Cf. Barrentine v. Arkansas-Best Freight System, Inc.*, 470 U.S. 728 (1981); *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945).

471 U.S. at 302.

By the same logic, equitable defenses are not permissible in a statutory claim for wages, because allowing an employer to avoid liability for minimum wages and overtime because, for example, the employee continued to work without wages, would nullify the purpose of the FLSA.

### 5. Abuse of Process

Defendants also raised an abuse of process affirmative defense. Abuse of process is not an affirmative defense; rather, it is a tort, *see* PROSSER, LAW OF TORTS, § 121 (4th Ed. 1971). Accordingly, Defendants only option was to raise the abuse of process issue as a counterclaim. However, in both their Answer and Final Pretrial Order, Defendants referred to abuse of process as an affirmative defense and not a counterclaim. Docket Nos. 62, p.11 and 76, p. 4. The Final Pretrial Order "is the result of a process in which counsel define the issues of fact and law to be decided at trial, and it binds counsel to that definition." *R.L. Clark Drilling Contractors v. Schramm, Inc.*, 835 F.2d 1306, 1308 (10th Cir. 1987). Accordingly, at trial, Defendants should not be able to redefine their erroneously-plead abuse of process affirmative defense as a counterclaim.

However, even if the Court overlooks the Defendants' pleading error and, pursuant to F.R.C.P. 8(c)(2), treats Defendants' abuse of process affirmative defense as though it were

7

correctly designated as a counterclaim, Defendants' claim still must be dismissed because Defendants failed to state a claim upon which relief may be granted. Abuse of process requires the movant to prove three elements: (1) the improper use of the court's process, (2) primarily for an ulterior purpose, (3) with resulting damage to the individual asserting the misuse. *Nat'l Ass'n of Prof'l Baseball Leagues, Inc. v. Very Minor Leagues, Inc.*, 223 F.3d 1143, 1152 (10th Cir. 2000) (citing *Bank of Oklahoma, N.A. v. Portis*, 942 P.2d 249, 255 (Okla. Ct. App. 1997)). "If an action is confined to its regular and legitimate function in relation to a cause of action stated in a complaint, there is no abuse, even if a plaintiff had an ulterior motive in bringing an action or if he knowingly brought suit upon an unfounded claim." *Am. Amusements, Inc. v. Silco Corp.*, 1985 U.S. Dist. LEXIS 22675, at *1 (D. Colo. Feb. 11, 1985) (citing *Institute for Professional Development v. Regis College*, 536 F.Supp. 632 (D.Colo. 1982) (dismissing a claim of abuse of process under Rule 12(b)(6) for failure to allege improper use of the process as required to satisfy the second element of the cause of action.).

In their Answer, Defendants alleged nothing more than Plaintiff's commencement of an action as a basis for their abuse of process claim. Defendants asserted as follows: "Plaintiff's claims are devoid of factual support and/or have no basis in law; the primary purpose of such claims is to harass the Defendants or to effectuate some other improper objective; and this activity adversely affects the legal interest of Defendants." Def. Answer to Second Amended Complaint, Docket No. 62. At no point during the pre-trial process did Defendants elaborate on this claim or provide examples of improper activities that might satisfy the second element of an abuse of process claim. Defendants' averments are therefore insufficient to state a claim for abuse of process. *See, e.g., Nat'l Ass'n of Prof'l Baseball Leagues, Inc.*, 223 F.3d at 1152 (granting summary

8

judgment on defendant's abuse of process counterclaim whether defendant offered no evidence showing plaintiff's acts were for an ulterior purpose, noting that plaintiff was "well within its rights" in filing the lawsuit and refusing to infer ill motive from plaintiff's decision to proceed in a judicial forum).

Respectfully submitted this 17th day of September, 2018.

                              CORNISH & DELL'OLIO, P.C.

                              s/ Donna Dell'Olio
                              Donna Dell'Olio, #10887
                              Julie D. Yeagle, # 52247
                              Cornish & Dell'Olio, P.C.
                              431 N. Cascade Avenue, Ste. 1
                              Colorado Springs, CO 80903
                              TEL (719) 475-1204
                              FAX (719) 475-1264
                              Email: ddellolio@cornishanddellolio.com
                                      jyeagle@cornishanddellolio.com
                              Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of September, 2018, I electronically filed with the Clerk of Court using the CM/ECF system a true and correct copy of the foregoing **Trial Brief** was sent by email:

Brett Godfrey
Lily Nierenberg
GODFREY | JOHNSON, P.C.
9557 S. Kingston Court
Englewood, CO 80112
Email: godfrey@gojolaw.com
Email: nierenberg@gojolaw.com

                              s/Esther Kumma Abramson
                              Esther Kumma Abramson