**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:17-cv-00045-CMA-KLM

STEPHANIE LOPEZ, individually,

    Plaintiff,

v.

CARL EDWARDS, individually, and
CASPER TRAILER SALES, INC., a Colorado Corporation,

    Defendants.

## DEFENDANTS' TRIAL BRIEF

Defendants Carl Edwards and Casper Trailer Sales, Inc., by and through their attorneys GODFREY | JOHNSON, P.C., respectfully submit the following Trial Brief:

### I. LEGAL AND EVIDENTIARY ISSUES FOR TRIAL

***A. Ms. Lopez was not an employee of JDL prior to May 2015 or after March 2016.***

Ms. Lopez must prove that she was an employee of JDL during any period in which she claims a violation of the FLSA. Courts recognize that the existence of an employer-employee relationship is an essential element of an FLSA claim. *See Fuentes v. Compadres, Inc.*, No. 17-CV-01180-CMA-MEH, 2018 WL 1444209, at *4 (D. Colo. Mar. 23, 2018). Plaintiff has the burden of proving that an employer-employee relationship existed between her and Defendants. *Robertson v. Bd. of Cty. Comm'rs of Cty. of Morgan*, 78 F. Supp. 2d 1142, 1150 (D. Colo. 1999). Ms. Lopez must prove she was an employee for each workweek during which she claims uncompensated time. 29 C.F.R. § 776.4.

1

The Supreme Court has "declared that the determination of employment under the FLSA ought not depend on isolated factors but upon the 'circumstances of the whole activity.'" *Marshall v. Regis Educ. Corp.*, 666 F.2d 1324, 1326-27 (10th Cir. 1981); *see also Reich v. Parker Fire Prot. Dist.*, 992 F.2d 1023, 1027 (10th Cir. 1993) ("Although we recognize that the factors distinguishing employees from independent contractors are different from the factors distinguishing employees from trainees, we find it informative that determinations of employee status under FLSA in other contexts are not subject to rigid tests but rather to consideration of a number of criteria in their totality."); *Johns v. Stewart*, 57 F.3d 1544, 1559 n.21 (10th Cir. 1995). While this has been considered a question of law for the court to decide, *Dole v. Snell*, 875 F.2d 802, 805 (10th Cir.1989), it has also been submitted to the jury by agreement of the parties, *Johnson v. Unified Gov't of Wyandotte Cty./Kansas City, Kansas*, 371 F.3d 723, 728 n.7 (10th Cir. 2004).

Ms. Lopez was not an employee of JDL prior to May 2015 or subsequent to March 2016. Any favors that Ms. Lopez performed for Mr. Edwards prior to May 2015 were not as an employee of his company but were as his friend, quasi-family member, and the recipient of Mr. Edwards' free housing and mentorship. *Walling v. Portland Terminal Co.*, 330 U.S. 148, 152 (1947) (stating that the FLSA's definition of "employee" does not include someone "who, without any express or implied compensation agreement, might work for their own advantage on the premises of another" or "who, without promise or expectation of compensation, but solely for his personal purpose or pleasure, worked in activities carried on by other persons either for their pleasure or profit."). To the extent that Ms. Lopez claims she did work for Mr. Edwards in this period because he promised

to give her title to 1208 Elko Street, that also takes the relationship out of the employer-employee context and is not enforceable under the FLSA. *See McNamara v. Associated Press*, 40 F. Supp. 3d 345, 353 (S.D.N.Y. 2014) (violation of a contract for additional compensation from the manager does not give rise to action under the FLSA).

