IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-00045-CMA-KLM

STEPHANIE LOPEZ,

    Plaintiff,

v.

CARL EDWARDS, individually, and
CASPER TRAILER SALES, INC., a Colorado corporation,

    Defendants.

___

MINUTE ORDER
___

BY CHRISTINE M. ARGUELLO

The jury instructions relating to the claims which have been tendered by the parties are limited to FLSA claims of failure to pay minimum wage and failure to pay overtime.   In their stipulations to the Court (Doc. #103) the parties have stipulated that "Casper Trailer Sales, Inc. had more than $500,000.00 in gross receipts each year 2014, 2015 and 2016 and was engaged in interstate commerce."  In the Stipulated Facts Instruction, the parties have stipulated to FLSA coverage only as to Defendant Casper Trailer Sales, not Mr. Edwards, individually. However, the Court notes that, in her proposed jury instructions, Plaintiff is attempting to treat Mr. Edwards and Casper Trailer Sales, Inc., as one and the same for purposes of the FLSA.  The Court is aware of no claim to pierce the corporate veil nor is it aware of any evidence that would prove that Mr. Edwards, individually, qualifies for enterprise coverage, which is a necessary element of an FLSA claim.  As such, as a matter of law, Mr. Edwards, individually, would not be an "employer" under the FLSA.

Defendants have never sought summary judgment in favor of Mr. Edwards, individually.  Rather, Defendants sought "summary judgment as it relates to Ms. Lopez's FLSA claim for unpaid wages before she was a payroll employee of Casper Trailer Sales, Inc." The Court denied summary judgment on this issue stating, "This Court finds that there is undoubtedly a genuine dispute regarding whether Plaintiff was employed by Casper prior to the receipt of Plaintiff's first cash payment for wages." (Doc. #79, p. 9.)

As a result of preparing the jury instructions, this issue has crystalized and the Court believes that, as a matter of law, the trial of the FLSA claims may proceed only as against Defendant Casper Trailer Sales, Inc., unless Plaintiff has some evidence that would result in Mr. Edwards, individually, being an employer under the FLSA.  As such, absent such evidence, the Court is

2

inclined to remove from the jury instructions all references to Mr. Edwards in his individual capacity.  It is therefore

ORDERED that the parties provide briefing on this specific issue, such briefing to include an offer of proof as to the evidence Plaintiff would tender as to this issue, to be submitted no later than 10:00 a.m. on Friday, September 21, 2018.

DATED:  September 20, 2018