## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:17-cv-00045-CMA-KLM

STEPHANIE LOPEZ, individually,

     Plaintiff,

v.

CARL EDWARDS, individually, and
CASPER TRAILER SALES, INC., a Colorado Corporation,

     Defendants.

---

### DEFENDANTS' BRIEF ON CARL EDWARDS' STATUS AS EMPLOYER

---

Defendants Carl Edwards and Casper Trailer Sales, Inc., by and through their attorneys GODFREY | JOHNSON, P.C., respectfully submit the following response to Judge Arguello's Minute Order ("Order") dated September 20, 2018, requesting that the parties provide briefing on the issue of whether Mr. Edwards is an employer under the FLSA:

## I. INTRODUCTION

Defendants agree with the Court's statement in its Order that Mr. Edwards is not an "employer" under the FLSA in the sense that any work Ms. Lopez may have performed for Mr. Edwards in his individual capacity is not compensable under the FLSA because Mr. Edwards is not an enterprise engaged in commerce, as required by the Act. In this case, only work that Plaintiff performed *as an employee of Casper Trailer Sales, Inc.*— not work for Defendant Edwards in his individual capacity—is compensable. Whether or not Mr. Edwards is individually liable for non-payment of wages to employees of Casper Trailer Sales, Inc. is a separate question that should not govern this issue.

## II. ARGUMENT

**A. Mr. Edwards, individually, does not qualify for enterprise coverage, which is a necessary element of Ms. Lopez's FLSA claim.**

In order to establish coverage under the FLSA, two separate conditions must be satisfied: proof of an employer-employee relationship, and coverage through either individual coverage or enterprise coverage. *Tony and Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 n.8 (1985). 29 U.S.C. § 206 (the Act's minimum wage provision) provides, in relevant part:

> (a) Employees engaged in commerce […]
> ***Every employer shall pay to each of his employees who in any workweek*** is engaged in commerce or in the production of goods for commerce, or ***is employed in an enterprise engaged in commerce or in the production of goods for commerce,*** wages at the following rates:
> (1) except as otherwise provided in this section, not less than—[…]
> (C) $7.25 an hour […]

(emphasis added). 29 U.S.C. § 207 (the overtime provision), provides, in relevant part:

> (a) Employees engaged in interstate commerce […]
> (1) Except as otherwise provided in this section, ***no employer shall employ any of his employees who*** in any workweek is engaged in commerce or in the production of goods for commerce, or ***is employed in an enterprise engaged in commerce or in the production of goods for commerce,*** for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

(emphasis added).

As this Court has now observed, Mr. Edwards is not an "enterprise engaged in commerce." *See* 29 U.S.C. § 203(s)(1) (definitions). Mr. Edwards himself did not act individually as a business enterprise engaged in interstate commerce, as required by 29 U.S.C. § 203(s)(1). Mr. Edwards operates a number of separate small businesses through distinct legal entities that each have their own purpose, including Casper Trailer Sales,

Inc. and SJE Holdings, Inc. a property holding company. Casper Trailer Sales, Inc. is in the business of selling and servicing recreational vehicles. Mr. Edwards also operated a motel and storage yard, both owned by SJE Holdings. Mr. Edwards also owns other properties, owned by SJE Holdings. Plaintiff has not established (or could she) that Mr. Edwards personally made gross annual sales over $500,000.

Plaintiff has instead relied on establishing Mr. Edward's liability under the FLSA through his management of Casper Trailer Sales, Inc. during the period when Ms. Lopez was allegedly an employee of the company. Ms. Lopez's claim against Mr. Edwards is entirely derivative of her claim against Casper Trailer Sales, Inc. In her response to Defendants' Motion for Partial Summary Judgment, Ms. Lopez relied on admissions by Defendants concerning Casper Trailer Sales, Inc.'s gross sales. Defendants admit that, during the time Ms. Lopez was employed with Casper Trailer Sales, Inc., her claims were covered by the Act. However, evidence that Casper Trailer Sales, Inc. is an "entity engaged in interstate commerce" is not sufficient to establish Mr. Edwards in his individual capacity is subject to enterprise coverage. If Ms. Lopez can demonstrate only uncompensated work for Mr. Edwards, and not Casper Trailer Sales, Inc. then Ms. Lopez cannot rely on Defendants' admissions concerning Casper Trailer Sales, Inc.'s gross sales in order to obtain enterprise coverage under the Act.

### B. Whether Mr. Edwards, individually, was Ms. Lopez's employer is not sufficient to establish enterprise coverage, which is a separate prerequisite for coverage.

Whether or not Mr. Edwards is an "employer" under the statute is thus only half of the equation and is not sufficient to demonstrate coverage. The definition of "employer" in the FLSA is entirely circular. *See* 29 U.S.C. § 203(d) (definitions).

"Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

This is partly why courts have invented the "economic realities test." However, even if Mr. Edwards were to meet this plain language definition, or even if his relationship with Ms. Lopez was to satisfy the economic realities test, work that Stephanie Lopez performed for him in his individual capacity would not meet the plain language of Sections 206 and 207 because Mr. Edwards is not an enterprise engaged in commerce.[1]

This is not just semantics. As a federal law regulating employment relations, the Act is limited by Congress' authority under the Commerce Clause. Const. Art. I § 8, cl. 3 (Commerce Clause); *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943) (Congress intends to "regulate only activities constituting interstate commerce, not activities merely affecting commerce."). Ms. Lopez has the burden to show that she is entitled to the protections of the FLSA by asserting that either she, individually, was engaged in commerce or that Mr. Edwards is an enterprise engaged in commerce. *Reagor v. Okmulgee Cty. Family Res. Ctr.*, 501 F. App'x 805, 808 (10th Cir. 2012). Ms. Lopez has at no point pled or attempted to demonstrate that her claim is covered pursuant to individual coverage.

