**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:17-cv-00045-CMA-KLM

STEPHANIE LOPEZ, individually,

      Plaintiff,

v.

CARL EDWARDS, individually, and
CASPER TRAILER SALES, INC., a Colorado Corporation,

      Defendants.

---

## DEFENDANTS' MOTION TO QUASH TRIAL SUBPOENAS

---

Defendants Carl Edwards and Casper Trailer Sales, Inc., by and through their attorneys GODFREY | JOHNSON, P.C., respectfully seek to have the Court quash the trial subpoenas issued to Ginger Valdez and Lorraine Whisnan on the following grounds:

### A. Certificate of Conferral

Undersigned made a good faith attempt to confer with Plaintiff's counsel regarding the issues raised in this motion. Plaintiff did not agree to withdraw the subpoenas.

### B. Ginger Valdez

On August 9, 2018, pursuant to this Court's practice standards, Defendants informed Plaintiff that they intended to read Ms. Valdez's deposition at trial. *Ex. A*. The deposition, which is approximately five minutes long, was conducted by Plaintiff's attorney with Plaintiff present and with Defendants present and represented. *Ex. B*.

On August 13, 2018, Plaintiff subpoenaed Ms. Valdez to appear live for trial on September 12, 2018. *Ex. C.* On September 5, 2018, due to the change in trial date, this Court ordered all witnesses previously subpoenaed to appear on September 12, 2018 to appear on September 26, 2018. *Ex. D.* On September 19, 2018, Plaintiff faxed that Order and a copy of the original subpoena to Ms. Valdez, care of Casper Trailer Sales, Inc., where Ms. Valdez is employed. *Ex. E.*

On September 20, 2018, Plaintiff's counsel informed undersigned counsel that she did not intend to call Ms. Valdez; however, she objected to Defendants' use of the deposition since Ms. Valdez was available by subpoena. *Ex. F.* Undersigned counsel responded that the deposition was permitted pursuant to Fed. R. Civ. P. 32(a)(4)(B) because Ms. Valdez is located more than 100 miles from the Courthouse. *Id.* The parties have been unable to reach an agreement on this issue.

Fed. R. Civ. P. 32 sets out the standard under which depositions may be used at trial.

> (a) Using Depositions.
> (1) In General. At a hearing or trial, all or part of a deposition may be used against a party on these conditions:
> (A) the party was present or represented at the taking of the deposition or had reasonable notice of it;
> (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and
> (C) the use is allowed by Rule 32(a)(2) through (8).

Fed. R. Civ. P. 32. Plaintiff cannot dispute that she was represented at Ms. Valdez's deposition. *Ex. B* at 2. So the question becomes whether one of the situations listed in Rule 32(a)(2) through (8) is met. One of those listed situations is the provision concerning unavailable witnesses, which states:

> (4) A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:
> [...]
> (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition.

Fed. R. Civ. P. 32(a)(4)(B). This rule applies here because Ms. Valdez is located more than 100 miles from the Courthouse. On the dates and times of trial, Ms. Valdez will be working at the premises of Casper Trailer Sales, Inc., 2734 Lake Avenue, Pueblo CO 81004, which is located approximately 119 miles from the federal courthouse. Ms. Valdez also lives in Pueblo, CO. *Ex. G.* Ms. Valdez's work and home location have remained the same during trial and her absence from the place of trial was not procured by Defendants. Thus, Defendants should be able to use Ms. Valdez's deposition to the extent it would be admissible if she were present and testifying.  Fed. R. Civ. P. 32(a)(1).

Plaintiff has admitted that the only purpose she has in subpoenaing Ms. Valdez is to prove that she is available to testify by subpoena, not to call her as a witness. Whether Ms. Valdez could be subpoenaed is not dispositive of whether or not Defendants can use Ms. Valdez's deposition under the rules.  Fed. R. Civ. P. 32(a)(4)(D) simply provides an alternative ground for use of a subpoena; it is not an independent requirement.

Plaintiff's subpoena to Ms. Valdez purely for the purpose of appearing at the courthouse, when Plaintiff has admitted she does not intend to call her as a witness, constitutes undue burden to Ms. Valdez under Fed. R. Civ. P. 45(d)(3)(A)(iv). That rule requires that the Court, on timely motion, quash a subpoena that subjects a person to undue burden. Defendants submit that this motion is timely, given that Ms. Valdez only received the fax informing her of the new effective date of the subpoena on September

19, 2018; Defendants received the first notice on September 20, 2018, that Plaintiff did not intend to call Ms. Valdez to the witness stand; and this motion is filed in time for the Court to rule prior to the time for appearance under the subpoena.

## C.  Lorraine Whisnan

On August 20, 2018, Plaintiff subpoenaed Lorraine Whisnan to appear live for trial on September 27, 2018. *Ex. H.* Ms. Whisnan was not disclosed as a witness in the Pre-Trial Order nor was she listed on any of the parties' Fed. R. Civ. P. 26(a) disclosures.

Plaintiff is not calling Ms. Whisnan in her case in chief and cannot, since she was not properly disclosed. Fed. R. Civ. P. 37(c)(1). With regard to impeachment testimony, it is not admissible to the extent that it constitutes "extrinsic evidence … to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). Evidence that is other than pure impeachment evidence should be disclosed. *Searles v. Van Bebber*, 251 F.3d 869, 877 (10th Cir. 2001) (discussing Rule 608(b) as well as staing that "[i]f, as the judge saw it, the evidence was really more than mere impeachment evidence, then the witnesses should have been disclosed."); *see also Aerotech Res., Inc. v. Dodson Aviation, Inc.*, 91 Fed. Appx. 37, 45 (10th Cir. 2004) (holding no abuse of discretion in excluding audiotape based on finding that it was offered for reasons other than impeachment).

Defendants have no knowledge of any testimony that Ms. Whisnan would give that would be in the form of proper impeachment evidence. To undersigned's knowledge, the only mention of Ms. Whisnan during discovery was by Carl Edwards during his deposition, in regard to Ms. Whisnan occasionally bringing her husband lunch at the shop of Casper

Trailer Sales, Inc. *Ex. I.* Ms. Whisnan is the wife of Bill Whisnan, who was a long-time employee at Casper Trailer Sales prior to when he retired in 2015.

Ms. Whisnan recently had knee surgery, is still recovering, and is in her eighties. Defendants respectfully assert that these are grounds for the Court to quash Ms. Whisnan's subpoena pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iv).

WHEREFORE, Defendants respectfully request an Order quashing the trial subpoena issued to Ginger Valdez and affirming that Defendants can use Ms. Valdez's deposition at trial; and quashing the trial subpoena issued to Lorraine Whisnan.

Respectfully submitted this 23rd day of September, 2018.

GODFREY | JOHNSON, P.C.

*/s/Lily E. Nierenberg*
Lily E. Nierenberg
Colorado Bar No. 45451
9557 S. Kingston Court
Englewood, Colorado 80112
Phone: (303) 228-0700
Fax: (303) 228-0701
Email: nierenberg@gojolaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 23, 2018, a true and correct copy of the foregoing Defendants' Motion to Quash Trial Subpoena's was filed and served via ECF/PACER on all parties of record, as follows:

Donna Dell'Olio
Julie Yeagle
Cornish & Dell'Olio
431 N. Cascade Avenue, Suite 1
Colorado Springs, CO 80903

*/s/Lily E. Nierenberg*
Lily E. Nierenberg