

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

### Judge Christine M. Arguello

Civil Action No. 17-cv-00045-CMA-KLM

STEPHANIE LOPEZ,

     Plaintiff,

v.

CARL EDWARDS, individually, and

CASPER TRAILER SALES, INC., a Colorado corporation,

     Defendants.

---

## FINAL JURY INSTRUCTIONS

---

INTRODUCTION TO FINAL INSTRUCTIONS ........................................................... 3
PURPOSE OF JURY AND DUTY TO FOLLOW INSTRUCTIONS ............................ 4
BURDEN OF PROOF ............................................................................................ 5
EVIDENCE – GENERAL ........................................................................................ 6
EVIDENCE – DIRECT AND CIRCUMSTANTIAL ................................................... 7
CREDIBILITY OF WITNESSES AND SINGLE WITNESS ...................................... 8
WITNESS DEPOSITIONS AS EVIDENCE .............................................................. 9
STIPULATED FACTS ...........................................................................................10
ALL PERSONS EQUAL BEFORE THE LAW AND IMPLICIT BIAS .......................11
EXPERT WITNESS ..............................................................................................12
FLSA – STATUTE INVOLVED ..............................................................................13
FLSA – ELEMENTS OF CLAIM FOR MINIMUM WAGES ....................................14
FLSA – ELEMENTS OF CLAIM FOR OVERTIME PAY ........................................15
DETERMINING EMPLOYEE STATUS .................................................................16
DETERMINING HOURS WORKED .......................................................................17

FLSA – WILLFUL VIOLATION (FOR PURPOSES OF THE STATUTE OF LIMITATIONS).......18

STATUTE OF FRAUDS ..............................................................................................................19

INTRODUCTION TO DAMAGE INSTRUCTIONS.................................................................20

DAMAGES – CALCULATING MINIMUM WAGE AND/OR OVERTIME....................................21

DAMAGES – EMPLOYER'S DUTY TO KEEP RECORDS.......................................................22

JURY DELIBERATIONS – GENERAL INSTRUCTIONS..........................................................23

FOREPERSON AND SPECIAL VERDICT FORM.....................................................................24

COMMUNICATIONS WITH THE COURT .................................................................................26

## INSTRUCTION NO. 1
## INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every civil case – for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. You will be allowed to take these instructions with you to the jury deliberation room, so you need not take notes as I read them to you.

**INSTRUCTION NO. 2**
**PURPOSE OF JURY AND DUTY TO FOLLOW INSTRUCTIONS**

You are here to decide whether Plaintiff Stephanie Lopez (Ms. Lopez) has proved her claim(s) against Defendants Casper Trailer Sales, Inc. and Carl Edwards by a preponderance of the evidence. These instructions contain the law that you must use in deciding this case.

You, as jurors, are the judges of the facts. But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

However, you should not read into these instructions or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

The Court does not, by these instructions, express any opinions as to what has or has not been proved in the case, or to what are or are not the facts of the case, except for the stipulations agreed to by the parties and facts of which I have taken judicial notice.

**INSTRUCTION NO. 3**
**BURDEN OF PROOF**

This is a civil case. Therefore, Ms. Lopez has the burden of proving her claims by what is called a preponderance of the evidence. This means that no matter who produces the evidence, when you consider Ms. Lopez's claims in light of all the facts, you must believe those claims are more likely true than not true. To put it differently, if you were to put all the evidence in favor of Ms. Lopez and all the evidence in favor of Defendants on opposite sides of the scale, Ms. Lopez would have to make the scale tip to her side. If she fails to meet this burden, your verdict must be for Defendants.

In evaluating whether Ms. Lopez has met her burden on her claims, you should also know that the law does not require parties to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial. Nor does the law require parties to produce as exhibits all papers or other things mentioned in the evidence in the case.

