**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-00045-CMA-KLM

STEPHANIE LOPEZ, individually,

    Plaintiff,

v.

CARL EDWARDS, individually, and
CASPER TRAILER SALES, INC., a Colorado Corporation

    Defendants.

---

**Motion for Award of Attorney's Fees and Costs, pursuant to 29 U.S.C. §216(b)**

---

COMES NOW the Plaintiff Stephanie Lopez, by and through counsel, Donna Dell'Olio, Cornish & Dell'Olio, P.C., and moves the Court for an order awarding attorney's fees and costs.

## I. INTRODUCTION

Stephanie Lopez brought this action as a result of the Defendants' failure to pay her minimum and overtime wages from January 4, 2014 to April 20, 2016. Her complaint alleged violations of the Fair Labor Standards Act ("FLSA") and the Colorado Wage Act ("CWA"). Plaintiff's FLSA claims were tried before a jury. The jury found that Plaintiff proved the elements of her FLSA minimum wage and overtime claims for the period March 8, 2016 to April 20, 2016, and awarded her economic damages of $878.75. DOC #138.

1

This Court entered a Final Judgment in favor of Plaintiff and against Defendants in the amount of $878.75 on September 29, 2018. DOC #140. The Final Judgment provided that Plaintiff shall have her costs. *Id.*

As the prevailing party on her FLSA claim, Plaintiff is entitled to reasonable attorneys' fees and costs. 29 U.S.C. § 216(b) (the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."). Plaintiff seeks $166,463.50 in attorneys' fees, plus $9,610.10 in out-of-pocket expenses. Plaintiff submits that the fees sought to be awarded in this case are reasonable considering the issues involved in this case, the parties' stipulation that Plaintiff's attorneys' hourly rates are reasonable, the experience level of Plaintiff's counsel, and past judicial precedent.

## II. CALCULATING A REASONABLE ATTORNEY'S FEE

Determination of the amount and reasonableness of an attorneys' fees is within the court's discretion. *See Wright v. U-Let-Us Skycap Servs., Inc.*, 648 F. Supp. 1216, 1218 (D. Colo. 1986). When evaluating claims for attorneys' fees, the court must follow the three-step process set forth in *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983), *overruled on other grounds*, *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987). These steps include: (1) determining the number of hours reasonably spent by counsel for the prevailing party; (2) determining a reasonable hourly rate of compensation; and (3) multiplying the reasonable hourly rate with the number of hours reasonably expended to determine the "lodestar" amount. *Id.*; see also *Esquibel v.*

2

*Hendler*, 2017 U.S. Dist. LEXIS 204439, at *16 (D. Colo. 2017) (applying the three-step process set forth in *Ramos*).

Courts may adjust a fee award upward or downward depending on different factors. *Ramos*, 713 F.2d at 556. In *Hensley v. Eckerhart*, 461 U.S. 424 (1983) (hereinafter "*Hensley*"), the Supreme Court set forth factors to be considered when determining a reasonable attorney's fee to be awarded to a prevailing party. As is relevant here, these factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) whether the fee is fixed or contingent; (6) time limitations imposed by the client or the circumstances; (7) the "undesirability" of the case; and (8) the amount involved and the results obtained. *Id*. at 430 n.3.

As set forth below, the fees sought to be awarded in this case are reasonable and consistent with the standards set forth in *Ramos* and *Hensley*.

A. The Number of Hours Expended

The first step in determining a fee award is to determine the number of hours reasonably spent by counsel for the prevailing party. *Malloy v. Monahan*, 73 F.3d 1012, 1017 (10th Cir. 1996); *Ramos*, 713 F.2d at 553. Factors considered in a reasonableness determination include (a) the hours that would be properly billed to one's client in accordance with good "billing judgment," (b) time spent on specific tasks, and (c) duplication of efforts. *Malloy*, 73 F.3d at 1017-18; *Ramos*, 713 F.2d at 553-54.

Plaintiff's attorneys seek to recover fees for 429.67 hours of work actually devoted to working on the case. In support of this request, Plaintiff's attorneys submit meticulous, contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks. Exhibit 1, Affidavit of Donna Dell'Olio, documenting 309.08 hours of work; Exhibit 2, Declaration of Julie Yeagle, documenting 112.09 hours of work; Exhibit 3, Declaration of Ian Kalmanowitz, documenting 9 hours of work. Plaintiff's attorneys attest that these hours were properly billed to Plaintiff in accordance with good billing judgment, and that a good faith effort was made to exclude hours that are excessive, redundant, or otherwise unnecessary.

