# DLG LAW GROUP LLC

October 25, 2017

Donna Dell'Olio
Cornish & Dell'Olio, P.C.
431 N. Cascade Avenue, Suite 1
Colorado Springs, CO 80903

Re: *Lopez v. Edwards*; Fed. R. Civ. P. 68 Offer Of Judgment

Dear Donna,

This letter is intended as an offer under Fed. R. Civ. P. 68. Defendants are offering judgment in the amount of $1.00 inclusive of costs and attorney fees for all claims against them. As an additional term of the offer, Defendants agree to waive any claims to collect attorney fees and costs and agree not to bring claims for sanctions, defamation, malicious prosecution, or any other tort related to the lawsuit. We are essentially offering a walkaway.

As I have come to be familiar with the facts of this case, I have come to believe that the majority—if not all—of Ms. Lopez's factual allegations are false and her legal claims are unsupported. While I understand that there are often two sides to every story, this appears to be the extreme case where that is not so. As you know, I have requested that Ms. Lopez voluntarily dismiss her battery claim and partially-dismiss the FLSA claims. I await your response. Below, please see my analysis of Ms. Lopez's claims.

FLSA: 2014 and pre-May 2015
Ms. Lopez cannot prove a violation of Section 206 or 207 prior to May 24, 2015. First, in order to establish any violation from 2014, Ms. Lopez will need to establish that Defendants willfully violated the FLSA. 29 U.S.C. § 255(a). "[T]he standard for proving willfulness is high." *Hart v. Rick's Cabaret International Inc.*, 967 F.Supp.2d 901, 937 (S.D.N.Y. 2013). There is simply no evidence that Defendants intended to avoid the requirements of the FLSA or that Mr. Edwards failed to adequately inquire into the lawfulness of his conduct. Mr. Edwards, while lacking formal education, is a prudent businessman who has attended training seminars on paying his employees and contractors and who, if anything, overpaid Ms. Lopez during the period she was employed with him.

Ms. Lopez also bears the burden of proving that she was an employee of Defendants in order to be able to claim any wages before May 24, 2015. *Purdham v. Fairfax County School Bd.*, 637 F.3d 421, 427 (4th Cir. 2011); *Reich v. ConAgra, Inc.*, 987 F.2d 1357 (8th Cir. 1993). A volunteer or trainee who worked without promise or expectation of compensation is not an employee under the Act. *Tony & Susan Alamo Found. v. Secretary of Labor*, 471 U.S. 290, 293 (1985); *Walling v. Portland Terminal Co., 330 U.S. 148*, 152-53 (1947). I believe that you have spoken with or attempted to speak with Whilliam Whisnan, Eric Hannah, Marvin Valdez, Norman Resendez, Arno Gallegos, and Joetta Frost—none of whom have confirmed Ms. Lopez's self-serving claim that she was an employee prior to May 2015. On the other hand, the

fact that Mr. Edwards put Ms. Lopez on the payroll beginning May 24, 2015, supports the reasonable inference that she was not an employee prior to that date.

Even if she were able to establish that she were employed by Defendants during this time, Ms. Lopez's claim that she worked 70 hours a week is completely without evidentiary support. Ms. Lopez's skinny discovery responses make clear that she cannot meet her burden to show the amount and extent of her work as a matter of just and reasonable inference. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946). The only possible evidentiary support aside from Ms. Lopez's own testimony are the notes to Pueblo Social Services that Mr. Edwards denies signing. These at most point to 38 hours a week of "work" as a volunteer and/or an unspecified amount of "work" in exchange for rent during that period.

In short, there is no factual basis for Ms. Lopez's claim for pre-May 24, 2015 wages. Ms. Lopez has no paper records. None of the witnesses to whom you have spoken have supported her claim. On the other hand, witnesses will indicate that Ms. Lopez has rarely, if ever, worked for a living and has consistently relied on others to support her.

FLSA: May 2015 to March 2016

Ms. Lopez also cannot show any violation of Section 206 or 207 after May 24, 2015. First, in order to prove unpaid minimum wage, Ms. Lopez will need to establish that she worked a greater number of hours than are reflected on her time cards. As discussed above, Ms. Lopez bears the burden of establishing this. I have attached a chart reflecting the amount of hours that Ms. Lopez would need to show she worked each week in order to establish a violation of minimum wage. Ms. Lopez simply does not have the evidence to do so.

