# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:17-cv-00045-CMA-KLM

STEPHANIE LOPEZ, individually,

    Plaintiff,

v.

CARL EDWARDS, individually, and
CASPER TRAILER SALES, INC., a Colorado Corporation,

    Defendants.

---

## DEFENDANTS' MOTION TO AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 50(B) AND 59(E)

---

Defendants Carl Edwards and Casper Trailer Sales, Inc., by and through their attorneys GODFREY | JOHNSON, P.C., hereby respectfully submit their Motion to Amend Judgment Pursuant to Fed. R. Civ. P. 50(B) and 59(e), as follows:

**Certificate of Conferral pursuant to D.C.Colo.LCivR Rule 7.1(A):** On October 25, 2018, undersigned conferred with Plaintiff's counsel by email regarding the relief requested in this Motion and the bases therefor. Plaintiff opposes this Motion.

### A. Defendants Renew Their Motion For Judgment as a Matter of Law.

Fed. R. Civ. P. 50(b) provides that a party may file a renewed motion for judgment as a matter of law up to 28 days following the entry of judgment. Judgment as a matter of law is appropriate "if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position." *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996).

1

During the last morning of trial, on September 27, 2018, Defendants moved for a directed verdict on all of Plaintiff's claims. For the reasons addressed below, Defendants now renew that motion as it concerns Plaintiff's claim for unpaid wages after March 7, 2016.

### B. Defendants Respectfully Move to Amend The Judgement to Correct Clear Error.

Fed. R. Civ. P. 59(e) provides that a party may move to alter or amend the a judgment up to 28 days following the entry of judgment. *Shapiro v. Rynek*, 250 F. Supp. 3d 775, 779 (D. Colo. 2017) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). The bases for granting such a motion are limited and include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Iowa Pac. Holdings, LLC v. Nat'l R.R. Passenger Corp.*, 853 F. Supp. 2d 1094, 1097 (D. Colo. 2012) (citing Servants of the *Paraclete, v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Whether to grant or deny a Rule 59(e) motion rests within the sound discretion of the trial court. *See, e.g., Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

The Court entered judgment in this case on September 29, 2018. (ECF no.140.) The jury found in favor of Plaintiff in the amount of $878.75 for the period from March 8, 2016 through April 20, 2016. The amount of the verdict corresponds exactly to the total amount of time (rounded to the nearest hour) reflected on four timecards that were received into evidence as Exhibit 23. *Exhibit A*.

When asked about this period of time, Plaintiff stated she was paid cash.

Q. Now, you testified that you got paid in cash for this period of time; right?

>        A.      Yes. I said he gave me cash.

*Exhibit B* (trial transcript) at 3:18-20. Ms. Lopez also stated in testimony that she received approximately a thousand dollars:

>        Q.      Do you remember testifying that you got about a thousand bucks, or you thought maybe around a thousand bucks?
>        A.      That he had gave me cash for the time that I worked that he took me off payroll.
>        Q.      And that was the beginning of May; right?
>        A.      Yes.

*Id.* at 4:10-14. Again, Ms. Lopez confirmed that she received cash:

>        Q.      But you testified in your deposition that he did pay you cash of about a thousand bucks; right?
>        A.      Correct.

*Id.* at 7:24-8:2.

That total exchange specifically related to the timecards reflected on Exhibit 23. *Id.* at 2:4-3:20; *see generally Ex. B*; *Ex. A*.

As Ms. Lopez made clear in her trial testimony, she was not alleging that she did not receive minimum wage on those timecards, since she had never calculated if what she was paid (approximately $1,000) exceeded minimum wage. *Ex. B* at 8:12-22. Instead she alleged that she worked more hours than what was reflected on the timecard. *Id.* at 8:3-11. As stated above, the jury only awarded Plaintiff the exact amount of time that was reflected on the timecards and no more.

Though not binding on the jury, Ms. Lopez's deposition was consistent with her testimony at trial that she received approximately $1,000 in payment for the hours reflected on the four timecards. *Exhibit C* (deposition transcript) at 130:20-22, 131:21-22.

Thus, it was clear error for the jury to find that Plaintiff had met her burden to show that her time for this period was unpaid.

### C. Defendants Respectfully Move to Amend The Judgement to Prevent Manifest Injustice.

The judgment as it stands results in manifest injustice because of the attorney fee provision of the Fair Labor Standards Act (FLSA).

A prevailing party on an FLSA claim is entitled to reasonable attorneys' fees and costs. 29 U.S.C. § 216(b) (the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."). Plaintiff is now seeking more than $166,000 in attorney fees. *See* Motion for Fees (ECF no. 148).

Plaintiff originally sought $91,467.50 in unpaid wages, not including liquidated damages under the FLSA and penalties under the Colorado Wage Act. *Exhibit D*. The verdict of $878.75 reflects a recovery of less than 1% of the amount that Plaintiff was originally demanding.

It would be manifest injustice for Defendants to have to pay their own attorneys as well as Ms. Lopez's where the verdict of $878.75 is based on an error by the jury to recall Plaintiff's testimony that she was paid for her time on those timecards. Courts have amended a judgment to prevent manifest injustice or where the evidence does not support the verdict. *See, e.g.*, Shapiro v. Rynek, 250 F. Supp. 3d 775, 781 (D. Colo. 2017) (granting motion to alter the judgment to remove award of costs, where an indigent plaintiff would suffer great hardship); Watson v. Dillon Companies, Inc., No. 08-CV-00091-WYD-CBS, 2013 WL 4547477, at *5 (D. Colo. Aug. 28, 2013) (reducing the judgment to the

statutory cap upon finding that the evidence did not supported a finding of exceptional circumstances warranting non-economic damages beyond the statutory cap).

WHEREFORE, Plaintiff admitted at trial that she was paid an amount greater than minimum wage and overtime for the period of March 8 to April 20, 2016. As such, Defendants seek amend the judgment pursuant to Fed. R. Civ. P. 50(b) and 59(e) based on the need to correct clear error and prevent manifest injustice.

Respectfully submitted this 29 day of October, 2018.

GODFREY | JOHNSON, P.C.

*/s/Lily E. Nierenberg*
Lily E. Nierenberg
Colorado Bar No. 45451
9557 S. Kingston Court
Englewood, Colorado 80112
Phone: (303) 228-0700
Fax: (303) 228-0701
Email: nierenberg@gojolaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 29, 2018, a true and correct copy of the foregoing was filed and served via ECF/PACER on all parties of record, as follows:

Donna Dell'Olio
Julie Yeagle
Cornish & Dell'Olio
431 N. Cascade Avenue, Suite 1
Colorado Springs, CO 80903

              */s/Lily E. Nierenberg*
              Lily E. Nierenberg