**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:17-cv-00045-CMA-KLM

STEPHANIE LOPEZ, individually,

    Plaintiff,

v.

CARL EDWARDS, individually, and
CASPER TRAILER SALES, INC., a Colorado Corporation,

    Defendants.

---

### DEFENDANTS' RESPONSE OPPOSING PLAINTIFF'S MOTION FOR LIMITED DISCOVERY

---

Defendants Carl Edwards and Casper Trailer Sales, Inc., by and through their counsel, GODFREY |JOHNSON, P.C., hereby respectfully submit their Response Opposing Plaintiff's Motion for Limited Discovery ("Motion") as follows:

### A. Introduction

Plaintiff seeks to open discovery of Defendants' counsel's billing for the purpose of defending against a challenge to Plaintiff's Motion for Award of Attorney Fees (ECF no. 148) ("Fee Motion"). Plaintiff specifically claims that "Plaintiff asks the court to allow very limited discovery before it allows Defendants' attorneys to challenge the amount of time they worked on the case," (ECF no. 148 at 6) and states in its Motion that "Plaintiff requests that the Defendants' attorneys disclose the total amount of time they spent on the case and the amount of time spent on any task for which they claim Plaintiff's attorney worked an excessive amount of time" (ECF no. 147 at 1).

Defendants oppose Plaintiff's Motion because Defendants only challenge Plaintiff's counsel's time on two tasks as excessive under the lodestar calculation for "hours reasonably expended on the litigation." Defendants also oppose Plaintiff's Motion because Defendants' counsel's billing will not produce any evidence necessary to the Court's determination of Plaintiff's Fee Motion and it would be burdensome to Defendants.

### B. Defendants Only Challenge Plaintiff's Counsel's Time Spent On Two Tasks As Excessive

Plaintiff's Motion is based on the assumption that Defendants will challenge Plaintiff's counsel's time as excessive, and Plaintiff's counsel would like to compare their time to Defendants' counsel's time. Defendants are contemporaneously filing their response to Plaintiff's Fee Motion. In it, Defendants challenge only two of Plaintiff's counsel's tasks as excessively billed within the analysis of "reasonable hours" to determine the lodestar amount. In the section challenging Plaintiff's billing judgment, Defendants provide their billing on comparable tasks. Therefore, Plaintiff's sole stated reason for requesting such discovery is moot. *See Costa v. Sears Home Improvement Prod., Inc.,* 178 F. Supp. 3d 108, 111 (W.D.N.Y. 2016) ("As the party seeking to reopen discovery, Plaintiff 'bears the burden of establishing good cause.'").

### C. The Court Has Discretion To Decline To Reopen Discovery That Has No Relevance To Its Determination Of Attorney Fee Award, Especially Given The Burden To Defendants.

"The district judge's decision whether to allow plaintiffs' inquiry as to opposing counsel's fees and hours is discretionary and entitled to great weight." *Hernandez v. George*, 793 F.2d 264, 268 (10th Cir. 1986); *accord Martinez v. Schock Transfer & Warehouse Co.*, 789 F.2d 848, 850 (10th Cir.1986) (affirming trial court's refusal to permit

such inquiry); *Rodriguez v. Wet Ink, LLC*, No. 08-CV-00857-MSK-CBS, 2014 WL 287339, at *6 (D. Colo. Jan. 27, 2014) (finding no good cause to permit discovery of billing records); *Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1153 (11th Cir. 2008) ("When deciding a motion for attorney's fees, courts rarely reopen discovery.").

"At bottom, the decision comes down to a court's assessment of the relevance of the records sought by Plaintiff, in comparison to the further burden and effort that will be required if discovery is re-opened." *Costa*, 178 F.Supp.3d at 112. Here, there is no relevance to justify the burden and effort that would be required if discovery is reopened.

As discussed above, Plaintiff has only alleged that reopening discovery will be helpful to determine her counsel's fees were not excessive. Since Defendants only oppose a small category of fees as excessive, reopening would not be helpful for a fee determination. Moreover, Defendants' counsel's billing records do not necessarily bear on the reasonableness of Plaintiff's billing. *See, e.g., Rodriguez v. Wet Ink, LLC*, 2014 WL 287339, at *6 (stating that "the litigation burdens on plaintiffs and defendants (particularly in employment law cases) are not necessarily symmetrical" and listing several reasons that one party's billing is not necessarily relevant to the reasonableness of the other's). On the other hand, discovery of Defendants' counsel's billing would be burdensome. It would require Defendants' counsel to spend hours reviewing their billing entries to redact for attorney client privilege and work product protection.

### D. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion.

Respectfully submitted this 16th day of November, 2018.

GODFREY | JOHNSON, P.C.

*/s/Lily E. Nierenberg*
Lily E. Nierenberg
Colorado Bar No. 45451
9557 S. Kingston Court
Englewood, Colorado 80112
Phone: (303) 228-0700
Fax: (303) 228-0701
Email: nierenberg@gojolaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 16, 2018, a true and correct copy of the foregoing NOTICE OF CHANGE OF CONTACT INFORMATION was filed and served via ECF/PACER on all parties of record, as follows:

Donna Dell'Olio
Cornish & Dell'Olio
431 N. Cascade Avenue, Suite 1
Colorado Springs, CO 80903

*/s/Lily E. Nierenberg*
Lily E. Nierenberg