**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:17-cv-00045-CMA-KLM

STEPHANIE LOPEZ, individually,

      Plaintiff,

v.

CARL EDWARDS, individually, and
CASPER TRAILER SALES, INC., a Colorado Corporation,

      Defendants.

---

### DEFENDANTS' RESPONSE OPPOSING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS, PURSUANT TO 29 U.S.C. §216(B)

---

Defendants Carl Edwards and Casper Trailer Sales, Inc., by and through their counsel, GODFREY |JOHNSON, P.C., hereby respectfully submit their Response Opposing Plaintiff's Motion for Award of Attorney's Fees and Costs, pursuant to 29 U.S.C. §216(b) ("Motion") as follows:

## I. INTRODUCTION

Plaintiff's Motion states that the jury's verdict vindicated the violation of her rights. ECF no. 148 at 11. It also vindicated Defendants. The jury found that Plaintiff was not an employee of Defendants for the sixteen month period that was the most contentiously litigated issue in the case, that Defendants had not willfully violated the Fair Labor Standards Act ("FLSA"), and that Plaintiff did not work more time than what was reflected on her timecards. Verdict Form (ECF no. 138).

Plaintiff originally sought over $91,000 in unpaid wages. *Exhibit A.* The jury ultimately awarded her $878.75. Plaintiff originally alleged she worked 70 hours per week for Defendants, and only minimally reduced this estimate to 63 hours on her disclosures and interrogatory responses. *Id.*; *Exhibits B, C.* The jury rejected this contention and found only one week during which Plaintiff worked two hours of overtime.

At trial, Plaintiff's counsel attempted to demonstrate that Plaintiff was an employee of Defendants for sixteen months prior to becoming a payroll employee. The jury rejected this. Plaintiff also attempted to demonstrate that Defendants willfully violated the FLSA. The jury also rejected this notion. The only period during which the jury found an FLSA violation was March 8 to April 20, 2016, in which the jury found that Plaintiff was entitled to pay for the time reflected on four timecards, amounting to $878.75.[1] The jury never found that Plaintiff worked more time than was reflected on her timecards.

Now, Plaintiff seeks $166,463.50 in attorney fees and an additional $9,610.10 in out-of-pocket expenses. Plaintiff's attorney is not entitled to receive such a windfall. Though Defendants acknowledge that the fee shifting provision under the FLSA is mandatory, this case presents the Court with several justifiable bases to drastically reduce if not altogether deny a fee award. First, the Court should find that even though Plaintiff was a prevailing party, she is nevertheless not entitled to a fee award under the standard dictated by *Farrar v. Hobby*, 506 U.S. 103 (1992). Alternatively, the Court should reduce the amount of fees and costs significantly to account for Plaintiff's limited degree

---

[1] Plaintiff admitted at trial that she was paid roughly one thousand dollars for this time. This is the subject of Defendants' Motion to Amend the Judgment (ECF no. 149).

of success in line with *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Courts, including this one, have reduced a plaintiff's fee award considerably in cases with a similarly unsuccessful outcome relative to the judgment originally sought.

## II. ARGUMENT

### A.  *Standard For Fee Awards Under Fee Shifting Statutes*

The U.S. Supreme Court in *Hensley v. Eckerhart* laid out the standard applicable to determining a reasonable rate for cases where Congress has authorized fees to a "prevailing party." 461 U.S. 424, 455 n.7 (1983). The FLSA states that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). As indicated by the language of the provision, no fee is permissible until the plaintiff has crossed the "statutory threshold" of prevailing party status. *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 789 (1989). Plaintiffs "may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing the suit." *Hensley*, 461 U.S. at 433; *Fort Morgan v. GASP*, 85 P.3d 536, 541 (Colo. 2004) (holding that a "prevailing party" in Colorado is "one who prevails on a significant issue in the litigation and derives some of the benefits sought by the litigation.").

