**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-00045-CMA-KLM

STEPHANIE LOPEZ, individually,

      Plaintiff,

v.

CARL EDWARDS, individually, and
CASPER TRAILER SALES, INC., a Colorado Corporation

      Defendants.

---

**Response to Defendants' Motion to Amend Judgment
Pursuant to Fed. R. Civ. P. 50(b) and 59(e) DOC# 149**

---

COMES NOW the Plaintiff Stephanie Lopez, by counsel, Donna Dell'Olio, Cornish & Dell'Olio, P. C. and opposes Defendants' motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) and motion to amend the judgment pursuant to Fed. R. Civ. P. 59 (e). Plaintiff opposes the motion for the following reasons.

**1. A Motion for a Judgment as a Matter of Law Based on Sufficiency of the Evidence is Waived When a Defendant fails to Raise the Issue Before the Case is Submitted to the Jury.**

Rule 50(a) requires that a motion for judgment as a matter of law "…be made any time before the case is submitted to the jury.  The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2).  Attached to this Response as Exhibit 1 is a transcript of Ms. Nierenberg's argument on Defendants' Rule 50 (a) motion.  At no time did Defendants raise the issue of the sufficiency of the evidence to support a judgment for the Plaintiff, or specifically

raise the issue of cash payment in lieu of a paycheck. Defendants Rule 50 (a) argument

was focused on Defendants' opinion that Ms. Lopez was not an employee.  At no time

did Defendants comply with Rule 50 (a)(2) which requires that the Rule 50(a) motion "

…specify…the law <u>and facts</u> that entitle the movant to the judgment." (emphasis

added).  Ms. Nierenberg never mentioned the argument which Defendants now make

concerning receipt of cash by Ms. Lopez.  Defendants now raise, pursuant to Rule 50

(b), an argument which was not made before the case was submitted to the jury.

Defendants' error is fatal.  Defendants cannot raise pursuant to Rule 50 (b) an issue

which was not raised pursuant to Rule 50 (a).

> The Tenth Circuit Court of Appeals has explained:

> Moreover, this court has held that a party may only pursue a ground for
> relief in a postverdict Rule 50(b) motion if that same ground for relief was
> first asserted in a preverdict Rule 50(a) motion. *Elm Ridge Expl. Co. v.
> Engle*, 721 F.3d 1199, 1219 (10th Cir. 2013) ("[T]he precise subject matter
> of a party's Rule 50(a)motion . . . cannot be appealed unless that motion is
> renewed pursuant to Rule 50(b)." (alteration in original)); *Marshall v.
> Columbia Lea Reg'l Hosp.*, 474 F.3d 733, 738-39 (10th Cir. 2007) ("The
> renewed motion under Rule 50(b) cannot assert grounds for relief not
> asserted in the original [Rule 50(a)] motion."). Thus, for this court to
> entertain a sufficiency-of-the-evidence challenge, St. Paul must have
> properly presented such a challenge to the district court first in a
> preverdict Rule 50(a) motion and then in a renewed Rule 50(b) motion
> following the verdict.

*Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.,* 827 F.3d 1256, 1265-1266 (10th Cir.

2016) 2016 U.S. App. LEXIS 12411, *20-23.

## 2.  There is Sufficient Evidence in the Record to Support the Jury's Verdict.

Moreover there is sufficient evidence in the record to support the judgment. The

jury may have accepted Carl Edward's testimony which was that he never paid

Stephanie Lopez wages in cash.  The jury may have credited his testimony on this

point.  The jury may have concluded that Stephanie Lopez was confused about what

happened or Carl Edwards' intent.  The jury may have concluded, as Carl Edwards

testified, that cash was not given in lieu of a paycheck.  This interpretation of the

evidence credits the testimony of both Edwards and Lopez and is as reasonable as any

other interpretation of the evidence.

### 3. Defendants' Motion to Alter or Ament the Judgment Pursuant to Fed. R. Civ. P 59(e) Must Be Denied.

Defendants seek to avoid the consequence of their failure to raise the sufficiency

of the evidence as required by Rule 50 (a) by raising the same argument pursuant to

Rule 59(e).  Defendants are apparently asking the Court to alter the judgment by

vacating the judgment, without any legal authority for doing so, so as to avoid the

statutory mandate of 29 U.S.C. § 216(b) (the court "shall, in addition to any judgment

awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the

defendant, and the costs of the action.").

Defendants are apparently asking the Court to disregard the Federal Rules of

Civil Procedure and disregard the statute.  Defendants are asking the Court to alter the

judgment by vacating the judgment based on Defendants' opinion that the consequence

to the Defendants is unfair.  The Court lacks legal authority to set aside a judgment

where objection was not properly preserved at trial.

> Indeed, the Court has suggested on several occasions that federal appellate
> courts lack the power to set aside a verdict on sufficiency of the evidence
> grounds, absent a Rule 50-compliant challenge before the district court.
> *See, e.g., id.* at 405 (noting that courts of appeals are "powerless" to grant
> relief absent a properly filed Rule 50(b) motion); *Ortiz v. Jordan*, 562 U.S.

180, 189, 131 S. Ct. 884, 178 L. Ed. 2d 703 (2011) ("Absent [a Rule 50(b)] motion, we have repeatedly held, an appellate court is 'powerless' to review the sufficiency of the evidence after trial." (internal quotation marks omitted)); *Johnson v. New York, N.H., & H.R. Co.*, 344 U.S. 48, 50, 73 S. Ct. 125, 97 L. Ed. 77 (1952) ("[I]n the absence of a [Rule 50(b) motion] made in the trial court within ten days after reception of a verdict the rule <u>forbids the trial judge</u> or an appellate court to enter such a judgment."); *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 218, 67 S. Ct. 752, 91 L. Ed. 849 (1947) ("In the absence of [a Rule 50(b)] motion, we think the appellate court was without power to direct the District Court to enter judgment contrary to the one it had permitted to stand.") (emphasis added).

*Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.,* 827 F.3d 1256, 1266, 2016 U.S. App.

LEXIS 12411, *20.

**Conclusion**

Defendants' motion lacks merit and should be denied.

Respectfully submitted this 19th day of November, 2018.

CORNISH & DELL'OLIO, P.C.

s/ Donna Dell'Olio
Donna Dell'Olio, #10887
Julie D. Yeagle, # 52247
Cornish & Dell'Olio, P.C.
431 N. Cascade Avenue, Ste. 1
Colorado Springs, CO 80903
TEL (719) 475-1204
FAX (719) 475-1264
Email: ddellolio@cornishanddellolio.com
        jyeagle@cornishanddellolio.com
Attorney for Plaintiff

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 19th day of November, 2018, I electronically filed with the Clerk of Court using the CM/ECF system a true and correct copy of the foregoing

**Response to Defendants' Motion to Amend Judgment Pursuant to Fed. R. Civ. P. 50(B) and 59(E) DOC# 149** was sent by email:

Brett Godfrey
Lily Nierenberg
GODFREY | JOHNSON, P.C.
9557 S. Kingston Court
Englewood, CO 80112
Email: godfrey@gojolaw.com
Email: nierenberg@gojolaw.com

Stephanie Lopez
Via hand delivery

s/Esther Kumma Abramson
Esther Kumma Abramson