**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:17-cv-00045-CMA-KLM

STEPHANIE LOPEZ, individually,

    Plaintiff,

v.

CARL EDWARDS, individually, and
CASPER TRAILER SALES, INC., a Colorado Corporation,

    Defendants.

---

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 50(B) AND 59(E)**

---

Defendants Carl Edwards and Casper Trailer Sales, Inc., by and through their counsel, GODFREY |JOHNSON, P.C., hereby respectfully submit their Reply in Support of Motion to Amend Judgment Pursuant to Fed. R. Civ. P. 50(b) and 59(e) as follows:

## I. INTRODUCTION

Plaintiff makes three arguments in her Response, none of which supports denial of Defendants' motion. First, Plaintiff asserts that Defendants cannot bring a Rule 50(b) motion when they have not raised the precise issue on a Rule 50(a) motion. Although this principle of law is correct, this case presents a unique situation because Defendants' issue on motion was not ripe until the jury returned a verdict below the $1,000 that Plaintiff admitted receiving. Plaintiff further argues that Defendants are precluded from bringing a Rule 59(e) motion where the prerequisites of a Rule 50(b) motion are not met. Tenth

Circuit case law and the Rule 59 Committee Notes specifically direct otherwise. Finally, without disavowing her testimony regarding receipt of $1,000, Plaintiff asks this Court, implausibly, to find that the judgment was based on a reasonable interpretation of the evidence. Plaintiff cannot pick and choose which testimony of hers to stand behind. Defendants respectfully request that the Court amend the judgment.

## II. ARGUMENT

### A. Defendants Could Not Raise This Precise Basis For A Rule 50(A) Motion Because The Issue Was Not Ripe Until The Jury Returned Its $878.75 Verdict

In their Rule 50(a) motion, Defendants asked this Court for judgment as a matter of law on the period of March 8, 2016 to April 20, 2016. ECF no. 154-1 at 3:12-17. However, Plaintiff is correct that Defendants did not raise the specific issue regarding the $878.75 verdict vis-à-vis Plaintiff's admission of being paid $1,000.

This argument was not available to Defendants prior to the verdict because Plaintiff had created a fact dispute as to whether she worked hours over and above those reflected on her timecards. The fact that the jury did not believe that Plaintiff worked more time than was reflected on her timecards, and only awarded $878.75, created the precise basis for the present motion, which was not ripe prior to the verdict.

Even assuming that Plaintiff is correct that Defendants cannot bring a renewed Rule 50 motion, that does not prevent the Court from awarding relief under Rule 59(e).

### B. Rule 59(E) Motions May Be Used Where An Argument Was Not Raised In A Rule 50(A) Motion And Therefore Cannot Be Renewed Under A Rule 50(B) Motion

The Tenth Circuit has permitted a party to raise an issue in a Rule 59(e) motion that could not be brought in a Rule 50(b) motion because it was not raised originally in a

2

Rule 50(a) motion. *See Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1275 (10th Cir. 2005) (reviewing an issue raised under a Rule 59(e) motion where the argument was not raised in a Rule 50(a) motion and therefore a Rule 50(b) motion was improper); *see also* Fed. R. Civ. P. 59 (1946 Advisory Committee Notes) (stating that subsection (e) "deals only with alteration or amendment of the original judgment in a case and does not relate to a judgment upon motion as provided in Rule 50(b)"); *Boaz v. Mut. Life Ins. Co. of N.Y.*, 146 F.2d 321, 322 (8th Cir. 1944) (cited with approval in the 1946 Notes) (holding that the district courts have the inherent power to alter or amend a judgment after its entry). None of Plaintiff's cited case law is to the contrary.

*Loughridge* also stands for the proposition that a Court may take action to correct a judgment when the basis for that action—the jury's verdict—was unavailable under Rule 50(a). 431 F.3d at 1275 (holding that a Rule 59(e) motion may be used to contest verdict inconsistencies). Therefore, Plaintiff's argument that a Rule 59(e) motion cannot be brought where a Rule 50(b) motion would fail is incorrect and not a basis for denying Defendants' motion to amend the judgment.[1]

### C. Plaintiff Cannot Have It Both Ways: Believe Her Testimony Regarding Her Unpaid Hours But Not Her Testimony Regarding Defendants' $1,000 Payment

Plaintiff's only substantive response to Defendants' motion is that the jury did not err in concluding that Plaintiff was not paid for the hours on her final timecards. Plaintiff does not deny that she received $1,000 cash from Defendants. Instead, she asserts that the jury must have, on the one hand, believed Plaintiff's testimony that she worked the

---

[1] Alternatively, Rule 60(b)(5) allows relief from a judgment that has been "satisfied, released, or discharged."

hours reflected on the four final timecards and, on the other hand, believed Carl Edward's testimony that he did not pay Plaintiff in cash or disbelieved Plaintiff's testimony that she received $1,000 for her work reflected on those same timecards.

This is precisely the clear error that Defendants seek to correct. The only way that Plaintiff can logically assert that the judgment should stand is by having the Court accept Plaintiff's testimony regarding the March 8 – April 20, 2016 period as the grounds for the jury's verdict but discount Plaintiff's testimony regarding the $1,000 payment. Plaintiff should be estopped from employing her own testimony on an identical issue to gain a favorable verdict and at the same time deny its probative use to Defendants.

Courts in similar circumstances have prevented plaintiffs from gaining the benefit of their evidence without accepting the less favorable results. *See, e.g., Sutton v. United Air Lines, Inc.*, 130 F.3d 893, 903 (10th Cir. 1997), *aff'd*, 527 U.S. 471 (1999), *overturned due to legislative action* (2009) ("Plaintiffs cannot have it both ways. They are either disabled because their uncorrected vision substantially restricts their major live activity of seeing and, thus, they are not qualified individuals for a pilot position with United, or they are qualified for the position because their vision is correctable and does not substantially limit their major life activity of seeing."); *Kaighn v. Colvin*, 13 F. Supp. 3d 1161, 1172 (D. Colo. 2014) ("Frankly, the Commissioner cannot have it both ways: she cannot in one paragraph of her brief suggest that Dr. Bowen's opinion is entitled to great weight, enough to override the opinion of a treating physician like Dr. Steele, and in the next paragraph complain that some of his conclusions are not even acceptable medical opinions because they are not stated with certainty.").

Because Plaintiff does not deny that she was paid $1,000, it would be clear error to sustain a verdict based on the conclusion that she was not paid $878.75. Due to the attorney fee provision of the FLSA, this error results in manifest injustice.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to amend the judgment.

Respectfully submitted this 27 day of November, 2018.

GODFREY | JOHNSON, P.C.

*/s/Lily E. Nierenberg*
Lily E. Nierenberg
Colorado Bar No. 45451
9557 S. Kingston Court
Englewood, Colorado 80112
Phone: (303) 228-0700
Fax: (303) 228-0701
Email: nierenberg@gojolaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 27, 2018, a true and correct copy of the foregoing was filed and served via ECF/PACER on all parties of record, as follows:

Donna Dell'Olio
Julie Yeagle
Cornish & Dell'Olio
431 N. Cascade Avenue, Suite 1
Colorado Springs, CO 80903

                                               */s/Lily E. Nierenberg*
                                               Lily E. Nierenberg