IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00045-CMA-KLM

STEPHANIE LOPEZ, individually,

    Plaintiff,

v.

CARL EDWARDS, individually, and
CASPER TRAILER SALES, INC., a Colorado Corporation

    Defendants.

---

**Reply to Defendants' Response Opposing Plaintiff's Motion for Limited Discovery, DOC # 152**

---

    COMES NOW the Plaintiff, Stephanie Lopez, by counsel, Donna Dell'Olio, Cornish & Dell'Olio, P. C. and replies to Defendants' Response to Plaintiff's Motion for limited discovery .as follows.

    Plaintiff is not asking to reopen discovery. Plaintiff is only asking that the Court order Defendants to disclose the total amount paid by Carl Edwards to the law firms of DGL Law Group, LLC and Godfrey Johnson, P.C.

    Plaintiff's counsel was required to spend an extraordinary amount of time on a single plaintiff wage claim because she was required to "keep up" with counsel who had an unlimited litigation budget.

    Plaintiff's counsel can make an educated estimate of the fees paid by Carl Edwards to DGL Law Group, LLC and Godfrey Johnson, P.C. to be between $250,000.00 and $300,000.00.

1

Plaintiff agrees that the amount of defense fees are not always relevant to what is a reasonable fee to award a plaintiff.  However, this is a very unusual case.  This is a case where a defendant was willing to pay hundreds of thousands of dollars in order to avoid paying Stephanie Lopez her earned wages.

Judge Krieger has explained that there are cases where defense counsel's billing records should be discoverable. She has written that:

> There could be circumstances where discovery of an opponent's billing records might be warranted.  For example, Ms. Rodriguez cites to *Mendez v. Radec Corp.*, 818 F.Supp.2d 667, 669 (W.D.N.Y. 2011), where the defendant expressly invoked its own charged fees in arguing that the plaintiff's requested fees were excessive.  In such circumstances, where the defendant expressly holds up its own billings as a model of reasonableness, discovery by the plaintiff of those fees might be appropriate.

*Rodriguez v. Wet Ink, LLC*, 2014 U.S. Dist. LEXIS 10228, *24-25, 97 Empl. Prac. Dec. (CCH) P45,000, 2014 WL 287339.

In this case Defendants have picked two billed tasks where they argue that by comparison Plaintiff's counsel's time was excessive.  It is unfair to allow Defendants to pick two billing records to disclose and conceal all others.  Possibly all other comparisons demonstrate that Plaintiff's counsel spent less time on comparable tasks.

In any event, Plaintiff is not seeking disclosure of all billing records.  Plaintiff only seeks disclosure of the total of fees paid by Carl Edwards.

Plaintiff's counsel only seeks disclosure of the total amount paid by Carl Edwards to show that her time was spent efficiently and that she was litigating against an individual who spent an enormous amount of money to defeat her client's claim for wages.

**Conclusion**

For the foregoing reasons the Plaintiff respectfully moves the Court for an order granting limited discovery, specifically disclosure by the Defendants of the total amount paid by Carl Edwards or his corporations to his lawyers to defend this case.

Respectfully submitted this 30th day of November, 2018.

CORNISH & DELL'OLIO, P.C.


s/ Donna Dell'Olio
Donna Dell'Olio, #10887
Julie D. Yeagle, # 52247
Cornish & Dell'Olio, P.C.
431 N. Cascade Avenue, Ste. 1
Colorado Springs, CO 80903
TEL (719) 475-1204
FAX (719) 475-1264
Email: ddellolio@cornishanddellolio.com
jyeagle@cornishanddellolio.com
Attorney for Plaintiff


**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of November, 2018, I electronically filed with the Clerk of Court using the CM/ECF system a true and correct copy of the foregoing **Reply to Defendants' Response Opposing Plaintiff's Motion for Limited Discovery, DOC # 152** was sent by email:

Brett Godfrey
Lily Nierenberg
GODFREY | JOHNSON, P.C.
9557 S. Kingston Court
Englewood, CO 80112
Email: godfrey@gojolaw.com
Email: nierenberg@gojolaw.com

Stephanie Lopez
Via hand delivery

                                           <u>s/Esther Kumma Abramson</u>
                                           Esther Kumma Abramson