**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 17-cv-00045-CMA-KLM

STEPHANIE LOPEZ,

    Plaintiff,

v.

CARL EDWARDS, individually, and
CASPER TRAILER SALES, INC., a Colorado corporation,

    Defendants.

## ORDER ON POST-TRIAL MOTIONS

This matter is before the Court on several post-trial motions filed by Plaintiff Stephanie Lopez and by Defendants Carly Edwards and Casper Trailer Sales, Inc. (together, "Defendants"): (1) Plaintiff's Motion for Award of Liquidated Damages and Penalties (Doc. # 141); Plaintiff's Motion for Limited Discovery on Attorneys' Fees (Doc. # 147); Plaintiff's Motion for Award of Attorneys' Fees (Doc. # 148); and Defendants' Motion to Amend Judgment (Doc. # 149).  The Court grants Defendants' Motion to Amend Judgment and directs entry of judgment in favor of Defendants for the reasons discussed below.  The Court denies Plaintiff's Motions as moot in light of directing entry of judgment in Defendants' favor.

# I. BACKGROUND

## A. FACTUAL BACKGROUND

The Court detailed the factual background of this case in its Order Denying Defendants' Motion for Partial Summary Judgment. (Doc. # 79.) The Court's previous Order is incorporated by reference, and the details explained therein need not be repeated here. The Court recounts only the facts necessary to address the instant motions.

Plaintiff alleged that she was an unpaid or underpaid employee of Defendants' for several years between 2009 and 2016, (Doc. # 76 at 1–2), and asserted two claims against Defendants: first, a claim for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206–07, for failure to pay minimum wage and overtime pay, and second, a claim for unpaid wages under the Colorado Wage Act ("CWA"), Colo. Rev. Stat. § 8-4-109 (Doc. # 60 at 8–9). Plaintiff subsequently narrowed her claims to concern only the period between January 4, 2014, and April 20, 2016. (Doc. # 136 at 16.) For purposes of trial, this period was broken down into three segments: (1) January 4, 2014, through May 24, 2015; (2) May 25, 2015, through March 7, 2016; and (3) March 8, 2016, through April 20, 2016. (*Id.*) The parties stipulated that Defendants employed Plaintiff during the second segment, May 25, 2015, through March 7, 2016. (*Id.* at 10.)

## B. TRIAL PROCEEDINGS

The Court presided over a four-day jury trial on Plaintiff's claims from September 24, 2018, through September 27, 2018. *See* (Doc. ## 126, 127, 134, 135.)

On the second day of trial, Plaintiff testified about four timecards—dated March 25, March 29, April 8, and April 20, 2016, all within the third time segment—that allegedly reflected her work for Defendants; these timecards were admitted into evidence as Exhibit 23.[1]  *See* (Doc. # 149-1.)  Plaintiff testified that she did not receive paychecks for these weeks.  She twice testified, however, that Defendants gave her $1,000.00 in cash at some point during these weeks.  *See* (Doc. # 149-2 at 4.)  When asked by her attorney whether this cash was equal to "the amount [she] would have received if [she] received paychecks" for the hours reflected on the four timecards, Plaintiff stated, "I don't know.  If [Defendants] payed the 40 hours as . . . he was going to, I am not sure what [it] would exactly amount to."  Defense counsel posed a similar question on cross-examination, asking Plaintiff whether she had ever calculated whether the $1,000.00 she was paid in cash, divided by the number of hours worked as reflected on the four timecards, was equal to or more than minimum wage.  (*Id.* at 8.)  Plaintiff answered, "if you were to even add up as many hours as I actually worked, it is still incorrect, because the hours that are stated on the timecard, itself, [are] wrong."  (*Id.*)  When pressed further, Plaintiff confirmed that she never "[did] the math to figure out" if the $1,000.00 cash payment "exceed[ed] minimum wage."  (*Id.*)  Plaintiff also stated during cross-examination that Defendants "had [given] [her] cash for the time that [she] worked" in the spring of 2016 (*id.* at 4) and answered affirmatively when defense

---

[1] By the Court's counting, rounding hours to the nearest half-hour, the four timecards reflect a total of 115 hours worked during the third time segment.  *See* (Doc. # 149-1.)

counsel asked, "You testified in your deposition that he did pay you cash of about a thousand bucks, right?" (*id.* at 7–8).