Courts have declined to find the existence of an employer-employee relationship in analogous circumstances to the present case. *See, e.g., Padilla v. Am. Fed'n of State, Cty. & Mun. Employees, Council 18*, 551 F. App'x 941, 943 (10th Cir. 2014) (finding that president of a public employee union who also worked for the public water authority was not employee for purposes of his work for the union because he was not economically dependent on the union and did not receive wages for his services); *Johns v. Stewart*, 57 F.3d 1544 (10th Cir. 1995) (finding that recipients of public assistance who received workfare benefits were not employees of Utah's department of health and human services, despite performing work, because the overall nature of the relationship was one of assistance, not employment); *Reich v. Parker Fire Protection Dist.*, 992 F.2d 1023 (10th Cir. 1993) (citing six-criteria test for trainee-employee distinction as "relevant, but not conclusive" to the determination whether trainee fire fighters were employees, and finding that they were not employees because they did not perform productive work for defendant, any benefit to defendant was *de minimis*, and they did not displace actual employees); *Brown v. New York City Dep't of Educ.*, 755 F.3d 154 (2d Cir. 2014) (finding that individual who worked forty hours a week without promise or expectation of compensation was a volunteer, not an employee, despite requesting a paid position).

### B. *Ms. Lopez did not work any hours for JDL that were uncompensated.*

As the second element of her claim, Ms. Lopez must prove that she worked hours as an employee of JDL that were uncompensated. Ms. Lopez has the burden of proving this element. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-88 (1946) ("[A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.").

Ms. Lopez may not claim the advantage of the *Mt. Clemons* burden-shifting framework to prove this aspect of her case. While the *Mt. Clemons* burden-shifting framework applies to the calculation of hours for the purpose of damages, it does not apply to reduce Plaintiff's burden on this element of liability. *See id*. at 688 ("But here we are assuming that the employee has proved that he has performed work and has not been paid in accordance with the statute."); *Brown v. Family Dollar Stores of IN, LP*, 534 F.3d 593, 596 (7th Cir. 2008) ("The *Anderson* [*v. Mt. Clemons*] test addresses whether there is a reasonable basis to calculate damages, and assumes that a violation of the FLSA had been shown."); *Lugo v. Farmer's Pride Inc.*, 737 F. Supp. 2d 291, 312 (E.D. Pa. 2010) ("As this passage indicates, even in circumstances where an employer's records are inadequate or inaccurate, the burden still rests with the plaintiff to 'prove[ ] that he has in fact performed work for which he was improperly compensated.' *Mt. Clemens,* 328 U.S. at 687, 66 S.Ct. 1187. Only if such proof is offered does a burden shift upon the employer, with respect to the extent of work performed (and damages owed).").

Ms. Lopez also cannot claim any unpaid wages for the work she did in exchange

for a house from Mr. Edwards (which Mr. Edwards vehemently denies). Ms. Lopez cannot enforce this contract because it is barred by the statute of frauds, C.R.S. § 38-10-108. In addition, the FLSA does not compensate for breaches of contract unless they are in violation of the FLSA. In comparable circumstances, a judge in the Southern District of New York declined to find that side work an employee performed for her supervisor in exchange for a split of a commission was enforceable against the company. *McNamara*, 40 F. Supp. 3d at 353 ("That plaintiff may have entered into a contractual agreement with Torres for an additional sum is irrelevant to defendant's obligations under the FLSA. Whether plaintiff entered into an enforceable contract with Torres is a matter of state contract law, and even if I were to assume that such a contract existed, its violation would not give rise to an action under the FLSA."). Ms. Lopez admitted during her deposition that she did not expect to receive wages from JDL in exchange for this work.

Moreover, Ms. Lopez's claimed time working for Mr. Edwards does not constitute employment for JDL. Ms. Lopez must demonstrate either that Defendants were subject to enterprise coverage under the FLSA or that she was subject to individual coverage under the FLSA. *Daley v. Alpine Urology, P.C.*, No. 15-CV-00228-CMA-MJW, 2016 WL 1460306, at *4 (D. Colo. Apr. 13, 2016). Ms. Lopez has not claimed she is subject to individual coverage. Thus, under the plain language of Section 206 and 207 of the FLSA, Ms. Lopez must prove she performed work as an employee of JDL (not Mr. Edwards individually) in order to prove that she is entitled to wages under the FLSA.