---

[1] Defendants didn't seek summary judgment in favor of Mr. Edwards individually because under the plain reading of this definition of employer, Mr. Edwards is properly named as a Defendant during the period when Ms. Lopez was an employee of Casper Trailer Sales, Inc. (May 2015-March 2016) because Mr. Edwards acts in the interest of Casper Trailer Sales, Inc. in relation to its employees. Defendants do not dispute that when Ms. Lopez was an employee of Casper Trailer Sales, Mr. Edwards acted directly and indirectly in the interests of Casper Trailer Sales, Inc. in relation to Ms. Lopez by setting her rates of pay, method of compensation, and determining whether to pay overtime and minimum wages. That does ***not*** mean, however, that work or favors that Ms. Lopez may have performed for Mr. Edwards personally over the years—not in her capacity as an employee of his company Casper Trailer Sales—is compensable under the requirements of the Act.

**C. Defendants respectfully request that the Court remove the references to Mr. Edwards in the jury instructions; add a qualifying instruction; and reconsider its ruling on this issue from Defendants' Motion in Limine.**

Defendants generally agree with the Court's suggestion in its Order that the proper course is to remove any reference to Mr. Edwards in the jury instructions. However, Defendants still believe it is necessary to include an instruction clarifying that work Ms. Lopez may have performed for Mr. Edwards individually is not compensable under the FLSA, and that only work for Casper Trailer Sales, Inc. is compensable.

If the Court agrees as a matter of law that only work that Plaintiff performed *as an employee of Casper Trailer Sales, Inc.*—not work for Defendant Edwards in his individual capacity—is compensable under the FLSA, then Defendants respectfully request that the Court also reconsider its ruling on Defendants' *motion in limine*, issue number 1, and exclude evidence of work pertaining to the following: (a) maintenance of the farmhouse at 1208 Elko Street; (b) other property maintenance including mending fences, mowing, picking up debris; (c) any security or yard sales related to the storage facility or any other lot; (d) and any other errands or chores not performed on the premises of Casper Trailer Sales, Inc. or for the benefit of Casper Trailer Sales, Inc.

Plaintiff has admitted that she often performed work which benefited more than one business or a different business. For example, Plaintiff stated that Ms. Lopez will testify that one winter day, she and Carl Edwards worked for a long day outside, in cold weather, repairing a broken pipe in a motel which Carl Edwards owns, adjacent to Casper Trailer Sales. She will also testify that she regularly hauled water to guard dogs. (Br. on Disputed Jury Instructions, ECF no. 108 at 9.) Plaintiff claims she is not required to connect her work to any specific job site. (Plaintiff's Trial Brief, ECF no. 114 at 2.) These

pieces of evidence do not relate to work Ms. Lopez performed as an employee of Casper Trailer Sales, Inc., which is in the business of selling and repairing RVs.

If Ms. Lopez claims now that this work was somehow performed as an employee of Casper Trailer Sales, Inc., this directly contradicts her deposition testimony in which she stated that she was working under a separate agreement with Mr. Edwards for the transfer of a house. Plaintiff has stated that she did not expect any remuneration from Casper Trailer Sales, Inc. Carl Edwards owns 1208 Elko Street through his property holding company, SJE Holdings, Inc. The house has no factual or business relationship to Casper Trailer Sales, Inc. aside from they are both owned by Mr. Edwards.[2]

## III. CONCLUSION

Defendants respectfully ask the Court to hold that, as a matter of law, work or favors that Ms. Lopez may have performed for Mr. Edwards in his individual capacity are not compensable under the FLSA because Mr. Edwards is not an enterprise engaged in commerce, as required by the Act. Defendants further respectfully request that the Court amend the jury instructions and its evidentiary rulings in line with this holding.

---

[2] Plaintiff states that she has not asked to enforce Plaintiff's agreement with Carl Edwards to transfer title to 1208 Elko Street to her in exchange for her work. (Pl. Br. on Disputed Jury Instructions at 13.) However, this is exactly what she is doing by claiming after the fact to have worked for Carl Edward's company for years when, she admits, she was working for him under a (disputed) contractual arrangement to earn a house he owned.

Respectfully submitted this 21st day of September, 2018.

GODFREY | JOHNSON, P.C.

*/s/Lily E. Nierenberg*
Lily E. Nierenberg
Colorado Bar No. 45451
9557 S. Kingston Court
Englewood, Colorado 80112
Phone: (303) 228-0700
Fax: (303) 228-0701
Email: nierenberg@gojolaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 21, 2018, a true and correct copy of the foregoing Trial Brief was filed and served via ECF/PACER on all parties of record, as follows:

Donna Dell'Olio
Julie Yeagle
Cornish & Dell'Olio
431 N. Cascade Avenue, Suite 1
Colorado Springs, CO 80903

*/s/Lily E. Nierenberg*
Lily E. Nierenberg