## INSTRUCTION NO. 4
## EVIDENCE – GENERAL

You must make your decision based only on the evidence that the parties have presented to you during the trial. That evidence consists of:

1.     the sworn testimony of witnesses on both direct and cross-examination, regardless of who called the witness;
2.     documents and other things received into evidence as exhibits; and
3.     any facts on which the lawyers agree or which I instruct you to accept as true.

Nothing else is evidence. The following things are not evidence and you must not consider them as evidence in deciding the facts of this case:

1.     Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they said in their opening statements, closing arguments, and at other times was intended to help you interpret the evidence, but it was not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.
2.     Questions and objections by the lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.
3.     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.
4.     Anything you may see or hear when court was not in session is not evidence, even if what you saw or heard was done or said by one of the parties or by one of the witnesses. In addition, as I have previously told you, you are not allowed to look at, read, consult, or use any material of any kind, including any dictionaries or medical, scientific, technical, religious, or law books, the Internet, or any material of any type or description in connection with your jury service.

Although you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits; inferences you feel are justified in the light of common experience. Inferences are conclusions that reason and common sense lead you to draw from the facts established by the evidence in the case. Inferences, however, may not be based upon mere speculation, guess, or conjecture as to what might have happened.

**INSTRUCTION NO. 5**
**EVIDENCE – DIRECT AND CIRCUMSTANTIAL**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence and the other is circumstantial evidence. Direct evidence is testimony by a witness about what that witness personally saw, heard, or did. Circumstantial evidence is indirect evidence; that is, it is proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that, in determining the facts, you consider all the evidence in the case, both direct and circumstantial. It is for you to decide how much weight to give to any evidence, direct or circumstantial.

## INSTRUCTION NO. 6
## CREDIBILITY OF WITNESSES AND SINGLE WITNESS

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness' testimony. An important part of your job will be making judgments about which witnesses to believe and which witnesses not to believe. You may believe everything a witness says, only part of it, or none of it.

You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was.

In considering the testimony of any witness, you may consider:

1.     The witness' opportunity and ability to see, hear, or know the things to which the witness testified;
2.     The quality of the witness' memory;
3.     The witness' manner while taking the oath and testifying;
4.     Whether the witness had an interest in the outcome of the case or any motive, bias, or prejudice;
5.     Whether the witness' testimony was contradicted by anything the witness said or did another time, by the testimony of other witnesses, or by other evidence;
6.     How reasonable the witness' testimony was in light of all the evidence; and
7.     Any other facts that bear on believability.

When weighing conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

If you believe a witness has willfully lied regarding any fact, you have the right to disregard all or any part of that witness' testimony.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify to that fact. The testimony of a single witness that produces in your mind's belief the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

**INSTRUCTION NO. 7**
**WITNESS DEPOSITIONS AS EVIDENCE**

Certain testimony has been introduced into evidence from a deposition. A deposition is testimony taken under oath before the trial. You are to consider that testimony as if it had been given by the witness from the witness stand.

**INSTRUCTION NO. 8**
**STIPULATED FACTS**

The parties have stipulated to certain facts and agree that these facts can be taken as true without further proof.  The stipulated facts are as follows:

1.      Defendant Casper Trailer Sales, Inc., doing business as JDL Trailer Sales, operates a business selling and providing service and parts for trailers and recreational vehicles at 2734 Lake Avenue, Pueblo, Colorado.

2.      Carl Edwards ("Mr. Edwards") owns and operates several businesses, including Casper Trailer Sales, Inc. and SJE Holdings, Inc. a property holding company.

3.      Casper Trailer Sales, Inc. is a corporation.

4.      Mr. Edwards lives in Pueblo, CO.

5.      Casper Trailer Sales, Inc. and Mr. Edward's business office is located at 2734 Lake Avenue, Pueblo, CO.

6.      Defendants began providing Ms. Lopez with wages by paycheck through the payroll of Casper Trailer Sales, Inc. in May 2015.