Plaintiff's counsel had no motive to spend more time than necessary on Stephanie Lopez's case. This fact is proven by Plaintiff's repeated efforts to settle the case. Early on in the litigation, and before substantial attorney's fees had been incurred, Plaintiff also requested participation in mediation. Exhibit 4. Defendants' only response was a $1.00 offer of judgment pursuant to Rule 68 and extensive argument about legal theories. Exhibit 5. Before trial, Plaintiff tried again to encourage a settlement by offering mediation (Exhibit 6), but received no response to her request.

Furthermore, Defendants' extensive motion practice was the direct cause of much of the litigation fees and costs incurred by Plaintiff. The Tenth Circuit has long accepted the proposition that one of the factors useful in evaluating the reasonableness of the number of attorney hours in a fee request is "the responses necessitated by the maneuvering of the other side." *Robinson v. City of Edmond*, 160 F.3d 1275, 1284 (10th Cir. 1998) (citing *Ramos*, 713 F.2d at 554). This case was litigated by Defendants without

4

any concern for time spent or the costs of litigation. The economic disparity between the parties could not have been more stark. Defendants exploited this disparity of resources (as they had every right to do) by making Stephanie Lopez's attorneys expend time responding to motions which were aggressive and were ultimately determined to be without merit. For example, Defendants' motion for partial summary judgment, which had little likelihood of success, required Plaintiff's attorneys to spend 23 hours in drafting a response. Similarly, Defendants' Rule 702 motion had a very low probability of success given the qualifications of Plaintiff's expert, the common practice of allowing handwriting experts to testify in federal court, and the substantial similarities between Defendants' motion and a Rule 702 motion to exclude the same handwriting expert that was denied in its entirety by Judge William J. Martinez. Responding to Defendants' Rule 702 motion required another 23 hours of work by Plaintiff's attorneys. Finally, Defendants' Motion in Limine, which requested the court to exclude six categories of evidence and which was denied in its entirety, demanded approximately 10 hours of attorney work. It would be unfair to find that the time Plaintiff's lawyers spent on the litigation was unreasonable when much of this time was a direct result of Defendants' extensive motion practice. *See, e.g., City of Riverside v. Rivera*, 477 U.S. 561, 580 n.11, (1986) ("The government cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response.") *see also* 2 Mary Francis Derfner & Arthur D. Wolf, Court Awarded Attorney Fees, P 16.02[8][b] (1997) (discussing cases that have held "the vehemence or tenacity of the opposition will justify an increase in the amount of time an attorney must

necessarily - and therefore reasonably - spend in countering the opposition and winning the suit").

Finally, Plaintiff's attorneys have no way of knowing whether Defendants will claim that too much time was spent on any particular task. By separate motion, Plaintiff asks the court to allow very limited discovery before it allows Defendants' attorneys to challenge the amount of time they worked on the case. DOC #147.

### B. Reasonable Hourly Rate and Loadstar

Courts may determine the reasonableness of a fee request by calculating the "lodestar amount," which represents the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433. The parties have stipulated that Plaintiff's attorneys' reasonable hourly rates are $400.00 per hour for Donna Dell'Olio and Ian Kalmanowitz, and $350.00 per hour for Julie Yeagle. DOC #145. Accordingly, the loadstar in this case, without considering time spent on the motion for attorney's fees, is $166,463.50 (112.09 hours X $350.00 = $39,231.50) (Yeagle time) + (309.08 X $400.00 = $123,632.00) (Dell'Olio time) + (9 hours X $400.00 = $3,600.00) (Kalmanowitz time).

### C. The Novelty and Difficulty of the Questions

This case – a simple, single-plaintiff wage claim - did not involve novel questions of law. Yet Defendants' counsel made the litigation complicated and difficult by making straight-forward issues complicated. Defendants' counsel had every right to do so. However, it would be unfair to discount Plaintiff's attorneys' fees when a substantial amount of time was spent responding to Defendants' novel legal theories and filings which did nothing to advance the litigation. As examples, please see Exhibits 4 and 5, where a

simple request for mediation was met with pages of legal argument. *See also*, DOC #41, Motion to Partially Dismiss, with 14 exhibits; DOC #65, Defendants' Motion for Partial Summary Judgment; DOC #80, Defendants' Motion to Exclude The Expert Handwriting Testimony, with 11 exhibits; DOC #97, Defendants' Motion in Limine, with exhibits.