To be clear, Ms. Lopez brought her minimum wage claims under the FLSA so she cannot claim failure to pay under Colorado minimum wage laws. *Cf. Redmond v. Chains, Inc.*, 996 P.2d 759, 764 (Colo. App. 2000) ("A plaintiff may bring claims under both the federal Fair Labor Standards Act and the state Wage Claim Act.") (emphasis added). In addition, Ms. Lopez is not entitled to recover under the FLSA for "gap time," i.e. any unpaid amount that doesn't (1) fall below minimum wage or (2) reflect uncompensated overtime. *Robertson v. Board of County Com'rs of County of Morgan*, 78 F.Supp.2d 1142, 1159 (1999); *Davis v. Abington Memorial Hospital*, 765 F.3d 236, 243-44 (3d. Cir. 2014) ("Courts widely agree that there is no cause of action under the FLSA for 'pure' gap time wages—that is, wages for unpaid work during pay periods without overtime.").

That leaves Ms. Lopez to seek recovery for uncompensated overtime. For the reasons already addressed, Ms. Lopez will not be able to meet her burden of proof on any hours above what is reflected on her time cards. As for what the time cards reflect, Defendants will present testimony that Ms. Lopez understood she was to be uncompensated for a half hour, bona fide lunch break every day. This is reflected in the amount of the weekly hours generally being reduced by a half hour for every full day worked.

Nor can Ms. Lopez meet her burden to prove, as an essential element of her claim, that Defendants knew Ms. Lopez worked overtime. *Robertson*, 78 F.Supp.2d at 1160. Defendants will present testimony that Ms. Lopez regularly took longer breaks than the half hour that was

deducted and never worked more than 40 hours in one week. Mr. Edwards also regularly paid Ms. Lopez for more time than was reflected on her time cards—evidence that he had no intent to withhold pay for time when she actually was working. Finally, Defendants will show through testimony that their employees all understood they were not to work overtime.

Finally, even if Ms. Lopez were to partially recover on her overtime claims, she will not be able to recover liquidated damages and her attorney fees will be limited to what is "reasonable" in light of her total recovery. Liquidated damages are not awarded if an employer acted in good faith and had reasonable grounds for believing that its actions did not violate act. 29 U.S.C. § 260. For the reasons discussed above, Defendants will be able to establish a good faith defense. In addition, courts have routinely limited attorney fees awards to by the amount and extent of the total recovery. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

As additionally relevant, a Rule 68 offer "can and should serve as a factor in determining what the reasonable fees should be." *Ali v. Jerusalem Restaurant, Inc.*, 14-cv-00933 (D. Colo. Aug. 11, 2015); *see also Haworth v. State of Nev.*, 56 F.3d 1048, 1052-53 (9th Cir. 1995) ("[C]lients who refuse a Rule 68 offer should know that their refusal to settle the case may have a substantial adverse impact on the amount of attorney fees they may recover for services rendered after a settlement offer is rejected.") For these reasons, even if Ms. Lopez were to recover in the tens of dollars on her overtime claim, she cannot expect to recover more than a nominal amount in attorney fees.

CWA
Ms. Lopez's CWA claim as plead relies on proving her FLSA claim and fails for the reasons discussed above. In addition, recent case law suggests that a claim under Section 109, and the penalty associated with it, pertains only to failure to pay final wages, not to all wages over the course of employment. *Hernandez v. Ray Domenico Farms, Inc.*, 16-cv-1929 (D. Colo. April 14, 2017) (certifying question to Colorado Supreme Court).

As a result, the most Ms. Lopez would be able to claim is an additional penalty on any unpaid final wages, which she cannot establish for the reasons already discussed at length. *Beasley v. Mincomp Corp.*, 683 P.2d 370, 372 (Colo. App. 1984) ("In order to impose a penalty, a trial court must find from the evidence that the employer willfully withheld compensation due and owing the employee."). For the reasons discussed, Defendants would be entitled to a good faith defense against this penalty. Moreover, if Ms. Lopez is ultimately unsuccessful on her FLSA claims, and as a result her CWA claims, then Mr. Edwards is entitled to recover attorney fees defending the claim. C.R.S. § 8-4-110.