"In some circumstances, even a plaintiff who formally 'prevails' under [a fee shifting statute] should receive no attorney's fees at all." *Farrar v. Hobby*, 506 U.S. 103, 115 (1992). The three factors for a Court to consider are "(1) the difference between the judgment recovered and the judgment sought, i.e. whether the recovery was 'merely

technical or de minimis'; (2) 'the significance of the legal issue on which the plaintiff prevailed'; and (3) 'the public purpose served' by the litigation." *Roane v. Frankie's Bar & Grill*, No. 16-CV-02936-CMA-NYW, 2018 WL 4076287, at *1 (D. Colo. Aug. 27, 2018) (citing *Farrar*, 506 U.S. at 117 (O'Conner, J., concurring); *Gudenkauf v. Stauffer Commc'ns, Inc.*, 158 F.3d 1074, 1078 (10th Cir. 1998)).

If a Court determines that a "prevailing party" is entitled to fees, the Court's first step is to calculate the lodestar amount, which is comprised of the "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Stockard v. Red Eagle Res. Corp.*, 972 F.2d 357 (10th Cir. 1992) (citing *Hensley*, 461 U.S at 433). Then, "a court must consider whether an upward or downward adjustment is appropriate." *Id.* (citing 461 U.S at 434). "In evaluating whether the lodestar amount should be adjusted when the prevailing party obtained only partial success, the court must consider two questions: (1) whether the claims on which the plaintiff did not prevail were related to those on which the plaintiff did prevail; and (2) whether 'the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.'" *Id.*; *accord Flitton v. Primary Residential Mortg., Inc.*, 614 F.3d 1173, 1176-77 (10th Cir. 2010). A reasonableness determination must also take into consideration any Rule 68 offer. *Dalal v. Alliant Techsystems, Inc.*, 182 F.3d 757, 761 (10th Cir. 1999).

The district court has considerable discretion in determining the size of a fee award, as is appropriate given "'the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Spulak v. K Mart Corp.*, 894 F.2d 1150, 1160 (10th Cir.1990).

**B.   Plaintiff Was Nominally The Prevailing Party**

Defendants do not at this time contest that Plaintiff is a prevailing party, having obtained a verdict of $878.75. However, Defendants have filed a motion seeking to amend the judgment to reflect the fact that Plaintiff admitted she was paid approximately $1000 for the period in which the jury found she was owed $878.75. If the Court amends the judgment, then Defendants would not agree that Plaintiff is a prevailing party entitled to any attorney fee award, because Plaintiff would not have attained any benefit she sought in bringing the suit. *Cf. Hensley*, 461 U.S. at 433.

**C.   Plaintiff Is Not Entitled To Any Fees Under The *Farrar* Standard**

Despite being a prevailing party, Plaintiff is not entitled to any fees, because they would not be reasonable under the standard of *Farrar v. Hobby*, 506 U.S. 103, 115 (1992). The three factors to be reviewed are (1) the difference between the judgment recovered and the judgment sought, i.e. whether the recovery was "merely technical or *de minimis*"; (2) "the significance of the legal issue on which the plaintiff prevailed"; and (3) "the public purpose served" by the litigation. *Roane*, 2018 WL 4076287, at *1.

As discussed above, the difference between the judgment sought and the judgment recovered was significant. Plaintiff originally sought $91,000 in unpaid wages, excluding liquidated damages and penalties. *Exhibit A*. Plaintiff gradually reduced her estimate of unpaid wages as it became apparent that she did not have the evidentiary support for such hours. *Exhibits B, C*; *Exhibit D* (Plaintiff's demonstrative exhibits); *Exhibit E* (Plaintiff's settlement demand). At trial, Plaintiff did not specify the number she was

seeking from the jury. The recovery of $878.75 at trial, given the original demand and the expenditure of significant resources, can only be viewed as *de minimis*.