On September 27, 2018, the jury returned the Special Verdict Form with the following determinations:

1. Plaintiff proved by a preponderance of the evidence that she was employed by Defendants during the third segment of time, March 8, 2016, through April 20, 2016 (in addition to the stipulated second segment, May 25, 2015, through March 7, 2016);

2. Plaintiff proved by a preponderance of the evidence all elements of her claim for uncompensated **minimum wages only for the third segment of time**, March 8, 2016, through April 20, 2016;

3. Plaintiff did **not** prove by a preponderance of the evidence all elements of her claim for uncompensated **overtime wages** for any of the segments of time;

4. Plaintiff did not prove by a preponderance of the evidence that Defendants willfully violated the FLSA;

5. With respect to the jury's finding regarding uncompensated **minimum wage** hours:  Plaintiff worked 115 hours during the third time segment, March 8, 2016, through April 20, 2016.  Multiplied by the FLSA's minimum wage ($7.25), **Plaintiff was owed $833.75 in uncompensated minimum wages for work from March 8, 2016, to April 20, 2016**.

6. With respect to the jury's finding regarding uncompensated **overtime hours**: Plaintiff worked two overtime hours during the third time segment, March 8,

2016, through April 20, 2016. Multiplied by the FLSA's overtime rate ($22.50), **Plaintiff was owed $45.00 in uncompensated overtime wages for work from March 8, 2016, through April 20, 2016**.

(Doc. # 138.) Neither party requested that the Court poll the jury or raised other matters when the Court announced the verdict. The Clerk of the Court shortly thereafter entered Final Judgment in favor of Plaintiff in the amount of $833.75 for uncompensated minimum wages and $45.00 for uncompensated overtime hours, for a total of $878.75. (Doc. # 140.)

**C.     POST-TRIAL PROCEDURAL HISTORY**

The parties have subsequently filed four post-trial motions, all of which are now before the Court. First, on October 4, 2018, Plaintiff filed her Motion to Award Liquidated Damages and Penalties, invoking provisions in the FLSA and the CWA that provide for such liquidated damages and penalties where an employer is found liable for wage and hour violations, 29 U.S.C. § 216(b) and Colo. Rev. Stat. § 8-4-109(3)(b). (Doc. # 141.) Defendants responded in opposition to Plaintiff's request on October 25, 2018; Defendants argue that Plaintiff is not entitled to liquidated damages or penalties because the jury did not find Defendants willfully violated the FLSA and because Plaintiff admitted at trial that she was paid for the hours she worked during the third time segment. (Doc. # 146.) Plaintiff replied in support of her Motion to Award Liquidated Damages and Penalties on November 1, 2018. (Doc. # 150.)

Plaintiff then filed two motions related to attorneys' fees on October 26, 2018. (Doc. ## 147, 148.) Plaintiff filed a Motion for Award of Attorneys' Fees and Costs and

5

requested that the Court award her $166,463.50 in fees and costs. (Doc. # 148.) Plaintiff also filed a Motion for Limited Discovery on Attorneys' Fees in which she asked defense counsel to "disclose the total amount of time they spent on the case and the amount of time spent on any task for which they claim Plaintiff's attorney worked an excessive amount of time." (Doc. # 147 at 1.) Defendants filed Responses in Opposition to both motions on November 16, 2018, arguing that Plaintiff is not entitled to attorneys' fees and costs because the jury's award of $878.75, "given the original demand and the expenditure of significant resources, can only be viewed as *de minimis*," and given that "Plaintiff did not prevail on any significant legal issue." (Doc. ## 152 at 6, 153.) Plaintiff replied in support of her Motion for Award of Attorneys' Fees and Costs and her Motion for Limited Discovery on Attorneys' Fee on November 30, 2018. (Doc. ## 156, 157.)

Fourth, Defendants filed their Motion to Amend Judgment on October 29, 2018. (Doc. # 149). They argue that "Plaintiff admitted at trial that she was paid in an amount greater than [what the jury awarded her in] minimum wage and overtime for the period of March 8, [2016,] to April 20, 2016." (*Id.* at 5.) The final judgment in favor of Plaintiff must be amended pursuant to Federal Rules of Civil Procedure 50(b) and 59(e), Defendants argue, "to correct clear error and prevent manifest injustice." (*Id.*) Plaintiff filed her Response on November 19, 2018 (Doc. # 154), to which Defendants replied on November 27, 2018 (Doc. # 155).

## II. ANALYSIS

The Court first addresses Defendants' Motion to Amend Judgment (Doc. # 149) because Plaintiff's post-trial motions are all contingent on the final judgment.