JDL's employment records show that Ms. Lopez did not work overtime and was compensated above the minimum wage for all hours worked. JDL's records show a

5

breakdown, by week, of Ms. Lopez's hours between May 25, 2015 and March 7, 2016. These records consist of timecards showing Ms. Lopez's clock-in and clock-out times, as well as the total hours compensated and the rate of compensation. Although the records do not specifically state that Ms. Lopez took a half-hour lunch each day, these breaks are appropriately deducted. *See* 29 C.F.R. § 785.19; *Lopez v. Next Generation Constr. & Envtl., LLC*, No. 16-CV-00076-CMA-KLM, 2018 WL 4111027, at *6 (D. Colo. Aug. 29, 2018) (stating that 29 C.F.R. § 516.2 does not expressly require an employer to specifically track breaks). The regulations also allow rounding of time from timeclock records so long as, on balance, it does not disfavor the employee. 29 C.F.R. § 785.48.

Ms. Lopez's own testimony and inconsistent notes that were submitted for the purpose of obtaining food stamps are not sufficient evidence for a reasonable jury to conclude that Ms. Lopez worked uncompensated hours as an employee of JDL.

### C. Ms. Lopez is not entitled to the three year look-back period under the FLSA or CWA based on Defendants' allegedly willful conduct (because there was none).

If Ms. Lopez proves the foregoing elements of her claim, she is entitled to a look-back period of two years, unless she also proves that Defendants willfully violated the FLSA, in which case the look-back period is extended to three years. 29 U.S.C. § 255(a). In order for Ms. Lopez to establish that Defendants' willfully failed to pay her minimum wage and/or overtime pay, she must prove by a preponderance of the evidence that Defendants knew their conduct was prohibited by the FLSA or showed reckless disregard for whether their conduct was prohibited by FLSA. *See Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1270 (10th Cir. 2011). The standard for proving willfulness is high. *Mason v. Fantasy, LLC*, No. 13-CV-02020-RM-KLM, 2015 WL 4512327, at *11 (D.

6

Colo. July 27, 2015). If Defendants did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, even if it acted negligently, then their conduct was not willful. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 134 n.13 (1988). Willful refers to conduct that is deliberate, voluntary and intentional, as opposed to merely negligent. *Id.* at 133.

Defendants' believe that the jury will find no violation of the FLSA. However, if it does, then Defendants also believe that the jury will find that Defendants did not willfully violate the FLSA. In such a case, Ms. Lopez's damages should (at most) cover the period beginning two years prior to the date of the Complaint, or January 4, 2015.

### D. Ms. Lopez cannot meet her burden to show the extent and amount of any allegedly uncompensated work as a matter of just and reasonable inference.

If Ms. Lopez proves the elements of her claim, she is entitled to the correct minimum wage and overtime payments, less the amount she was already paid. Damages may be calculated as a matter of law once the number of hours Ms. Lopez worked is determined by the jury. *Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 120 (D.D.C. 2016) (noting that plaintiff has no right to have jury perform a calculation of damages, and collecting cases). These calculations depend a weekly finding of hours worked. *See Dove v. Coupe*, 759 F.2d 167, 171 (D.C.Cir.1985) (unit of measurement for Section 206 is the workweek); 29 C.F.R. § 778.103 (unit of measurement for Section 207 is the workweek).

Under the *Mt. Clemons* burden-shifting framework, Ms. Lopez is entitled to damages she can prove as a matter of just and reasonable inference *only if* the jury finds that Defendants' records are inaccurate or incomplete. Defendants kept accurate records of Ms. Lopez's working hours as an employee of JDL. "The Act merely requires a covered

employer to keep records 'of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him.' 29 U.S.C. § 211(c). Employers must also preserve these records and 'make such reports therefrom from time to time to the Administrator as he shall prescribe.' Ibid. These requirements apply only to commercial activities undertaken with a 'business purpose'[.]" *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 305 (1985). Where accurate records are kept, "the general rule that precludes recovery of uncertain and speculative damages is appropriate." *Brown v. Family Dollar Stores of IN, LP*, 534 F.3d 593, 595 (7th Cir. 2008).