7.      The first paycheck given to Ms. Lopez by Casper Trailer Sales, Inc. is dated May 27, 2015.

8.      Casper Trailer Sales, Inc. was Ms. Lopez's employer from May 25, 2015 to March 7, 2016.

9.      Ms. Lopez worked as part of the pit crew during her employment with Casper Trailer Sales, Inc.

10.      Casper Trailer Sales, Inc. provided Ms. Lopez with IRS form W-2s for 2015 and 2016.

11.      Ms. Lopez does not dispute that she received the compensation shown on the paystubs which are contained in Exhibit 8.

Because the parties have stipulated to these facts and do not dispute them, you are to take these facts as true for purposes of this case.

**INSTRUCTION NO. 9**
**ALL PERSONS EQUAL BEFORE THE LAW AND IMPLICIT BIAS**

In this courtroom, everyone is entitled to a level playing field. You should not be influenced by who the parties are, or who the witnesses are, that is, whether they are rich or poor, young or old, well-educated or not. You should not be influenced by the fact that Ms. Lopez is a person and the Defendant Casper Trailer Sales, Inc. is a corporation.  You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. Corporations are entitled to the same fair trial as a private individual.

And you should be aware of the natural human tendency to look at others, and to filter what they have to say, through the lens of our own personal experience and background. Because we all do this, we often see life – and evaluate evidence – in a way that tends to favor people who are like ourselves or who have had life experiences like our own. In deciding this case, I urge you to be aware of this natural human tendency to stereotype other people and to make assumptions about them based on the stereotypes, and I urge you to avoid such stereotyping.

11

**INSTRUCTION NO. 10**
**EXPERT WITNESS**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses give their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

## INSTRUCTION NO. 11
## FLSA – STATUTE INVOLVED

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case. I will now instruct you on the law relating to Ms. Lopez's claims.

In this case, Ms. Lopez claims that Casper Trailer Sales, Inc. did not pay her minimum wage or overtime pay as was required by the Fair Labor Standards Act ("FLSA"). The FLSA is a federal law that generally requires employers to pay their employees minimum wage for all hours worked by an employee during each workweek and to pay overtime compensation for all hours worked by an employee in excess of forty hours in one week.

The employee's right to be paid minimum wages and overtime wages cannot be revoked by his employer or waived by the employee. For this reason, an employer is not excused from liability for a violation of the Fair Labor Standards Act even though an employee may have consented to be paid for less time than that required by the FLSA. The purpose of FLSA is to eliminate the existence of labor conditions which are detrimental to the minimum standard of living necessary for health, efficiency, and general well-being of workers.

"Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee. When a corporation such as Defendant Casper Trailer Sales, Inc. is involved, it may act only through natural persons who are its agents or employees, like Mr. Edwards. Generally, any agent or employee of a corporation may bind the corporation by his acts and declarations made while acting within the scope of their authority delegated to them by the corporation, or within the scope of their duties as employees of the corporation.

If you find in favor of Ms. Lopez on her FLSA claims, Mr. Edwards and Casper Trailer Sales, Inc. will be jointly and severally liable for the payment of any wages that you determined are owed by Casper Trailer Sales, Inc. under the FLSA. Although Mr. Edwards is a named defendant in this case, you must consider only the work Plaintiff has performed as an employee of Casper Trailer Sales, Inc., not work performed for Mr. Edwards in his individual capacity.

**INSTRUCTION NO. 12**
**FLSA – ELEMENTS OF CLAIM FOR MINIMUM WAGES**

The FLSA generally requires employers to pay employees at least the minimum wage, on average, for all hours worked by an employee in each workweek. A workweek is a regularly occurring period of seven (7) consecutive days.

For the Ms. Lopez to establish her claim against the Defendants for failure to pay her minimum wage in violation of the FLSA, she must prove the following by a preponderance of the evidence:

1.    Ms. Lopez was an employee of Casper Trailer Sales, Inc. for any period in which she seeks to recover wages; and

2.    Defendants failed to pay Ms. Lopez minimum wage for all hours she worked for Casper Trailer Sales, Inc.

If you find that any one or more of the elements has not been proved, then your verdict must be for the Defendants.