### D. The Skill Requisite to Perform the Legal Services Properly

The experience of Plaintiff's counsel no doubt made for efficiencies of time. The degree of skill needed to litigate a wage case should not be a particularly decisive factor in determining the motion for attorney's fees in this case. Any competent employment lawyer (who was willing to represent Stephanie Lopez under the circumstances) could have tried this single-Plaintiff case.

### E. The Preclusion of Other Employment

Because Cornish & Dell'Olio, P.C. is the only law firm in southern Colorado practicing exclusively in the field of employment law, our lawyers are in demand. Time spent on Stephanie Lopez's case was time that would have been spent working on cases of other clients, necessarily delaying work on other cases.

### F. Whether the Fee is Fixed or Contingent

Stephanie Lopez retained Cornish & Dell'Olio, P.C., on a contingent fee basis. She had no ability to pay fees beyond the $200 that she paid for her initial consultation. Once taken, her case required the advance of out-of-pocket costs of over $10,000. She was able to pay part of her costs.

### G. Time Limitations Imposed by the Client or the Circumstances

Trial work always requires that all other work be set aside and did so in this case. Affidavit of Donna Dell'Olio, Exhibit 1.

### H. The Undesirability of the Case

The letter sent by Carl Edwards in response to Plaintiff's statutory demand for wages is Exhibit 7. After reading Carl Edwards' letter, few lawyers, if any, would have represented Stephanie Lopez.

Stephanie Lopez was not an average plaintiff or an average worker. As Donna Dell'Olio's affidavit (Exhibit 1) explains, she is a poor person. Stephanie Lopez was homeless and disabled during the month preceding trial and during trial. Challenges presented by providing legal representation to someone in Stephanie Lopez's position were great and required the devotion of many additional hours of time in order to bring her case to trial. Such time was not billed as legal work, yet it took counsel away from paying work. However, the alternative – i.e. forfeiting her claim - was unacceptable.

### I. The Amount Involved and the Results Obtained

When assessing an award of attorney fees, the court may impose a general reduction in fees depending on the prevailing party's degree of success. *Hensley*, 461 U.S. at 440. However, as the Court noted in *Hensley*, "[t]here is no precise rule or formula" for assessing a party's degree of success. *Id.* at 440; *Latin v. Bellio Trucking, Inc.*, 2016 U.S. Dist. LEXIS 192273, 2016 WL 9725289, at *2 (D. Colo. Nov. 23, 2016), *aff'd*, 720 F. App'x 908 (10th Cir. 2017). If a plaintiff fails to prevail on claims "unrelated" to those on which he or she succeeds, work on the unrelated unsuccessful claims cannot be compensated. *Hensley,* at 434-35; *Ramos,* 713 F.2d at 556. If, on the other hand,

8

plaintiff's claims involve "a common core of facts or [are] based on related legal theories" and cannot be viewed as a series of discrete claims, the court must focus on the significance of the overall relief obtained by the plaintiff. *Ramos*, 713 F.2d at 556. If the plaintiff has obtained "excellent results," the attorney's fees should encompass all hours reasonably expended, and no reduction should be made because the plaintiff failed to prevail on every contention. *Id*. Plaintiff does not dispute that there should be some reduction in fees for the limited success achieved at trial. However, for the reasons set forth below, the reduction should not be great.

First, no reduction in fees for unsuccessful claims should be made. Plaintiff prevailed on both of her FLSA claims. A tort claim was dismissed early on in the litigation (DOC# 55), but only a very minimal amount of time was spent on this claim. Furthermore, the parties stipulated that "Defendants will not use the dismissal of Plaintiff's Third Cause of Action to Plaintiff's prejudice in any manner in the current or future proceedings." DOC # 55. The dismissal of the tort claim to reduce the award of attorney's fees would be to Plaintiff's prejudice and therefore would be contrary to the parties' stipulation.

In *Esquibel v. Hendler*, 2017 U.S. Dist. LEXIS 204439 (D. Colo. 2017), the plaintiff asserted violations of the FLSA and CWA. The Court granted the plaintiff's Motion for Default Judgment on her FLSA and CWA claims, but determined that dual recovery under the FLSA and CWA was prohibited, and therefore only allowed Plaintiff to recover under her FLSA claim. *Id.* at *9. Thereafter, Plaintiff sought $34,026.00 in attorneys' fees and costs. *Id.* This Court awarded the requested amount in full and refused to adjust downward, despite the fact that Plaintiff only recovered under her FLSA claim. *Id.* at *19.