Battery
You have represented to me on multiple occasions that Ms. Lopez will dismiss this claim and that you will draft a stipulation reflecting this. I may be forced to seek fees and sanctions if Plaintiff pursues this defamatory allegation any further through discovery or investigation rather than dismissing this claim as you have indicated.

Defendants fully expect to win on all remaining claims and to recoup attorney fees and costs following dismissal. Even if Ms. Lopez were to prevail in a limited fashion on her overtime and

CWA claims, it is extremely likely the Court would limit the "reasonable" attorney fee award to an amount parallel to the amount obtained. Set off by an attorney fee award to Mr. Edwards on the claims that lack merit, Ms. Lopez should not expect a net recovery.

If Ms. Lopez rejects this offer, we reserve the right to take a number of actions. First, Defendants may seek sanctions under Fed. R. Civ. P. 11 pertaining to the pre-May 2015 overtime claim, all minimum wage claims, and the battery claim reflected in the Amended Complaint and the Scheduling Order that you signed. Defendants may also file a Motion for Summary Judgment on any claims that remain after the Court rules on the Motion to Dismiss, and will seek recovery of his full amount of attorney fees. Finally, Defendants may bring a claim for malicious prosecution after the close of the case.

Please respond within 14 days regarding Ms. Lopez's position on this offer. Post-offer costs will include the upcoming depositions and a rebuttal document examiner if Ms. Lopez endorses one. I would be happy to speak with you regarding any of these matters.

Sincerely,

Lily Nierönberg

Encl.

| Pay date | Gross pay | Hours at $7.25/hour |
|---|---|---|
| 5/29/2015 | $ 160.00 | 22.1 |
| 6/5/2015 | $ 400.00 | 55.2 |
| 6/12/2015 | $ 400.00 | 55.2 |
| 6/19/2015 | $ 400.00 | 55.2 |
| 6/26/2015 | $ 400.00 | 55.2 |
| 7/3/2015 | $ 320.00 | 44.1 |
| 7/10/2015 | $ 600.00 | 82.8 |
| 7/17/2015 | $ 600.00 | 82.8 |
| 7/24/2015 | $ 600.00 | 82.8 |
| 7/31/2015 | $ 600.00 | 82.8 |
| 8/7/2015 | $ 600.00 | 82.8 |
| 8/14/2015 | $ 480.00 | 66.2 |
| 8/21/2015 | $ 480.00 | 66.2 |
| 8/28/2015 | $ 600.00 | 82.8 |
| 9/4/2015 | $ 600.00 | 82.8 |
| 9/11/2015 | $ 600.00 | 82.8 |
| 9/18/2015 | $ 600.00 | 82.8 |
| 9/25/2015 | $ 600.00 | 82.8 |
| 10/2/2015 | $ 480.00 | 66.2 |
| 10/9/2015 | $ 480.00 | 66.2 |
| 10/16/2015 | $ 240.00 | 33.1 |
| 10/23/2015 | $ 532.50 | 73.4 |
| 10/30/2015 | $ 480.00 | 66.2 |
| 11/6/2015 | $ 120.00 | 16.6 |
| 11/13/2015 | $ 600.00 | 82.8 |
| 11/20/2015 | $ 600.00 | 82.8 |
| 11/27/2015 | $ 480.00 | 66.2 |
| 12/4/2015 | $ 240.00 | 33.1 |
| 12/11/2015 | $ 570.00 | 78.6 |
| 12/18/2015 | $ 510.00 | 70.3 |
| 12/25/2015 | $ 480.00 | 66.2 |
| 1/8/2016 | $ 532.50 | 73.4 |
| 1/15/2016 | $ 296.25 | 40.9 |
| 1/22/2016 | $ 33.75 | 4.7 |
| 1/29/2016 | $ 352.50 | 48.6 |
| 2/5/2016 | $ 375.00 | 51.7 |
| 2/12/2016 | $ 292.50 | 40.3 |
| 2/19/2016 | $ 330.00 | 45.5 |
| 2/26/2016 | $ 600.00 | 82.8 |
| 3/4/2016 | $ 600.00 | 82.8 |
| 3/7/2016 | $ 300.00 | 41.4 |