This recovery is less substantial than in *Roane v. Frankie's Bar & Grill*, where this Court found that plaintiff was entitled to fees for a recovery of $1 on a $10,000 demand plus unspecified amount in emotional distress and punitive damages. 2018 WL 4076287, at *2-3. Unlike *Roane*, this case is not a mixed motive case and can be easily distinguished from cases such as *Gudenkauf v. Stauffer Commc'ns, Inc.*, 158 F.3d 1074, 1081 (10th Cir. 1998), in which the court held that "statutes governing mixed motive cases [support] an award of attorney's fees … notwithstanding the lack of a damages award." In fact, to the contrary, the Supreme Court has held that a plaintiff's monetary success in a private civil rights suit must be the primary determinant of the attorney's fee. *Farrar*, 506 U.S. at 114 ("Where recovery of private damages is the purpose of ... civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought.").

In addition, Plaintiff did not prevail on any significant legal issue. The most significant legal issue in the case was whether Plaintiff was an employee of Defendants during the sixteen month period prior to when she was on payroll—an issue on which Defendants prevailed. That issue was litigated through a motion for partial summary judgment pertaining to that time period (ECF nos.65, 68, 71, 72, 79), presentation by experts involving a F.R.E. 702 challenge (ECF nos. 80, 81, 91, 94), and extensive briefing on the jury instructions and motions *in limine* (ECF nos. 95, 07, 100, 101, 108, 109, 129, 130). That issue also took up a majority of the testimony time of Ms. Lopez, Mr. Edwards,

various witnesses, and both handwriting experts. The parties did not spend any extensive time or resources prior to or during trial litigating the issue of the period covered by the four time cards. In fact, Plaintiff admitted she was paid roughly $1000 for this period. *See generally* Defendants' Motion to Amend (ECF no. 149). The major contention during this final period, in Plaintiff's own words, was that she worked *more time* than what was demonstrated on the four timecards. *Id.* at 3. As discussed above, another major issue in the case was whether Plaintiff worked more time than was reflected on her timecards generally (up to 70 hours). The jury found she did not.

Finally, there was no public purpose served by this litigation. The jury did not find that Defendants willfully violated the FLSA. At trial, Carl Edwards' other employees and independent contractors testified on his behalf and indicated that he was a fair employer. Mr. Edwards pays his employees an hourly wage well above minimum wage, including Ms. Lopez, whom Mr. Edwards paid $10.00 to 15.00 per hour despite her little training and education. Mr. Edwards has also had to pay his own attorneys substantial sums to avoid further liability for this *sui generis* wage dispute. No public purpose would be served by punishing Defendants further in this case.

In sum, the standards set forth in *Farrar* indicate that no fee award would be reasonable, despite the fact that Plaintiff is nominally the prevailing party.

### D. The Lodestar Should Be Adjusted Slightly To Reflect Isolated Excessive Billing

If the Court disagrees, then it must determine what a reasonable fee would be. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly

rate." *Hensley*, 461 U.S. at 433. "The prevailing party must make a 'good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.'" *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (quoting Hensley, 461 U.S. at 434). The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998). As discussed in Plaintiff's Motion, Defendants do not challenge Plaintiff's hourly rate as reasonable.

With regard to the hours reasonably expended on the litigation, Defendants challenge the following entries, which combine to over 34 hours of billing:

| Attorney | Date | Description | Hours | Rate ($/hr) | Total |
|---|---|---|---|---|---|
| Donna Dell'Olio | 8/20/18 | Work on response to Motion in Limine | 7.34 | $400 | $2,936 |
| Donna Dell'Olio | 8/22/18 | Work on objections to jury instructions | 11.5 | $400 | $4,600 |
| Donna Dell'Olio | 8/23/18 | Work on demonstrative exhibits, finish objections to instructions | 6.25 | $400 | $2,500 |
| Julie Yeagle | 8/20/18 | Conduct legal research to respond to Def's Motion in Limine, review and compare competing jury insctructions, draft response to Def's Motion in Limine | 3 | $350 | $1,050 |
| Julie Yeagle | 8/21/18 | Review and compare jury instructions to draft objections | 2 | $350 | $700 |
| Ian Kalmanowitz | 8/22/18 | Review Defendant's Proposed Jury Instructions; identify objections to Defendant's instructions; gather case law supporting Plaintiff's objections; prepare document outlining Plaintiff's objections to Defendants' instructions | 4.3 | $400 | $1,720 |