### A. LEGAL STANDARD FOR AMENDING A JUDGMENT

Defendants move to amend the final judgment pursuant to Rules 50(b) and 59(e). Where, as here, a party questions "the correctness of the underlying judgment" and "requests a substantive change" in the judgment, the motion will be considered a Rule 59(e) motion. *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1005 (10th Cir. 2017); *Hannon v. Maschner*, 981 F.2d 1142, 1144 n.2 (10th Cir. 1992). The Court accordingly reviews Defendants' Motion to Amend Judgment pursuant to Rule 59(e).

Rule 59(e) provides that no later than 28 days after the entry of a judgment, a party may file a motion "to alter or amend" the judgment. Fed. R. Civ. P. 59(e). "The 'narrow aim' of Rule 59(e) is 'to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment.'" *Greene v. Town of Blooming Grove*, 935 F.2d 507, 512 (2d. Cir. 1991) (*quoting White v. N.H. Dep't of Emp't Security*, 455 U.S. 445, 451 (1982)). The Court of Appeals for the Tenth Circuit recognizes three basic grounds upon which a Rule 59(e) motion may be granted: "(1) an intervening change in the controlling law, (2) when new evidence previously was unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Hayes Family Tr.*, 845 F.3d at 1004 (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A Rule 59(e) motion is not an appropriate

7

vehicle "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012 (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

**B.     CLEAR ERROR IN THE JURY'S VERDICT**

Relief pursuant to Rule 59(e) is warranted in this matter to correct two clear errors in the jury's verdict and final judgment. *See Hayes Family Tr.*, 845 F.3d at 1004.

1. <u>Plaintiff Was Already Paid at More Than Minimum Wage for Hours Worked</u>

First, the jury's determination that Plaintiff proved her claim for unpaid minimum wages during the third time segment, March 8, 2016, through April 20, 2016, worked for 115 hours in that span, and was therefore owed $833.75 (115 hours multiplied by the federal minimum wage, $7.25 per hour) in unpaid minimum wage does not conform with undisputed evidence presented at trial. *See* (Doc. # 138.)

The jury's finding that Plaintiff worked 115 hours between March 8, 2016, and April 20, 2016, precisely reflects the hours logged on the four timecards from that period, introduced as Exhibit 23. *See* (Doc. # 149-1.) As the Court stated above, adding up the hours logged on the timesheets (rounded to the nearest half-hour) results in a sum of 115 hours. And when one multiplies these 115 hours worked by $7.25 per hour, the minimum wage under the FLSA, the product is $833.75. The Special Verdict Form instructed the jury to do just that—multiply the hours Plaintiff worked in the third time segment by the federal minimum wage—and the jury arrived at the same result: $833.75. *See* (Doc. # 138.) Thus, the jury determined that Plaintiff was owed $833.75

in unpaid minimum wages for the 115 hours she worked between March 8, 2016, and April 20, 2016. (*Id.*)

However, Plaintiff repeatedly and consistently testified at trial that Defendants "gave [her] cash"—"around a thousand bucks"—"for the time that [she] worked" in the spring of 2016. *See, e.g.*, (Doc. # 149-2 at 4, 8.) Plaintiff's testimony made clear that she had never calculated whether Defendants' $1,000.00 cash payment was equal to or more than the minimum wage she was entitled to for working the 115 hours reflected on the four timecards. Nowhere in her testimony did she allege that she did not receive minimum wage for the 115 hours logged on the timecards. Rather, she argued that "the hours that are stated on the timecard, itself, is [sic] wrong." (*Id.* at 8.) Plaintiff's speculation that "the jury may have concluded [Plaintiff] was confused about what happened" in regard to the $1,000.00 she received from Defendants in the spring of 2016 is utterly unfounded. *See* (Doc. # 154 at 3.) Even on direct examination by her own counsel, Plaintiff stated that Defendants "gave [her] some cash for working" in March and April 2016.

The jury's finding that Plaintiff was not paid at or above minimum wage for the 115 hours of work recorded on the timecards and was entitled for $833.75 in unpaid minimum wages unequivocally conflicts with the uncontradicted evidence that Defendants paid Plaintiff $1,000.00 in cash for work during the same period. In short, Defendants had already paid Plaintiff more than the FLSA required. To award Plaintiff $833.75 in unpaid minimum wages when Defendants had already paid her more than minimum wage for the same work is clear error.