If the jury finds that these records are incomplete and inaccurate, Ms. Lopez may introduce her own good faith approximation of damages. Under this relaxed standard, Ms. Lopez may rely on her recollection, but she may not rely on total speculation. *See Brown v. DS Servs. of Am., Inc.*, 246 F. Supp. 3d 1206, 1220 (N.D. Ill. 2017). Moreover, Ms. Lopez's estimate of hours worked must have a basis in documentation; otherwise there is no basis to support a reasonable inference. *See Topp v. Lone Tree Athletic Club, Inc.*, No. 13-CV-01645-WYD-KLM, 2014 WL 3509201, at *9 (D. Colo. July 15, 2014). "The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Mt. Clemens*, 328 U.S. at 687-88.

### E.  *Ms. Lopez is not entitled to gap time pay.*

If Ms. Lopez proves the elements of her FLSA claim, she is only entitled to payment for weeks where her average hourly wage fell below the minimum wage, or where she was not compensated for overtime work. In other words, the FLSA does not provide for

payment of "gap time." *See Martinez v. Xclusive Mgmt., LLC*, No. 15-CV-00047-MSK-MEH, 2015 WL 12734809, at *7-8 (D. Colo. Aug. 12, 2015) ("[T]he Court agrees that the "clear weight of authority" concludes the FLSA does not provide for recovery of "pure gap time[.]"); *see also Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 115 (2d Cir.2013) ("An employee who has not worked overtime has no claim under FLSA for hours worked below the 40–hour overtime threshold, unless the average hourly wage falls below the federal minimum wage."); *Monahan v. County of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir.1996) ("[T]here is no cause of action under the FLSA for pure gap time when there is no evidence of a minimum wage or maximum hour violation by the employer."). For instance, if the jury finds that Ms. Lopez worked an additional two hours per week for JDL that were not properly compensated, then Ms. Lopez would not be entitled to unpaid wages except for weeks in which Ms. Lopez was paid to work forty hours and those additional two hours were overtime. Defendants have prepared a demonstrative exhibit showing each week's payment of wages to Ms. Lopez broken down by the number of hours, at minimum wage, for which it affords compensation.

### F.  Ms. Lopez is not entitled to liquidated damages under the FLSA.

Under the FLSA, a Court is to award liquidated damages in the amount of the unpaid wages, unless the employer shows (1) that its violation occurred in good faith and (2) that it had reasonable grounds for believing its failure to pay minimum wage or overtime was not a violation of the FLSA. *McGrath v. Cent. Masonry Corp.*, No. 06-CV-00224-CMA-CBS, 2009 WL 1992942, at *1 (D. Colo. July 8, 2009) (citing 29 U.S.C. 216(b)). If Defendants establish both prongs of this standard, the Court may award no

liquidated damages or award a lesser amount than equal to actual damages. *Id.*

If the jury finds a violation of the FLSA, Defendants will respectfully ask the Court to award no liquidated damages. In particular, Defendants will demonstrate that Mr. Edwards acted at all times in good faith in his relationship with Ms. Lopez, and that he had reasonable grounds to believe that his employment practices complied with the FLSA, that Ms. Lopez was not an employee of his company prior to May 2015, and that he paid Ms. Lopez for all hours that she worked as an employee of his company JDL.

Respectfully submitted this 17th day of September, 2018.

GODFREY | JOHNSON, P.C.

*/s/Lily E. Nierenberg*
Lily E. Nierenberg
Colorado Bar No. 45451
9557 S. Kingston Court
Englewood, Colorado 80112
Phone: (303) 228-0700
Fax: (303) 228-0701
Email: nierenberg@gojolaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 17, 2018, a true and correct copy of the foregoing Trial Brief was filed and served via ECF/PACER on all parties of record, as follows:

Donna Dell'Olio
Julie Yeagle
Cornish & Dell'Olio
431 N. Cascade Avenue, Suite 1
Colorado Springs, CO 80903

                                          */s/Lily E. Nierenberg*
                                          Lily E. Nierenberg