On the other hand, if you find that both the elements have been proved, then your verdict must be for Ms. Lopez.

## INSTRUCTION NO. 13
## FLSA – ELEMENTS OF CLAIM FOR OVERTIME PAY

With certain exceptions not relevant here, the FLSA requires employers to pay their employees overtime compensation for all hours worked in excess of 40 in a workweek. "Overtime compensation" means an amount of at least one and one-half times an employee's regular rate of pay, for all hours worked in excess of forty in a workweek. An employee's regular rate of pay is the basis for calculating any overtime pay due the employee.

An employer is obligated to pay an employee for all hours worked, even those in addition to her prescribed schedule, if the employer knows or has reason to know that the employee is working additional hours.

For Ms. Lopez to establish her claim against Defendants for failure to pay her overtime in violation of the FLSA, she must prove the following by a preponderance of the evidence:

1.      Ms. Lopez was an employee of Casper Trailer Sales, Inc. for any period in which she seeks to recover wages

2.      Defendants failed to pay Ms. Lopez overtime pay for all hours Ms. Lopez worked for Casper Trailer Sales, Inc. in excess of 40 hours in one or more workweeks; and

3.      Casper Trailer Sales, Inc. knew or should have known that Ms. Lopez worked for Casper Trailer Sales, Inc. hours in excess of 40 hours in one or more workweeks for which she was not compensated.

If you find that any one or more of the elements has not been proved, then your verdict must be for the Defendants.

On the other hand, if you find that all three elements have been proved, then your verdict must be for Ms. Lopez.

## INSTRUCTION NO. 14
## DETERMINING EMPLOYEE STATUS

With respect to Element 1 of both Instructions No. 12 and 13, the parties have stipulated that Ms. Lopez was an employee of Casper Trailer Sales, Inc. from May 25, 2015 through March 7, 2016.  Ms. Lopez maintains that she also worked for Casper Trailer Sales, Inc. from January 4, 2014 through May 24, 2015, as well as from March 8, 2016 through April 20, 2016.  Defendants, however, dispute that Ms. Lopez was an employee of Casper Trailer Sales, Inc. beyond May 25, 2015 through March 7, 2016.

The FLSA defines 'employee' as any individual employed by an employer. It defines the term 'employ' as to "suffer or permit to work."  The words 'suffer or permit to work' must be understood in common sense. They mean that a person is an employer if he permits another to work for him, even if he has not expressly hired or employed him. And the words 'suffer' and 'permit' mean with the knowledge or consent of the employer.

It is not always clear whether a worker is an employee and it is not always clear if a business is an employer during a certain time frame. In certain circumstances, trainees are not employees under the FLSA. Therefore, you must determine whether Ms. Lopez was an employee or trainee of Casper Trailer Sales, Inc. during the disputed time frames.

Determination of employee status as a trainee in this context is not subject to a rigid test, but rather to a consideration of the totality of the circumstances between the parties during the disputed time frames. You may consider the following factors in evaluating employment status:

1.      The training, even though it includes actual operation of Casper Trailer Sales, Inc.'s facilities, is similar to that which would be given in a vocational school;
2.      The training was for the benefit of Ms. Lopez;
3.      Ms. Lopez did not displace regular employees, but worked under close supervision;
4.      Casper Trailer Sales, Inc. did not derive an immediate advantage from the activities of the trainees and on occasion its operations may actually be impeded;
5.      Ms. Lopez was not necessarily entitled to a job at the completion of the training period;
6.      Casper Trailer Sales, Inc. and Ms. Lopez understood that Ms. Lopez was not entitled to wages for the time spent in training.

No single factor determines whether Ms. Lopez was or was not an employee of Casper Trailer Sales, Inc. during the disputed timeframes. The factors are instead based on the totality of the circumstances.

**INSTRUCTION NO. 15**
**DETERMINING HOURS WORKED**

With respect to Element 2 of both Instructions 12 and 13, you must determine whether Ms. Lopez performed work for Casper Trailer Sales, Inc. for which she was not properly compensated.

The test for whether Ms. Lopez's work time must be compensated at minimum wage or overtime is whether the time was spent primarily for the benefit of Casper Trailer Sales, Inc. Such time constitutes hours worked if Casper Trailer Sales, Inc. knew or should have known that the work was being performed.

Minor differences between the clock records and actual hours worked cannot ordinarily be avoided. Employees who voluntarily come in before their regular starting time or remain after their closing time, do not have to be paid for such periods provided, of course, that they do not engage in any work. Their early or late clock punching may be disregarded.

Employers may round an employee's starting or stopping times to the nearest five minutes, or to the nearest one-tenth or quarter of an hour, provided the amounts rounded off average out over time and the practice does not result, over a period of time, in a failure to properly compensate the employee for all of the time she actually worked.

Once the workday starts, all activity is ordinarily compensable until the workday ends. However, a meal break is not work time if it is 30 minutes or longer and the employee is completely relieved from duty. In addition, periods during which the employee is completely relieved of duty that are long enough to enable the employee to use the time effectively for his or her own purpose are not compensable work time. Breaks of short duration in which the employee is unable to use the time effectively for his own purposes must be compensated.

# INSTRUCTION NO. 16
## FLSA – WILLFUL VIOLATION (FOR PURPOSES OF THE STATUTE OF LIMITATIONS)

The FLSA has a two year statute of limitations for an action for unpaid minimum wages or unpaid overtime. However, the statute of limitations is extended to three years if Ms. Lopez proves that Casper Trailer Sales, Inc. "willfully" violated the law.

If you find in favor of the Ms. Lopez under Instruction No. 14 and/or 15, you must determine whether Casper Trailer Sales, Inc.'s failure to pay minimum wage and/or overtime was willful.

For the Ms. Lopez to establish that the failure to pay her minimum wage and/or overtime pay was willful, she must prove, by a preponderance of the evidence that Casper Trailer Sales, Inc. knew that its conduct was prohibited by the FLSA or showed reckless disregard for whether its conduct was prohibited by FLSA.

Willful refers to conduct that is deliberate, voluntary and intentional, as opposed to merely negligent.

18

**INSTRUCTION NO. 17**
**STATUTE OF FRAUDS**

Under Colorado law, which is applicable in this case, a contract for a sale of lands – including a sale of a house – is void and cannot be enforced by the buyer unless the contract is in writing and signed by the seller.

**INSTRUCTION NO. 18**
**INTRODUCTION TO DAMAGE INSTRUCTIONS**

That concludes the part of my instructions relating to Ms. Lopez's claims for relief.  I will now instruct you on the law relating to damages.

The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of Ms. Lopez from the preponderance of the evidence in the case in accordance with the other instructions.

Difficulty or uncertainty in determining the precise amount of any damages does not prevent you from deciding an amount. You should use your best judgment based on the evidence.

**INSTRUCTION NO. 19**
**DAMAGES – CALCULATING MINIMUM WAGE AND/OR OVERTIME**

If you find that Ms. Lopez has proved the elements of one or both of her claims by a preponderance of the evidence, you must award Ms. Lopez damages.

The measure of damages is the difference between what Casper Trailer Sales, Inc. should have paid Ms. Lopez under the law and the amount that you find that Casper Trailer Sales, Inc. actually paid.

You may not include or add to the damages any sum for the purpose of punishing Defendants.

## INSTRUCTION NO. 20
## DAMAGES – EMPLOYER'S DUTY TO KEEP RECORDS

Casper Trailer Sales, Inc. is legally required to maintain records showing:

1. Name of each employee
2. Home Address
3. Date of Birth
4. Regular hourly rate of pay
5. Hours worked each work day
6. Total hours worked each work week
7. Total straight-time earnings
8. Total premium pay for overtime hours.
9. Total additions to or deductions from wages
10. Total wages paid each period
11. Date of payment and the pay period it covered

If you find that Casper Trailer Sales, Inc. failed to maintain records of Ms. Lopez's hours worked or that the records it kept are inaccurate or inadequate, you must accept Ms. Lopez's estimate of hours worked, unless you find it to be unreasonable. The employer cannot complain that the damages lack the precision that would have been possible if the employer had kept the records required by law.

Where an employer has an established time keeping system, such as a time clock, and the employee chooses not to enter any of the hours she allegedly worked, failure of the employer to pay overtime is not an FLSA violation.

"Straight-time earning" is the total earnings or wages due for hours worked during the workday or work week that is not overtime pay.

"Hours worked" means all time spent by Ms. Lopez that was primarily for the benefit of Casper Trailer Sales, Inc.  Such time constitutes hours worked if Casper Trailer Sales, Inc. knew or should have known that the work was being performed.

**INSTRUCTION NO. 21**
**JURY DELIBERATIONS – GENERAL INSTRUCTIONS**

Each of you has a copy of the instructions to consult as you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts, you must apply and follow the laws contained in these instructions whether you agree with them or not. Your decision is called a verdict and is reached by applying those laws to the facts as you find them. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathies. You have taken an oath promising to do just so.

You must follow all of these instructions and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything I may say or do any suggestions as to what verdict you should return. Your verdict is a matter entirely for you to decide.

## INSTRUCTION NO. 22
## FOREPERSON AND SPECIAL VERDICT FORM

After the closing arguments, the Court Security Officer will escort you to the jury room and will give you the original jury instructions and the original verdict form. Any exhibits admitted into evidence will also be placed in the jury room for your review. You will be allowed to take your notes and your copy of the jury instructions that I have just read with you. The original of the jury instructions and the exhibits are a part of the court record. Do not place any marks or notes on them. Your copy of the instructions may be marked or used in any way you see fit.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

A Special Verdict Form has been prepared to help guide you through your deliberations. This form contains questions and directions for answering them. In answering these questions, you must apply the law in the instructions that the Court gave you to the facts that were proved by the evidence. You will note that the Special Verdict Form includes a number of interrogatories or questions which call for a "yes" or "no" answer. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided for each response. As you will note from the wording of the questions, it may not be necessary to consider or answer every question. This is the only copy of the Special Verdict Form that you will receive, so please do not write on it or indicate your answer to any questions on it until you have all agreed on the answer.

This is an important case. If you should fail to agree upon a verdict, the case is left open and must be tried again. Obviously, another trial would require the parties to make another large investment of time and effort, and there is no reason to believe that the case can be tried again by either side better or more exhaustively than it has been tried before you.

It is your duty, as jurors, to consult with one another and deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of

evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

After you reach a verdict, your foreperson should ensure that the original Special Verdict Form is complete and then he/she must sign and date it. The foreperson should then advise the Court Security Officer that you have reached a verdict, but do not tell the court security officer what your verdict is. The Court Security Officer will then inform me that you have reached a verdict. The foreperson should remain in possession of the Special Verdict Form until you return to the courtroom and I request that it be given to me.

**INSTRUCTION NO. 23**
**COMMUNICATIONS WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a folded note through the Court Security Officer, signed by one of you. Do not disclose the content of your note to the Court Security Officer. No member of the jury should hereafter attempt to communicate with me except in writing and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. You are not to tell anyone – including me – how the jury stands, numerically or otherwise, until you have reached a unanimous verdict and I have discharged you.

If you send a note to me containing a question or request for further direction, please bear in mind that responses take considerable time and effort. Before giving an answer or direction I must first notify the attorneys and bring them back to the court. I must confer with them, listen to arguments, research the legal authorities, if necessary, and reduce the answer or direction to writing.

There may be questions that, under the law, I am not permitted to answer. If it is improper for me to answer the question, I will tell you that. Please do not speculate about what the answer to your question might be or why I am not able to answer a particular question.