9

In support of this decision, this Court cited to two Tenth Circuit cases where the Court allowed awards of attorney's fees in connection with the plaintiffs' unsuccessful claims because the plaintiffs' successful claims arose from the same challenged conduct. *Id*. Here, it is undisputed that Plaintiff's FLSA claims arose from the same challenged conduct. Plaintiff only sought a statutory penalty under the CWA and did not seek an award of wages under both acts. Plaintiff's fees should not be reduced because Plaintiff made a claim for penalties under the CWA.

Second, there should be no significant reduction in fees based on the amount involved and the results obtained because (1) the facts of Plaintiff's FLSA claim are intertwined, and (2) the plaintiff obtained excellent results. The facts supporting Plaintiff's FLSA claim for the time periods January 4, 2014 to March 7, 2016, for which Plaintiff was not awarded damages, and March 8, 2016 to April 20, 2016, for which Plaintiff was awarded damages, were part of "one bundle of proof" concerning Defendants' failure to pay wages and overtime. The entirety of Plaintiff's FLSA claim involved Plaintiff's employment with Defendant Casper Trailer Sales, Inc., and included the same people, and occurred at the same location. Furthermore, Plaintiff's FLSA claims were based on a single legal theory.

Given the clear overlap between the successful and unsuccessful aspects of Plaintiff's FLSA claim, it is impossible to parse Plaintiff's counsels' billing records. As such, Plaintiff's FLSA claim cannot and should not be viewed as a series of discrete claims. Hence an award of attorney's fees should be based upon an analysis of the case as one lawsuit, and not as discrete claims as if they had been brought in separate

lawsuits. *See, e.g., Roane*, 2018 U.S. Dist. LEXIS 145369, *6 (holding that only a modest reduction in attorney's fees was appropriate where plaintiff's successful and unsuccessful claims were interrelated).

Another factor weighing in favor of a substantial award of attorneys' fees is the significance of the overall relief obtained by Plaintiff. "When a plaintiff achieves most or all of what she aimed for in a civil rights lawsuit, her lawyer should receive 'a fully compensatory fee.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1283 (10th Cir. 1998) (quoting *Hensley*, 461 U.S. at 435). Despite Plaintiff's limited monetary recovery, her victory was not merely technical or de minimis; instead, the jury's verdict vindicated the violation of her rights. Plaintiff therefore achieved the principal goal of her lawsuit. *See Brandau v. Kansas*, 168 F.3d 1179, 1182 (10th Cir. 1999) (finding that jury's award of nominal damages supported the award of attorney fees because, among other things, the verdict vindicated the violation of plaintiff's civil rights).

Furthermore, Plaintiff's claim for damages was not extravagant - she only sought about $35,000 in unpaid wages. Accordingly, the difference between the amount demanded and the result obtained is not so significant as to warrant a substantial reduction in fees. *See, e.g., Roane,* 2018 U.S. Dist. LEXIS 145369, at *11 (permitting only a modest reduction in fees despite the fact that plaintiff only recovered 1/10,000[th] the amount of back pay sought).

Lawyers will not be encouraged to represent employees in claims for unpaid wages under the FLSA if their fees are reduced significantly after their client prevails on a significant legal issue, particularly when a relatively simple, single plaintiff case (involving

11

whether a plaintiff worked or not) turns into time consuming litigation involving no fewer than four significant pre-trial motions. The jury verdict and anticipated fee award put the Defendants, and others, on notice that they cannot arbitrarily withhold a worker's wages.

## III. SPECIAL FACTORS WARRANTING AN AWARD OF FEES

Representing workers who are poor or homeless or otherwise disadvantaged by social conditions requires a greater commitment of a lawyer's time and devotion than representing an average worker. If the Court begins with the premise that all workers should be protected by the FLSA, lawyers who represent the most disadvantaged workers should be encouraged in their work and not discouraged by a zealous reduction in the loadstar. In this case, Plaintiff's counsel took on a poor client who was unfairly accused of lacking all credibility by her former employer because of her status. Plaintiff's counsel continued to represent Stephanie Lopez when representation required an investment of time above and beyond what is typically required of lawyers.

The additional time Stephanie Lopez required from her lawyers to bring her case to trial was part of what is required of lawyers who represent poor people. The fact that counsel was willing to take on the representation of a poor client is a factor which the Court may chose, in its discretion, to consider when determining a reasonable fee.

## IV. COSTS NOT INCLUDED IN THE ATTORNEY'S HOURLY FEES

### A. Costs of Paralegals

Plaintiff is not seeking an award for paralegal fees. Many important tasks are performed by a Legal Assistant at Cornish & Dell'Olio, P.C., including proofreading and filing of documents, collection of exhibits and creation of appendixes, routine

12

communications with clients, and gathering and organizing documents in order to respond to discovery requests. It is not the customary practice at Cornish & Dell'Olio, P.C. to bill clients separately for the work of Legal Assistants or paralegals.

B. Other Expenses as Fees

In *Brown v. Gray*, 227 F.3d 1278, 1297 (10th Cir. 2000), the Tenth Circuit held that out-of-pocket expenses are recoverable as attorney's fees if they are costs customarily billed to clients in addition to hourly fees. Pursuant to this Tenth Circuit precedent, Plaintiff seeks to recover $9,610.10.

It is the customary practice at Cornish & Dell'Olio, P.C., to bill clients for out-of-pocket expenses which are necessarily incurred in representing the client. Affidavit of Donna Dell'Olio, Exhibit 1. Cornish & Dell'Olio, P.C.'s standard fee agreement provides for payment by the client for copying charges, legal research, Investigator's charges,[1] Process Server's charges, postage, costs of obtaining medical reports, court reporter's charges, expert witness fees, mileage, parking, and out of town lodging when necessary.

The affidavit of Donna Dell'Olio (Exhibit 1) attests that each of the costs itemized in her fee affidavit was necessarily incurred and is a type of cost that is customarily

---

[1] *Harris v. Marhoefer*, 24 F.3d 16 (9th Cir. 1994), allowed the prevailing plaintiff to recover costs of an investigator as a reasonable expense that would normally be billed to a client. See, *Navarro v. General Nutrition Corp.*, 2004 U.S. Dist. LEXIS 24258, at *47 (N.D. Ca. 2004) ( plaintiff in a civil rights action may be reimbursed for the cost of an investigator); *Jackson v. Austin,* 267 F. Supp. 2d 1059, 1066 (D. Kan. 2003) (awarding expense paid to an investigator); *Lambert v. Fulton County*,151 F. Supp. 2d 1364, 1378 (N.D. Ga. 2000) ("with the exception of routine office overhead normally absorbed by the, practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under § 1988'); *Frenz v. Quereshi*, 1999 U.S. Dist. LEXIS 4329, at *17 (D. Or. 1999) (Stewart, M.J.) (awarding expense paid to an investigator); *Lawyer v. 84 Lumber Co.*, 1998 U.S. Dist. LEXIS 2992, at *17 (N.D. Ill. 1998) (Hart, J.) ("Costs of an investigator may be properly awarded as an attorney fee.").

charged to the clients of Cornish & Dell'Olio, P.C. in addition to hourly attorney's fees. The Costs which Plaintiff seeks to recover as part of the fee Award are itemized in Donna Dell'Olio's affidavit.

## V. CONCLUSION

Plaintiff was the prevailing party in a FLSA claim and is therefore entitled to recover attorney's fees against Defendants. A fee award based upon the lodestar method, calculated based upon her attorneys' hourly rates ($350 - $400) and the 430.17 hours of attorney time contemporaneously recorded, plus $9,610.10 in out-of-pocket expenses, is reasonable. Plaintiff therefore requests that the Court enter an order awarding her attorney's fees in the reasonable sum of $166,463.50.

### Certificate of Conferral, D. Colo. L. Civ. R. 7.1

The undersigned represents that she has conferred with counsel for the Defendants, Brett Godfrey and Lily Nierenberg, Godfrey/Johnson, P.C., concerning the motion for attorney's fees. Defendant opposes the motion.

Respectfully submitted this 26th day of October, 2018.

            CORNISH & DELL'OLIO, P.C.

            s/ Donna Dell'Olio
            Donna Dell'Olio, #10887
            Julie D. Yeagle, # 52247
            Cornish & Dell'Olio, P.C.
            431 N. Cascade Avenue, Ste. 1
            Colorado Springs, CO 80903
            TEL (719) 475-1204
            FAX (719) 475-1264
            Email: ddellolio@cornishanddellolio.com
              jyeagle@cornishanddellolio.com
            Attorneys for Plaintiff

15

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of October, 2018, I electronically filed with the Clerk of Court using the CM/ECF system a true and correct copy of the foregoing **Motion for Award of Attorney's Fees and Costs, pursuant to 29 U.S.C. §216(b)** was sent by email:

Brett Godfrey
Lily Nierenberg
GODFREY | JOHNSON, P.C.
9557 S. Kingston Court
Englewood, CO 80112
Email: godfrey@gojolaw.com
Email: nierenberg@gojolaw.com

Stephanie Lopez
Via hand delivery

                                            s/Esther Kumma Abramson
                                            Esther Kumma Abramson