8

These entries show that Plaintiff's counsel worked approximately 10 hours on Plaintiff's Response to Defendants' Motion *in Limine* (ECF no. 101) and approximately 24 hours on Plaintiff's Response to Defendants' Proposed Jury Instructions (ECF no. 108). By contrast, Defendants' counsel worked 5.5 hours responding to Plaintiff's Motion *in Limine* and 4.5 hours responding to Plaintiff's proposed jury instructions. The lodestar should be reduced by at least 24 hours to reflect proper billing judgment.

## E. The Lodestar Should Be Adjusted Significantly Under Hensley *To Account for Plaintiff's Very Limited Success*

"It is after arriving at the lodestar amount that a court must determine whether an upward or downward adjustment is appropriate by considering the degree of success achieved by the prevailing party." *Reyes v. Snowcap Creamery, Inc.*, No. 11-CV-02755-JLK-KMT, 2014 WL 2459740, at *4 (D. Colo. June 2, 2014) (citing *Hensley*, 461 U.S. at 434). This is based on two questions: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Hensley*, 461 U.S. at 434.

### 1. *Plaintiff's Successful Claim Was Not Part Of One Bundle Of Proof With Unsuccessful Claims*

Plaintiff claims that "[t]he facts supporting Plaintiff's FLSA claim for the time periods January 4, 2014 to March 7, 2016, for which Plaintiff was not awarded damages, and March 8, 2016 to April 20, 2016, for which Plaintiff was awarded damages, were part of 'one bundle of proof' concerning Defendants' failure to pay wages and overtime." ECF no. 148 at 10. However, this does not account for the vast amount of litigation resources

expended *solely* on the period prior to May 2015 when Plaintiff became a payroll employee. Although Plaintiff only plead one FLSA cause of action, including both minimum wage and overtime, the verdict form separated Plaintiff's claims into three distinct time periods. As the Court can observe from the verdict form, Ms. Lopez did not prevail in any way on the two time periods prior to March 8, 2016. ECF no. 138. Plaintiff should not recover for time that was not related to a successful claim. *See McGrath v. Cent. Masonry Corp.,* No. 06-CV-00224-CMA-CBS, 2010 WL 11549416, at *6 (D. Colo. Feb. 26, 2010) ("The facts supporting Plaintiff's unsuccessful CWCA claim were not part of 'one bundle of proof' with his successful FLSA claim.").

Each of the following billing entries pertains *only* to the involvement of experts and Defendants' Motion for Partial Summary Judgment, which were solely relevant to the time period prior to May 2015:

| Attorney | Date | Description | Hours | Rate ($/hr) | Total |
|---|---|---|---|---|---|
| Donna Dell'Olio | 9/6/17 | Work on 3rd Set of discovery | 0.83 | $400 | $332 |
| Donna Dell'Olio | 10/2/17 | Locate handwriting expert, research and telephone calls, (3.33) hours prepare and send email (including identifying documents) | 4.16 | $400 | $1,664 |
| Donna Dell'Olio | 10/26/17 | Work on expert disclosures including reading report and working with expert | 1.4 | $400 | $560 |
| Donna Dell'Olio | 12/4/17 | Read Joseph report | 1 | $400 | $400 |
| Donna Dell'Olio | 2/6/18 | (Times) work on response to motion for partial summary judgment | 6.42 | $400 | $2,568 |
| Donna Dell'Olio | 2/7/18 | Work on response to motion for summary judgment | 3 | $400 | $1,200 |

| Donna Dell'Olio | 2/8/18 | Work on response to motion for summary judgment | 2 | $400 | $800 |
|---|---|---|---|---|---|
| Donna Dell'Olio | 2/11/18 | Work on response to motion for partial summary judgment | 5.67 | $400 | $2,268 |
| Donna Dell'Olio | 2/13/18 | Work on response to motion for partial summary judgment | 6.17 | $400 | $2,468 |
| Donna Dell'Olio | 2/27/18 | Read Reply in Support of Motion for PSJ | 0.5 | $400 | $200 |
| Donna Dell'Olio | 3/6/18 | Review materials for Lily Nierenberg regarding expert witness | 1.17 | $400 | $468 |
| Donna Dell'Olio | 3/7/18 | Respond to Lily Nierenberg regarding conferral on 702; telephone call with Wendy Carlson | 0.67 | $400 | $268 |
| Donna Dell'Olio | 5/17/18 | Read court order denying Partial Summary Judgment | 0.5 | $400 | $200 |
| Donna Dell'Olio | 9/21/18 | Work with Julie Yeagle on expert testimony | 6.34 | $400 | $2,536 |
| Julie Yeagle | 7/2/18 | Review Motion to Exclude Expert Testimony and begin drafting response | 1 | $350 | $350 |
| Julie Yeagle | 7/8/18 | Draft: Response to Defendants' motion to exclude expert | 4 | $350 | $1,400 |
| Julie Yeagle | 7/9/18 | Draft: Response to Motion to Exclude Wendy Carlson | 6 | $350 | $2,100 |
| Julie Yeagle | 7/10/18 | Draft: Response to Motion to Exclude Wendy Carlson | 10 | $350 | $3,500 |
| Julie Yeagle | 8/13/18 | Email TO Carlson and make arrangements for trial preparation | 0.34 | $350 | $119 |
| Julie Yeagle | 9/7/18 | Preparation: Meeting with Wendy Carlson to prepare for trial | 1.25 | $350 | $438 |
| Julie Yeagle | 9/25/18 | Meet with expert Wendy Carlson to prepare for trial testimony | 1.5 | $350 | $525 |

This amounts to over $24,000 in billing on aspects of the case that are not part of the "bundle of proof" related to Plaintiff's successful claim. In addition to any reduction to

the lodestar to account for generally limited success, Defendants request that the Court exclude these entries from the fee award altogether.

### 2. *Plaintiff Did Not Achieve Excellent Results*

Even if the Court views Plaintiff's claims as related, it should still adjust the lodestar to "award only that amount of fees that is reasonable in relation to the results obtained." *Hensley*, 461 U.S. at 440; *Jane L.*, 61 F.3d at 1511 ("the district court must make a qualitative assessment to determine what less-than-perfect results are 'excellent,' justifying full recovery, or to what extent plaintiffs' 'limited success' should effect a reduction in the lodestar."). The district court's assessment of the degree of success is entitled to great weight. *Hernandez v. George*, 793 F.2d 264, 268 (10th Cir. 1986); *but see Nephew v. City of Aurora, By & Through Mayor & City Council*, 766 F.2d 1464, 1467 (10th Cir. 1985), *on reh'g sub nom. Nephew v. City of Aurora, By & Through Its Mayor & City Council*, 830 F.2d 1547 (10th Cir. 1987) (finding that district court abused its discretion by not discounting the fee award in light of the fact that the damages awarded to prevailing plaintiffs were minimal).

Plaintiff asserts that she obtained "excellent results." ECF no. 148 at 10. However, in *McGrath v. Cent. Masonry Corp.*, this Court stated where a jury awards as little as four percent of the sought amount, the results "are far less than excellent". No. 06-CV-00224-CMA-CBS, 2010 WL 11549416, at *7 (D. Colo. Feb. 26, 2010) (refusing to reduce award on grounds that 42% recovery is significant). In this case, the jury awarded less than 1% of the amount that Plaintiff originally sought. The results were <u>not</u> excellent.

While courts have rejected an approach that asks whether the recovery is small compared to the amount of the *fees*, courts have embraced an approach that asks whether the recovery is small compared to the amount of *recovery sought*. *See generally Ramos v. Lamm*, 713 F.2d 546, 556 (10th Cir. 1983); *Bruno v. W. Elec. Co.*, 618 F. Supp. 398, 402 (D. Colo. 1985) ("This is not to imply that the amount of damages awarded is irrelevant to a court's determination of the extent of the plaintiff's success. In fact, the award of damages may be of crucial importance in evaluating whether the relief obtained justified the expenditure of attorney time."). The Tenth Circuit has upheld the use of a percentage reduction in fees to account for partial success on the merits. *Stockard v. Red Eagle Res. Corp.*, 972 F.2d 357 (10th Cir. 1992).

Here, in addition to reducing Plaintiff's fee award by the amount of work that was not related to her successful claims, the Court should reduce the lodestar by a percentage to account for the fact that Plaintiff did not achieve excellent results.

### 3.   *Percentage Reductions To Lodestar In Comparable Cases*

The following comparable cases indicate that a drastic reduction to a lodestar amount is necessary in these circumstances: *Roane*, 2018 WL 4076287, at *4 (finding that 45% reduction was justified considering "[a] forty-five percent reduction reflects Plaintiff's tangible and prevailing victory on her pregnancy discrimination claim, while also considering Defendants' success in avoiding substantial monetary damages as well as defending against Plaintiff's retaliation and hostile work environment claims"); *Mendoza v. Valley Park Apartments, Inc.*, No. 13-CV-00002-PAB-KMT, 2014 WL 984687, at *8-9 (D. Colo. Mar. 13, 2014) (finding that reduction of fees by one-third to $16,950.01 was

reasonable in light of recovery of $354,703.05 in damages out of $27,902,065.58 originally sought); *Pearson v. Ross G. Stephenson Assocs., Inc.*, No. CIV. A. 91-2179-L, 1992 WL 223809, at *3 (D. Kan. Aug. 18, 1992) (reducing the lodestar by 25 percent to $6,540.00 based upon the fact that the plaintiffs obtained only 50% of 35,994 they originally requested); *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (finding that FLSA award of $887.25, before liquidated damages, "does not compel an award for the full attorney's fees incurred after denial of class certification," and upholding reduction of lodestar by 50% to $49,889); *Hilton v. Exec. Self Storage Assocs., Inc.,* No. CIV.A. H-06-2744, 2009 WL 1750121, at *14 (S.D. Tex. June 18, 2009) (allocating a 67% reduction to the plaintiff's requested fee award, after a jury awarded the plaintiff $500, less than one percent of the plaintiff's sought recovery, $54,074).

By far the most comparable case is *Reyes v. Snowcap Creamery, Inc.*, No. 11-CV-02755-JLK-KMT, 2014 WL 2459740, at *6 (D. Colo. June 2, 2014). In that case, the plaintiff was employed for a total of 25 months. Despite the fact that he claimed he was a non-exempt employee for the entire period, the court found he was an non-exempt employee for only 5 months and exempt for 20 months. "The vast majority of the time taken up during the trial was related to the exemption issue." *Id.* at *6. After trial, the Court awarded Reyes $3,343 of the $182,000 he was claiming (some of which came from employer failing to pay for his last week). *Id.* at *1.

Judge Kane applied a 75% reduction to the lodestar, and stated as his justification:

> Although I hope to have made it abundantly clear that Mr. Reyes only nominally won this lawsuit, I do wish Snowcap to incur a reasonable financial penalty, in accord with the FLSA, to reinforce that there are consequences for employers who violate the law. I exercise my discretion

> to reduce the lodestar by 75%, a reduction that better represents the full value of legal work required to plead and prove Mr. Reyes's overtime due as an hourly line cook and his claim that he had not been paid for his last workweek. A 75% reduction of the gross lodestar results in a final fee award of $36,111.53.

*Id.* at *6. Defendants urge this Court to reduce the lodestar even more significantly to reflect the value of the legal work required to plead and prove that Plaintiff was not paid for four weeks of time as reflected on her timecards, considering like *Reyes* that Defendants prevailed on the most significant issues in the litigation.

### F. Additional Considerations

#### 1. Johnson Factors

Plaintiff spends considerable time discussing additional factors from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), and admits as to several that they don't weigh in favor of her recovery.[2] However, Plaintiff's analysis on the other factors is misguided. These factors weigh against Plaintiff.

As to the novelty and difficulty of the questions, Plaintiff argues that Defendants advanced novel legal theories and filings and lists for example a three page letter that

---

[2] The Supreme Court in *Hensley* stated that district court also may consider the factors identified in *Johnson*, though it noted "that many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." 461 U.S. at 434 n.9. The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill necessary to properly perform the legal service; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

was sent to Plaintiff containing Defendants' Rule 68 offer early in the course of litigation. ECF no. 148 at 6. None of the theories in that letter were novel (*see generally* ECF no. 148-5), nor did Plaintiff respond. In fact, that letter contains black letter principles of law, much of which was incorporated into the Court's jury instructions.

Defendants' motion for partial summary judgment was similarly not based on novel legal theories. *See generally* ECF no. 65. While it is true that Carl Edward's individual liability was somewhat nuanced (*See* Court's Order, ECF no. 122, and responding briefs ECF nos. 123 and 124), that is a product of the FLSA and not Plaintiff's litigation strategy. Finally, although undersigned would note that Defendants' 702 motion *did* contain novel theories for exclusion of a handwriting expert (ECF no. 80), the very fact that Plaintiff saw it as repetitive of already litigated issues in a similar case should preclude her from recovering any enhancement for novel legal theories.

As to the preclusion of other employment, Defendants acknowledge that Plaintiff's counsel could have spent its time working on other cases. However, this does not in and of itself justify any recovery on a fee award. "Claims that are trivial, and thus just short of frivolous, should not be encouraged by awarding substantial attorneys' fees to attorneys who file them." *Bruno v. W. Elec. Co.*, 618 F. Supp. 398, 402-03 (D. Colo. 1985). The purpose of fee shifting provisions is "not to give private lawyers an unwarranted windfall, but rather to ensure compensation 'adequate to attract competent counsel.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).

As to whether the fee is fixed or contingent, this is helpful in demonstrating the attorney's expectations when she accepted the case. *Johnson*, 488 F.2d at 718.

Plaintiff's Motion states that Plaintiff retained her counsel on a contingency fee basis. ECF no. 148 at 7. Therefore, at most, Plaintiff's counsel expected to receive a percentage of the recovery. Given the small recovery, this factor is not a basis for a fee enhancement.

With regard to time limitations, this case ran on a normal discovery and trial schedule, with several extensions granted (including trial) as well as phone appearances permitted. Thus this factor is not a basis for a fee award or enhancement.

With regard to the undesirability of the case, the case should have been undesirable to Plaintiff's counsel based solely on the low probability of success. This too is no argument for fees.

### 2. Indigence of Plaintiff

While Defendants and their counsel are sensitive to the fact that Ms. Lopez is indigent, this is not an accepted factor to increase a fee award and is already built into the concept of the fee shifting provision. *See, e.g., Hernandez v. George*, 793 F.2d 264, 269 (10th Cir. 1986) (stating that "the purpose behind the fee authorization in § 1988 [] is to encourage attorneys to represent indigent clients and to act as private attorneys general in vindicating federal civil rights policies"); *compare to Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 458-59 (10th Cir.1995) (listing indigence of *non-prevailing* party as factor to consider to determine whether to deny costs). As discussed above in relation to the contingent fee, Plaintiff is obligated to her counsel only for a portion of the limited recovery obtained and has not incurred any personal liability to pay the fees included in the Motion. Thus, Plaintiff's indigence should not be a factor to enhance the fee award.

### 3.  Defendants' Rule 68 Offer

Defendants made an offer pursuant to Fed. R. Civ. P. 68 early in the litigation. *See*

*generally* ECF no. 148-5.

> In determining what fee is reasonable ..., the district court must take into consideration the amount of the Rule 68 offer, the stage of the litigation at which the offer was made, what services were rendered thereafter, the amount obtained by judgment, and whether it was reasonable to continue litigating the case after the Rule 68 offer was made.

*Dalal*, 182 F.3d at 76; *see also Haworth v. State of Nev.*, 56 F.3d 1048, 1052 (9th Cir.

1995) ("When a plaintiff rejects a Rule 68 offer, the reasonableness of an attorney fee

award under the FLSA will depend, at least in part, on the district court's consideration of

the results the plaintiff obtained by going to trial compared to the Rule 68 offer.").

While Defendants offered only $1.00, Defendants made this offer in good faith and

documented for Plaintiff the reasons that she should not continue litigating the case. The

jury verdict only reinforces Defendants' position that Plaintiff's evidence did not justify

continuing the case to trial. It is also relevant that at the date that Defendants made their

offer, Plaintiff had not disclosed her timecards for March and April 2016. *Exhibit F*

(Plaintiff's supplemental disclosures). Thus, $1.00 was a reasonable offer and should be

considered by this Court when determining whether it was reasonable for Plaintiff to

continue litigating the case after the Rule 68 offer was made.

### G.  Costs

Defendants did not challenge the following costs Plaintiff listed in her bill of costs:

filing fees, service fees, and court reporter fees. The total of these costs is $2,372.27

(ECF no. 151), which should not be included in any fee award to Plaintiff.

Defendants do however challenge the remainder of Plaintiff's costs, some of which should be reduced commensurate with this Court's adjustment to the lodestar amount and some of which should be denied outright. Under 29 U.S.C. § 216(b), the Court may award reasonable out-of-pocket expenses beyond those normally allowed under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 969 (10th Cir. 2002).

The following costs do not appear unreasonable or unnecessary on their face: postage, medical reports, police reports, attorney mileage for travel to and from Denver, lodging, parking. However, these costs should be reduced commensurate with the lodestar amount for the reasons discussed above. The total of these costs without any reduction is $1,265.60.

As to the remaining costs, the Court should deny them. Plaintiff has provided no justification for her photocopy costs ($1,018.73), such as an invoice or other explanation as to why these costs were reasonable and necessary. Moreover, Defendants' counsel prepared the trial binders, and did not seek any participation from Plaintiff in that cost. Plaintiff also provided no justification for its "legal research" cost ($200.00). Plaintiff also does not provide any justification for the "Porter investigations" cost ($1,598.40). The invoices don't provide detailed information on what witnesses were contacted in order to allow the Court to determine the reasonableness of the service. In any case, they were not necessary or crucial witnesses because Plaintiff only called two fact witnesses briefly by telephone: Justin Melat and Antoinette Lenzotti. As for the "boards," this cost ($435.10) is also not reasonable. With the exception of one showing the bird's eye view of the

neighborhood, these exhibits were not stipulated and Plaintiff did not use the boards at trial. The stipulated exhibit could have been presented on the projector like the other exhibits. Thus, this was not a reasonable or necessary cost.

Finally, the Tenth Circuit has clearly articulated that expert witness fees are not recoverable under 29 U.S.C. § 216(b). *Gray v. Phillips Petroleum*, 971 F.2d 591, 594 (10th Cir.1992) (holding that "does not provide explicitly authority to award expert witness fees" to the prevailing party). Thus, Plaintiff's expert witness fee ($2,720.00) cannot be shifted to Defendant.

The total of these unreasonable and unnecessary costs is $5,972.23.

## III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's motion and award Plaintiff no fees or a substantially reduced fee award.


Respectfully submitted this 16 day of November, 2018.

GODFREY | JOHNSON, P.C.

*/s/Lily E. Nierenberg*
Lily E. Nierenberg
Colorado Bar No. 45451
9557 S. Kingston Court
Englewood, Colorado 80112
Phone: (303) 228-0700
Fax: (303) 228-0701
Email: nierenberg@gojolaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on November 16, 2018, a true and correct copy of the foregoing was filed and served via ECF/PACER on all parties of record, as follows:

Donna Dell'Olio
Julie Yeagle
Cornish & Dell'Olio
431 N. Cascade Avenue, Suite 1
Colorado Springs, CO 80903

*/s/Lily E. Nierenberg*
Lily E. Nierenberg