This warrants altering the final judgment to reflect the fact that Plaintiff was previously paid (in the form of the $1,000.00 cash payment) more than minimum wage for the 115 hours the jury determined she worked in the third time segment. Plaintiff has not presented authority foreclosing such relief, "nor is the Court aware of any cases which have held that a District Court lacks the power to amend a judgment entered on a verdict in order to conform the judgment to the perceived true intent of the jury, in conjunction with" uncontradicted evidence. *Trus. of the Central States, Se. & Sw. Areas Pension Fund v. Golden Nugget, Inc.*, 697 F. Supp. 1538, 1546 (C.D. Cal. 1988); *see also Bauman v. Choctaw-Chickasaw Nations*, 333 F.2d 785, 790 (10th Cir. 1964) (amending a court's final judgment to reflect stipulated facts). The Court therefore holds that it has the power to adjust the judgment of this case.

Because the facts of this case and the interests of justice so warrant, the Court hereby determines and finds that there is undisputed evidence that Plaintiff was paid minimum wages for the 115 hours she worked between March 8, 2016, and April 20, 2016. Accordingly, judgment shall be entered in favor of Defendants on Plaintiff's FLSA claim for unpaid minimum wages.

2. Plaintiff Did Not Prove Her Claim for Unpaid Overtime Wages

Second, the jury's judgment of $45.00 in overtime wages to Plaintiff for hours worked between March 8, 2016, and April 20, 2016, is irreconcilably inconsistent with its earlier determination that Plaintiff did not prove her claim for overtime pay for any of the time segments. *See* (Doc. # 138 at 2–3.) If Plaintiff did not work overtime, as the jury found, she is not entitled to overtime pay.

Where a special verdict appears to be inconsistent, the court has a duty to attempt to reconcile the answers. *Wilkins v. Packerware Corp.*, 238 F.R.D. 256, 263 (D. Kan. 2006) (citing *Harvey v. Gen. Motors Corp.*, 873 F.2d 1343, 1346–47 (10th Cir. 1989)). As another district court in this circuit explained:

> The court's duty includes reconciling the jury's answers, rather than looking for inconsistencies, and the jury's responses are to be reconciled not merely one to another, but to the entire case as a whole. When considering claims of inconsistency, the court must accept any reasonable view of the case that makes the jury's answers consistent.

*Id.*

Here, the Court sees no way to reconcile the jury's conclusion that Plaintiff did not prove her claim for unpaid overtime wages with its finding that Plaintiff is owed $45.00 in overtime wages.[2] The Court therefore vacates the final judgment to strike the jury's award of $45.00 in overtime wages to Plaintiff. This best reflects the jury's determination that Plaintiff failed to prove her FLSA claim for overtime wages.

## C. THE COURT NEED NOT REACH PLAINTIFF'S MOTIONS

For the foregoing reasons, the Court must vacate the Final Judgment entered by the Clerk of the Court on September 29, 2018 (Doc. # 140) to correct clear errors in the jury's verdict. *See* Fed. R. Civ. P. 59(e). Because Plaintiff admits that Defendant already paid her more than was due under the minimum wage law for hours she worked in March and April 2016, and because the jury found that she did not prove her claim for

---

[2] In any event, Plaintiff's testimony that Defendant paid her $1000.00 for the time she worked in March and April 2016 indicates that she was adequately compensated for the overtime wages the jury determined Plaintiff was due.

11

overtime wages, the Court directs the Clerk of the Court to enter final judgment in favor of Defendants.

Plaintiff's post-trial motions all depend on her former status as the prevailing party. *See* (Doc. ## 141, 147, 148.)  In light of the revised final judgment, Plaintiff's motions are moot, and the Court declines to review them.

### III.  CONCLUSION

The Court ORDERS as follows:

1. Defendants' Motion to Amend Judgment (Doc. # 149) is GRANTED;
2. The Final Judgment entered by the Clerk of the Court on September 29, 2018 (Doc. # 140), is VACATED;
3. The Clerk of the Court is ORDERED to enter final judgment in favor of Defendants;
4. Plaintiff's Motion for Award of Liquidated Damages and Penalties (Doc. # 141) is DENIED AS MOOT;
5. Plaintiff's Motion for Limited Discovery on Attorneys' Fees (Doc. # 147) is DENIED AS MOOT; and

6. Plaintiff's Motion for Award of Attorneys' Fees (Doc. # 148) is DENIED AS MOOT.

DATED: January 14, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge